1 │ McCormick, Barstow, Sheppard,
  │ Wayte & Carruth LLP
2 │ Todd A. Wynkoop, #308845
  │   *todd.wynkoop@mccormickbarstow.com*
3 │ Shane G. Smith, #272630
  │   *shane.smith@mccormickbarstow.com*
4 │ Garrett J. Wade, #340285
  │   *garrett.wade@mccormickbarstow.com*
5 │ 7647 North Fresno Street
  │ Fresno, California 93720
6 │ Telephone:    (559) 433-1300
  │ Facsimile:    (559) 433-2300
7 │
  │ Attorneys for Plaintiff, CALIFORNIA SMOKE
8 │ SHOPS ASSOCIATION, a California nonprofit
  │ mutual benefit corporation
9 │

10 │ UNITED STATES DISTRICT COURT

11 │ EASTERN DISTRICT OF CALIFORNIA,

12 │ FRESNO DIVISION

13 │ CALIFORNIA SMOKE SHOPS        Case No.
   │ ASSOCIATION, a California nonprofit
14 │ mutual benefit corporation,           **COMPLAINT FOR DECLARATORY
   │                                        AND INJUNCTIVE RELIEF**
15 │            Plaintiff,

16 │       v.

17 │ CITY OF FRESNO, a California public entity;
   │ MIGUEL ARIAS, in his official capacity;
18 │ NELSON ESPARZA, in his official capacity;
   │ ANNALISA PEREA, in her official capacity;
19 │ and BRANDON VANG, in his official
   │ capacity,
20 │
21 │            Defendants.

22 │       Plaintiff CALIFORNIA SMOKE SHOPS ASSOCIATION, a California nonprofit mutual

23 │ benefit corporation ("Plaintiff CSSA") brings this action for Declaratory and Injunctive Relief on

24 │ behalf of its members against Defendant CITY OF FRESNO and the following individual

25 │ defendants, each in their official capacity, Councilmembers MIGUEL ARIAS, NELSON

26 │ ESPARZA, ANNALISA PEREA, and BRANDON VANG. By this Complaint, Plaintiff CSSA

27 │ complains and alleges as follows:

28 │ / / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

# I.
## INTRODUCTION

1.    In a stunning display of abuse of its own written procedures, the Fresno City Council, through the improper procedure described below, passed an ordinance ("Ordinance")[1] expressly directed at shuttering the doors of dozens of existing, properly licensed small business owners by retroactively changing the entitlement rules to limit the number of Smoke Shops[2] in the City of Fresno to just forty-nine (49) and requiring these targeted small, properly licensed Smoke Shops to obtain one of a limited number of Conditional Use Permits. In addition, the Ordinance singles out these same businesses, which represent a small subset of the Tobacco Retailers in the City of Fresno, with onerous regulatory requirements while ignoring significantly more other purveyors of identical products.

2.    Furthermore, Defendant City Councilmembers used their official positions to force through the Ordinance in violation of the Fresno Municipal Code and Fresno City Charter, then, fully aware of the procedural impropriety of their actions, along with City Attorney Andrew Janz, tried to correct their violations by retroactively re-writing meeting minutes to reflect "facts" that did not in fact occur.

3.    The legislation, passed by the City Council and enacted with the Mayor's acquiescence is unreasonable because it impermissibly targets Smoke Shops, without addressing other Tobacco Retailers such as grocery stores, convenience stores, gas stations, liquor stores, and cannabis dispensaries, thus conferring unfair economic and competitive advantages. The Ordinance is unnecessary because Smoke Shops are currently subject to Federal, State, and local laws that already impose numerous requirements, including licensure, on Smoke Shops. The City need simply to enforce these existing laws, rather than targeting the properly licensed Smoke Shops.

///

///

---

[1] Ordinance No. 2025-11 amends Sections 15-2761 and 15-6802 of the Fresno Municipal Code.

[2] A "Smoke Shop" is a small, retail business that sells tobacco and specialty tobacco products.

4.      The twofold harm that the Ordinance inflicts is both direct and indirect. The direct harm of requiring 82[3] licensed Smoke Shops to apply for 49 permits is apparent: the Ordinance will **permanently close** at least 33 properly licensed and lawfully operating Smoke Shops. The real number could be much higher as the City intends to issue the 49 permits to applicants (including new ones) by lottery. The Ordinance indirectly harms the Smoke Shops by immediately imposing regulations on businesses that simply cannot be met, effectively closing the shops for the unavoidable failures.

5.      The United States and California Constitutions ensure Smoke Shops receive equal protection under the law, the right to due process, and the right to retain their private property unless they receive just compensation. These two Constitutions, individually and collectively, also require the City to follow specified procedures in passing new laws. Among other aims, these constitutional protections seek to protect the investment-backed expectations of citizens and to prevent political actors from choosing economic winners and losers, which is precisely the express intent of the Ordinance.

## II.
## THE PARTIES

6.      Plaintiff CSSA is a California nonprofit mutual benefit corporation with its principal place of business in Fresno, California. CSSA was formed for the specific purpose of providing education, resources, and advocacy for its members. CSSA has associational standing to bring this suit on behalf of its members because (a) its members have standing to sue in their own right; (b) the interests CSSA seeks to protect are germane to CSSA's purpose; and (c) neither the claims asserted

---

[3] This is the number of licensed Smoke Shops City staff presented to the Planning Commission, but the City is unable to state with certainty the number of Smoke Shops operating in the City. The City's inability to quantify the number of Smoke Shops in the City exemplifies the City's slipshod approach to this Ordinance. During "consideration" of the Ordinance, City staff and the Ordinance sponsors could not quantify the number of Smoke Shops in the City and routinely confused license smoke shops with the problematic unlicensed Smoke Shops that predominate the City. For example, Councilmember Arias and City Attorney Janz cited over 500 Smoke Shops in the City while City staff identified 82 licensed shops. At another point, Attorney Janz cited 170 Smoke Shops in the City with 88-90 licensed.

1  nor the relief requested herein require the participation of individual members in this lawsuit. *Hunt*

2  *v. Washington Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977); *see also*, *Warth v. Seldin*, 422 U.S.

3  490, 514-15 (1975); *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 39-40 (1976); *Meek v.*

4  *Pittenger*, 421 U.S. 349, 355-56 n.6 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972); *Nat'l*

5  *Motor Freight Traffic Ass'n v. United States*, 375 U.S. 246 (1963).

6        7.     Defendant CITY OF FRESNO ("City") is a charter city and municipal corporation

7  duly organized and existing under the Constitution and the laws of the State of California. The City

8  is responsible for approving and adopting the Ordinance amending Sections 15-2761 and 15-6802

9  of the Fresno Municipal Code. Through its agents, including the Mayor, City Council, City

10  Attorney, Code Enforcement, Police Department, and other agents, employees, and contractors, the

11  City will enforce the Ordinance, issue citations, and prosecute alleged violations.

12        8.     Defendant MIGUEL ARIAS ("Arias") is the Vice President of City Council, the

13  representative of District 3, a member of the City Council, which is the legislative branch and

14  governing body of the City vested with all powers of legislation in municipal affairs, and is a co-

15  sponsor of the Ordinance. Defendant Arias was involved in requesting the Ordinance be placed on

16  the April 24, 2025 Agenda for reconsideration following City Council's disapproval of the

17  Ordinance on March 13, 2025, moving to approve the Ordinance on April 24, 2025, voting to

18  approve the Ordinance, and approving the Amended March 13, 2025 Minutes to cover up the City's

19  misconduct by re-writing the record. Defendant Arias is sued herein in his official capacity as the

20  Vice President of the Council and a councilmember of the City.

21        9.     Defendant NELSON ESPARZA ("Esparza") is the representative of District 7, a

22  member of the City Council, which is the legislative branch and governing body of the City vested

23  with all powers of legislation in municipal affairs, and is a co-sponsor of the Ordinance. Defendant

24  Esparza was involved in requesting the Ordinance be placed on the April 24, 2025 Agenda for

25  reconsideration following City Council's disapproval of the Ordinance on March 13, 2025,

26  seconding Defendant Arias' motion to approve the Ordinance on April 24, 2025, voting to approve

27  the Ordinance, and approving the Amended March 13, 2025 Minutes to cover up the City's

28  misconduct by re-writing the record. Defendant Esparza is sued herein in his official capacity as a

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

councilmember of the City.

10.    Defendant ANNALISA PEREA ("<u>Perea</u>") is the representative of District 1, a member of the City Council, which is the legislative branch and governing body of the City vested with all powers of legislation in municipal affairs, and is a co-sponsor of the Ordinance. Defendant Perea was involved in requesting the Ordinance be placed on the April 24, 2025 Agenda for reconsideration following City Council's disapproval of the Ordinance on March 13, 2025, voting to approve the Ordinance, and approving the Amended March 13, 2025 Minutes to cover up the City's misconduct by re-writing the record. Defendant Perea is sued herein in her official capacity as a councilmember of the City.

11.    Defendant BRANDON VANG ("<u>Vang</u>" or together with Arias, Esparza, and Perea, the "<u>Councilmember Defendants</u>") is the representative of District 5 and a member of the City Council, which is the legislative branch and governing body of the City vested with all powers of legislation in municipal affairs. Defendant Vang was involved in voting to approve the Ordinance and approving the Amended March 13, 2025 Minutes to cover up the City's misconduct by re-writing the record. Defendant Vang is sued herein in his official capacity as a councilmember of the City.

### III.
### JURISDICTION AND VENUE

12.    This action alleges that Defendant City, acting under color of state law, the Fresno Municipal Code ("<u>FMC</u>"), and the Fresno City Charter ("<u>FCC</u>"), deprived and continue to deprive the members of Plaintiff CSSA of equal protection of the law and due process, and imposed unconstitutional conditions on Plaintiff CSSA's members, all in violation of the Fifth Amendment and Fourteenth Amendment of the United States Constitution and Article I, § 7 of the California Constitution. Accordingly, this Court has jurisdiction over this action pursuant to 11 U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. § 1983 as it arises under the United States Constitution and the laws of the United States. In addition, this Court has supplemental jurisdiction over Plaintiff CSSA's members' claims under State law pursuant to 28 U.S.C. § 1367.

/ / /

13. This Court has the power to grant the requested Declaratory Relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 through Federal Rule of Civil Procedure ("Rule") 57, and to issue the Temporary Restraining Order and Injunctive Relief requested by Plaintiff CSSA under Rule 65.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the City is a public entity in this District and the claims arose in this District.

**IV.**

**STATEMENT OF FACTS**

**A.    CSSA Members' Business Operations Prior to the Enactment of the Ordinance**

15. Plaintiff CSSA represents existing, licensed Smoke Shop ("Licensed Smoke Shops") members through 28 paying Licensed Smoke Shops located in the City. CSSA's members sell tobacco and tobacco paraphernalia in their Fresno stores in compliance with federal, state, and local laws regulating the promotion and sale of tobacco and related products.[4]

16. Each of CSSA's members secured the required licenses from the State and met all existing entitlement requirements imposed by the City prior to opening their doors.[5] In addition, the properly entitled and Licensed Smoke Shops represented by CSSA have operated in the City for years, if not decades, in substantial compliance with all laws and regulations.[6]

---

[4] CSSA represents Licensed Smoke Shops only. Unlicensed shops are ineligible. CSSA shares the City's concerns about unlicensed Smoke Shops because the unlicensed shops harm the community, injure the operation of licensed Smoke Shops, and create a black market that hurts the community and licensed Smoke Shops.

[5] To operate legally in the City of Fresno, a Smoke Shop must, among other things, secure a California Cigarette and Tobacco Products Retailer License ("CRL") (Bus. & Prof. Code §§ 22972-22974.8), a California Electronic Cigarette Excise Tax ("CECET") permit (Rev. & Tax Code § 31002(f)), a City business license, and must conform to zoning compliance with the Planning Department.

[6] The City currently regulates Smoke Shops under California and local law, including, *inter alia*, Health & Safety Code §§ 104350-104559.5; Bus. & Prof. Code §§ 22950-22991; Rev. & Tax Code §§ 30001-30483, 31000-31008; FMC §§ 9-2507, 9-2511 to 9-2514, 10-601 to 10-619, 10-1101 to 10-1118, 10-2301 to 10-2304; as well as current (soon to be former) FMC § 15-2761 and other applicable local nuisance abatement ordinances, including prohibitions on the sale of cannabis. Enforcement of these codes fall under the purview of the City Attorney, City Code Enforcement,

17.    Each of CSSA's members have invested significant amounts of time and money into their businesses and have an ongoing commercial lease and/or mortgage obligation based on legitimate, reasonable expectations that their businesses would be used and developed consistent with existing law and the surrounding legal and regulatory environment. In almost every case, the CSSA member Smoke Shop provides the only source of income for the owner and his or her family.

**B.    Smoke Shop Competitors**

18.    CSSA is informed, believes, and alleges that its primary competitors for tobacco and related products include grocery stores, convenience stores, liquor stores, gas stations, and cannabis dispensaries (collectively "Exempt Tobacco Retailers").[7] In addition to selling tobacco and tobacco related products, most of these competing Exempt Tobacco Retailers sell alcohol, which Smoke Shops cannot sell.

19.    Based on the City's estimates,[8] Plaintiff is informed and believes that there are approximately 482 to 800 other Exempt Tobacco Retailers that are not "Smoke Shops" as defined in FMC § 15-6802, as amended by the Ordinance. Per the City staff, there are 82 Licensed Smoke Shops in the City of Fresno, meaning that Smoke Shops comprise less than 15%[9] of tobacco retailers

and City Police Department, often in collaboration with other state and federal agencies. The City aggressively raids Smoke Shops with multi-agency teams of as many as a dozen law enforcement officers often equipped with military gear and automatic assault rifles. Despite the aggressiveness of these operations, the City Attorney has admitted that enforcement has been ineffectual. At council meetings, Councilmembers Karbassi, Richardson, and Maxwell have maintained that this is an enforcement issue in need of additional staff at the City Attorney's office.

[7] To be clear, Smoke Shops are "Tobacco Retailers" under State law, and would be defined as such under the regulatory schemes used by Sacramento, San Jose, Clovis, and many other California cities. In an act of doublespeak, the City unilaterally defined a "Smoke Shop" as distinct from what it calls "Tobacco Retailers" to distort reality. In actuality, all are Tobacco Retailers under State law.

[8] City Attorney Andrew Janz candidly admitted at the March 13, 2025, public hearing in which the Ordinance was rejected by City Council that the City does not actually know how many Smoke Shops are doing business in the City. Additionally, the City does not know how many other Exempt Tobacco Retailers are doing business in the City as evidenced by Councilmember Arias' April 24, 2025, claim that there are over 800 tobacco retailers in the City of Fresno.

[9] In the unlikely event Councilmember Arias' estimates are accurate, Smoke Shops would comprise approximately 10% of tobacco retailers in the City of Fresno.

1   in the City based on the City staff's estimates.

2         20.     Notwithstanding the fact that the Exempt Tobacco Retailers, just like Smoke Shops,

3   are in the business of selling tobacco and tobacco related products, the City intentionally directed

4   the Ordinance solely against Smoke Shops, ignoring, and therefore exempting over 85% of Tobacco

5   Retailers from the numerical limit, entitlement, licensure and operating requirements imposed by

6   the Ordinance.

7   **C.**     **The Ordinance**

8         21.     The Ordinance consists of two parts: (a) Bill No. 11 amending Sections 15-2761 and

9   15-6802 of the Citywide Development Code (FMC) relating to Tobacco and Vapor Sales, Smoke

10   Shops, and Definitions (the "<u>Text Amendment</u>"); and (b) adoption of a finding set forth in

11   Environmental Assessment No. P23-03410 dated January 15, 2025 (the "<u>Environmental</u>

12   <u>Assessment</u>") that the Text Amendment is exempt from the California Environmental Quality Act,

13   Pub. Res. Code §§ 21000-21189.91 ("<u>CEQA</u>") pursuant to Section 15061(b)(3) of the CEQA

14   Guidelines. A true and correct copy of the Ordinance and the Environmental Assessment are

15   attached hereto as **Exhibit "1"** and **Exhibit "2"**, respectively.

16         22.     In summary, the Ordinance requires all Smoke Shops[10] to obtain a Conditional Use

17   Permit—though only forty-nine (49) such permits are available—and to comply with "all

18   operational requirements" set forth in FMC § 15-2751(G), which include, *inter alia*:

19         (a)     landscaping and lighting requirements for both new and existing buildings without

20                 any grandfathering provisions for Existing Smoke Shops;

21         (b)     litter and graffiti abatement;

22

---

23   [10] "Smoke Shops" are defined in the Ordinance to mean "any business that primarily sells or offers

24   for sale any Smoke and Vapor Products, but shall not include: Tobacco Retailers; establishments
that sell Smoke and Vapor Products for onsite consumption (such as cigar lounges); or

25   establishments operating under Article 33 of Chapter 9 (Cannabis Retail Business and Commercial

26   Cannabis Business)." Ordinance at 47, Exh. "1". In contrast, "Tobacco Retailers" are defined as
"any establishment whose business includes the incidental sale of Smoke and Vapor Products, such

27   as supermarkets and convenience stores." Text Amendment at 54, Exh. "1". As set forth in footnote
7, *supra*, the Ordinance creates this new artificial distinction by carvning Smoke Shops out of the

28   traditional definition of "Tobacco Retailer."

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    (c)    prohibitions on vending machines or automatic sales dispensers of any kind;

2    (d)    costly video surveillance systems, the recordings of which must be available to the

3           Fresno Police Department upon request;

4    (e)    signage and glazing requirements including restrictions on advertising displays;

5    (f)    policing and preventing third-party loitering and nuisance activities;

6    (g)    costly initial and annual training requirements;

7    (h)    prohibitions on the sale of legal cannabinoid products, *i.e.*, cannabidiol ("CBD"), and

8           other products;

9    (i)    limited hours of operation;

10   (j)    development of a security plan submitted annually to and approved and re-approved

11          by the Fresno Police Department District Commander, who has discretion to impose

12          additional and/or security measures such as reduced hours, security guards, door

13          monitors, and burglar alarm systems; and

14   (k)    compliance with any other additional rules, regulations, and standards imposed by

15          the City Manager or designee concerning any other subject to be determined as

16          necessary to carry out the Ordinance (collectively the "Operational Requirements").

17   FMC § 15-2761(G), Exh. "1".

18          23.    The Operational Requirements described above apply only to Smoke Shops. The

19   other Exempt Tobacco Retailers, including grocery stores, convenience stores, liquor stores, gas

20   stations, and cannabis dispensaries, are not required to comply with these Operational Requirements

21   imposed on all Smoke Shops.

22          24.    Although the Ordinance's Findings claim to seek to regulate Smoke Shops and

23   reduce nuisances, the Ordinance's stated purpose includes amortization of existing Licensed Smoke

24   Shops by limiting the number of Conditional Use Permits to seven per City Council District. In

25   short, the express intent of the Ordinance is to close at least 33 or more existing Licensed Smoke

26   Shops while the other 85% of similarly situated tobacco retailers remain unaffected.

27          25.    The City justifies the Ordinance as necessary to reduce nuisances caused by Smoke

28   Shops as well as to regulate Smoke Shops that violate the law, but the Ordinance will determine

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

9

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

which applicants receive a Conditional Use Permit by lottery, thereby "amortizing" Licensed Smoke Shops without regard to a Smoke Shop's compliance with laws or even whether the Smoke Shop operated with or without a license. Moreover, the City neither presented nor considered whether reducing the number of Smoke Shops to 49 rather than the existing 82 would have any impact to the perceived ills the City claims the Ordinance addresses.

**D.    The Aberrated Procedural History of the Ordinance**

**1.    The Resolution**

26.    On February 17, 2022, City Council adopted Resolution No. 2022-052 (the "Resolution"), a true and correct copy of which is attached hereto as **Exhibit "3"**.

27.    Under the Resolution, City Council resolved, pursuant to FMC § 15-5803(A)(1), to initiate the necessary proceedings to amend the text of FMC § 15-2761 of the City's Zoning Ordinance relating to the sale of tobacco and prepare any environmental assessment pursuant to the requirements of the California Environmental Quality Act, Pub. Res. Code §§ 21000-21189.91 ("CEQA"), bring the Text Amendment before the Airport Land Use Commission ("ALUC") for consideration on completion of environmental review, before the City Planning Commission to consider within thirty days of review by ALUC, and back before the City Council for consideration within thirty (30) days of the Planning Commission's review. Resolution at 1-2, Exh. "3".

28.    Between February 17, 2022 and 2024, City Council made multiple efforts to approve the Text Amendment and Environmental Assessment. These efforts were unsuccessful.[11]

29.    Eventually, the City devised the subject Ordinance consisting of the Environmental Assessment and the Text Amendment. *See*, Ordinance, Exh. "1"; Environmental Assessment, Exh. "2".

///

---

[11] *E.g.*, Soreath Hok, *'Slippery slope' or needed regulation? Fresno eyes new rules for smoke shops*, KVPR (Oct. 13, 2023), https://www.kvpr.org/local-news/2023-10-13/slippery-slope-or-needed-regulation-fresno-eyes-new-rules-for-smoke-shops (last visited May 19, 2025); Tiffany Olin, *Proposed ordinance could close most smoke shops in Fresno*, ABC30 (Oct. 17, 2023), https://abc30.com/smoke-shops-proposed-ordinance-crime-and-blight-unregulated-retail/13930745/ (visited May 19, 2025).

30.     In or around early January 2025, the City published a Notice of Public Hearing (the "Public Notice") that it would conduct public hearings before the Fresno Planning Commission (the "Planning Commission") on January 15, 2025 and February 19, 2025 to discuss recommending the Ordinance, and conduct public hearings before City Council on January 30, 2025 and February 27, 2025 to discuss approval of the Ordinance. A true and correct copy of the Public Notice is attached hereto as **Exhibit "4"**. In addition, on or about January 29, 2025, some form of public notice was published in the Fresno Bee and posted on the City Clerk's website and provided to the distribution list for such notices.

**2.     Planning Commission Hearings**

31.     The Planning Commission first considered whether to recommend approval of the Ordinance at a public hearing on January 15, 2025. A true and correct copy of the Planning Commission's Meeting Minutes for the January 15, 2025 public hearing ("01/15/2025 PC Minutes") are attached hereto as **Exhibit "5"**. Ultimately, the hearing was continued to March 19, 2025—but as noted in paragraphs 33-34 below, the continued hearing was actually heard on February 19, 2025, rather than March 19, 2025. 01/15/2025 PC Minutes at 11, Exh. "5".

32.     The Planning Commission next considered whether to recommend approval of the Ordinance at a public hearing on February 19, 2025. A true and correct copy of the Planning Commission's Meeting Minutes for the February 19, 2025 public hearing ("02/19/2025 PC Minutes") are attached hereto as **Exhibit "6"**. At the February 19, 2025 hearing, the Planning Commission recommended approval of the Ordinance with the following modifications:

a.     Increase the number of Smoke Shops permitted within each City Council District from 7 to 10;

b.     Increase the Amortization Period from 18 months to 24 months;

c.     Grandfather Existing Smoke Shops such that they would not be subject to the sensitive use location restrictions;

d.     Apply the Ordinance to all tobacco retailers, rather than just Smoke Shops;

e.     Create a Tobacco Retailer License;

f.     Provide a Code Enforcement Workshop where business owners can meet with Code Enforcement so "everyone can be on the same page regarding this legislation;"

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

g.     Remove the lottery system and make the application system entirely merit-based to include the Smoke Shop Operator's business plan, community impact, experience, and history of compliance;

h.     Immediate closure of Smoke Shops engaging in gambling or sales of cannabis;

i.     Create a "City-based tool for business owners to gather information they need, and to report their concerns."

02/19/2025 PC Minutes at 8-10, Exh. "6".

33.     Although the January 15, 2025 hearing had been continued to March 19, 2025, the public hearing was actually held on February 19, 2025. *Id.* The Planning Commission did not consider the Ordinance at the March 19, 2025 hearing. *See* true and correct copy of the March 19, 2025 Planning Commission Meeting Minutes ("03/19/2025 PC Minutes") attached hereto as **Exhibit "7"**.

**3.     City Council Rejects the Ordinance**

34.     The Ordinance was first introduced to City Council at the February 27, 2025 City Council Meeting. Oddly, the City Council considered the Ordinance in its original form and without the Planning Commission's substantial recommended modifications noted in paragraph 33 above. True and correct copies of the February 27, 2025 City Council Meeting Agenda ("02/27/2025 Council Agenda") and the February 27, 2025 City Council Meeting Minutes ("02/27/2025 Council Minutes") are attached hereto as **Exhibit "8"** and **Exhibit "9"**, respectively. The City Council tabled consideration of the Ordinance to March 13, 2025. 02/27/2025 Council Minutes at 6, Exh. "9".

35.     City Council next considered approval of the Ordinance at the March 13, 2025 City Council Meeting (the "03/13/2025 Council Meeting"). *See*, 03/13/2025 Council Agenda, Exh. "10". True and correct copies of the March 13, 2025 City Council Meeting Agenda ("03/13/2025 Council Agenda") and the March 13, 2025 City Council Meeting Minutes ("03/13/2025 Council Minutes") are attached hereto as **Exhibit "10"** and **Exhibit "11"**, respectively.

36.     The March 13, 2025 City Council Meeting was called to order at 9:12 a.m. 03/13/2025 Council Minutes at 1. Following preliminary matters, the hearing for consideration of

/ / /

/ / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

12
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

the Ordinance was called to order at 10:45 a.m.[12] *Id.* at 1-5. The hearing was held first with a staff presentation from the Planning and Development Department, which was followed by public comment.[13] *Id.* at 5.

37.    After public comment, Vice President Councilmember Arias, a co-sponsor of the Ordinance, presented his comments to the Ordinance, which included numerous misrepresentations including, among others:

a.    Portraying the sale and unlawful seizure of legal tobacco products as "illegal tobacco"[14] to artificially inflate such "illegal tobacco sales;"

b.    Portraying the sale and unlawful seizure of legal CBD products as "unregulated cannabis" to artificially inflate such "cannabis sales;"

c.    Failing to mention that 14 "egregious violators" have been shut down under the current regulatory scheme and portraying images from such violators as currently existing Licensed Smoke Shops;

d.    Falsely claiming that other Exempt Tobacco Retailers are already required to comply with regulations in the Ordinance;[15] and

e.    Falsely claiming that the City of Clovis "does not allow Smoke Shops. Period."[16]

---

[12]  The full video of the 03/13/2025 Council Meeting is available online, timestamp 01:54:36 to 04:50:16, https://www.youtube.com/watch?v=mLNYcPCYlvY&t=6876 (hereafter referenced via youtu.be) (visited May 19, 2025).

[13]  Numerous CSSA members, as well as undersigned counsel, participated in public comment. 03/13/2025 Council Minutes at 5, Exh. "11".

[14]  Under Cal. Health & Safety Code § 104559.1(a), (m), the California Attorney General shall, on or before December 31, 2025, publish and maintain an official Unflavored Tobacco List ("UTL") of products approved to be sold in California. In the absence of the UTL, the City's Code Enforcement and Police Department have seized and continue to seize lawful products to the detriment of existing licensed Smoke Shop owners.

[15]  Councilmember Arias is likely referring to the Responsible Neighborhood Market Act, which applies to new establishments and expanded operations for existing establishments. *See, e.g.*, FMC § 15-2706(D)(1) (applies to new and *expanded* existing uses), (F)(6) (general exceptions); (F)(7) (location restrictions apply to new establishments and provide exception for existing establishments), (F)(8) (exception for grocery stores); *see also*, FMC § 15-2751(B) (conditional use permits for *new* restaurants, bars, nightclubs, and lounges, but not for those with on-site consumption or located in Downtown Districts).

[16] The City of Clovis uses a Tobacco Retail License process that applies to *all* tobacco retailers. *See, e.g.*, Clovis Municipal Code §§ 5.35, *et seq.* ("Chapter 5.35 Tobacco Retailer Licensing"); 5.35.02(j) ("'Tobacco retailer' means any person who engages in tobacco retailing."), which is available online

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

13

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

38.     Thereafter, Councilmember Arias moved to adopt the Ordinance with certain modifications discussed below, the latter of which came at the request of other councilmembers during later debate:

> (i) Add a $500 fine for each individual prohibited item found during an inspection to the table found under Fresno Municipal Code FMC Section 15-2761 (H);
>
> (ii) Add a provision that Smoke Shops which were found to have been involved in illegal activities through the Cannabis Administrative Prosecutor Program (CAPP) are prohibited from opening a Smoke Shop under the text amendment to Fresno Municipal Code FMC Section 15-2761 (D); and
>
> (iii) Add a provision vesting Code Enforcement Officers and the Fresno Police Department with the authority to seize and destroy illegal flavored tobacco should any be found upon inspection of a violating tobacco retailer [*sic*] to Fresno Municipal Code FMC Section 15-2761 (G)(12)(d).
>
> . . .
>
> (iv) Allow the sale of CBD (cannabidiol) in smoke shops - requested by Councilmember Maxwell.
>
> (v) Include a formal educational program before enforcement - requested by Councilmember Richardson.

03/13/2025 CC Minutes at 5-6, Exh. "11" (italics omitted).

39.     During discussion and debate, co-sponsor Councilmember Esparza[17] supported the Ordinance, erroneously claiming that "there are several other cities– uh– including San Jose and Sacramento that have– uh– similar provisions, that govern smoke shops." However, these cities in fact have Tobacco Retail License regulatory schemes applicable to *all* tobacco retailers and which do not impose artificial limits on the number of such Tobacco Retail Licenses available.[18] In sum,

---

at https://www.codepublishing.com/CA/Clovis/#!/html/Clovis05/Clovis0535.html (visited May 19, 2025). In addition, Councilmember Richardson indicated that the City of Clovis has 86 smoke shops.

[17] 03/13/2025 Council Meeting at 02:54:49, https://www.youtu.be/mLNYcPCYlvY?t=10489 (visited May 19, 2025).

[18] *See* San Jose Municipal Code §§ 6.87.010-6.87.530 (Tobacco Retail License); Sacramento City Code §§ 5.138.010-5.138.170 (Tobacco Retailers). Unlike the instant Ordinance at issue here, these regulatory schemes do not selectively define the terms "smoke shop" and "tobacco retailer" to favor certain types of tobacco retailers over others and instead broadly include all persons who sell tobacco products. *See*, *e.g.*, Sacramento City Code § 5.138.030; San Jose Municipal Code § 6.87.130; *see also*, Clovis Municipal Code § 5.35.02(j).

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Councilmember Esparza urged his council colleagues to support this "really good" Ordinance and voted to approve the same.

40.    Co-sponsor Councilmember Perea,[19] while claiming to be the "one of the most business friendly councilmembers up here," suggested that the Ordinance is about regulating the "industry" and is "business friendly" because "what we're not doing is shutting down this industry." True enough—since the Ordinance only targets small businesses representing a trivial subset (15%) of the tobacco retailing industry while leaving 85% of tobacco retailers exempted from compliance with the Ordinance, large tobacco retailers are largely unaffected by the Ordinance.

41.    Councilmember Perea's "pro-business" comments demonstrate that, at least in her eyes, the Ordinance is intended to allow the City to pick economic winners and losers. Councilmember Perea offered one silver lining to existing Licensed Smoke Shop owners, reminding them that "if you are one of the businesses that does get a CUP, you're gonna thrive because think of all the other businesses– think of all the other bad apples– that we're gonna be shutting down. So if you are one of the *lucky* businesses to get a CUP– uhm– you're going to look at this as a very business-friendly ordinance *to you*. You're gonna thrive. It's as plain and simple as that." (italic emphasis added). Ultimately, Councilmember Perea voted to approve the Ordinance.

42.    Councilmember Maxwell,[20] though sympathetic to the sponsors, expressed concern that the Ordinance "throws the baby out with the bath water. I think, in an attempt to get rid of the bad actors, we're going to potentially jeopardize the businesses and livelihoods of the good actors who have been doing this for a long time, by the books, don't have any violations, but are now in jeopardy of losing all of that somewhat arbitrarily, in my opinion." In addition, Councilmember Maxwell was concerned that the Ordinance banned all Smoke Shops from selling legal CBD products while allowing all other Exempt Tobacco Retailers to continue selling such products. Councilmember Maxwell requested for the sponsors to consider an amended version of the

---

[19] 03/13/2025 Council Meeting at 02:59:29, https://www.youtu.be/mLNYcPCYlvY?t=10769 (visited May 19, 2025).

[20] *Id.* at 03:07:43, https://www.youtu.be/mLNYcPCYlvY?t=11263 (visited May 19, 2025).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

15
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Ordinance that would allow for Smoke Shops to sell legal CBD products, additional funding for Code Enforcement and/or the City Attorney to enforce such amended ordinance, and a grandfather provision to exempt Existing Smoke Shops from the location restrictions and Conditional Use Permit requirements to avoid "arbitrarily" and "unfairly" closing down existing small businesses.

43.    Councilmember Richardson[21] expressed concern that "luck"—that is, the lottery system under FMC § 15-2761(D)(2)—would determine which businesses could and could not continue to operate in the City of Fresno. In addition, Councilmember Richardson noted that many of the photographs used to convince the public that Licensed Smoke Shops are bad actors were misrepresentations by depicting Smoke Shops that have since been closed down. Councilmember Richardson also described the Ordinance as "heavy-handed" as is and sought to modify the Ordinance to alleviate its constitutional issues, including its effect on Licensed Smoke Shops, which are disproportionately first and second generation immigrant-owned businesses. Ultimately, Councilmember Richardson indicated that he was not in favor of the Ordinance as written, but with amendment, City Council could craft an ordinance that would achieve the goals of responsible governance while addressing important issues; however, as is, the Ordinance achieved neither of these goals.

44.    President Councilmember Karbassi[22] suggested that the Ordinance was not necessary because the City was able to shut down 14 "bad actor" Smoke Shops using the existing regulatory scheme and expressed concern that the City was creating a new system that treats the "good actors" the same as "bad actors." In addition, Councilmember Karbassi suggested the Ordinance would monopolize the industry for big businesses (the Exempt Tobacco Retailers) while shutting down small businesses (the non-exempt tobacco retailers, *i.e.*, existing Licensed Smoke Shops) and criticized the Fresno Chamber of Commerce for remaining neutral on a housing proposal, but with this "Ordinance that is literally going to shut down businesses, the Chamber is in support. Because we know who they're bought and paid for by. They want to create a monopoly so these Smoke

---

[21] *Id.* at 03:29:52, https://youtu.be/mLNYcPCYlvY?t=12591 (visited May 19, 2025).

[22] *Id.* at 03:46:59, https://youtu.be/mLNYcPCYlvY?t=13619 (visited May 19, 2025).

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    Shops can't sell the same products a grocery store or a cannabis store can sell." Furthermore,

2    Councilmember Karbassi criticized the lack of fairness in the procedural processes created by the

3    Ordinance, noting that "[r]etroactively imposing limits on businesses that are already existing is

4    setting them up to fail." Although Councilmember Karbassi was "really trying to get to yes" because

5    he *does* want to shut down the bad actors, he could not in good conscience support the Ordinance

6    as written because it is "vastly unfair" and the problem amounts to an enforcement issue.

7    Councilmember Karbassi also noted that the definition of an "egregious violation" was overly broad

8    and included third party conduct, which would give the City unfettered power and discretion to

9    target and shut down any of the small businesses subject to this Ordinance. "If you pass this blanket

10   policy, you're punishing the good with the bad." Councilmember Karbassi urged the sponsors to

11   take the Ordinance back, rework and retool it to avoid collateral damage to existing businesses, and

12   come back with an amended version containing a more equitable policy that does not punish good,

13   legitimate businesses but has teeth to go after the bad actors, which could easily be passed

14   unanimously. In sum, Councilmember Karbassi voted to reject the Ordinance because it set a "very

15   dangerous precedent," likening it to "taking a shotgun to a problem when you really need a sniper

16   rifle, and the collateral damage is going to be the livelihoods of people" who are "not breaking the

17   law" and punishing them for just "trying to provide for their family."

18          45.    Although Councilmembers Arias and Esparza did agree to incorporate

19   Councilmember Maxwell's suggestion to allow the sale of legal CBD products and Councilmember

20   Richardson's suggestion of including a formal education program for Existing Smoke Shop owners

21   prior to enforcement, they declined to incorporate grandfathering provisions for Existing Smoke

22   Shops, additional enforcement staff, and other suggestions offered by Councilmembers Karbassi,

23   Maxwell, and Richardson. In addition, the sponsors declined to table the Ordinance for modification

24   and instead insisted on proceeding with a full vote.

25          46.    Before voting, Councilmember Karbassi again pleaded with the cosponsors to

26   remove the Ordinance from consideration for time to cure its fundamental deficiencies, noting his

27   desire to get on board with the Ordinance if those core deficiencies were resolved. Instead, City

28   Council took a 10-minute break to discuss amendments, but ultimately declined to incorporate any

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

such additional amendments other than those already proposed and incorporated.[23] Councilmember Maxwell indicated that although it was clear where the vote was going to land, he "would hate to see it end there" because there are some good proposals, but it was "unfortunate" the sponsors were not open to changes from their colleagues to get it passed.

47.    Thereafter, City Council took a roll call vote on whether to approve Ordinance with the above modifications. As announced by City Clerk Todd Stermer, the Ordinance failed by a 3-3 vote. FMC § 2-105(a) ("A decision not to approve shall include a tie vote . . ."); 03/13/2025 Council Minutes at 6, Exh. "11". City Council immediately adjourned for lunch.[24] The Ordinance was not tabled or continued and no motions were made to reconsider the defeated Ordinance pursuant to FMC § 2-310(e). *Ibid.*

48.    Upon returning from lunch at or around 3:03 p.m., City Council moved on to its next item.[25] *Id.* at 6-7. Shortly before the end of the 03/13/2025 Council Meeting, other closed session items (but not the Ordinance) were continued to the next meeting without objection. Though Councilmember Arias did inquire whether a formal motion to table those closed items was necessary, no such inquiry, continuance, or reconsideration was made as to the defeated Ordinance.[26] Accordingly, the 03/13/2025 Council Meeting was adjourned at 3:22 p.m. *Id.* at 18.

**4.    City Council Reconsiders Ordinance Without Notice**

49.    Notwithstanding the Ordinance's defeat on March 13, 2025 and that "[a]ction by the [City] Council shall be final[,]" FMC § 15-5810(C), the Ordinance perplexingly ended up on the agenda for reconsideration on the Consent Calendar for the April 24, 2025 City Council Meeting ("04/24/2025 Council Meeting"). Attached hereto as **Exhibit "12"** is a true and correct copy of the April 24, 2025 City Council Meeting Agenda ("04/24/2025 Council Agenda"). Oddly, the minutes for the 04/24/2025 Council Meeting are not yet available as of this writing.

---

[23] *Id.* at 04:47:09, https://youtu.be/mLNYcPCYlvY?t=17229 (visited May 19, 2025).

[24] *Id.* at 04:50:03, https://youtu.be/mLNYcPCYlvY?t=17403 (visited May 19, 2025).

[25] *Id.* at 06:12:13, https://youtu.be/mLNYcPCYlvY?t=22333 (visited May 19, 2025).

[26] *Id.* at 06:31:18, https://youtu.be/mLNYcPCYlvY?t=23478 (visited May 19, 2025).

50.    City Council reconsidered approval of the Ordinance as ID 25-584 at the 04/24/2025 Council Meeting without posting a public notice as required by law. True and correct copies of the City's expired Fresno Bee notice as of April 25, 2025 ("Expired Fresno Bee Notice") and the ID 25-584 Legislation Details for the Ordinance, excluding attachments ("Legislation Details"), are attached hereto as **Exhibit "13"** and **Exhibit "14"**, respectively. *Cf.* Public Notice, Exh. "4".

51.    In addition, the City failed to include notice that the Ordinance would be reconsidered in its prior meeting agendas. *See* 03/13/2025 Council Agenda at 16-17, Exh. "10"; 03/27/2025 Council Agenda at 19, Exh. "15"; 04/10/2025 Council Agenda at 14-15, Exh. "16". True and correct copies of the March 27, 2025 City Council Meeting Agenda ("03/27/2025 Council Agenda") and the April 10, 2025 City Council Meeting Agenda ("04/10/2025 Council Agenda") are attached hereto as **Exhibit "15"** and **Exhibit "16"**, respectively.

52.    To circumvent the express legal requirements of FMC § 15-5810(C), which renders "[a]ction by the Council [] final[,]" the City contrived a novel concept after the fact that the March 13, 2025, vote defeating the Ordinance was merely "ceremonial in nature and does not have the effect of adopting or denying the legislation." Legislation Details at 2, Exh. "14", citing FCC § 600(b) ("No ordinance shall be **adopted** by Council on the day of its introduction, or on the day it is altered after introduction, nor within five days thereafter.") (emphasis added). Notably, no mention of such "ceremonial vote" is included in the 03/13/2025 Council Minutes or 03/13/2025 Council Agenda, nor was such "ceremonial vote" ever discussed at the 03/13/2025 Council Meeting.[27]

53.    At the start of the 04/24/2025 Council Meeting, the Ordinance was removed from the Consent Calendar by Councilmember Karbassi at Councilmember Richardson's request due to his inability to appear at the meeting as he was serving our country in North Africa as a Marine reservist.[28] However, Councilmember Perea moved to keep the Ordinance on the agenda, albeit on

---

[27] 03/13/2025 Council Meeting at 01:54:36-04:50:16, https://youtu.be/mLNYcPCYlvY?t=6876 (visited May 19, 2025).

[28] 04/24/2025 Council Meeting at 00:29:42, https://youtu.be/aEKcBERyuQU?t=1782 (visited May 19, 2025).

1   the Contested Consent Calendar at Councilmember Karbassi's request, which passed without

2   opposition.[29]

3       54.    During reconsideration of the denial of the Ordinance, Councilmember Maxwell

4   again took issue with the conditional use permit requirements and the proposed lottery system,

5   insisting that there needs to be "procedural justice" in the process.[30] In addition, Councilmember

6   Maxwell noted that Ordinance does not actually add many new "tools" to the "tool kit" for law

7   enforcement that are not already available under the current regulatory scheme. Councilmember

8   Maxwell also noted the Ordinance's ambiguity in explicitly listing third party conduct as an

9   egregious violation, which opens the door for the City to selectively prosecute and revoke permits

10  against those it does not like—"Under the proposed ordinance, if I'm a business owner, my CUP

11  can be removed for somebody peeing on my store or stealing from me. And it just seems

12  disingenuous to lump in those acts for seriously egregious issues that I mentioned before."[31]

13      55.    Councilmember Karbassi[32] spoke in favor of a Tobacco Retailer License applicable

14  to all tobacco retailers for the goal of stopping tobacco retail sales to minors—which would be

15  rationally related to a legitimate legislative interest. Councilmember Karbassi indicated that

16  convenience stores are a large source of tobacco sales to minors, which are not subject to the

17  Ordinance here.

18      56.    Councilmember Arias[33] rejected Councilmembers Maxwell's and Karbassi's efforts

19  to hold off on voting for Ordinance to pursue a more equitable tobacco retail license scheme

20  applicable to *all* tobacco retailers, rather than just 15% of tobacco retailers because "we're not trying

21  to seek perfection." Nearly admitting his real intent to shut down properly licensed small businesses,

22  Councilmember Arias narrowly avoided suffering a Freudian slip when he claimed that "the– the

23  _____

24  [29] *Id.* at 00:32:43-00:37:10, https://youtu.be/aEKcBERyuQU?t=1963 (visited May 19, 2025).

25  [30] *Id.* at 05:35:26, https://youtu.be/aEKcBERyuQU?t=20126 (visited May 19, 2025).

26  [31] *Id.* at 05:54:13, https://youtu.be/aEKcBERyuQU?t=20713 (visited May 19, 2025).

27  [32] *Id.* at 05:52:55, https://youtu.be/aEKcBERyuQU?t=21175 (visited May 19, 2025).

28  [33] *Id.* at 05:55:12, https://youtu.be/aEKcBERyuQU?t=21312 (visited May 19, 2025).

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

20

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   lottery system was the most unf– most fairest and unbiased way to identify somebody that would be

2   eligible for a CUP. Uhm– any other way was determined to have some level of biasness that would

3   be imposed by the governing body."[34] However, the Conditional Use Permit process does involve

4   significant bias in giving the Fresno Police District Commander unilateral power to decide whether

5   to approve or reject a security plan, or whether to impose limitless additional security measures.

6   And since the Conditional Use Permit at issue here makes punishable acts resulting from third-party

7   conduct, the City is effectively free to shut down any Smoke Shop it wants, and could even allow

8   litter to be deposited or occur some other nuisance behavior or near the premises of a Smoke Shop

9   as an excuse to deem such shop as an egregious violator. Thus, Councilmember Arias reveals that

10  his true intent for passing the Ordinance was not to create the "most fairest and unbiased" system,

11  but instead to give the City power to select economic winners and losers, and to shutter small

12  businesses in favor of allowing the 482—or 800, if Arias' estimates are accurate—Exempt Tobacco

13  Retailers to effectively monopolize the City's tobacco industry.

14          57.     During the improperly held reconsideration of the Ordinance, Councilmember Arias

15  moved to approve the already-disallowed Ordinance "as submitted" with amendments to (1) allow

16  the sale of legal CBD in Smoke Shops, and (2) vest Code Enforcement and FPD with authority to

17  seize and destroy illegal favored tobacco should any be found upon inspection.[35]

18          58.     Councilmember Esparza[36] suggested that Fresno should have both a tobacco retail

19  license *and* a conditional use permit process, notwithstanding the fact that this would not cure the

20  constitutional issues of singling out 15% of tobacco retailers and treating them unequally from the

21  85% of Exempt Tobacco Retailers through legislation expressly aimed at closing small businesses.

22  Councilmember Esparza also suggested that the CUP process is an off-switch to shut down "bad

23  actors"—ignoring the fact that "bad actors" are already subject to all other provisions of the FMC

24  regarding nuisances and nuisance abatement and concealing that the only result of implementing

25

26  [34] *Id.* at 06:02:10, https://youtu.be/aEKcBERyuQU?t=21730 (visited May 19, 2025).

27  [35] *Id.* at 06:02:42, https://youtu.be/aEKcBERyuQU?t=21762 (visited May 19, 2025).

28  [36] *Id.* at 06:04:08, https://youtu.be/aEKcBERyuQU?t=21848 (visited May 19, 2025).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

21

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   the CUP process will be to shut down the "good actors", which is precisely the stated intent of the

2   Ordinance. In contrast, a Tobacco Retail License would achieve his stated purpose of shutting down

3   the "bad actors" while leaving intact the businesses of the "good actors".

4        59.     Councilmember Karbassi reiterated and reincorporated his comments from the

5   03/13/2025 Council Meeting wherein the Ordinance was disapproved.[37] He also stated that the

6   "Clovis model"—the tobacco retail license model—is far more robust and effective because it holds

7   not just Smoke Shops, but *all* tobacco retailers accountable. Councilmember Karbassi also noted

8   that if the City's actual goal is to stop sales of tobacco to minors, only the tobacco retail license

9   model will do that, again, because 85% of tobacco retailers are not subject to the Ordinance,

10  including convenience stores which make up a large percentage of such sales to minors.

11       60.     Early on the proceeding, Councilmember Vang[38] dodged answering whether he was

12  familiar with the concept of a tobacco retail license. However, later, he claimed to have done his

13  due diligence by reading every page and indicated he would take his decision seriously and make

14  an informed decision.[39] Ultimately, Councilmember Vang voted to greenlight the City's shut down

15  of small businesses by voting to approve the Ordinance.

16       61.     Councilmember Perea[40] asked what a "good smoke" shop was, and indicated her

17  confidence that a CUP will weed out said undefined "good" from the "bad"—despite the arbitrary

18  lottery system that by definition cannot discern the "good" from the bad." Indeed, the Ordinance

19  quite literally gambles with the Licensed Smoke Shop's futures and is guaranteed to close down at

20  least half or more of the properly licensed small tobacco retailers who, along with the unlicensed

21  "bad actors" as "New Smoke Shops" under the Ordinance, will all be vying for one of the 49

22  available Conditional Use Permits that will be handed out by chance regardless of "good" or "bad",

23  while not addressing the Exempt Tobacco Retailers, which sell 85% of the tobacco products in the

---

[37] *Id.* at 06:10:02, https://youtu.be/aEKcBERyuQU?t=22202 (visited May 19, 2025).

[38] *Id.* at 05:46:14, https://youtu.be/aEKcBERyuQU?t=20774 (visited May 19, 2025).

[39] *Id.* at 06:13:03, https://youtu.be/aEKcBERyuQU?t=22383 (visited May 19, 2025).

[40] *Id.* at 06:17:56, https://youtu.be/aEKcBERyuQU?t=22676 (visited May 19, 2025).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

22
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

City—clearly not rationally related to Councilmember Perea's stated purpose. Based on the effect the Ordinance will have, the more likely motive is to shut down small businesses to allow the larger 85% of tobacco retailers to, in her words, "thrive"—the act of selecting economic winners and losers, which is not a legitimate public purpose.

62.     Councilmember Arias spoke again, indicating that there are 800 tobacco retailers in the City and 170 Smoke Shops.[41] If Arias' claims are true, that would mean the Licensed Smokes Shops targeted by the Ordinance is an even smaller percentage than previously estimated—approximately 10.5% of the City's tobacco retailers, rather than 15%. Further, it means that the lottery process for determining who receives a Conditional Use Permit is *even more likely* to issue a Conditional Use Permit to an illegal "bad actor" unlicensed Smoke Shop over a properly licensed Smoke Shop. Assuming Arias' numbers are correct and assuming no "New Smoke Shops" apply for a Conditional Use Permit, if all 82 licensed and 88 unlicensed (170 total) shops apply for a Conditional Use Permit and if such permits are awarded to the same ratio of licensed to unlicensed shops, approximately 25 unlicensed Smoke Shops and 24 Licensed Smoke Shops would receive a Conditional Use Permit (meaning that 58 properly licensed shops go out of business—the number of Smoke Shops which must receive just compensation for a regulatory taking). Instead, with a tobacco retail license requirement, all businesses engaged in the retailing of tobacco would be required to comply.

63.     Councilmember Karbassi inquired whether Exempt Tobacco Retailers have been investigated to determine if they sell tobacco products to minors.[42] **City Attorney Janz indicated that the City has only inspected Smoke Shops and has not looked at whether the Exempt Tobacco Retailers sell tobacco products to minors**.[43] Thus, if the City's actual purpose was to prevent the sale of tobacco to minors, a rational method of doing so would be to regulate all tobacco retailers with a tobacco retailer license, rather than regulate only 15% of tobacco retailers with the

---

[41] *Id.* at 05:58:18, https://youtu.be/aEKcBERyuQU?t=21498 (visited May 19, 2025).

[42] *Id.* at 05:21:57, https://youtu.be/aEKcBERyuQU?t=22917 (visited May 19, 2025).

[43] *Id.* at 06:22:46, https://youtu.be/aEKcBERyuQU?t=22946 (visited May 19, 2025).

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

23

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   Ordinance, which is thus not rationally related to the goal of preventing the sale of tobacco to minors.

2   In actuality, the City's real goal is to choose economic winners and losers by shutting down the 15%

3   of tobacco retailers, all of which are not-so-coincidentally small businesses, which is not a legitimate

4   government interest.

5          64.    Though he promised to have read every page of the Ordinance, Councilmember

6   Vang, perhaps missing the last page, asked about the effective date of the Ordinance since the

7   documents he was provided indicated that the Ordinance would be effective as of April 27, 2025.[44]

8   City Attorney Janz confirmed the Effective Date of the Ordinance would be 30 days after the

9   Ordinance is deemed approved. In response, Councilmember Maxwell expressed concern that 30

10  days was not enough time for Smoke Shops to apply for a CUP and consider how, or whether they

11  even could, transition their business model into a different industry. Councilmember Arias

12  confidently reminded the Council that "upon effectiveness," Smoke Shops will have 18 months to

13  transition—not so, as Smoke Shops have 30 days to come into compliance with the Operational

14  Requirements of the Ordinance, which is at best ignorance of the law he co-sponsored or at worst,

15  a blatant misrepresentation to convince his fellow Councilmembers (though at least Vang promised

16  that he read it) that the Ordinance would not immediately start closing down small businesses.

17  Councilmember Esparza concurred with Councilmember Arias' assessment, displaying that neither

18  actually understood the Ordinance they were spearheading.

19         65.    Moments before the vote, City Attorney Janz asked for a five-minute "time out."[45]

20  Upon City Council's return,[46] Councilmember Arias relayed to Council that he was informed by

21  legal counsel that his amendments to the Ordinance were not necessary, so he revised his motion

22  such that the Ordinance would be approved without modification "as submitted on the record, as

23  approved by the Planning Commission."[47] Councilmember Esparza accepted the revised motion.

24  _____

25  [44] *Id.* at 06:24:24, https://youtu.be/aEKcBERyuQU?t=23064 (visited May 19, 2025).

26  [45] *Id.* at 06:25:50, https://youtu.be/aEKcBERyuQU?t=23150 (visited May 19, 2025).

27  [46] *Id.* at 06:31:07, https://youtu.be/aEKcBERyuQU?t=23469 (visited May 19, 2025).

28  [47] Such approval was a misrepresentation given that the Planning Commission approved the

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

24
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

66.     Ultimately, the Ordinance was reconsidered and passed—notwithstanding it being disapproved on March 13, 2025 and contrary to FCC §§ 2-105(a) or (b), 15-5810(C), and FCC § 605(d)—by a vote of 4-1, with Councilmember Karbassi voting against, Councilmember Maxwell abstaining because he disagreed with the process, and Councilmember Richardson absent due to his military service in North Africa.

67.     Thereafter, the Ordinance was transferred to the Mayor on April 25, 2025, who took no action on the Ordinance. Pursuant to FCC § 605(d), the Ordinance was automatically deemed approved on May 5, 2025.

68.     The Ordinance shall become effective and in full force and effect at 12:01 a.m. on the thirty-first (31st) day after its final passage, and accordingly, the Effective Date of the Ordinance is June 5, 2025 at 12:01 a.m.

**5.     City Council's Subsequent Shenanigans**

69.     Following the improper reconsideration and passage of the Ordinance at the 04/24/2025 Council Meeting, the City resorted to Orwellian tactics to re-write the record of events that occurred at the 03/13/2025 Council Meeting by creating "facts" that never occurred.

70.     On the May 1, 2025 Agenda ("05/01/2025 Council Agenda") for the May 1, 2025 City Council Meeting ("05/01/2025 Council Meeting"), the City Clerk subtly included an item on the Consent Calendar for "[a]pproval of the Amended Minutes for the March 13, 2025 Regular City Council Meeting"—however, as discussed below, these "Amended" minutes are fraudulent. *See* 05/01/2025 Council Agenda at 11, Exh. "17". A true and correct copy of the 05/01/2025 Council Agenda is attached hereto as **Exhibit "17"**; a true and correct copy of the fraudulent "Amended" March 13, 2025 City Council Meeting Minutes ("Fraudulent 03/13/2025 Council Minutes") are attached hereto as **Exhibit "18"**.

71.     Thus, at the 05/01/2025 Council Meeting, without any comment or discussion on this item to re-write the record of events occurring at the 03/13/2025 Council Meeting, City Council

---

Ordinance only with substantial modifications, including implementation of a tobacco retail license procedure. *See*, 02/19/2025 PC Minutes at 8-10, Exh. "6". City Attorney Janz did belatedly correct this misrepresentation as votes were cast, which Councilmember Arias denied making.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

25

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

quietly and unanimously approved the Fraudulent 03/13/2025 Council Minutes with all other items on the Consent Calendar.[48]

72.     Contrary to the events that occurred on the record at the 03/13/2025 Council Meeting,[49] the Fraudulent 03/13/2025 Council Minutes falsely pervert the accurate disposition of the Ordinance from "*NOT APPROVED*" to "*BILL B-11 INTRODUCED AND LAID OVER*[.] *AMENDMENTS NOT APPROVED*[.]" *Compare* 03/13/2025 Council Minutes at 6, Exh. "11", *with* Fraudulent 03/13/2025 Council Minutes at 6, Exh. "18".

73.     Having undoubtedly realized that City Council violated the FCC and FMC when it reconsidered the Ordinance at the 04/24/2025 Council Meeting after failing to table or continue the Ordinance, or timely move for reconsideration following disapproval of the Ordinance at the 03/13/2025 Council Meeting, City Clerk Starmer engaged in the above-described shenanigans to cover up City Council's procedural infirmities by retroactively re-writing the record to create facts that never in fact occurred, as is evident from the full video footage of the 03/13/2025 Council Meeting. However, City Council's subterfuge evidences its knowledge of the impropriety of its reconsideration and approval of the Ordinance in violation of its own procedures.

**E.     <u>Actual or Irreparable Injury</u>**

74.     CSSA's members will suffer significant and irreparable injury if the Ordinance is allowed to go into effect.

75.     Following the Effective Date of the Ordinance, *i.e.* June 5, 2025, CSSA's members will have 30 days from the Effective Date of the Ordinance, *i.e.*, July 5, 2025, to comply with all Operational Requirements. Thus, CSSA's members will incur actual or irreparable injury in the following forms:

76.     Once the Ordinance takes effect, "[n]o Existing Smoke Shop may make a substantial change of mode or character of their operation[,]" which "shall include, but not be limited to,

---

[48] 05/01/2025 Council Meeting, at 00:19:11-00:23:20, https://youtu.be/sqRbDhxS1sI?t=1151.

[49] 03/13/2025 Council Meeting at 00:21:16 to 06:31:55, https://youtu.be/mLNYcPCYlvY?t=1276 (visited May 19, 2025).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

26
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

structural changes which expand the sales area of Smoke and Vapor Products and related items by more than a cumulative 5% commencing from the effective date of the ordinance, or a period of closure for more than 30 days . . ." FMC § 15-2761(C)(1). In effect, the Ordinance locks Smoke Shops into the definition set forth under FMC § 15-6802, and prevents CSSA's members from converting their business model into one of the other Exempt Tobacco Retailers exempt from compliance with the Ordinance.

77.    As noted by Councilmembers Karbassi and Maxwell at the 04/24/2025 Council Meeting, the Ordinance punishes Licensed Smoke Shops for the conduct of third parties outside of their control as "egregious violations," including, *inter alia*, disturbances of the peace, illegal drug activity, public intoxication, drinking in public, harassment of passersby, gambling, prostitution, sale of stolen goods, public urination, theft, assaults, batteries, acts of vandalism, loitering, excessive littering, graffiti, illegal parking, excessive loud noises, traffic violations, curfew violations, lewd conduct, and any other violations of City, State, or federal laws, especially when contributing to a proportionally high rate of police reports and arrests to the area. FMC § 15-2761(G)(8).

78.    The Ordinance will immediately cause CSSA's members substantial and irreparable harm in the form of lost value of their business, lost business advantages, and even closure as Smoke Shops will be required to comply with the Operational Requirements

79.    In addition to the immediate harm, the Ordinance will require all 82 Licensed Smoke Shop Owner to apply for one of the 49 Conditional Use Permits. After the City holds its lottery, the Ordinance will require every Smoke Shop that loses and, by the vagaries of chance, is thereby denied a Conditional Use Permit to immediately transition its business into something else. After 18 months, the losers who fail to transition will close.

80.    Accordingly, there exists an actual, present, and justiciable controversy between Plaintiff CSSA's members and Defendant City concerning their rights and duties with respect to the Ordinance.

81.    This controversy is ripe for judicial decision, and declaratory relief is necessary and appropriate so that the parties may know the legal obligations that govern their present and future conduct.

# V.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Against Defendant City

*Declaratory and Injunctive Relief – Denial of Procedural Due Process*

**(14th Amendment to the U.S. Constitution; Article I, § 7 of the California Constitution)**

82.     CSSA realleges and incorporates herein by reference as though fully set forth herein paragraphs 1 through 81, inclusive, of this Complaint.

83.     The Fourteenth Amendment of the United States Constitution provides that no state "shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. Likewise, Article I of the California Constitution states that "[a] person may not be deprived of life, liberty, or property without due process of law[.]" Cal. Const., Art. I, § 7(a). "Procedural due process imposes constraint on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth and Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 322 (1976) (to comply with due process, the City must hold "some form of hearing" "before an individually is finally deprived of a property interest."); *Architecture Art, LLC v. City of San Diego*, 231 F. Supp. 3d 828, 845 (2017) (whether the hearing complies with due process, courts consider (1) the private interest affected, (2) risk of erroneous deprivation of such interest, and (3) the probative value of additional or different procedural safeguards, and (4) the City's interest including administrative burden of additional or different safeguards).

84.     At all times mentioned herein, City, through its Councilmembers on the City Council, acted under color of law in the performance of its duties as a public entity that creates, legislates, implements, and enforces its own regulations, policies, ordinances, customs, and/or public policy within the City.

85.     At all times herein, Defendant City, its employees and agents, owed Plaintiff CSSA and its members a duty under the due process clause of the Fourteenth Amendment to the United States Constitution, which prohibits governmental entities from depriving any person of life, liberty,

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1  or property without due process of law that mandates proper notice, the opportunity to be heard, and

2  a decision by an independent and impartial decisionmaker.

3      86.    Defendant City, through its councilmembers, acted in violation of its duty as a public

4  entity to suppress Plaintiff CSSA's members' ability to operate their lawful businesses in accordance

5  with federal, state, and local law and violated their procedural due process rights and intentionally

6  interfered with and deprived Plaintiff's members' of property and personal rights by voting on,

7  passing and enacting the Ordinance after the City Council, on March 13, 2025, took final action

8  defeating the Ordinance and City Council announced its defeat (03/13/2025 Council Minutes at 6,

9  Exh. "11") without providing the notice required by law, including by:

   (a)    Claiming the City Council vote disapproving the measure, taken at a properly noticed
          meeting at which a quorum was present, was "ceremonial in nature" and by reviving
          it in contravention of the City Charter and Municipal Code;

   (b)    By construing the City Council's rejection of the Environmental Assessment on
          March 13, 2025 as merely "ceremonial in natural" despite having been first
          introduced to City Council on February 27, 2025, despite not being modified at the
          March 13, 2025 City Council meeting, and despite City Council's final denial of the
          Environmental Assessment on March 13, 2025, and by reviving it for "final action"
          on April 24, 2025;

   (c)    To the extent Councilmember Arias' motion to approve the Ordinance on March 13,
          2025 with modifications to the Text Amendment is construed as a "substantial
          modification" as outlined in FMC § 15-5810(B), by failing, declining, or refusing to
          refer such proposed "substantial modification" back to the Planning Commission for
          report and recommendation as required by the City Municipal Code;

   (d)    Following City Council's final denial of the Ordinance on March 13, 2025, by
          failing, declining, or refusing to comply with the provisions of Article 58 of Chapter
          15 of the FMC (FMC §§ 15-5801 to 15-5812) before considering and adopting an
          amendment to the text of the Development Code, or hearing and making a new
          environmental determination on projects that require Council action as required by

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

29

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    FMC § 15-4902(A), (F) before adopting the Text Amendment and Environmental

2    Assessment by way of approval of the Ordinance on April 24, 2025;

3    (e)    Following City Council's final denial of the Ordinance on March 13, 2025, by

4    failing, declining, or refusing to initiate an amendment to the text of the Development

5    Code as required by FMC § 15-5803(A)(1) before adopting the Text Amendment by

6    way of approval of the Ordinance on April 24, 2025;

7    (f)    Following City Council's final denial of the Ordinance on March 13, 2025, by

8    failing, declining, or refusing to initiate an application for an amendment to the text

9    of the Development Code by resolution as required by FMC § 15-5804(A) before

10    adopting the Text Amendment by way of approval of the Ordinance on April 24,

11    2025;

12    (g)    To the extent the Resolution (Exh. "3") is construed as an application for an

13    amendment to the text of the Development Code under FMC § 15-5804(A) despite

14    the City's final denial of the Ordinance on March 13, 2025, by failing, declining, or

15    refusing to comply with the express terms of the Resolution requiring the City to

16    consider the Ordinance, including the Text Amendment and Environmental

17    Assessment, within thirty days of the Planning Commission's review, which took

18    place on January 15, 2025 and February 19, 2025 (Legislation Details at 6-7, Exh

19    "14");

20    (h)    Following City Council's final denial of the Ordinance on March 13, 2025, by

21    failing, declining, or refusing to require the Director prepare a report and

22    recommendation to the Planning Commission, including but not limited to a

23    discussion of how the proposed amendment meets the criteria in FMC §§ 15-5811

24    and 15-5812 for approving an amendment and an environmental document prepared

25    in compliance with CEQA and the General Plan, as required by FMC § 15-5806(A),

26    before approving the Ordinance on April 24, 2025;

27    (i)    Following City Council's final denial of the Ordinance on March 13, 2025, by

28    failing, declining, or refusing to allow the Planning Commission to hold at least one

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

public hearing on any proposed amendment to the FMC and/or Development Code, as required by FMC § 15-5806(B), before adopting the Text Amendment by way of approval of the Ordinance on April 24, 2025;

(j)    Following City Council's final denial of the Ordinance on March 13, 2025, by failing, declining, or refusing to require each committee to review and provide comments on a new text amendment application, as required by FMC § 15-5807, before adopting the Text Amendment by way of approval of the Ordinance on April 24, 2025;

(k)    Following City Council's final denial of the Ordinance on March 13, 2025, by failing, declining, or refusing to require ALUC to review a text amendment affecting projects or property within the Airport Influence Area for consistency with the adopted Airport Land Use Compatibility Plan which affect the height, density, land use designation, safety, noise, or related aspects of properties within ALUC's purview prior to consideration of such matter by the City Council as required by FMC § 15-5808, before adopting the Text Amendment by way of approval of the Ordinance on April 24, 2025;

(*l*)    Following City Council's final denial of the Ordinance on March 13, 2025, by failing, declining, or refusing to require the Planning Commission to conduct a public hearing in conformance with Article 50 of the FMC, as required by FMC § 15-5809(A), and following such public hearing, by failing, declining, or refusing to require the Planning Commission to make a recommendation on the proposed application to City Council, which shall include the reasons for the recommendation, findings supporting the recommendation, and the relationship of the proposed change to the General Plan, Code, and applicable operative plans, as required by FMC § 15-5809(B), before adopting the Ordinance on April 24, 2025;

(m)    Following City Council's final denial of the Ordinance on March 13, 2025, by failing, declining, or refusing to hold a duly-noticed public hearing before adopting the Ordinance on April 24, 2025; and

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

31
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(n)     Following City Council's final disapproval of the Ordinance on March 13, 2025 and approval of the Minutes regarding the same, by approving the amended Fraudulent 03/13/2025 Minutes on May 1, 2025 in an attempt to shroud its failure to comply with its own processes and procedures.

87.     The City's review, assessment, and process in adopting the Ordinance at the 04/24/2025 Meeting violated the City's Charter and Municipal Code and were constitutionally invalid, inadequate, faulty and driven by personal animosity against Plaintiff CSSA and its members and deprived CSSA's members' of vested fundamental rights and investment-backed expectations. Defendant City purposefully included the Ordinance in the 04/24/2025 Council Agenda without providing public notice, notice to CSSA, notice to CSSA's counsel, notice to CSSA's members, or notice to others affected by the Ordinance to exclude Plaintiff CSSA, its members, its counsel, and the public from participating in any meaningful way in City's processes and deprived Plaintiff CSSA, its members, and the public from the opportunity to provide public comment or to be seen and heard prior to adopting the Ordinance on April 24, 2025. Furthermore, Defendant City's approval of the Fraudulent 03/13/2025 Minutes evidences its knowledge of, willful, and/or reckless disregard for the impropriety of its conduct in violation of its own processes and procedures by attempting to cover up evidence of such improper conduct.

88.     Defendant City, through its councilmembers, separately and in concert, acted in bad faith and intentionally engaged in the above conduct for the motivating purpose of discriminating, retaliating, and violating Plaintiff CSSA's members' constitutional rights to be protected by the Due Process Clause of the United States Constitution.

89.     Defendant City, through its councilmembers, separately and in concert, acted with willful and reckless disregard of Plaintiff CSSA's members' rights and the probability of causing damages and injury to Plaintiff CSSA's members. Defendant City's conduct, as described above, amount to egregious, unfair official conduct and demonstrates a deliberate flouting of the law prompted by personal and/or group animus against Plaintiff CSSA's members.

/ / /

/ / /

90.     As a direct and proximate consequence of Defendant City's conduct, and the conduct of its agents and employees, Plaintiff CSSA's members have suffered and continue to suffer actual loss and irreparable injury.

91.     The aforementioned acts of Defendant, through its councilmembers, were willful, wanton, malicious, and oppressive.

92.     Plaintiff CSSA requests an order declaring that FMC § 15-2761, as amended by the Ordinance, is unconstitutional as a denial of procedural due process for CSSA's members.

## SECOND CAUSE OF ACTION

### Against Defendant City

### *Declaratory and Injunctive Relief – Denial of Equal Protection*

**(14th Amendment to the U.S. Constitution; Article I, § 7 of the California Constitution)**

93.     CSSA realleges and incorporates herein by reference as though fully set forth herein paragraphs 1 through 92, inclusive, of this Complaint.

94.     The Fourteenth Amendment of the United States Constitution provides that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. Likewise, Article I of the California Constitution states that "[a] person may not be . . . denied equal protection of the laws." Cal. Const., Art. I, § 7(a). "The concept of equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." *In re Eric J*, 25 Cal.3d 522, 531 (1979) (cleaned up). Thus, under the Equal Protection Clauses, laws that treat groups differently must rationally relate to a legitimate end and cannot rest on an irrational prejudice. *City of Cleburne, Tex. v. Cleburne Living Cntr.*, 473 U.S. 432, 450 (1985); *Bernardo v. Planned Parenthood Fed'n of America*, 115 Cal.App.4th 322, 365 (2004).

95.     At all times mentioned herein, Defendant City, through its councilmembers on the City Council, acted under color of state law in the performance of its duties as a public entity that creates, legislates, implements, and enforces its own regulations, policies, ordinances, customs, and/or public policy within the City of Fresno.

96.     Plaintiff CSSA's member Smoke Shops and all other Exempt Tobacco Retailers—

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

33

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

including grocery stores, convenience stores, gas stations, cigar lounges, and cannabis dispensaries—sell tobacco and related products and are similarly situated to the 82 Licensed Smoke Shops in that the 482 similarly situated Exempt Tobacco Retailers and the 82 Licensed Smoke Shops are all authorized under Federal, State, and local law to sell at retail and do lawfully sell such products in the City with requisite City approval.

97.    Defendant City, through the Ordinance, treated the 82 Licensed Smoke Shops differently and unequally from the 482 similarly-situated Exempt Tobacco Retailers by targeting the 82 Licensed Smoke Shops by retroactively limiting the number of Conditional Use Permits to 49 and imposing unreasonable requirements solely on Smoke Shops without retroactively imposing limits or restrictions on the 482 similarly situated Exempt Tobacco Retailers.

98.    The Ordinance, by establishing a limited number of Conditional Use Permits to 49, allocating the 49 Conditional Use Permits equally to Council Districts without regard to the number of Smoke Shops in any given District and utilizing a random lottery to determine which applicants receive a Conditional Use Permit imposes an irrational and arbitrary limit only on the 82 Licensed Smoke Shops in the City and not the 482 similarly situated Exempt Tobacco Retailers and, thereby, providing preferential economic treatment and business advantages to the similarly situated Exempt Tobacco Retailers at the direct expense of Smoke Shops, which is not a reasonable, legitimate, and nondiscriminatory legislative purpose.

99.    In addition, to the extent the Ordinance targets and has a disparate impact on a small subset of Licensed Smoke Shops owned by Yemeni-Arab-Muslims, a protected religious and ethnic minority and each a suspect class,, the Ordinance is not narrowly tailored to serve a compelling state interest.

100.    Defendant City's attempt through the FMC, as amended by the Ordinance, to distinguish between Smoke Shops and other similarly situated Exempt Tobacco Retailers— including grocery stores, convenience stores, gas stations, cigar lounges, and cannabis dispensaries—all of which sell tobacco and related products, does not in any principled way justify the unequal and prejudicial treatment targeted at Smoke Shops.

/ / /

101.     Defendant City's use of the FMC, as amended by the Ordinance, to treat the 82 Licensed Smoke Shops unequally from the 482 similarly situated Exempt Tobacco Retailers if facially malicious, arbitrary, irrational, prejudicial, and unrelated to any claimed legislative goal. The contrary appears directly on the face of the Ordinance itself with the stated purpose to amortize Existing Smoke Shops and limit the number of Smoke Shops to just seven (7) per City Council District.

102.     Plaintiff CSSA requests an order declaring that the Ordinance is unconstitutional as a denial of equal protection for CSSA's members.

103.     Plaintiff CSSA further requests an order enjoining the City of Fresno from enforcing the Ordinance, and ordering the City of Fresno to allow Smoke Shops affected by the Ordinance to continue lawfully selling tobacco and related products in their retail stores without complying with the procedures and process set forth in the Ordinance.

### THIRD CAUSE OF ACTION

### Against Defendant City

### *Declaratory and Injunctive Relief – Denial of Substantive Due Process*

### (14th Amendment to the U.S. Constitution)

104.     CSSA realleges and incorporates herein by reference as though fully set forth herein paragraphs 1 through 103, inclusive, of this Complaint.

105.     The Fourteenth Amendment of the United States Constitution provides that no state "shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.

106.     Substantive due process "guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1407 (9th Cir. 1989), *overruled on other grounds in Armendariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996). As the U.S. Supreme Court has explained, "[t]he touchstone of due process is protection of the individual against arbitrary action of government." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998), quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). In addition, substantive due process

protection prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." *U.S. v. Salerno*, 481 U.S. 739, 746 (1987).

107.    At all times mentioned herein, Defendant City, through its councilmembers on the City Council, acted under color of law in the performance of its duties as a public entity that creates, legislates, implements, and enforces its own regulations, policies, ordinances, customs, and/or public policy within the City of Fresno.

108.    Plaintiff CSSA's members have a protected liberty interest in the right to live without arbitrary government interferences as to their liberty and property interests. *Cnty. of Sacramento v. Lewis*, *supra*, 523 U.S. at 845. Liberty includes not just freedom from bodily restraint, "but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men." *Bd. Of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972).

109.    Defendant City, by and through the Councilmember Defendants, by enacting the Ordinance, shock the conscience by interfering with Plaintiffs' members' deeply-rooted liberty and property rights, including the right to work, right to contract, and right to engage in commerce.

110.    The Ordinance, by establishing a limited number of Conditional Use Permits to 49, allocating the 49 Conditional Use Permits equally to Council Districts without regard to the number of Smoke Shops in any given District and utilizing a random lottery to determine which applicants receive a Conditional Use Permit imposes an irrational and arbitrary limit only on the 82 Licensed Smoke Shops in the City and not the 482 similarly situated Exempt Tobacco Retailers and, thereby, providing preferential economic treatment and business advantages to the similarly situated Exempt Tobacco Retailers at the direct expense of Smoke Shops, which is not a reasonable and legitimate legislative purpose. In so doing, the Ordinance deprives Plaintiffs' members of their liberty and property interests in performing services for customers.

/ / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

36
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

111.    Plaintiff CSSA requests an order declaring that FMC § 15-2761, as amended by the Ordinance, is unconstitutional as a denial of substantive due process for CSSA's members.

<u>**FOURTH CAUSE OF ACTION**</u>

**Against Defendant City**

***Declaratory and Injunctive Relief – Denial of Substantive Due Process***

**(Article I, Section 7 of the California Constitution)**

112.    CSSA realleges and incorporates herein by reference as though fully set forth herein paragraphs 1 through 113, inclusive, of this Complaint.

113.    Article I, § 1 of the California Constitution provides that "[a]ll people are by nature free and independent have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const., Art. I, § 1. Likewise, Article I, § 7 of the California Constitution states that "[a] person may not be deprived of life, liberty, or property without due process of law[.]" Cal. Const., Art. I, § 7(a).

114.    At all times mentioned herein, Defendant City, through its councilmembers on the City Council, acted under color of law in the performance of its duties as a public entity that creates, legislates, implements, and enforces its own regulations, policies, ordinances, customs, and/or public policy within the City of Fresno.

115.    Plaintiff CSSA's members have a protected and inalienable right to liberty, acquiring, possessing, and protecting their property.

116.    Defendant City, by and through the Councilmember Defendants, by enacting the Ordinance, have interfered with Plaintiffs' members' rights to liberty and property.

117.    The Ordinance, by establishing a limited number of Conditional Use Permits to 49, allocating the 49 Conditional Use Permits equally to Council Districts without regard to the number of Smoke Shops in any given District and utilizing a random lottery to determine which applicants receive a Conditional Use Permit is not narrowly tailored to achieve a compelling governmental interest, and imposes an irrational and arbitrary limit only on the 82 Licensed Smoke Shops in the City and not the 482 similarly situated Exempt Tobacco Retailers and, thereby, providing

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  preferential economic treatment and business advantages to the similarly situated Exempt Tobacco

2  Retailers at the direct expense of Smoke Shops, which is neither a compelling governmental interest

3  nor a reasonable and legitimate legislative purpose. In so doing, the Ordinance deprives Plaintiffs'

4  members of their liberty and property interests in performing services for customers.

5        118.    Plaintiff CSSA requests an order declaring that FMC § 15-2761, as amended by the

6  Ordinance, is unconstitutional as a denial of substantive due process for CSSA's members.

### FIFTH CAUSE OF ACTION

**Against Defendant City**

***Declaratory and Injunctive Relief – Substantive Due Process – Void for Vagueness***

**(Article I, Section 7 of the California Constitution)**

11        119.    CSSA realleges and incorporates herein by reference as though fully set forth herein

12  paragraphs 1 through 118, inclusive, of this Complaint.

13        120.    Article I, § 7 of the California Constitution provides that a "person may not be

14  deprived of life, liberty, or property without due process of law." Substantive due process of law

15  requires a municipal ordinance to be sufficiently definite to provide adequate notice of the conduct

16  proscribed and provide sufficient guidelines for officials so that arbitrary and discriminatory

17  enforcement does not occur. *Williams v. Garcetti*, 5 Cal.4th 561, 567-68 (1993).

18        121.    At all times mentioned herein, Defendant City, through its councilmembers on the

19  City Council, acted under color of law in the performance of its duties as a public entity that creates,

20  legislates, implements, and enforces its own regulations, policies, ordinances, customs, and/or

21  public policy within the City of Fresno.

22        122.    Defendant City, by and through the Councilmember Defendants, enacted the

23  Ordinance, which fails to provide fair notice to the public about what actions constitute prohibited

24  activity and fails to define its offenses with such specificity that a person of ordinary intelligence

25  would have fair notice of what conduct is prohibited.

26        123.    Defendant City's Ordinance is vague and ambiguous because Ordinance fails to

27  provide adequate guidelines or standards to prevent arbitrary and discriminatory enforcement. For

28  example, the Ordinance vests the Fresno Police Department District Commander with authority to

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

38

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

approve Smoke Shop Operators'/Applicants' security plans who may require "[a]dditional and/or security measures such as reduced hours of operations, security guards, door monitors, and burglar alarm systems . . . if harm, nuisance, or related problems are demonstrated to occur as a result of business practices or operations[,]" which "will be determined on a case-by-case basis upon review by the Police Department. However, the Ordinance fails to provide guidance on what such "harm, nuisance, or related problems" would require such additional and/or security measures, nor does the Ordinance explain the process for obtaining express approval of a security plan or the standards for weighing whether to approve a security plan. Thus, under the Ordinance, the Fresno Police Department District Commander has authority to arbitrarily decide which security plans to approve, deny, or approve with such additional measures.

124. Moreover, the Ordinance vests complete authority in the City Manager or designee "to establish any additional rules, regulations and standards governing the issuance, denial or renewal of Smoke Shop Conditional Use Permits and Business Licenses, the ongoing operation of Smoke Shops and the City's oversight, or concerning any other subject determined to be necessary to carry out the purposes of this ordinance[,]" which "shall be published on the City's website[,]" and "shall become effective upon the date of publication." In effect, the Ordinance has vested the City Manager with unbridled discretion to promulgate any other rule, requirement, or legislation the City Manager alone deems necessary, which will immediately become effective without prior notice to existing Licensed Smoke Shops or the public, and which are not applicable to the Exempt Smoke Shops.

125. Plaintiff CSSA requests an order declaring that FMC § 15-2761, as amended by the Ordinance, is unconstitutional as void for vagueness and a denial of substantive due process for CSSA's members.

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### SIXTH CAUSE OF ACTION

**Against Defendant City and Councilmember Defendants**

***Declaratory Relief – Regulatory Taking***

**(14th Amendment of the U.S. Constitution; Article I, § 7 of the California Constitution)**

126.    Plaintiff CSSA reincorporates by this references the Allegations set forth in Paragraphs 1 through 125 as though fully set forth herein.

127.    The Fourteenth Amendment of the United States Constitution provides that no state "shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. Likewise, Article I of the California Constitution states that "[a] person may not be deprived of life, liberty, or property without due process of law[.]" Cal. Const., Art. I, § 7(a).

128.    The Fifth Amendment to the United States Constitution precludes the government from taking a person's property for a public purpose, including a legitimate one, without just compensation, providing in relevant part that "nor shall private property be taken for public use without just compensation." U.S. Const. Amend. V.

129.    42 U.S.C § 1983 provides a right to file a federal lawsuit against state or local government officials who violate the a constitutional or federal right, including violations of the rights guaranteed by the Fifth Amendment.

130.    The California Constitution prevents the State of California and local governments from taking a person's property for a public purpose, including a legitimate one, without just compensation, providing in relevant part: Private property may be taken or damaged for public use and only when just compensation ascertained by a jury unless waived, has first been paid to, or into court for, the owner." Cal. Const., Art. I § 19.

131.    A regulatory taking under the U.S. and California Constitutions occurs, *inter alia*, when a governmental entity enacts an ordinance that deprives a person of property, including reasonable investment-backed expectations. *Penn. Central Trans. Co. v. City of New York*, 438 U.S. 104, 124 (1978).

132.    A taking is ripe or judicial intervention immediately upon the ordinance's enactment if the ordinance effects a taking by its express terms and such a "facial taking". *Guggenheim v. City*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

40

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  *of Goleta*, 638 F.3d 1111, 1117-18 (9th Cir. 2010); *Hacienda Valley Mobile Estates v. City of*

2  *Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003).

3      133.    The Ordnance effects a facial, regulatory taking of the investment back expectations

4  of the CSSA member Smoke Shop by completely devaluing the business of CSSA member Smoke

5  Shop's by:

6      a.    Retroactively limiting the number of Smoke Shops in the City to 49 thereby

7            forcing the ***permanent closure*** of at least 33 of the 82 Licensed Smoke Shops

8            that currently operate in full compliance with State and City requirements;

9            and

10     b.    Implementing regulations on Smoke Shops whose penalty is closure of any

11           Smoke Shop that receives a CUP when the regulations intentionally require

12           actions that the Smoke Shops lack the authority or capacity to meet, thereby

13           subjecting the Smoke Shops to ultimate closure.

14     134.    Individually and collectively the City' actions in enacting the Ordinance constitute a

15 regulatory taking because the Ordinance: (i) economically impacts CSSA member Smoke Shop by

16 "amortizing" at least 33 of them out of business and imposing infeasible and financially impossible

17 requirements on all 82 Licensed Smoke Shops; (ii) completely deprives all CSSA member Smoke

18 Shops of the full value of their individual reasonable investment-backed expectations; and (iii) the

19 nature of the Ordinance by its express goal of amortizing Smoke Shops singles constitutes a form

20 of "reverse spot zoning" whose retroactive application discriminates solely against the CSSA-

21 member Smoke Shops.

22     135.    The City's action, even if it were for a legitimate public purpose (it was not), deprives

23 the CSSA member Smoke Shops of an investment-backed expectation property right by for which

24 the United States and California Constitutions require the City to justly compensate the CSSA

25 member Smoke Shops.

26 / / /

27 / / /

28 / / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

41
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# VI.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1. For declaratory relief that the Ordinance amending Sections 15-2761 and 15-6802 of the Fresno Municipal Code was enacted in violation of Defendant City of Fresno's own procedures outlined in the Fresno Municipal Code and Fresno City Charter and is unconstitutional and unenforceable; and

2. For preliminary and permanent injunctive relief enjoining Defendant City of Fresno from enforcing the Ordinance;

3. For such other and further relief as the Court deems just and proper under the circumstances.

**AS TO THE SECOND CAUSE OF ACTION:**

1. For declaratory relief that the Ordinance amending Sections 15-2761 and 15-6802 of the Fresno Municipal Code is a denial of Plaintiff CSSA's members' equal protection of the law and is unconstitutional and unenforceable;

2. For preliminary and permanent injunctive relief enjoining Defendant City of Fresno from enforcing the Ordinance; and

3. For such other and further relief as the Court deems just and proper under the circumstances.

**AS TO THE THIRD CAUSE OF ACTION:**

1. For declaratory relief that the Ordinance amending Sections 15-2761 and 15-6802 of the Fresno Municipal Code is a denial of Plaintiff CSSA's members' substantive due process under the U.S. Constitution and is unconstitutional and unenforceable;

2. For preliminary and permanent injunctive relief enjoining Defendant City of Fresno from enforcing the Ordinance; and

3. For such other and further relief as the Court deems just and proper under the circumstances.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**AS TO THE FOURTH AND FIFTH CAUSES OF ACTION:**

1.    For declaratory relief that the Ordinance amending Sections 15-2761 and 15-6802 of the Fresno Municipal Code is a denial of Plaintiff CSSA's members' substantive due process under the California Constitution and is unconstitutional and unenforceable;

2.    For preliminary and permanent injunctive relief enjoining Defendant City of Fresno from enforcing the Ordinance; and

3.    For such other and further relief as the Court deems just and proper under the circumstances.

**AS TO THE SIXTH CAUSE OF ACTION:**

1.    For declaratory relief that the Ordinance amending Sections 15-2761 and 15-6802 of the Fresno Municipal Code effects a regulatory taking under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 19 of the California Constitution;

2.    For an award of attorneys' fees and costs incurred in bringing this action (42 U.S.C. § 1988); and

3.    For such other and further relief as the Court deems just and proper under the circumstances.

Dated: May 19, 2025

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By: _____
Todd A. Wynkoop
Shane G. Smith
Garrett J. Wade
Attorneys for Plaintiff,
CALIFORNIA SMOKE SHOPS ASSOCIATION

042758-000000 11595720.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

43
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# **Exhibit 1**



BILL NO. B-11

ORDINANCE NO. 2025-11

AN ORDINANCE OF THE CITY OF FRESNO, CALIFORNIA, AMENDING SECTIONS 15-6802 AND 15-2761 OF THE FRESNO MUNICIPAL CODE, RELATING TO TOBACCO AND VAPOR SALES AND SMOKESHOPS

THE COUNCIL OF THE CITY OF FRESNO DOES ORDAIN AS FOLLOWS:

SECTION 1. Sections 15-6802 and 15-2761 of the Fresno Municipal Code are amended to read as follows:

SECTION 15-6802. – DEFINITIONS

In any case of conflicting definitions, the Director shall determine which shall be applied.

**Abandoned, Abandonment.** When, for a period of over one year, a non-conforming use is either vacated, the business license lapses, the lease is terminated, and/or utilities are terminated.

**Abutting, Adjoining, or Adjacent.** Having a common property or district line, or separated only by an alley, path, private street, or easement.

**Access.** The place or way through which pedestrians and/or vehicles shall have safe, adequate, and usable ingress and egress to a property or use as required by this Code.

**Accessory Building.** See Building, Accessory.

**Accessory Structure.** See Structure, Accessory.

**Accessory Use.** See Use, Accessory.

1 of 82

Date Adopted:   04/24/2025
Date Approved: 05/05/2025
Effective Date:  06/05/2025

Ordinance 2025-11

**Act of Nature.** A natural occurrence such as an earthquake, flood, tidal wave, hurricane or tornado which causes substantial damage to buildings or property.

**All Other General Merchandise Retailers.** Establishments primarily engaged in retailing new and used general merchandise (except department stores, warehouse clubs, superstores, and supercenters). These establishments retail a general line of new and used merchandise, such as apparel, automotive parts, dry goods, groceries, hardware, housewares or home furnishings, and other lines in limited amounts, with none of the lines predominating. This industry also includes establishments primarily engaged in retailing a general line of new and used merchandise on an auction basis.

**Alley.** A public way permanently reserved for access to the rear or side of properties otherwise abutting on a street.

**Alteration.** Any change, addition, or modification that changes the exterior architectural appearance or materials of a structure or object. Alteration includes changes in exterior surfaces, changes in materials, additions, remodels, demolitions, and relocation of buildings or structures, but excludes ordinary maintenance and repairs.

**Animal Keeping.** The keeping of animals.

**Arcade.** A public passageway or colonnade open along at least one side, except for structural supports, usually covered by a canopy or permanent roofing.

**Awning.** An architectural projection that provides weather protection, identity, or decoration and is wholly supported by the building to which it is attached. An awning is typically constructed of non-rigid materials on a supporting framework which projects from and is supported by the exterior wall of a building.

**Balcony.** A platform that projects from the wall of a building 30 inches or more above grade that is accessible from the building's interior, is not accessible from the ground and is not enclosed by walls on more than two sides. See also Deck.

**Base District.** See Zoning District.

**Bathroom.** A room containing a sink, a toilet, and a shower and/or bathtub.

**Bay Window.** An angular or curved window that projects from the building surface.

**Bedroom.** Any habitable space in a dwelling unit or accessory structure other than a kitchen or living room that is intended for or capable of being used for sleeping and is at least 70 square feet in area.

**Block.** Property bounded on all sides by a public right-of-way.

**Blockface.** All property between two intersections that fronts upon a street or abuts a public right-of-way.

**Building.** Any structure having a roof supported by columns or walls and intended for the shelter, housing, or enclosure of any individual, animal, process, equipment, goods, or materials.

3 of 82

**Building, Accessory.** A detached building located on the same parcel as the principal building, which is incidental and subordinate to the principal building in terms of both size and use. A building will be considered part of the principal building if located less than six feet from the principal building or if connected to it by fully enclosed space.

**Building, Principal.** A building in which the principal use of the parcel on which it is located is conducted.

**Building Code.** Any ordinance of the City governing the type and method of construction of buildings, signs, and sign structures and any amendments thereto and any substitute therefore including, but not limited to, the California Building Code, other State-adopted uniform codes and the Minimum Building Security Standards Ordinance.

**Building Face.** The general outer surface of the structure or walls of a building. Where bay windows or pillars project beyond the walls, the outer surface of the windows or pillars shall be considered to be the face of the building.

**Building Envelope.** The aggregate of building mass and building bulk permitted on a parcel which is defined by height regulations, setbacks, and other property development standards.

**Building Footprint.** See Footprint.

**Building Height.** See Height.

**Building Site.** A parcel or parcel of land occupied, or to be occupied, by a main building and accessory buildings together with such open spaces as are

required by the terms of this title and having its principal frontage on a street, road, highway, or waterway.

**Buffer, Buffering.** An area on a parcel which is designed to separate structures and uses from the general public and/or adjacent properties to reduce negative impacts. It may include landscaping, fences, and walls.

**California Department of Alcoholic Beverage Control (ABC).** The California State agency that regulates the permitting of alcoholic beverage sales, including the sale of beer, wine, and distilled spirits.

**California Environmental Quality Act (CEQA).** Public Resources Code Section 21000 et seq. or any successor statute and associated guidelines (California Code of Regulations Section 15000 et seq.) that require public agencies to document and consider the environmental effects of a proposed action before a decision.

**Canopy.** A roofed shelter projecting over a sidewalk, driveway, entry, window, or similar area that may be wholly supported by a building or may be wholly or partially supported by columns, poles, or braces extending from the ground.

**Carport.** A permanently roofed structure providing space for parking or temporary storage of vehicles enclosed on not more than two sides.

**Change of Use.** A discontinuance of an existing use and the substitution therefore of a use such that the new use represents a different use group or is

otherwise differently regulated by the zoning code compared to the prior use. A change of ownership alone does not constitute a change of use.

**Change of Occupancy.** A discontinuance of an existing building use and substitution of a new use that changes the Building Code occupancy group classification and requires a building permit and new Certificate of Occupancy as determined by the Building Official.

[**Cigarette.** shall have the same meaning as Section 30003 of the Revenue & Taxation Code, including any amendments or successor statutes thereto.]

**City.** The City of Fresno.

**City Council.** The City Council of the City of Fresno.

**Clear.** Measured depth of frontage elements such as porches, arcades, galleries are free of encroachments other than allowed signs, light fixtures, sidewalk dining and allowed furnishings, and outdoor display of merchandise.

**Conditionally Permitted.** Permitted subject to approval of a Conditional Use Permit.

**Construction.** Construction, erection, enlargement, alteration, conversion, or movement of any building, structures, or land together with any scientific surveys associated therewith.

**Convenience Retailers.** Establishments primarily engaged in retailing a limited line of groceries that generally includes milk, bread, soda, and snacks, such as convenience stores (except those operating fuel pumps).

**County.** The County of Fresno.

**Courtyard.** An unroofed area that is completely or mostly enclosed by walls of a building.

**Craft beer.** A beer or malt beverage manufactured by a brewer with an annual production of six million barrels of beer or less, where less than 25 percent of the craft brewery is owned or controlled by an alcohol industry member, and where a majority of total beverage alcohol volume is beer that derives flavor from traditional or innovative brewing ingredients and their fermentation.

**Curb Cut.** A break in a curb allowing vehicle access from the roadway to a legal parking area within the parcel.

**Deck.** A platform, either freestanding or attached to a building that is used for outdoor space. It typically extends from the façade of a building and is supported by pillars or posts but may be located on a flat portion of a building, such as a roof or setback. It is distinct from a Patio. See also Balcony.

**Demolition.** The destruction, dismantling, or removal of a building or structure, or substantial portion of a building or structure so that it constitutes demolition pursuant to the provisions of this Code.

**Density.** See 15-310, Determining Residential Density.

**Department Stores.** Establishments generally known as department stores that have separate departments for general lines of new merchandise, such as apparel, jewelry, home furnishings, and toys, with no one merchandise line predominating. Department stores may sell perishable groceries, such as fresh fruits, vegetables, and dairy products, but such sales are insignificant. Department

stores with fixed point-of-sale locations may have separate customer checkout areas in each department, central customer checkout areas, or both.

**Development.** Any manmade change to improved or unimproved real estate, including, but not limited to, the division of a parcel of land into two or more parcels; the construction, reconstruction, conversion, structural alteration, relocation, expansion, or enlargement of any structure; any mining, excavation, landfill, or land disturbance; and any use or extension of the use of land.

**Development Agreement.** An agreement between the City and any person having a legal or equitable interest in real property for the development of such property and which complies with the applicable provisions of the Government Code and local law for such development agreements.

**Director.** The Director of the Development and Resource Management Department of the City of Fresno or their designee.

**Discretionary Permit.** A Minor Deviation, Development Permit, Major Permit Modification, Variance, Temporary Use Permit, Planned Development Permit, or Conditional Use Permit, or any other appealable permit that requires findings to be made.

**District.** See Zoning District.

**Drive-In and Drive-Through Facilities.** A facility designed to provide service to clients in a manner that does not require them to leave their vehicle.

**Driveway.** An accessway that provides vehicular access between a street and the parking or loading facilities located on an adjacent property.

**Dwelling.** A structure or portion thereof that is used principally for residential occupancy.

**Dwelling Unit.** One or more rooms designed, occupied, or intended for occupancy as separate living quarters, with full cooking, sleeping, and bathroom facilities for the exclusive use of a single household.

**Easement.** A portion of land created by grant or agreement for specific purpose; an easement is the right, privilege, or interest which one party has in the land of another.

**Effective Date.** The date on which a permit or other approval becomes enforceable or otherwise takes effect, rather than the date it was signed or circulated.

[**Electronic Cigarette** (or E-Cigarette) shall have the same meaning as Sections 31001(c) and 30121(c) of the Revenue & Taxation Code, including any amendments or successor statutes thereto.]

**Emergency.** A sudden unexpected occurrence demanding immediate action to prevent or mitigate loss or damage to life, health, property, or essential public services.

**Enclosed.** Completely surrounded by walls.

**Entitlement.** Formal permission from the Planning Division to use or develop land, including Zone Clearances, Development Permits, and Conditional Use Permits, but not including legislative actions such as Rezones and Plan

Amendments. An individual entitlement may be sufficient for a project to proceed, or may need to be used in conjunction with another entitlement.

**Entrance.** An opening, such as a door, passage, or gate, that allows access to a place.

**Environmental Review.** An evaluation process pursuant to CEQA to determine whether a proposed project may have a significant impact on the environment.

**Environmental Impact Report (EIR).** An Environmental Impact Report as required under the California Environmental Quality Act.

**Erect.** To build, construct, attach, hang, place, suspend, or affix to or upon any surface.

**Excavation.** The removal of soils or other materials below grade.

[**Existing Smoke Shop** means any smoke shop lawfully established, with one business license per Smoke Shop location, pursuant to the Municipal Code prior to the effective date of Section 15-2761.]

**Expressway.** A roadway for through traffic with full control of access and generally with signalized intersections.

**Façade.** The face of the exterior wall of a building exposed to public view or that wall viewed by persons not within the building. The portion of any exterior elevation of a building extending vertically from the grade to the top of a parapet wall or eave, and horizontally across the entire width of the building elevation.

**Façade, Street-Facing.** Any building façade whose exterior wall faces or is within 45 degrees of parallel to an adjacent street, right-of-way, or public park, plaza, or open space.

**Feasible.** Capable of being accomplished in a successful manner within a reasonable period of time, taking into account economic, environmental, social, and technological factors.

**Fee.** A payment to the City for the processing of a permit, license, or appeal application by a City agency or department.

**Fence.** An artificially-constructed barrier of any material or combination of materials erected to enclose or screen an area of land. Fences may also be walls, hedges, and screen planting.

**Fire Code.** An ordinance of the City adopting and amending the California Fire Code governing fire and life safety protection for new and existing buildings and facilities.

**Flood or Flooding.** Any general inundation of normally dry land from the overflow of tidal waters or from the unusual and rapid accumulation of runoff of surface waters from any source.

**Floor Area.** The total gross horizontal area of all the floors below the roof and within the outer surface of the walls of a building or structure, including basements, mezzanines, interior balconies, and upper stories or levels in a multi-story building unless otherwise stipulated. See Section 15-304, Measuring Distances, for rules for calculating floor area.

11 of 82

**Floor Area Ratio.** The ratio of the total floor area of all buildings on a parcel to the total area of the parcel. See Section 15-309, Determining Floor Area Ratio for rules on calculating floor area ratio.

**Footprint.** The horizontal area, as seen in plain view, of a building or structure, measured from the outside of exterior walls and supporting columns, and excluding eaves.

**Freeway.** A highway for through traffic with full control of access and grade-separated interchanges.

**Full-Service Grocery Store.** Establishments generally known as supermarkets and other grocery retailers (except convenience retailers) primarily engaged in retailing a general line of food, such as canned and frozen foods; fresh fruits and vegetables; and fresh and prepared meats, fish, and poultry. Included in this industry are delicatessen-type establishments primarily engaged in retailing a specialized category of food products such as foods from a specific country, ethnicity, or locality not often found in general markets. This definition excludes limited-service restaurants, convenience retailers, gasoline stations with convenience stores, department stores, pharmacies and drug retailers, warehouse clubs and supercenters, and all other general merchandise retailers.

**Garage.** A building or portion thereof, containing accessible and usable enclosed space designed, constructed and maintained for the parking or storage of one or more motor vehicles.

**Garage Sales.** The sale or offering for sale to the general public of over five items of personal property on a portion of a parcel in a residentially zoned district, whether inside or outside any building.

**Gasoline Stations with Convenience Stores.** Establishments primarily engaged in retailing automotive fuels (e.g., gasoline, diesel fuel, gasohol, alternative fuels) in combination with a limited line of groceries. These establishments can either be in a convenience store setting or a gasoline station setting. These establishments may also provide automotive repair services.

**General Plan.** The City of Fresno General Plan.

**Glare.** The effect produced by a light source within the visual field that is sufficiently brighter than the level to which the eyes are adapted, such as to cause annoyance, discomfort, or loss of visual performance and ability, and which may also cause damage to property.

**Government Code.** The Government Code of the State of California.

**Grade.** The location of the ground surface.

**Average Grade.** A horizontal line approximating the ground elevation through each building on a site used for calculating the exterior volume of a building. Average grade is calculated separately for each building.

**Existing Grade.** The elevation of the ground at any point on a parcel as shown on the required survey submitted in conjunction with an application for a building permit or grading permit. Existing grade also may be referred to as natural grade.

13 of 82

**Ground Floor.** The lowest floor of a building other than a basement that is closest to finished grade.

**Ground-Floor Street Frontage.** The first level of a building, other than a basement, that borders a public street.

**Habitable Space.** As defined in Section 202 of the California Building Code.

**Habitation.** Regular and exclusive use of a space or structure for shelter and other residential purposes in a manner that is private and separate from another residence on the same parcel.

**Hazardous Materials.** Any material, including any substance, waste, or combination thereof, which because of its quantity, concentration, or physical, chemical, or infectious characteristics may cause, or significantly contribute to, a substantial present or potential hazard to human health, safety, property, or the environment when improperly treated, stored, transported, disposed of, or otherwise managed.

**Height.** The vertical distance from a point on the ground below a structure to a point directly above. See also Section 15-305, Measuring Height.

**Historic Preservation Commission.** The Historic Preservation Commission of the City of Fresno.

**Home Occupation.** A commercial use conducted on residential property by the inhabitants of the subject residence, which is incidental and secondary to the residential use of the dwelling.

14 of 82

**Household.** One or more persons living together in a single dwelling unit, with common access to, and common use of, all living and eating areas and all areas and facilities for the preparation and storage of food; who share living expenses, including rent or mortgage payments, food costs and utilities; and who maintain a single mortgage, lease, or rental agreement for all members of the household.

**Illegal Non-Conforming Use, Structure, or Site Feature.** A use, structure, site feature, or lot shall be designated as having Illegal Non-Conforming status if it was not lawfully established under the regulations of the jurisdiction in which it was located at the time of its establishment or has not continuously remained in compliance with all terms and conditions imposed upon the use, structure, or site feature upon its establishment or imposed upon it any time thereafter.

**Intensity of Use.** The extent to which a particular use or the use in combination with other uses affects the natural and built environment in which it is located, the demand for services, and persons who live, work, and visit the area. Measures of intensity include, but are not limited to, requirements for water, gas, electricity, or public services; number of automobile trips generated by a use; parking demand; number of employees on a site; hours of operation; the amount of noise, light, or glare generated; the number of persons attracted to the site, or, in eating establishments, the number of seats.

**Intersection, Street.** The area common to two or more intersecting streets.

15 of 82



**Kitchen.** A room or space within a building with appliances used for cooking or preparing food.

**Land Division-Related Definitions.** The following terms are related to Part IV: Land Divisions.

**Arterial.** A street designated by the circulation element of the General Plan to serve high-volume inter- and intra-city traffic, and to act as a distributor between freeways, other arterials, and major traffic generators.

**Block.** An area of land within a subdivision entirely bounded by any streets (other than alleys), freeways, railroad rights-of-way, natural barriers, or the exterior boundaries of the subdivision.

**Collector Street.** A street designated by the circulation element of the General Plan to collect and distribute traffic between local streets and arterials.

**Community Apartment.** An undivided interest in common in the land coupled with the right of exclusive occupancy of an apartment unit which is part of a community apartment project.

**Community Apartment Project.** As defined by Section 11004 of the California Business and Professions Code.

**Condominium.** As defined by Section 783 of the California Civil Code.

**Condominium Project.** A development consisting of condominiums.

**Conversion.** The creation of separate ownership of existing real property together with a separate interest in space of a building.

**Comparable Replacement Housing.** Available rental housing located within a reasonable proximity to the proposed condominium conversion project, and to public and commercial facilities, with units which are decent, safe, and sanitary, and which are generally similar in size and price to those of the proposed project.

**Cul-de-sac.** A street which terminates in a permanent turn-around and which by design is not intended to continue beyond its terminal point.

**Dead-End Street.** A street which is terminated at the boundary line of the subdivision but which will be required to be extended at a later date to provide access to abutting land.

**Expressway.** A roadway for through traffic with full control of access and generally with signalized intersections.

**Final Map.** A map showing a subdivision of five or more lots, prepared for filing with the Fresno County Recorder in accordance with the provisions of the Subdivision Map Act and Part IV: Land Divisions, if deemed in substantial compliance with a previously approved tentative subdivision map and with any conditions to such approval.

**Frontage.** That portion of a parcel of property which abuts on a public street.

**Frontage Road.** A street adjacent and auxiliary to a Major Street, and separated by a divider strip, which street provides access to abutting property.

**Handicapped.** As defined by Section 50072 of the California Health and Safety Code.

**Improvements.** Any street work and utilities to be installed, or agreed to be installed, by the subdivider on the land to be used for public or private streets, highways, ways, and easements, as are necessary for the general use of the lot owners in the subdivision and local neighborhood traffic and drainage needs as a condition precedent to the approval and acceptance of the Final Map thereof. Improvements also refers to any other specific improvements or types of improvements, the installation of which, either by the subdivider, by public agencies, by private utilities, by any other entity approval by the local agency, or by a combination thereof, is necessary to ensure consistency with, or implementation of, the General Plan or any applicable specific plan.

**Improvement Plans.** The plans, profiles, cross-sections, and specifications of all proposed improvements.

**Local Collector Street.** A local street also serving as a collector street for several local streets.

**Local Street.** Any public street that is used or is intended to be used for the principal purpose of serving as access to abutting property.

18 of 82

**Lot Line Adjustment.** A shift or rotation of an existing lot line or other adjustment where a greater or lesser number of parcels than originally existed is not created.

**Map Act.** The Subdivision Map Act of the State of California Government Code.

**Merger.** The joining of two or more contiguous parcels of land under one ownership into one parcel.

**Outlot.** A lot designated alphabetically on the subdivision map for specific use or nonuse.

**Parcel.** A single unit of land separated from other units of land by legal description, the boundaries of which are shown on a parcel map or final map, described in a deed, or for which a certificate of compliance has been issued pursuant to the Subdivision Map Act. Parcel shall also include two or more parcels where the owner(s) have recorded a covenant with the Office of the County Recorder that states the intention of the owner(s) to combine and use the parcels as a single unit of land in compliance with City regulations. Also referred to as "lot."

**Parcel Map.** A map prepared in accordance with the provisions of this Subdivision Ordinance, designed to be placed on record in the office of the Fresno County Recorder, and providing for the division of land which meets the exceptions set forth in Section 66426 of the Map Act.



**Private Street.** Any street, roadway, accessway or similar, lying in whole or in part within a subdivision which is privately owned and maintained and provides access to a development.

**Public Improvement.** Street work, utilities, and other facilities proposed or required to be installed within the subdivision for the general use of all the subdivision lot owners and for local neighborhood or community needs.

**Remainder.** That portion of an existing parcel which is not designated on the required map as part of the subdivision. The remainder shall not be considered as part of the subdivision but shall be shown on the required map as part of the area surrounding the subdivision.

**Restricted Access Strip.** A strip of land not less than one foot in width for the purpose of regulating access to part-width and dead-end streets until such time as such roads may be completed or extended.

**Standard Specifications.** The Standard Specifications of the Department of Public Works of the City as may be amended from time to time.

**Stock Cooperative.** The same as defined by Section 11003.2 of the California Business and Professions Code.

**Subdivider.** A person, firm, corporation, partnership, or association who proposes to divide, divides, or causes to be divided real property into a subdivision for their self or for others.

**Subdivision.** The division, by any subdivider, of any unit or units of improved or unimproved land, or any portion thereof, shown on the latest equalized County assessment roll as a unit or as contiguous units, for the purpose of sale, lease, or financing, whether immediate or future. Property shall be considered contiguous units, even if it is separated by roads, streets, utility easement, or railroad rights-of-way. This definition shall specifically include Condominiums, Community Apartment Projects, or Stock Cooperative conversions.

**Temporary Turn-Around.** A paved area for turning vehicles at the end of a dead-end street, which is constructed either within the dedicated right-of-way or upon a temporary easement, to be obliterated when such street is extended.

**Tentative Map.** A map made for the purpose of showing the design and improvements of a proposed subdivision and the existing conditions in and around it.

**Tentative Parcel Map.** A map made for the purpose of showing the design and improvements of a proposed subdivision creating four or fewer parcels or more than four parcels as provided for in the State Subdivision Map Act and Part IV: Land Divisions, and the existing conditions in and around it.

**Tract.** A subdivision of real property into lots and rights-of-way.

**Vesting Tentative Map.** A Tentative Map for a subdivision that shall have printed conspicuously on its face the words "Vesting Tentative Map" at the time it is filed in accordance with Part IV: Land Divisions.

**Landscape-Related Definitions.** The following terms are related to Article 23, Landscape.

**Automatic Irrigation System.** An irrigation system that utilizes an automatic timing device (automatic controller) to remotely control valves for operation of water supply to landscapes.

**California Building Code.** A California Code (California Code of Regulations, Title 24, Part 2, California Building Code) adopted by the City of Fresno and incorporated into the Municipal Code Chapter 11.

**California Green Building Standards Code.** A California Code (California Code of Regulations, Title 24, Part 11, California Green Building Standards Code) adopted by the City of Fresno and incorporated into the Municipal Code Chapter 11.

**California Model Water Efficient Landscape Ordinance.** A California legislation that took effect in the City of Fresno on January 1, 2010. See California Code of Regulations, Title 23. Waters, Division 2. Department of Water Resources, Chapter 2.7 Model Water Efficient Landscape Ordinance.

**California Plumbing Code.** A California Code (California Code of Regulations, Title 24, Part 5, California Plumbing Code) adopted by the City of Fresno and incorporated into the Municipal Code Chapter 11.

**Drought-Tolerant Plant.** A plant that is adapted to arid or drought conditions. The use of drought-tolerant plants is essential to a successful xeriscape, which ideally requires no supplemental irrigation.

**Hedge.** Any group of shrubs planted in line or in groups so that the branches of any one plant are intermingled or form contact with the branches of any other plant in the line.

**Heritage Tree.** An indigenous tree whose size, as measured at 48 inches above natural grade, is defined below:

— Quercus lobata (Valley oak) is more than 30 inches in circumference.

— Fraxinus latifolia (Oregon ash) is more than 25 inches in circumference.

— Cephalanthus occidentalis (Buttonbush or Button-willow) is more than 36 inches in circumference.

— Community of trees;

— Founders tree;

— **Tree so designated by the City Council, based upon findings that the particular tree is unique and of importance to the**



public due to its unusual age, appearance, location, or other factors.

**Hydrozone.** A portion of the landscaped area having plants with similar water needs.

**Landscape Mound.** Any location on a lot or parcel of land where dirt, soil, top soil, or pile of earth is placed, or otherwise elevated, above the grade of surrounding land for any decorative or functional landscape architectural purpose.

**Landscaping.** The planting, configuration, and maintenance of trees, ground cover, shrubbery, and other plant material, decorative natural and structural features (walls, fences, hedges, trellises, fountains, sculptures), earth patterning and bedding materials, and other similar site improvements that serve an aesthetic or functional purpose.

"Private landscaping" means any landscaping located within the boundaries of privately owned property, and includes any landscaping located within any unimproved right-of-way abutting a private property and in any park strip other than the City-maintained park strip.

"Public landscaping" means any landscaping located within any street median, City park or other parcel of publicly owned property, including any landscaping located in a City-maintained park strip.

**Mulch.** Any organic material such as leaves, bark, straw, compost, or inorganic mineral materials such as rocks, gravel, and decomposed

granite left loose and applied to the soil surface for the beneficial purposes of reducing evaporation, suppressing weeds, moderating soil temperature, and preventing soil erosion.

**Park Strip.** The area of the public street located between the face of the curb and closest edge of the sidewalk.

**Passive Solar-Oriented Tree.** A deciduous tree which drops its leaves in fall and regains them in the spring, located in the south, southwest, or west yard and planted within 15 feet of a building.

**Plant.** Any turf, ground cover, shrub, vine, and tree suitable for planting.

**Private Tree.** Any tree located within the boundaries of privately owned property.

**Pruning.** The removal of more than one-third of the crown or existing foliage of the tree or more than one-third of the root system.

**Remove.** Cutting to the ground; extraction; killing by spraying, girdling, or any other means; or pruning done without a permit or which does not conform to the provisions of a permit.

**Retention Basin.** An impoundment created by a dam or an excavation for the purpose of storing and settling sediment and other pollutants from surface water. A retention basin is designed to hold a specific amount of water until the water can evaporate or infiltrate. Usually

the basin is designed to have overflows drain to a receiving conveyance system when the water level exceeds the basin capacity.

**Shrub.** A bush, hedge, or any woody plant of relatively low height, having several stems arising from the base and lacking a single trunk.

**Trim.** The cutting or removal of a portion of a tree which removes less than one-third of the crown or existing foliage of a tree, removes less than one-third of the root system, and does not kill the tree.

**Turf.** The upper stratum of soil bound by grass and plant roots into a thick mat or an artificial substitute thereof.

**Water-Wise, Climate-Appropriate Plant.** A plant that can survive periods of limited water availability and other environmental factors in the region that it is being planted.

**Wind Buffer-Oriented Tree.** An evergreen tree which keeps its leaves all year round and is located in a northwest or west yard to protect a building from Fresno's prevailing winds blowing from the northwest direction.

**Legal Non-Conforming Use, Structure, or Site Feature.** A use, structure, or site feature shall be designated as having Legal Non-Conforming status if it was lawfully established under the regulations of the jurisdiction in which it was located at the time of its establishment and has continuously remained in compliance with all terms and conditions imposed upon the use, structure, or site feature upon its establishment or imposed upon it any time thereafter, based on evidence provided

by the property owner, tenant, or applicant. Legal Non-Conforming status shall also be assigned if non-conformities were created by a public improvement, such as a street widening project.

**Light Fixture.** The assembly that holds a lamp and may include an assembly housing, a mounting bracket or pole socket, a lamp holder, a ballast, a reflector or mirrors, and a refractor or lens.

**Limited-Service Restaurants.** Establishments primarily engaged in providing food services (except snack and nonalcoholic beverage bars) where patrons generally order or select items and pay before eating. Food and drink may be consumed on premises, taken out, or delivered to the customer's location.

**Loading Space.** An off-street space or berth on the same parcel with a building for the temporary parking of a vehicle while loading or unloading of goods.

**Loft.** See Mezzanine.

**Lot.** A parcel, tract, or area of land whose boundaries have been established by a legal instrument such as a deed or map recorded with the County of Fresno, and which is recognized as a separate legal entity for purposed of transfer or title, except public easements or rights-of-way.

**Corner Lot.** A parcel of land abutting two or more streets at their intersection, or upon two parts of the same street forming an interior angle of less than 135 degrees.

**Flag Lot.** A parcel not fronting on or abutting a public road and where access is from a public road by a narrow right-of-way or driveway.

27 of 82

**Key Lot.** The first interior parcel to the rear of a reversed corner parcel and not separated therefrom by an alley.

**Reverse Corner Lot.** A corner parcel, the side street line of which is substantially a continuation of the front parcel line of the first parcel to its rear.

**Through Lot.** A parcel which fronts on two parallel streets or which fronts upon two streets which do not intersect at the boundaries of the parcel.

## FIGURE 15-6802-1: LOT AND YARD TYPES

**Lot Area.** The total area within the property lines of a parcel, excluding any street or alley right-of-way.

**Lot Depth.** The average distance from the front lot line to the rear lot line measured in the general direction of the side lines. See also Section 15-306, Measuring Lot Width and Depth.

**Lot Frontage.** The width of the front parcel line measured at the street right-of-way.

**Lot Line.** A line of record bounding a parcel that divides one parcel from another parcel or from a public or private street or any other public space.

**Front Lot Line.** The parcel line separating a parcel from a street right-of-way. In the case of a corner parcel, the line separating the narrowest street frontage of the parcel from the street shall be considered the front.

**Rear Lot Line.** The parcel line opposite and most distant from the front parcel line; or in the case of triangular or otherwise irregularly shaped parcel, a line ten feet in length entirely within the parcel, parallel to, and at a maximum distance from the front parcel line.

**Side Lot Line.** Any parcel line other than a front or rear parcel line.

**Street Side Lot Line.** A side lot line of a corner lot that is adjacent to a street.

29 of 82





**FIGURE 15-6802-2: REAR LOT LINE FOR PURPOSES OF DETERMINING SETBACKS**

**Lot Width.** The horizontal distance between the side lines of a parcel measured at right angles to its depth along a straight line parallel to the front parcel line at the street or public right-of-way that is identified as the parcel's address.

**Main Structure.** See Structure, Main.

**Maintenance and Repair.** The repair or replacement of nonbearing walls, fixtures, wiring, roof, or plumbing that restores the character, scope, size, or design of a structure to its previously existing, authorized, and undamaged condition.

**Mezzanine.** An intermediate floor within a building interior without walls, partitions, closets, screens, or other complete enclosing interior walls or partitions



that is open to the floor below and has a floor area that is no greater than one-third of the total floor area of the floor below. When the total floor area of a mezzanine exceeds one-third of the total floor area of the floor below it constitutes an additional story. In some instances, mezzanine may be defined differently by the Building Code.

**Mixed-Use Development.** The development of a parcel or building with two or more different land uses such as, but not limited to, a combination of residential, office, manufacturing, retail, public, or entertainment in a single or physically integrated group of structures.

**Mobile Vendor.** Any person that sells, or causes or allows another, whether as an employee or as an independent contractor leasing or renting equipment, to sell any food, drinks, or merchandise by means of a motorized or non-motorized vehicle, such as a wagon, pushcart, handcart, bicycle, motorized cart, or food truck.

**Muntin.** A bar or rigid supporting strip between adjacent panes of glass.

**Noise-Related Definitions.**

**Community Noise Equivalent Level (CNEL).** The average equivalent A-weighted sound level during a 24-hour day, obtained after addition of five decibels to sound levels in the evening from 7 p.m. to 10 p.m. and after addition of 10 decibels to sound levels in the night from 10 p.m. to 7 a.m.

**Day-Night Average Sound Level (Ldn).** The A-weighted average sound level for a given area (measured in decibels) during a 24-hour period with a 10 dB weighting applied to night-time sound levels (after 10 p.m. and before 7 a.m.). The Ldn is approximately numerically equal to the CNEL for most environmental settings.

**Decibel (dB).** A unit of measurement used to express the relative intensity of sound as heard by the human ear describing the amplitude of sound, equal to 20 times the logarithm to the base 10 of the ratio of the pressure of the sound measured to the reference pressure, which is 20 micropascals (20 micronewtons per square meter).

**Decibel, A-weighted (dBA).** The "A-weighted" scale for measuring sound in decibels; weights or reduces the effects of low and high frequencies in order to stimulate human hearing. Every increase of 10 dBA doubles the perceived loudness though the noise is actually ten times more intense.

**Equivalent Sound Level (Leq).** A single-number representation of the fluctuating sound level in decibels over a specified period of time. It is a sound-energy average of the fluctuating level.

**Maximum Noise Level (Lmax).** The highest value measured by the sound level meter over a given period of time, based on the time-weighted sound level in dB, using either the Fast or Slow time constant.

**Non-Conforming Building.** See Non-Conforming Structure.

**Non-Conforming Lot.** A legally-created lot of land having less area, frontage, or dimensions than the existing Code requires in the Zoning District in which it is located.

**Non-Conforming Use, Structure, or Site Feature.** See Legal Non-Conforming Use, Structure, or Site Feature.

**Occupancy Group.** The Building Code use category for determining requirements for building construction elements and life safety system requirements.

**On-Site.** Located on the lot that is the subject of discussion.

**Open Space Types.**

**Open Space, Common.** Any outdoor area, not dedicated for public use, which is designed and intended for the common use and enjoyment of the residents and guests of more than one dwelling unit.

**Open Space, Private.** Open areas for outdoor living and recreation that are adjacent and directly accessible to a single dwelling unit, reserved for the exclusive use of residents of the dwelling unit and their guests.

**Open Space, Usable.** Outdoor areas that provide for outdoor living and/or recreation for the use of residents.

**Outdoor Sales, Temporary and Seasonal.** The sale or offering for sale to the general public of merchandise outside of a permanent structure on property owned or leased by the person, firm, or corporation. These sales are of a limited

duration and conducted on an occasional basis, and are secondary or incidental to the principal permitted use or structure existing on the property.

**Outdoor Storage.** The keeping, in an unroofed area, of any goods, junk, material, merchandise or vehicles in the same place for more than 72 hours except for the keeping of building materials reasonably required for construction work on the premises pursuant to a valid and current Building Permit issued by the City.

**Overlay District.** A zoning designation specifically delineated on the Zoning Map establishing land use requirements that govern in addition to the standards set forth in the underlying zoning district.

**Parapet.** A low wall or railing extending above the roof and along its perimeter.

**Parcel.** See Land Division-Related Definitions.

**Parking Facility.** An area of a parcel, structure, or any other area, including driveways, which is designed for and the primary purpose of which is to provide for the temporary storage of operable motor vehicles.

**Accessory Parking.** An area of a parcel, structure, or any other area, which is designed, reserved for, and the primary purpose of which is to provide off-street parking to serve a building or use that is the primary or main use of the parcel.

**Long-Term Parking.** An area designed for employee parking, when a vehicle is not normally moved during the period of an employee's work shift, as opposed to customer or visitor parking.

34 of 82

**Parking, Bicycle.** A covered or uncovered area equipped with a rack or other device designed and useable for the secure, temporary storage of bicycles.

**Long-Term.** Bicycle parking that is designed to serve employees, students, residents, commuters, and others who generally stay at a site for two hours or longer.

**Short-Term.** Bicycle parking that is designed to serve shoppers, customers, messengers, guests, and other visitors to a site who generally stay for a period of less than two hours.

**Parking Space, Off-Street.** An area, covered or uncovered, designed and usable for the temporary storage of a vehicle, which is paved and accessible by an automobile without permanent obstruction.

**Parking Structure.** A structure used for parking and storage of vehicles.

**Patio.** An outdoor area, often paved, adjoining a building that is used for outdoor open space. It is not enclosed by walls and typically is located at grade or supported by minimal footings.

**Paving.** A type of material used over areas of a parcel such as driveways, parking spaces and areas, pathways, patios, and front setbacks used for access by vehicles and pedestrians.

**Permit.** Any Conditional Use Permit, Temporary Use Permit, Building Permit, license, certificate, approval, or other entitlement for development and/or use of property as required by any public agency.

35 of 82

**Permitted Use.** Any use or structure that is allowed in a Zoning District without a requirement for approval of a Use Permit, but subject to any restrictions applicable to that Zoning District.

**Person.** Any individual, firm, association, organization, partnership, business trust, company, or corporation.

**Person with Disabilities.** Under the Americans With Disabilities Act, an individual with a disability is a person who: (1) has a physical or mental impairment that substantially limits one or more major life activities; or (2) has a record of such an impairment; or (3) is regarded as having such an impairment.

**Pharmacies and Drug Retailers.** Establishments generally known as pharmacies and drug retailers engaged in retailing prescription or nonprescription drugs and medicines.

**Planning Commission.** The Planning Commission of the City of Fresno.

**Plaza.** An outdoor space set aside for gathering or congregating and commercial activities, typically surrounded by building frontages.

**Pocket Park.** A park of one-half to two acres in size that intended to serve the needs of a smaller, specific neighborhood located within a half-mile radius of the pocket park.

**Podium.** A continuous raised platform supporting a building or a large block of two or three stories beneath a multi-story block of smaller area.

**Porte Cochere.** A roofed structure through which a vehicle can pass, extending from the entrance of a building over an adjacent driveway, the purpose of which is to shelter persons entering and exiting a building.

**Pre-Existing.** In existence prior to the effective date of this Code.

**Primary Use.** See Use, Primary.

**Project.** Any proposal for a new or changed use or for new construction, alteration, or enlargement of any structure, that is subject to the provisions of this ordinance. This term includes, but is not limited to, any action that qualifies as a "project" as defined by the California Environmental Quality Act.

**Public Land.** Any government-owned land, including, but not limited to, public parks, beaches, playgrounds, trails, paths, schools, public buildings, and other recreational areas or public open spaces.

**Public Resources Code.** The Public Resources Code of the State of California.

**Qualified Applicant.** The property owner, the owner's agent, or any person or other legal entity that has a legal or equitable title to land that is the subject of a development proposal or is the holder of an option or contract to purchase such land or otherwise has an enforceable proprietary interest in such land.

**Ramp.** An access driveway leading from one parking level to another, or an access driveway from an entrance leading to parking at a different level.

**Recreational Vehicle (RV).** A mobile, temporary lodging space, usually housed in a motor vehicle or trailer, generally for the purposes of travelling.



**Residential Use.** One or more rooms designed, occupied, or intended for occupancy as primary living quarters in a building or portion thereof.

**Review Authority.** Body responsible for making decisions on zoning and related applications.

**Right-of-Way.** A strip of land acquired by reservation, dedication, forced dedication, prescription, or condemnation and intended to be occupied or occupied by a road, railroad, electric transmission lines, oil or gas pipeline, water line, sanitary storm sewer, or other similar use.

**Roof.** That portion of a building or structure above walls or columns that shelters the floor area or the structure below.

**Screening.** Buffering of a building or activity from neighboring areas or from the street with a wall, fence, hedge, informal planting, or berm.

**Security Grate or Grilles.** A metal grate that rolls up over, or slides across, a window or door to provide protection against unwanted entry. It also can be a fixed metal fixture over window openings.

**Service Areas.** Portions of a building which are utilitarian in nature and are not typically frequented by the general public or occupants of the building, such as utility equipment rooms, freight loading areas, trash/recycling rooms, and emergency exit stairways/hallways.

**Setback.** The distance between the parcel line and a building, not including permitted projections, that must be kept clear or open. See also Section 15-304, Measuring Distances, and Section 15-313, Determining Setbacks (Yards).

**Shielded Light Fixture.** Outdoor light fixtures shielded or constructed so that light rays emitted by the lamp are projected below the horizontal plane passing through the lowest point on the fixture from which light is emitted.

**Sidewalk.** A paved, surfaced, or leveled area, paralleling and usually separated from the street, used as a pedestrian walkway.

**Sidewalk Café.** Any outdoor dining area located in or adjacent to any public sidewalk or right-of-way which is associated with a restaurant or other eating and drinking establishment on a contiguous adjacent parcel.

**Sign-Related Definitions.** The following terms are related to Article 26, Signs.

**Animated Sign.** A sign with messages that visually change, or images that move or appear to move, more frequently than once every 24 hours, regardless of the method by which the visual change is affected. This definition does not include traditional barber poles, hand-held signs, personally attended signs, commercial mascots, scoreboards, or signs which merely display time or temperature. Animated signs include electronic message signs, sometimes called electronic reader boards. A sign that displays a series of still images which change more frequently than once per 24 hours, whether by digital, LED, or functionally equivalent method, is within this definition.

**Awning.** Any structure made of flexible fabric or similar material covering a metal frame attached to a building, whether or not the same is

so erected as to permit its being raised to a position flat against the building when not in use.

**Awning or Canopy Sign.** Sign copy placed on an awning or any other projecting structure made of flexible fabric or similar material covering a metal frame supported by the ground or sidewalk.

**Banner.** Any sign of lightweight fabric or similar material that is mounted to a pole or a building at one or more edges. Flags are not within this definition.

**Billboard.** See Outdoor Advertising Display.

**Changeable Copy Sign.** A sign constructed or designed to allow for periodic changes of copy, and for which the copy is changed not more than once each 24 hour period. Examples include signs for an auditorium, theater, church, meeting hall, or similar uses characterized by public assembly and changing programs or events, or gas station prices. This definition does not include animated signs or electronic reader board signs.

**Commercial Message.** A message on a sign, or portion of a sign, that promotes, informs, or proposes an economic transaction, primarily concerns the economic interests of the sign sponsor and/or audience, or is intended to further discussion in the marketplace of goods and services.

**Construction Sign.** A temporary sign displayed on the site of a construction, remodeling, or major landscaping project during the period of time of actual construction activity.

40 of 82

**Copy.** Any letters, numerals, or symbols displayed on a sign face conveying a message to the public.

**Directional Sign.** Any sign, other than a highway marker or any sign erected and maintained by public authority, or a public utility which is designed, erected, and maintained for the purpose of directing persons to a place, structure, or activity.

**Exempt Sign.** A sign which may be legally displayed, erected or maintained, but is not subject to a sign permit requirement. See Section 15-2604, Exempt Signs.

**Face.** That portion of a sign upon which the copy is mounted or displayed.

**Flag.** Any fabric or banner containing distinctive colors, patterns, or design that displays the symbol(s) of a nation, state, local government, company, organization, belief system, idea, or other meaning.

**Freestanding Sign.** A permanent sign that is self-supporting in a fixed location and not attached to a building. Freestanding signs are of two types: monument and pole. Monument signs are connected or attached to a sign structure, fence, or wall that is not an integral part of a building. Pole signs are mounted on a pole(s) or other support(s) that are placed on and anchored in the ground or on a base and that is independent from any building or other structure. Flag poles are not within this definition.



**Graffiti.** Marks, such as inscriptions, drawings, or designs, which are placed, scratched, etched, painted, or sprayed on public or private property without the owner's consent.

**Illuminated Sign.** A sign with an artificial light source incorporated internally or externally for the purpose of illuminating the sign. This includes signs made from neon or other gas tube(s) that are bent to form letters, symbols, or other shapes. Ambient lighting, by itself, does not make a sign "illuminated."

**Master Sign Program.** A coordinated sign plan which includes details of all signs (not including exempt or temporary signs) which are or will be placed on a site, including master identification, individual business, and directory signs.

**Mobile Billboard.** Any vehicle, or wheeled conveyance which carries, conveys, pulls, displays, or transports any sign or billboard for the primary purpose of advertising a commercial or noncommercial message, or other general advertising for hire.

**Monument Sign.** See Freestanding Sign.

**Name Plate.** A sign that identifies an occupant and/or address.

**Non-Conforming Sign.** A sign lawfully erected and legally existing prior to the effective date of this Code, or of amendments thereto, but which does not conform to the provisions of this Code.

**Non-Commercial Message.** A message or image on a sign, or portion of a sign, which displays noncommercial speech, e.g., commentary or advocacy on topics of public debate and concern. This definition shall be construed and interpreted in light of relevant court decisions. Noncommercial messages do not have a location factor, such as on-site or off-site.

**Non-Communicative Aspects.** Those aspects of a sign that are not directly communicative, such as physical structure, mounting device, size and height, setback, illumination, spacing, and scale relative to other structures.

**Off-Site or Off-Premise Sign.** A sign that identifies, advertises, or attracts attention to a business, product, service, event, or activity sold, existing, or offered at a different location. The off-site/on-site distinction applies only to commercial messages.

**On-Site or On-Premise Sign.** Any sign or portion thereof that identifies, advertises, or attracts attention to a business, product, service, event, or activity sold, existing, or offered upon the same property or land use as the sign. The off-site/on-site distinction applies only to commercial messages.

**Outdoor Advertising Signs.** Billboards and any other outdoor advertising signs which convey an off-site commercial message as their primary purpose.

43 of 82



**Pennant.** Any lightweight plastic, fabric, or other material, whether or not containing a message of any kind, attached to a rope, wire, or string, usually in a series, designed to move in the wind and attract attention. Flags and banners are not within this definition.

**Pole Sign.** See Freestanding Sign.

**Projecting Sign.** Any sign that is perpendicular to the face of a building and projects more than 18 inches from the face. This category includes awning and under canopy signs.

**Primary Building Face.** The wall of a building which contains the principal entrance(s) to the building. If there are principal entrances in more than one wall, the longest of the walls in which principal entrances are located shall be the primary building face. "Primary building face" shall include not only the wall itself but all doors, windows, or other openings therein and projections therefrom.

**Real Estate Sign.** Any sign, temporary in nature, with copy which concerns a proposed sale, rent, lease, or exchange of real property. This definition does not include occupancy signs at establishments offering transient occupancy, such as hotels, motels, and "bed and breakfast" facilities.

**Roofline.** The top edge of a roof or building parapet, whichever is higher, excluding any cupolas, pylons, chimneys, or minor projections.

**Roof Sign.** Any sign located on a roof of a building or having its major structural supports attached to a roof.

**Sign.** Any identification, description, illustration, or device illuminated or non-illuminated, which is visible to the general public from any exterior public right-of-way, and directs attention to a product, service, place, activity, person, institution, business, or solicitation, including any permanently installed or situated merchandise; or any emblem, painting, banner, pennant, or placard designed to advertise, identify, or convey information. A display, device, or thing need not contain lettering to be a sign. Notwithstanding the generality of the foregoing, the following are not within this definition:

*Architectural features.* Decorative or architectural features of buildings (not including lettering, trademarks, or moving parts), that do not perform a communicative function;

*Fireworks, etc.* The legal use of fireworks, candles, and artificial lighting not otherwise regulated by this Code;

Foundation stones, cornerstones;

Grave markers, grave stones, headstones, mausoleums, shrines, and other markers of the deceased;

*Personal appearance.* Items or devices of personal apparel, decoration, or appearance, including tattoos, makeup, wigs, costumes, and masks, but not including commercial mascots or hand-held signs; and



*Symbols embedded in architecture.* Symbols of non-commercial organizations or concepts including, but not limited to, religious or political symbols, when such are permanently integrated into the structure of a permanent building, including stained glass windows on churches, carved or bas relief doors or walls, bells, and religious statuary.

**Sign Area.** The area contained within a single continuous perimeter enclosing all parts of such sign copy, excluding any structural elements outside the limits of the sign required to support the sign.

**Temporary Sign.** A structure or device used for the public display of visual messages or images, which is typically made of lightweight or flimsy materials which is not intended for or suitable for long term or permanent display.

**Wall Sign.** Any sign attached to, erected against, or painted upon the wall of a building or structure, the face of which is in a single plane parallel to the plane of the wall. Wall signs also include signs on a false or mansard roof.

**Window Sign.** Any sign painted, etched, or otherwise affixed to an exterior window of a building, or in the interior of the building, within three feet of a window, intended to be viewed from the exterior of such building. On-site advisory signs are not considered window signs.

**Site.** A parcel, or group of contiguous parcels, that is proposed for development in accordance with the provisions of this Ordinance and is in a single ownership or under unified control.

[**Smoke And Vapor Products** include, but may not be limited to, Tobacco Products and Smoking Paraphernalia.]

46 of 82

[**Smoke Shop** means any business that primarily sells or offers for sale any Smoke and Vapor Products, but shall not include: Tobacco Retailers; establishments that sell Smoke and Vapor Products for onsite consumption (such as cigar lounges); or establishments operating under Article 33 of Chapter 9 (Cannabis Retail Business and Commercial Cannabis Business).]

[**Smoke Shop Operator** includes all Persons who own and/or operate the Smoke Shop. An owner is any Person who owns 5% or more of the Smoke Shop.]

[**Smoking** shall have the same meaning as Section 22950.5(c) of the Business and Professions Code, including any amendments or successor statutes thereto.]

[**Smoking Paraphernalia** means any device, substance, or accessory intended for the smoking of tobacco, cannabis, vaping or electronic cigarette, illicit drug use, or any other substance.]

**Story.** That portion of a building included between the upper surface of any floor and the upper surface of the floor next above, except that the topmost story shall be that portion of a building included between the upper surface of the topmost floor and the upper surface of the roof above. A mezzanine with a floor area that exceeds one third of the total floor area of the floor or level below constitutes a story. In some instances, story may be defined differently by the Building Code.

**Street.** A public or private thoroughfare which affords the access to a block and to abutting property. "Street" includes avenue, place, way, drive, boulevard, highway, road, and any other thoroughfare, except an alley as defined herein.

**Street Tree.** A tree fronting private property within the street right-of-way.

**Streetwall.** A wall or portion of a wall of a building facing a street.

**Structural Alterations.** Any physical change to or the removal of the supporting members of a structure or building, such as bearing walls, columns, beams, or girders including the creation, enlargement, or removal of doors or windows and changes to a roofline or roof shape.

**Structure.** Anything constructed or erected, which requires a fixed location on the ground, or is attached to a building or other structure having a fixed location on the ground.

**Structure, Accessory.** A detached subordinate structure, used only as incidental to the main structure on the same parcel.

**Structure, Main.** A structure housing the principal use of a site or functioning as the principal use.

**Structure, Temporary.** A structure without any foundation or footings and which is intended to be removed when the designated time period, activity, or use for which the temporary structure was erected has ceased.

**Swimming Pool.** A pool, pond, or open tank capable of containing a large and deep enough body of water for people to use to swim.

48 of 82

**Telecommunication-Related Definitions.** The following terms are related to Section 15-2759, Telecommunication and Wireless Facilities.

**Alternative Tower Structure.** Artificial trees, clock towers, bell steeples, light poles, and similar alternative-design mounting structures that camouflage or conceal the presence of antennas or towers.

**Antenna.** Any system of poles, panels, rods, reflecting discs, wires, or similar devices used for the transmission or reception of electromagnetic signals, including, but not limited to, radio waves and microwaves. An antenna does not include the support structure the antenna(s) is mounted upon.

*Antenna, Amateur Radio.* A ground-, building-, or tower-mounted antenna operated by a federally licensed amateur radio operator that is used for the purpose of transmitting and receiving radio signals as part of the Amateur Radio Service as designated by the Federal Communications Commission (FCC).

*Antenna, Building- or Structure-Mounted.* An antenna mounted to a building, rooftop equipment screen, or structure that transmits or receives electromagnetic signals.

*Antenna, Ground-Mounted.* Any antenna that is not mounted on a pole, a structure, or the roof or wall of a building.



*Antenna, Satellite Earth Station.* An antenna designed and used to receive and/or transmit radio frequency signals directly to and/or from orbiting communications satellites.

*Antenna, Whip.* An antenna consisting of a single, slender, rod-like element, less than one wave length long, which is supported only at or near its base.

**Antenna Structure.** An antenna array and its associated support structure, such as a mast or tower (not including a suspended simple wire antenna), that is used for the purpose of transmitting and/or receiving electromagnetic signals, including, but not limited to, radio waves and microwaves.

*Antenna Structure, Freestanding.* An antenna structure or mast that is not attached to any part of a building, fence, or other such structure. Freestanding antenna structures include communications towers, wooden utility poles, and concrete and steel monopoles. If the total height of the structure, including the antenna, is at least 17 feet high, it shall be treated as a monopole.

*Antenna Structure, Monopole.* An antenna structure, often tubular in shape, usually made of metal, reinforced concrete, or wood, which is at least 17 feet in height. A monopole may also be an alternative antenna structure that is designed to replicate a tree or other natural feature.

*Slim Line Monopole.* A continuous, smooth, round cross section monopole with no cut-outs or exterior attachments such as climbing pegs.

**Co-Location.** The location of two or more wireless communications facilities owned or used by more than one public or private entity on a single support structure or otherwise sharing a common location. Co-location shall also include the location of wireless communications facilities with other facilities such as buildings, water tanks, light standards, and other utility facilities and structures.

**Distributed Antenna System.** A system of small antennas installed on existing infrastructure such as telephone poles and streetlights throughout an area, which are interconnected by fiber optic cable to a central hub location, and are generally designed to support multiple wireless carriers.

**Equipment Cabinet or Enclosure.** A cabinet or structure used to house equipment associated with a wireless communications facility.

**Feasible.** Feasible means in light of technical feasibility, radio signal transmitting and receiving requirements, aesthetics, electromagnetic fields, costs, landowner permission, facility owner permission, and all necessary approvals under this Code and the California Building Code, as well as the common meaning of the term.

**Mast.** A pole of wood or metal or a tower fabricated of metal that is used to support an antenna and maintain it at the proper elevation.

**Microcell Facility.** A wireless communication facility serving a single carrier and consisting of an antenna no larger than four feet in height or, if tubular, no more than six feet long and four inches in diameter comprised of a networked set of antennas that are connected with each other and to a wireless service source, such that a one or more high-power antennas that serve a given area are replaced by a group of lower-power antennas to serve the same geographic area.

**Readily Visible.** An object that can be identified as a wireless telecommunications facility when viewed with the naked eye.

**Related Equipment.** All equipment ancillary to the transmission and reception of voice and data via radio frequencies. Such equipment may include, but is not limited to, cable, conduit, and connectors.

**Service Provider.** Any authorized provider of wireless communications services.

**Telestyles.** Architecturally blended cell towers, the result of cooperation with designers and architects.

**Tower.** Any structure that is designed or constructed primarily for the purpose of supporting one or more antennas, including self-supporting lattice towers, guy towers, or monopole towers. The term includes, but is not limited to, radio and television transmission towers, microwave towers, common-carrier towers, cellular telephone towers, alternative tower structures and the like.

**Wireless Communications Facility.** Personal wireless service facilities as defined by the federal Telecommunications Act of 1996 including, but not limited to, facilities that transmit and/or receive electromagnetic signals for cellular radio telephone service, personal communications services, enhanced specialized mobile services, paging systems, and related technologies. Such facilities include antennas, microwave dishes, parabolic antennas, and all other types of equipment used in the transmission or reception of such signals; telecommunication towers or similar structures supporting said equipment; associated equipment cabinets and/or buildings; and all other accessory development used for the provision of personal wireless services. These facilities do not include radio towers, television towers, and government-operated public safety networks.

**Temporary Structure.** See Structure, Temporary.

**Temporary Use.** A use that is intended to be of a limited duration of time and that will not permanently alter the character or physical facilities of the property where it occurs.

**Tenant.** A person who rents, leases, or subleases, through either a written or oral agreement, real property from another.

**Tiny House.** A structure intended for separate, independent living quarters for one household that meets these six conditions:

1. Is licensed and registered with the California Department of Motor Vehicles and meets ANSI 119.2 or 119.5 requirements;

2. Is towable by a bumper hitch, frame-towing hitch, or fifth-wheel connection. Cannot (and is designed not to) move under its own power. When sited on a parcel per requirements of this Code, the wheels and undercarriage shall be skirted;

3. Is no larger than allowed by California State Law for movement on public highways;

4. Has at least 100 square feet of first floor interior living space;

5. Is a detached self-contained unit which includes basic functional areas that support normal daily routines such as cooking, sleeping, and toiletry; and

6. Is designed and built to look like a conventional building structure.

[**Tobacco Product** shall have the same meaning as provided in 22950.5(d) of the Business and Professions Code, including any amendments or successor statutes thereto.]

[**Tobacco Retailer** means any establishment whose business includes the incidental sale of Smoke and Vapor Products, such as supermarkets and convenience stores.]

**Trailer.** A vehicle without motor power, designed to be drawn by a motor vehicle and to be used for human habitation or for carrying persons or property, including a mobile home, trailer coach or house trailer.

**Trash Screen/Enclosure.** A permanent, immobile structure, designed for the storage of a mobile resource recovery, recycling, or compost bin or container.

**Unit.** See Dwelling Unit.

**Use.** The purpose for which land or the premises of a building, structure, or facility thereon is designed, arranged, or intended, or for which it is or may be occupied or maintained.

**Use, Accessory.** A use that is customarily associated with, and is incidental and subordinate to, the primary use and located on the same parcel as the primary use.

**Use, Primary.** A primary, principal, or dominant use established, or proposed to be established, on a parcel.

**Use Classification.** A system of classifying uses into a limited number of use types on the basis of common functional, product, or compatibility characteristics. All use types are grouped into the following categories: residential; public and semi-public; commercial; industrial; transportation, communication, and utilities; and agricultural and extractive.

**Use Permit.** A discretionary permit, such as a Conditional Use Permit, which may be granted by the appropriate City authority to provide for the accommodation of land uses with special site or design requirements, operating characteristics, or potential adverse effects on surroundings, which are not permitted as of right, but which may be approved upon completion of a review

process and, where necessary, the imposition of special conditions of approval by the permit granting authority.

**Use Type.** A category which classifies similar uses based on common functional, product, or compatibility characteristics.

**Utilities.** Equipment and associated features related to the mechanical functions of a building(s) and services such as water, electrical, telecommunications, and waste.

**Variance.** A discretionary grant of permission to depart from the specific requirements of this Code that is warranted when, due to special circumstances regarding the physical characteristics of the property, the strict application of standards would deprive the property of privileges available to other property in the same zoning district. See Article 55, Variances.

**Vehicle.** Any vehicle, as vehicle is defined by the California Vehicle Code, including any automobile, camper, camp trailer, trailer, trailer coach, motorcycle, house car, boat, or similar conveyance.

**Vibration.** A periodic motion of the particles of an elastic body or medium in alternately opposite directions from the position of equilibrium.

**Visible.** Capable of being seen (whether or not legible) by a person of normal height and visual acuity walking or driving on a public road.

**Walk-Up Facility.** A facility designed to provide service to pedestrian clients, where clients typically are queued on the outside of the main structure or

room. Typical facility types include, but are not limited to, automatic teller machines (ATMs) and food-service windows.

**Wall.** Any exterior surface of building or any part thereof, including windows.

**Warehouse Clubs and Supercenters.** Establishments generally known as warehouse clubs, superstores, or supercenters, primarily engaged in retailing a general line of groceries, including a significant amount and variety of fresh fruits, vegetables, dairy products, meats, and other perishable groceries, in combination with a general line of new merchandise, such as apparel, furniture, and appliances.

**Watercourse.** A strip of land over which water flows, having a definite bed, bank, and channel, wherein the water need not flow continually, but usually flows in a particular direction.

**Window.** An opening in a wall of a building that is filled with glass in a frame. They typically allow light and air into the interior of a building, but also serve as mediums for viewing merchandise in commercial properties.

**Yard.** See Setback.

**Yard Sales.** See Garage Sales.

**Zoning District.** A specifically delineated area or district in the city within which regulations and requirements uniformly govern the use, placement, spacing, and size of land and buildings.

SECTION 15-2761. – ~~TOBACCO AND VAPOR SALES~~ [SMOKE SHOPS – PERMIT AND OPERATIONAL REQUIREMENTS].

A.  ~~**Signage.** Any establishment located within 400 feet of a park, school (private or public), day care, or other youth-sensitive places (e.g. boys and girls club, youth activity centers) may not advertise smoking sales (such as for tobacco, vapor, or similar products) or related paraphernalia in a manner visible from the outside of the establishment, such as from a public thoroughfare, sidewalk, or parking lot.~~

A.  **[Purpose.** The purpose of this section is as follows:

    1.  To establish regulations for Smoke Shops, as defined in Section 15-6802 of this Code.

    2.  To amortize existing Smoke Shops and allow up to seven Smoke Shops per City Council District, unless otherwise provided pursuant to Subsection 15-2761(D)(4) hereinunder.

B.  **Applicability; Exemptions.**

    1.  **All Smoke Shops will be required to comply with this section.**

        a.  **New Smoke Shops.** Any New Smoke Shop established after the effective date of this section shall obtain a Conditional Use Permit as provided herein and shall comply with all requirements of this section.

        b.  **Existing Smoke Shops**. All Existing Smoke Shops must comply with all the requirements of this section, including the amortization provisions.

    c.   **Exemptions.** This section does not apply to temporary uses issued a Temporary Use Permit for special events such as fairs or cultural festivals and established in compliance with all City laws and ordinances.

C.   **Legal Nonconforming Smoke Shops; Amortization.**

    1.   Existing Smoke Shops, lawfully established pursuant to the Municipal Code prior to the effective date of this ordinance, must come into compliance with all operational requirements within 30 days of the Effective Date of this Ordinance. No Existing Smoke Shop may make a substantial change of mode or character of their operation. A substantial change of mode or character shall include, but not be limited to, structural changes which expand the sales area of Smoke and Vapor Products and related items by more than a cumulative 5% commencing from the effective date of the ordinance, or a period of closure for more than 30 days; transfers of ownership shall not be considered a substantial change of mode or character of operation.

    2.   Existing Smoke Shops may sell or transfer their existing Business License, but the new owner shall also be subject to all provisions of this Code applicable to Existing Smoke Shops.

    3.   Existing Smoke Shops may continue operation for 18 months from the effective date of this Ordinance (the "Amortization Period"), provided they

comply with Subsection C.1. The Amortization Period shall be outlined by the City Manager, or designee, pursuant to Section I.1., below. Existing Smoke Shops which are not awarded a Conditional Use Permit, as required by Section D., below, may operate until the end of the Amortization Period. Once the Amortization Period has expired, the Existing Smoke Shop must immediately cease all operations in perpetuity.

a. Existing Smoke Shops that can demonstrate that 18 months is an insufficient amount of time to amortize their investment, must submit a request for reconsideration to the Director no later than 90 days prior to the expiration of the Amortization Period. The request for reconsideration shall be subject to the appeal provisions of Section 15-5017, Appeals. Each request for a longer term for amortization shall be considered on the basis of the submitted evidence and any extension provided shall be specific to the individual request. Factors to be considered by the Review Authority in determining if the time provided hereinabove is insufficient for the Existing Smoke Shop which requests reconsideration shall include:

   i. The precise nature of the nonconforming use.

   ii. The portion of the business that will be affected, on a pro rata basis.

   iii. The total amount of the investment made for the

business, including on the property and any improvements thereon, as well as the total investment for the pro rata portion of the business that sells Smoke and Vapor Products, including the present or depreciated value of any property owned.

iv.   The expiration date and termination rights under leases related to the operation of an Existing Spoke Shop.   Any new leases or lease extensions, amendments, or renewals entered into in close proximity to the passage of this Ordinance may be a basis for denial of the request for extension.

v.    The ability of the business to recover its investment by changing the use of the property, and the amount of time and additional investment needed to do so.

vi.   Any violations of Federal, State, or local law.

vii.  Any other information the Smoke Shop Operator deems relevant for the City to consider.

viii. Any other information requested by the City to clarify the request for extension of the Amortization period.

D.  **Establishment of New Smoke Shops.** Up to seven Smoke Shops may

61 of 82

operate in each City Council District. New Smoke Shops shall be required to obtain a Conditional Use Permit pursuant to the requirements of Chapter 15, Article 53, Conditional Use Permits. New Smoke Shops and Existing Smoke Shops may apply for available Conditional Use Permits in any given District immediately following the effective date of this ordinance. Any Smoke Shop which receives a Conditional Use Permit shall be subject to all provisions of Chapter 15, Article 53, Conditional Use Permits, including the expiration provisions therein.

1. The City shall provide public notice of an available Conditional Use Permit any time one or more Smoke Shop vacancies become available in a District. Public Notice shall be provided in a newspaper of general circulation for a period of 10 consecutive days. Applicants shall have 60 days from the date of the notice to apply for any available Conditional Use Permit. City shall review timely-filed applications within 60 days of the close of the application period to ensure they meet all requirements set forth in this Ordinance. Should no applications be received within 60 days of publishing the notice, the City shall re-notice the availability following the above process. Councilmembers shall be provided with notice of any applications received for their respective District.

2. The City shall hold a lottery within 120 days of the close of the application period whenever the number of qualified applications exceeds the number

of Conditional Use Permits available within a given Council District. The lottery shall be conducted in a manner determined by the City Manager, or designee, under the authority granted by Section I.1., below. A lottery selection does not confer any right to operate a Smoke Shop, only the right to file an application for a Conditional Use Permit. All other requirements of this Ordinance must be met for the issuance of a Conditional Use Permit.

3. At any time that one or more Smoke Shop vacancies become available in a District, the City shall grant a Conditional Use Permit for a New Smoke Shop following the above process.

4. City Council may increase the number of new Smoke Shops permitted in any given District upon passage of a Council resolution brought forward by the Councilmember of the District for which the limit increase is being requested. The Councilmember who brings forward the Resolution to Increase may do so at any time after the passage of this ordinance.

5. City Council may decrease the number of Smoke Shops permitted in any given District upon passage of a Council resolution brought forward by the Councilmember of the District for which the limit decrease is being requested. In no event shall the number of Smoke Shops permitted in any given District be reduced to below seven.

E. **Business License Required.** All Smoke Shops must obtain a Business

License in accordance with Chapter 7 of the Fresno Municipal Code. Every Smoke Shop location must have an individual Business License. It shall not be permitted for multiple Smoke Shop locations to operate under the same Business License or Conditional Use Permit.

F.   **Location restrictions.** The following location restrictions apply to all Smoke Shops, except Existing Smoke Shops not seeking a Conditional Use Permit to continue operations after expiration of the Amortization Period.

1.   **Near Sensitive Uses.** The Smoke Shop shall not be located within 1,000 feet of the following:

a.   A public park, playground, recreational area including a trail that is immediately adjacent to a public park, or youth facility, including a boys and girls club, nursery school, preschool, or day care facility;

b.   A public or private State-licensed or accredited school; or

c.   An alcohol or other drug abuse recovery or treatment facility.

2.   **Near Other Smoke Shops.** The Smoke Shop shall not be located within 1,000 feet of another Smoke Shop. Smoke Shop Conditional Use Permits shall be granted first come first served, on the basis of the date the application is deemed complete and the provisions of Chapter 15, Article 53, Conditional Use Permits are met.

3.   **Concentration.** Up to seven Smoke Shops may be permitted within each

City Council District following the effective date of this Ordinance, except for Existing Smoke Shops during the Amortization Period.

G. **Operational Requirements**

1. **Landscaping.**

   a. **New Buildings.** Landscaping shall be provided per the underlying zone district's development standards, and applicable Conditions of Approval.

   b. **Existing Buildings.** Perimeter landscaping and Parking Lot Shading standards shall be provided per the underlying zone district. The Review Authority, at their discretion, may make exceptions to the prescribed standards, however in no case shall the reduction result in a net reduction of 35% or greater in the amount of landscaping provided. Landscaping may also be aggregated to minimize the impact on existing parking areas.

2. **Lighting.** The exterior of the premises, including adjacent public sidewalks and all parking lots under the control of the Smoke Shop, shall be illuminated in accordance with the lighting requirements of the underlying zone district, and applicable Conditions of Approval.

3. **Litter and Graffiti.**

   a. Trash and recycling receptacles shall be provided near public

entrances to and exits from the building.

b.    The Smoke Shop Operator shall provide for daily removal of trash, litter, and debris from the premises and on all sidewalks that abut the premises, including the Smoke Shop's parking areas.

c.    The Smoke Shop Operator shall remove graffiti in accordance with the requirements of Section 9-2514 of the Fresno Municipal Code, including any amendments or successor ordinances thereto.

4.    **Vending Machines.** Internal and external vending machines are prohibited.

a.    No tobacco products or paraphernalia may be sold via vending machine or automatic sales dispenser on the premises of the Smoke Shop.

b.    No food or beverage products may be sold via vending machine or automatic sales dispenser on the premises of the Smoke Shop.

5.    **Video Surveillance.**

a.    Smoke Shops must equip a fully functional color digital video camera system.

b.    The system must continuously record, store, and be capable of playing back images and be fully functional at all times, including during any hours the business is closed. The system must be

66 of 82

maintained in a secured location inside of the business.

c. The system shall have the correct date and time stamped onto the image at all times.

d. The camera storage capacity should be for at least two weeks (14 calendar days). Such cameras must be capable of producing a retrievable and identifiable image that can be made a permanent record and that can be enlarged through projection or other means.

e. If utilizing a digital video recorder, it must be capable of storing at least 14 days of real-time activities.

f. The system shall be capable of producing a CD or digital playback feature.   The Fresno Police Department may request such digital media in relation to a criminal investigation; in such case, the digital media shall be provided to an authorized representative of the Fresno Police Department, upon request, within 24 hours of the request.

g. The interior of the business must have at least one camera placed to focus on each cash register transaction to include the clerk as well as the customer waiting area.

h. There shall be a minimum of three cameras placed so as to record activities in the primary customer areas of the business; such cameras must, at minimum, provide surveillance for all entry and exit

areas, customer parking, and the cash register. These cameras should be of sufficient quality to be able to identify persons and/or vehicles utilizing the business parking lot.

i.    All interior cameras shall record in color.

j.    All exterior cameras shall record in color and have automatic low light switching capabilities to black and white. Exterior cameras should be in weatherproof enclosures and located in a manner that will prevent or reduce the possibility of vandalism.

k.    An inoperable system may be good cause for revocation of the Conditional Use Permit.

l.    In the event of a security breach, vandalism, theft, or other offense, the Smoke Shop Operator must ensure preservation of the relevant security footage beyond the required two weeks in coordination with the Fresno Police Department.

6.    **Signage.**

a.    The provisions specified under Article 26, Signs, and this subsection shall apply. Where conflict may occur between the provisions of Article 26 and this subsection, the more restrictive provisions shall govern.

b.    In addition to the requirements found in the California Cigarette and

Tobacco Products Licensing Act of 2003 and all updated and related State and Federal Laws, including any amendments and successor statutes thereto including any State or Federal regulations, the following copy is required to be prominently posted in a readily visible manner on an interior wall or fixture and not on windows:

    i.    "California State Law Prohibits the Sale of Tobacco Products to Persons Under 21 Years of Age"

    ii.    "No Persons Under The Age Of 21 May Enter Theses Premises"

    iii.    "No Loitering is Allowed On or In Front of These Premises"

    iv.    "No Smoking or Vaping Allowed on These Premises"

7.    **Glazing.** At least 50% of any street facing façade must be glazed with a clear, non-tinted material.

    a.    No more than 5% of the square footage of each window that is visible to the public from a public thoroughfare, sidewalk, or parking lot of tobacco and vapor sales retail outlet shall bear advertising, signs, or other obstructions of any sort.

    b.    Doors must be free from signs regardless of door type or material.

    c.    The area covered by signs or advertising shall be measured using the border of such sign, and shall include all areas within a sign or

advertisement that may not include writing, such as the clear area within neon signs.

d. Signage, advertising, or other obstructions inside or outside the Smoke Shop that are not physically attached to the windows or doors, but are visible from a public thoroughfare, sidewalk, or parking lot in the same manner as if they were physically attached is included in the 5% limitation.

e. Any signage required by law shall not count towards the 5% limitation, but shall nonetheless follow rules related to visual obstruction.

f. Advertising and signage on windows shall be placed and maintained in a manner that ensures that law enforcement personnel have a clear and unobstructed view of the interior of the business, including the area in which the cash registers are maintained, from exterior public sidewalks, parking lots, or entrance to the business.

g. Any Smoke Shop located within 1,000 feet of a sensitive use, as listed in Subsection F.1, shall not advertise tobacco or vapor sales in a manner visible from the outside of the Smoke Shop, such as from a public thoroughfare, sidewalk, or parking lot.

8. **Loitering and Other Nuisance Activities.**

70 of 82

a. The operation of a Smoke Shop shall not result in repeated nuisance activities on the property, which may include, but are not limited to, disturbances of the peace, illegal drug activity, public intoxication, drinking in public, Smoke and Vapor Product sales to minors, harassment of passersby, gambling, prostitution, sale of stolen goods, public urination, theft, assaults, batteries, acts of vandalism, loitering, excessive littering, graffiti, illegal parking, excessive loud noises (especially in the late night or early morning hours), traffic violations, curfew violations, lewd conduct, or other violations of City, State, or federal laws, especially when contributing to a proportionally high rate of police reports and arrests to the area. Any violations of this section shall be considered an egregious violation of this ordinance and a public nuisance that is imminently dangerous to life, health, safety or adjacent property such that it requires immediate correction or elimination. Such a violation shall subject the Smoke Shop Operator to immediate suspension, pursuant to Section 10-609 of the Fresno Municipal Code, of their right to operate a Smoke Shop within the limits of the City. Suspension of a Smoke Shop Operator's right to operate a Smoke Shop shall continue for 30 calendar days or until the Smoke Shop Operator remediates the egregious violation, and receives written permission from the City Manager, or designee, to resume operation of the Smoke Shop after inspection of the

premises to confirm remediation of the egregious violation. Should an egregious violation not be remedied, or a second violation of this section occurs after resumption of operations, the Director may begin proceedings to revoke the Smoke Shop's Conditional Use Permit pursuant to Fresno Municipal Code Section 15-5016. This section shall not apply to Smoke Shop Operators where offenses are the result of third-party conduct beyond the Smoke Shop Operators' control.

b.    The Smoke Shop Operator shall post the property with the appropriate Fresno Municipal Code signs advising that consumption of alcoholic beverages, gambling, trespassing, or loitering on private property is a violation of municipal ordinances. The Smoke Shop Operator must send a letter to the Fresno Police Department, signed and dated by the applicant, every 12 months that authorizes Fresno Police Department peace officers to enter the Smoke Shop premises and remove trespassers when the business is closed to the public, in accordance with Section 602(o) of the California Penal Code, including any amendments or successor statutes thereto. The owners and employees are responsible for abating nuisance activities when they occur during business hours.

9.    **Training.**

a. **Initial Training.** The Smoke Shop Operator and all employees of the Smoke Shop who are involved in the sale of Smoke and Vapor Products must complete approved course(s) in training of Smoke and Vapor Product sales and handling within 60 days after approval of the Conditional Use Permit becomes final, or for employees hired after the approval of the Conditional Use Permit, within 60 days from the date of hire. Existing Smoke Shop Operators and employees shall have 60 days from the effective date of this ordinance to come into compliance with the training requirement, and thereafter new owners and employees shall obtain the necessary training within 60 days of the date of hire or from the date of ownership. To satisfy this requirement, a certified program must meet the standards of the California Department of Public Health on the Stop Tobacco Access to Kids Enforcement (STAKE) Act or other certifying or licensing body designated by the State of California. If the Smoke Shop Operator is a legal entity, the manager or executive responsible for the Smoke Shop shall obtain the requisite training.

b. **Annual Training.** The Smoke Shop Operator and all employees shall also be required to complete annual trainings which comply with State standards, including changes to tobacco sales laws and regulations. Smoke Shops shall be required to keep up to date record which prove that all individuals listed above have completed the

requisite annual trainings and shall furnish these records to the City

during inspections and upon a reasonable request from the City.

10. **Compliance with Laws.** The Smoke Shop must remain in compliance

with all local, State, and federal laws, regulations, and orders, as well as

all conditions of approval imposed on the use. This includes compliance

with annual City business license fees. In the event of non-compliance,

the Smoke Shop Operator shall be given written notice by the City and an

opportunity to cure. Article 63 of Chapter 15, regarding Enforcement of

the Citywide Development Code shall also apply in relation to compliance

issues, in addition to the annual inspection requirements listed within

Section G.14.e, below.

11. **Posting of Conditions.** A copy of all conditions of approval and training

requirements shall either be posted in a conspicuous and unobstructed

place near the entrance, cashier counter, or customer service area of the

Smoke Shop or posted in an employee area and provided upon request

(e.g. via flyer or brochure) to patrons and enforcement officials.

12. **Prohibited Products.** The sale or distribution of one or more of the

following is prohibited.

a. Cannabis or Cannabinoid products. Sale of this product shall

immediately subject the Smoke Shop to Conditional Use Permit

revocation proceedings pursuant to Fresno Municipal Code Section

15-5016.

b. Drug paraphernalia not directly related to legal Smoke and Vapor Products.

c. Nitrous oxide.

d. Flavored tobacco. Sale of this product shall immediately subject the Smoke Shop to Conditional Use Permit revocation proceedings pursuant to Fresno Municipal Code Section 15-5016. Should flavored tobacco products be found during an inspection of the Smoke Shop, the Fresno Police Department or the City's Code Enforcement may seize and destroy said products.

e. A maximum of 25% of the floor area of the premises may display Smoking Paraphernalia for sale or viewing.

f. Other products prohibited by law.

g. Onsite or online gambling activities not related to the California Lottery.

13. **Hours of Operation.** All Smoke Shops must operate within the maximum hours of operation. A Smoke Shop may operate for fewer hours than provided herein but in no case shall the operations extend beyond the hours listed:

| TABLE 15-2761-G: SMOKE SHOP HOURS | | |
|---|---|---|
| | Opening | Closing |
| Daily | 8 AM | 10 PM |

14. **Non-Operating Rule.** Whenever all of the rights granted by a Conditional Use Permit are discontinued, the following rules to reestablish the use shall apply:

   a. **One Year or Less.** The same Smoke Shop Operator or a different Smoke Shop Operator may reestablish the use pursuant to the preexisting Conditional Use Permit and all conditions applicable thereto.

   b. **More Than One Year.** A new permit is required.

15. **Additional Requirements.**

   a. Security Plan required. Smoke Shop Operators/Applicants shall submit a security plan consistent with Fresno Police Department policy on sale of age-restricted materials. Prior to the approval of the Conditional Use Permit, the Applicant shall prepare and submit for review by the Fresno Police Department District Commander, a security plan for approval. Approval of the security plan by the District



commander or their designee shall not be unreasonably denied. The contents of the Security Plan shall be incorporated as conditions of approval to the Conditional Use Permit. As a part of the annual inspection process, the Security Plan shall be resubmitted for approval by the District Commander.

b.  The Director may require the Smoke Shop Operator/Applicant to submit additional information, of such type and in such form as the Director may specify, as the Director may deem relevant to the application, including, but not limited to, an operational statement, floor plans, architectural renderings, and technical studies, as appropriate.

c.  The Director may refer the application to other City departments to determine whether the Smoke Shop's location will comply with building, health, zoning, and fire ordinances or other applicable ordinances or laws. City departments may conduct an inspection of the premises to determine compliance with the ordinances and other laws they administer, and may subsequently prepare reports summarizing their inspections and recommend whether to approve or deny the application based on their inspections.

d.  Additional and/or security measures such as reduced hours of operation, security guards, door monitors, and burglar alarm systems

may be required if harm, nuisance, or related problems are demonstrated to occur as a result of business practices or operations. This will be determined on a case-by-case basis upon review by the Police Department.

e.  Smoke Shops shall be subject to routine unannounced inspections at least annually, to ensure compliance with this section and any additional conditions of the Conditional Use Permit. The Smoke Shop Operator shall reimburse the City for the cost of such inspection(s) pursuant to the City's Master Fee Schedule. If an annual inspection results in a finding that a Smoke Shop Operator is not in compliance with this section or the specific conditions of the Conditional Use Permit, that finding may be used as a basis for amending or revoking the Conditional Use Permit, pursuant to Article 50 of Chapter 15 of the Fresno Municipal Code.

   i.  If a Smoke Shop is determined to be out of compliance with its Conditions of Approval, the person or entity acting as the Smoke Shop Operator may be subject to administrative fines as set by City Council resolution. The fine structure shall consist of progressively higher fines for violations occurring within 24 months of a prior violation, and upon the fourth violation being upheld within a three-year period of the first

78 of 82





violation, the Conditional Use Permit for the business shall be subject to revocation. These fines shall be levied in accordance with the Master Fee Schedule.

ii.   If an Existing Smoke Shop is purchased by a unassociated and unrelated new Smoke Shop Operator seeking to continue operation of the Smoke Shop, and the new Smoke Shop Operator is not subject to administrative fines as set forth above at any other Smoke Shop in the City, the City Manager, with concurrence of the City Attorney, may waive any administrative fines imposed upon the Existing Smoke Shop upon transfer to the new Smoke Shop Operator and upon proof that the new Smoke Shop Operator has cured all previous violations to the satisfaction of the City Manager.

H.   **Violations of this Section.**

1.   Violation of these standards at any time may result in the amendment or revocation of a Conditional Use Permit.

2.   Fines may be imposed upon business owner and/or Conditional Use Permit holder, in accordance with Sections 1-305 and 1-308 of this Code. Fines pursuant to Section 1-305 shall be imposed in accordance with the Master Fee Schedule, except as follows:

**Table 15-2761-H: FINES FOR VIOLATIONS**

|  | Sales to Minors | External Advertising |
|---|---|---|
| Misdemeanor | $2,500 per offense | $1,000 per offense |

3. The City may seek recovery of its costs of enforcement and abatement pursuant to Article 5 (Cost and Penalty Recovery) of Chapter 1 (General Provisions) of this Code. Both the property owner and the Smoke Shop Operator shall be liable to the City for recovery costs as specified under Section 1-504.

4. Remedies shall not be exclusive of each other, and may also include any remedy available to the City at law or equity.

5. Any violation of this section is deemed a public nuisance and may be abated.

I. **Promulgation of Regulations, Standards and Other Legal Duties.**

1. In addition to any regulations adopted by the City Council, the City Manager or designee is authorized to establish any additional rules, regulations and standards governing the issuance, denial or renewal of Smoke Shop Conditional Use Permits and Business Licenses, the ongoing operation of Smoke Shops and the City's oversight, or concerning any other subject determined to be necessary to carry out the purposes of this ordinance.

2.    Regulations shall be published on the City's website.

3.    Regulations promulgated by the City Manager shall become effective upon

date of publication.]

SECTION 2.  This ordinance shall become effective and in full force and effect at 12:01 a.m. on the thirty-first day after its final passage.

81 of 82



\* \* \* \* \* \* \* \* \* \* \* \* \*

STATE OF CALIFORNIA )
COUNTY OF FRESNO   ) ss.
CITY OF FRESNO     )

    I, TODD STERMER, City Clerk of the City of Fresno, certify that the foregoing ordinance was adopted by the Council of the City of Fresno, at a regular meeting held on the ___24th___ day of _____April_____ 2025.

        AYES    : Perea, Arias, Vang, Esparza
        NOES    : Karbassi
        ABSENT  : Richardson
        ABSTAIN : Maxwell

        Mayor Approval: _____ N/A _____, 2025
        Mayor Approval/No Return: _____ May 5 _____, 2025
        Mayor Veto: _____ N/A _____, 2025
        Council Override Vote: _____ N/A _____, 2025

                      ATTEST:
                      TODD STERMER, MMC
                      City Clerk

                      By: _____ 5-9-2025
                           Deputy           Date

APPROVED AS TO FORM:
ANDREW JANZ
City Attorney

By: _Siauyn Parvanian_
   Heather Thomas        Date
   Deputy City Attorney    5-7-25

April 25, 2025

Council Adoption: 04/24/2025
Mayor Approval:
Mayor Veto:
Override Request:

TO:          MAYOR JERRY DYER

FROM:          TODD STERMER, MMC
               City Clerk

SUBJECT:     TRANSMITTAL OF COUNCIL ACTION FOR APPROVAL OR VETO

At the City Council meeting of April 24, 2025, Council adopted the attached Bill No. B-11, Ordinance No. 2025-11, entitled ***BILL No. 11 (Introduced March 13, 2025) (For Adoption) amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions. (Subject to Mayor's Veto), Item 2-S, File ID 25-584, by the following vote:

Ayes          : Perea, Arias, Vang, Esparza
Noes          : Karbassi
Absent        : Richardson
Abstain       : Maxwell

Please indicate either your formal approval or veto by completing the following sections and executing and dating your action.  Please file the completed memo with the Clerk's office on or before May 5, 2025. In computing the ten day period required by Charter, the first day has been excluded and the tenth day has been included unless the 10th day is a Saturday, Sunday, or holiday, in which case it has also been excluded.  Failure to file this memo with the Clerk's office within the required time limit shall constitute approval of the ordinance, resolution or action, and it shall take effect without the Mayor's signed approval.

**APPROVED /NO RETURN:** _____

**VETOED** for the following reasons: (Written objections are required by Charter; attach additional sheets if necessary.)

_____
_____

_____        Date: _____

Jerry Dyer, Mayor

**COUNCIL OVERRIDE ACTION:**          Date: _____
Ayes          :
Noes          :
Absent        :
Abstain       :

# Exhibit 2

**CITY OF FRESNO**
**CEQA EXEMPTION**
**ENVIRONMENTAL ASSESSMENT NO. P23-03410**

THE PROJECT DESCRIBED HEREIN IS DETERMINED TO BE EXEMPT FROM THE PREPARATION OF ENVIRONMENTAL DOCUMENTS PURSUANT TO ARTICLE 5 OF THE STATE OF CALIFORNIA ENVIRONMENTAL QUALITY ACT (CEQA) GUIDELINES

**APPLICANT:**     City of Fresno
Planning and Development Department,
2600 Fresno Street Room 3043
Fresno, California 93721

**PROJECT LOCATION:**     Areas within the jurisdiction of the City of Fresno, generally located within the corporate boundaries

**PROJECT DESCRIPTION:**

Current regulations for tobacco and vapor sales included in Fresno Municipal Code (FMC) Section 15-2761 only provide restrictions for signage when establishments are near sensitive uses. Specifically, any establishment located within 400 feet of a park, school (private or public), day care, or other youth-sensitive places (e.g., boys and girls club, youth activity centers) may not advertise smoking sales (such as for tobacco, vapor, or similar products) or related paraphernalia in a manner visible from the outside of the establishment, such as from a public thoroughfare, sidewalk, or parking lot.

Text Amendment Application No. P23-03410 (Text Amendment), as initiated by the Fresno City Council pursuant to Resolution No. 2022-052, proposes to amend Section 15-6802 (Definitions) and Section 15-2761 (Tobacco and Vapor Sales) of the Citywide Development Code. The proposed Text Amendment will add the following terms and definitions to Section 15-6802 (Definitions) of the Citywide Development Code: Cigarette, Electronic Cigarette (or E-Cigarette), Existing Smoke Shop, Smoke and Vapor Products, Smoke Shop, Smoke Shop Operator, Smoking, Smoking Paraphernalia, Tobacco Product; and Tobacco Retailer. The new definitions will make the Text Amendment cohesive with State law and provide clarity on specific terms.

In addition, the proposed Text Amendment would replace existing regulations for tobacco and vapor sales in accordance with Section 15-2761 (Tobacco and Vapor Sales) and establish regulations relating to New and Exisitng Smoke Shops. The amendment will amortize Existing Smoke Shop establishments and allow up to seven (7) establishments per City Council District (49 Smoke Shops Citywide) and establish permitting and procedural requirements, location restrictions, and operational regulations for all New Smoke Shops.

**This project is exempt under Section 15061(b)(3) of the California Environmental Quality Act (CEQA) Guidelines.**

364568v1

Finding:

Staff has conducted a preliminary review of the project and has determined that it is exempt from CEQA pursuant to California Environmental Quality Act (CEQA) Guidelines Section 15061(b)(3) under the common sense exemption that CEQA applies only to projects which have the potential for causing a significant effect on the environment. Because the proposed Text Amendment is for Council to approve in order to modify the established framework for future and existing business establishments engaged in the sale of tobacco and vapor products (e.g. Smoke Shops) and does not commit the City to any specific project, it can be seen with certainty that there is no possibility that accepting the Text Amendment may have a significant effect on the environment. Therefore, this action is exempt from CEQA pursuant to CEQA Guidelines Section 15061(b)(3).

Evidence:

The proposed Text Amendment adds to existing definitions and modifies the existing regulations for retail establishments engaged in the sale of Smoke and Vapor Products as a primary use, which are not incidental to a larger retail use such as supermarkets and convenience stores; otherwise known as "Smoke Shops."

There will be negligible physical change to the environment as a result of the adoption of this Text Amendment as it is an amendment to the application establishments which sell tobacco and vapor products.  The Text Amendment does not relate to any physical project.

The regulations of the proposed Text Amendment will not intensify the use of any establishment. The application processes required for new Smoke Shops already exist within the Fresno Municipal Code and the proposed Text Amendment modifies existing regulations for reviewing and approving a project to establish a new Smoke Shop. As such, the proposed Text Amendment will not intensify any existing uses.

All individual projects under the proposed Text Amendment will be subject to discretionary review with a Conditional Use Permit (CUP). Each individual CUP will be evaluated pursuant to the requirements of CEQA and the appropriate level of environmental review will be completed when the scope and impacts of each individual entitlement are known.

Under the proposed Text Amendment, Existing Smoke Shops will be subject to amortization requirements which allows Existing Smoke Shops up to 18 months to change the nature of their business or wind them down and close operations. Alternatively, Existing Smoke Shops may apply for a CUP alongside new Smoke Shops. Any closure of business operations under the proposed amortization requirements, where the business does not qualify for a CUP to continue operating or does not change the nature of their business, will not result in blight, fire hazards, or attractive nuisance because property owners must comply with the requirements under FMC Section 10-617 (Blighted Vacant Building Ordinance).

Approval of this Text Amendment does not automatically permit the sale of tobacco and vapor products or the establishment of Smoke Shops in any district. Rather, it creates application rules and procedures for Existing and New Smoke Shop establishments seeking

to sell tobacco and vapor products. In this way, the actual CUP for individual projects are not yet approved and will be subject to future discretionary approval. Because this Text Amendment does not effectuate any approvals, and does not result in any intensification in use, it can be seen with certainty that there is no possibility that approval of this Text Amendment will have a significant effect on the environment or a reasonably foreseeable indirect effect on the environment.

Therefore, Text Amendment P23-03410 is exempt from CEQA pursuant to the common sense exemption set forth in Section 15061(b)(3) of the CEQA Guidelines.

Date: JANUARY 15, 2025

Submitted By: *Phillip Siegrist*

Phillip Siegrist
City of Fresno
Planning and Development Department

# Exhibit 3



RESOLUTION NO. ____2022-052____

A RESOLUTION OF THE COUNCIL OF THE CITY OF FRESNO, CALIFORNIA, INITIATING A TEXT AMENDMENT TO CHAPTER 15, ARTICLE 27, SECTION 15-2761 OF THE FRESNO MUNICIPAL CODE RELATING TO THE SALE OF TOBACCO PURSUANT TO FRESNO MUNICIPAL CODE SECTION 15-5803-A(1)

WHEREAS, on December 3, 2015, the Council of the City of Fresno, (Council) voted to adopt Ordinance Bill No. B-43, adding Chapter 15 to the Fresno Municipal Code, which is a comprehensive update to the City's Zoning Ordinance and is referred to as the "Citywide Development Code"; and

WHEREAS; Section 15-2700 et seq. of the Citywide Development Code sets forth standards for specific uses and activities that are permitted or conditionally permitted in some or all; and

WHEREAS, Fresno Municipal Code section 15-5803-A(1) authorizes the Council to initiate an amendment to the text of the Citywide Development Code by adopting a Resolution of Initiation; and

WHEREAS, the Council desires to amend section 15-2761 of the Citywide Development Code relating to the sale of tobacco to define "smoke shop," create Conditional Use Permit requirements, and include saturation provisions, buffers to sensitive uses, signage restrictions, and potential security measures.

NOW, THEREFORE, BE IT RESOLVED by the Council of the City of Fresno as follows:

1.       Pursuant to Fresno Municipal Code section 15-5803-A(1), the Council initiates the necessary proceedings to amend the text of Section 15-2761 of the City of

1 of 2

Date Adopted:  02/17/2022
Date Approved: 02/17/2022
Effective Date: 02/17/2022

Resolution No. 2022-052



Fresno's Zoning Ordinance relating to the sale of tobacco.

2.      The Council further directs staff to prepare any environmental assessment pursuant to the requirements of the California Environmental Quality Act (CEQA), bring the Text Amendment before the Airport Land Use Commission for consideration upon completion of environmental review, before the Planning Commission for consideration within thirty days of it being reviewed by the Airport Land Use Commission, and back before the Council for consideration within thirty days of the Planning Commission's review.

\* \* \* \* \* \* \* \* \* \* \* \* \*

STATE OF CALIFORNIA     )
COUNTY OF FRESNO        )  ss.
CITY OF FRESNO          )

I, TODD STERMER, City Clerk of the City of Fresno, certify that the foregoing Resolution was adopted by the Council of the City of Fresno, California, at a regular meeting thereof, held on the _____17th_____ Day of _____February_____, 2022.

    AYES     :Soria, Arias, Maxwell, Chavez, Bredefeld, Esparza
    NOES     :None
    ABSENT   :Karbassi
    ABSTAIN  :None

                                TODD STERMER, CMC
                                City Clerk

                        BY: _____ 2-22-2022
                            Deputy                      Date

APPROVED AS TO FORM:
DOUGLAS T. SLOAN CITY
ATTORNEY'S OFFICE

BY: _____ 2-22-22
    Mary Raterman-Doidge        Date
    Senior Deputy City Attorney

2 of 2

# **Exhibit 4**

**CITY OF FRESNO**
**PLANNING AND DEVELOPMENT DEPARTMENT**

## NOTICE OF PUBLIC HEARING
### ENVIRONMENTAL ASSESSMENT NO. P23-03410
### AND
### TEXT AMENDMENT APPLICATION NO. P23-03410

NOTICE IS HEREBY GIVEN that the Fresno City Planning Commission and the Fresno City Council, in accordance with Sections 15-4902, 15-4903, 15-5007, 15-5809 and 15-5810 of the Fresno Municipal Code (FMC) and in accordance with the procedures of Article 50, Chapter 15, of the FMC, will conduct public hearings to consider the items below, filed by the City of Fresno. At the hearings, the following will be considered:

1. **Environmental Assessment No. P23-03410**, dated January 15, 2024, consideration of a finding of Categorical Exemption, pursuant to Section 15061(b)(3) of the California Environmental Quality Act (CEQA) Guidelines.

2. **Text Amendment Application No. P23-03410** consideration of a citywide text amendment that would amend Sections 15-2761 and 15-6802 of the FMC relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

*The above documents are available for public review via e-mail (noted below) and within the upcoming Planning Commission and City Council agendas. Please contact the Planner identified below for additional information.

---

### FRESNO PLANNING COMMISSION

Date:  Wednesday, January 15, 2025

Time:  6:00 p.m., or thereafter

Place:  City Hall Council Chambers, Second Floor, 2600 Fresno Street, Fresno, CA 93721; or watch the live broadcast via the Zoom link located on the Planning Commission agenda found here: https://fresno.legistar.com/Calendar.aspx

---

### FRESNO CITY COUNCIL

Date:  Thursday, January 30, 2025

Time:  9:15 a.m., or thereafter

Place:  City Hall Council Chambers, Second Floor, 2600 Fresno Street, Fresno, CA 93721 or watch the live broadcast via the Zoom link located on the City Council agenda found here: https://fresno.legistar.com/Calendar.aspx

---

Any interested person may watch either or both of the meetings electronically during the public hearing through instructions provided on the Planning Commission and City Council Agendas. Any interested person may appear at either or both of the public hearings and present written testimony, or speak in favor or against the project proposal. However, for Planning Commission, all documents, including written testimony, shall be submitted at least 24 hours in advance of the Planning Commission agenda item being heard, via e-comment or by email to PublicCommentsPlanning@fresno.gov (cc Phillip.Siegrist@fresno.gov) pursuant to the Planning Commission rules and procedures, or they may be excluded from the administrative record of proceedings. All documents submitted to the City Council for its consideration shall be submitted to the City Clerk at least 24 hours prior to the Council Agenda item being heard, pursuant to the City Council's meeting rules and procedures, or they may be excluded from the administrative record of proceedings.  If an individual challenges the above applications in court, they may be limited to raising only those issues that were raised at the public hearings described in this notice, or in written correspondence delivered to the Development Services Division of the Planning and Development Department and/or Planning Commission and City Council consistent with their respective rules of procedure at, or prior to, the public hearing. The Planning Commission recommendation on the proposed Text Amendment and Environmental Assessment will be considered by the City Council.

NOTE: This public hearing notice is being published in the Fresno Bee pursuant to the requirements of FMC Section 15-5007.

For additional information regarding this project, contact Phillip Siegrist, Planning Manager, Planning and Development Department, 2600 Fresno Street, Fresno, California  93721-3604, by phone at (559) 621-8061 or via e-mail at Phillip.Siegrist@fresno.gov. *Si necesita información en Español, comuníquese con Valeria Ramirez al teléfono (559) 621-8046 o por correo electrónico a Valeria.Ramirez@fresno.gov.*

**CITY OF FRESNO**
**PLANNING AND DEVELOPMENT DEPARTMENT**

## NOTICE OF PUBLIC HEARING
### ENVIRONMENTAL ASSESSMENT NO. P23-03410
### AND
### TEXT AMENDMENT APPLICATION NO. P23-03410

NOTICE IS HEREBY GIVEN that the Fresno City Planning Commission and the Fresno City Council, in accordance with Sections 15-4902, 15-4903, 15-5007, 15-5809 and 15-5810 of the Fresno Municipal Code (FMC) and in accordance with the procedures of Article 50, Chapter 15, of the FMC, will conduct public hearings to consider the items below, filed by the City of Fresno. At the hearings, the following will be considered:

1. **Environmental Assessment No. P23-03410**, dated January 15, 2024, consideration of a finding of Categorical Exemption, pursuant to Section 15061(b)(3) of the California Environmental Quality Act (CEQA) Guidelines.

2. **Text Amendment Application No. P23-03410** consideration of a citywide text amendment that would amend Sections 15-2761 and 15-6802 of the FMC relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

*The above documents are available for public review via e-mail (noted below) and within the upcoming Planning Commission and City Council agendas. Please contact the Planner identified below for additional information.

---

### FRESNO PLANNING COMMISSION

Date: Wednesday, February 19, 2025

Time: 6:00 p.m., or thereafter

Place: City Hall Council Chambers, Second Floor, 2600 Fresno Street, Fresno, CA 93721; or watch the live broadcast via the Zoom link located on the Planning Commission agenda found here: https://fresno.legistar.com/Calendar.aspx

---

### FRESNO CITY COUNCIL

Date: Thursday, February 27, 2025

Time: 9:15 a.m., or thereafter

Place: City Hall Council Chambers, Second Floor, 2600 Fresno Street, Fresno, CA 93721 or watch the live broadcast via the Zoom link located on the City Council agenda found here: https://fresno.legistar.com/Calendar.aspx

---

Any interested person may watch either or both of the meetings electronically during the public hearing through instructions provided on the Planning Commission and City Council Agendas. Any interested person may appear at either or both of the public hearings and present written testimony, or speak in favor or against the project proposal. However, for Planning Commission, all documents, including written testimony, shall be submitted at least 24 hours in advance of the Planning Commission agenda item being heard, via e-comment or by email to PublicCommentsPlanning@fresno.gov (cc Phillip.Siegrist@fresno.gov) pursuant to the Planning Commission rules and procedures, or they may be excluded from the administrative record of proceedings. All documents submitted to the City Council for its consideration shall be submitted to the City Clerk at least 24 hours prior to the Council Agenda item being heard, pursuant to the City Council's meeting rules and procedures, or they may be excluded from the administrative record of proceedings.  If an individual challenges the above applications in court, they may be limited to raising only those issues that were raised at the public hearings described in this notice, or in written correspondence delivered to the Development Services Division of the Planning and Development Department and/or Planning Commission and City Council consistent with their respective rules of procedure at, or prior to, the public hearing. The Planning Commission recommendation on the proposed Text Amendment and Environmental Assessment will be considered by the City Council.

NOTE: This public hearing notice is being published in the Fresno Bee pursuant to the requirements of FMC Section 15-5007.

For additional information regarding this project, contact Phillip Siegrist, Planning Manager, Planning and Development Department, 2600 Fresno Street, Fresno, California  93721-3604, by phone at (559) 621-8061 or via e-mail at Phillip.Siegrist@fresno.gov. *Si necesita información en Español, comuníquese con Valeria Ramirez al teléfono (559) 621-8046 o por correo electrónico a Valeria.Ramirez@fresno.gov.*

# **Exhibit 5**

# City of Fresno

*City Hall Council Chambers*
*2600 Fresno Street*



## Meeting Minutes - Final

**Wednesday, January 15, 2025**

**6:00 PM**

**Regular Meeting**

**City Hall Council Chambers**
**2600 Fresno Street**

## <u>Planning Commission</u>

*Chairperson – Peter Vang*
*Vice Chair  -  Kathy Bray*
*Commissioner – David Criner*
*Commissioner – Monica Diaz*
*Commissioner – Jacqueline Lyday*
*Commissioner - Linda M Calandra*
*Commissioner – Gurdeep Singh Shergill*

**THE PLANNING COMMISSION WELCOMES YOU TO COUNCIL CHAMBERS, LOCATED AT CITY HALL, 2600 FRESNO STREET, FRESNO, CALIFORNIA 93721.**

**PUBLIC PARTICIPATION – Any interested person may appear at the public hearing and present written testimony or speak in favor or against the matters scheduled on the agenda. Public participation during Fresno City Planning Commission meetings is always encouraged and can occur by attending a meeting in the Council Chambers, City Hall, 2nd Floor, 2600 Fresno Street, Fresno, CA 93721. When called to speak during a meeting, you may approach the speaker podium upon the Chair's call for public comment.**

**All public speakers will have up to 3 minutes to address the Commission pursuant to Rule No. 13 of the Planning Commission Bylaws of the City of Fresno (available in the City Clerk's Office).**

**SUBMIT DOCUMENTS / WRITTEN COMMENTS –**
**1. E-mail – Agenda related documents and comments can be e-mailed to the Planning & Development Department. Unless otherwise required by law to be accepted by the City at or prior to a Commission meeting or hearing, no documents shall be accepted for Commission review unless they are submitted to the Planning and Development Department at least 24 hours prior to the commencement of the Commission meeting at which the associated agenda item is to be heard. All comments received at least 24 hours prior will be distributed to the Planning Commission prior and during the meeting and will be a part of the official record, pursuant to Article 4 (3).**
**    a. Email comments to PublicCommentsPlanning@fresno.gov.**
**    b. Emails should include the agenda date and item number you wish to speak on in the subject line of your email. Include your name and address for the record, at the top of the body of your email.**

**VIEWING PLANNING MEETINGS (non-participatory) – For your convenience, there are ways to view Planning Commission meetings live:**
**    1. Community Media Access Collaborative website: https://cmac.tv/**
**    2. Cable Television: Comcast Channel 96 and AT&T Channel 99**
**    3. Participate Remotely via Zoom:**
**       https://zoom.us/webinar/register/WN_l18M0bh8TbSGAo27i5ze1Q**
**       a. The above link will allow you to register in advance for remote participation in the meeting via the Zoom platform. After registering, you will receive a confirmation email containing additional details about joining the meeting.**

**Should any of these viewing methods listed above experience technical difficulties, the Commission meeting will continue uninterrupted. Commission meetings will only be paused to address verifiable technical difficulties for all users participating via**

**Zoom or in the Chambers.**

**The City of Fresno's goal is to comply with the Americans with Disabilities Act (ADA). Anyone requiring reasonable ADA accommodations, including sign language interpreters, or other reasonable accommodations such as language translation, should contact the office of the City Clerk at (559) 621-7650 or clerk@fresno.gov. To help ensure availability of these services, you are advised to make your request a minimum of 48 hours prior to the scheduled meeting.**

Planning Commission                **Meeting Minutes - Final**                **January 15, 2025**

## I.  ROLL CALL

*Chair Vang called the meeting to order at 6:00 p.m.*

*Commissioner Criner arrived at 6:08 p.m.*

*Also present were Jennifer Clark, Ashley Atkinson, Israel Trejo, Phillip Siegrist, Robert Holt, Juan Lara, Kari Camino, Heather Thomas (CAO), Dejan Pavic (DPU), Denise Soria (DPU), Jill Gormley (DPW), and Jairo Mata (DPW).*

**Present**  7 -  Chairperson Peter Vang, Commissioner David  Criner , Commissioner Kathy Bray, Commissioner Monica Diaz, Commissioner Jacqueline G. Lyday, Commissioner Linda Calandra, and Commissioner Gurdeep Singh Shergill

## II.  PLEDGE OF ALLEGIANCE

*6:00 p.m.*

## III.  PROCEDURES

*6:01 p.m.*

*Chair Vang read the procedures aloud.*

## IV.  AGENDA APPROVAL

*6:02 p.m.*

*Trejo reported no changes to the agenda.*

**On motion of Vice Chair Bray, seconded by Commissioner Diaz, the AGENDA was APPROVED.  The motion carried by the following vote:**

**Aye:**  6 -  Chairperson Vang, Commissioner Bray, Commissioner Diaz, Commissioner Lyday, Commissioner Calandra, and Commissioner Shergill

**Absent:**  1 -  Commissioner Criner

# V.  CONSENT CALENDAR

*6:03 p.m.*

**On motion of Vice Chair Bray, seconded by Commissioner Calandra, the CONSENT CALENDAR was APPROVED.  The motion carried by the following vote:**

| | | |
|---|---|---|
| **Aye:** | 6 - | Chairperson Vang, Commissioner Bray, Commissioner Diaz, Commissioner Lyday, Commissioner Calandra, and Commissioner Shergill |
| **Absent:** | 1 - | Commissioner Criner |

**V-A**   ID 25-37    November 20, 2024 Planning Commission Regular Meeting Minutes

**V-B**   ID 25-38    December 4, 2024 Planning Commission Regular Meeting Minutes

**V-C**   ID 25-79    December 18, 2024 Planning Commission Regular Meeting Minutes

# VI.  REPORTS BY COMMISSIONERS

*6:03 p.m.*

*None*

# VII.  CONTINUED MATTERS

*N/A*

# VIII.  NEW MATTERS

**Planning Commission**          **Meeting Minutes - Final**          **January 15, 2025**

**VIII-A**  [ID 25-77](ID 25-77)  Consideration of Annexation Application No. P22-03846, Pre-zone Application No. P22-04069 and the related Environmental Assessment No. P22-03846/P22-04069 pertaining to approximately 20.23 acres of property on the north and south sides of West Ashlan Avenue between North Polk and North Gregory Avenues (Council District 1) - Planning and Development Department.

1. **RECOMMEND ADOPTION** (to the City Council) of the Negative Declaration prepared for Environmental Assessment No. P22-03846/P22-04069 dated December 6, 2024, for the proposed project pursuant to California Environmental Quality Act (CEQA) Guidelines and Addendum dated January 15, 2025.

2. **RECOMMEND APPROVAL** (to the City Council) of Annexation Application No. P22-03846 (for the Ashlan-Polk Nos. 3 and 4 Reorganization) proposing detachment from the Kings River Conservation District and North Central Fire Protection District and annexation to the City of Fresno.

3. **RECOMMEND APPROVAL** (to the City Council) of Pre-zone Application No. P22-04069 proposing to pre-zone: approximately 9.54 acres of the subject property from the County of Fresno RR/NB (*Rural Residential/Neighborhood Beautification*) zone district to the City of Fresno RS-5/ANX (*Single-Family Residential, Medium Density/Annexed Rural Residential Transitional Overlay*) zone district; and approximately 9.78 acres of the subject property from the RR/NB (*Rural Residential/Neighborhood Beautification*) zone district to the City of Fresno RS-5/cz (*Single-Family Residential, Medium Density/conditions of zoning*) zone district.

*6:04 p.m.*

*Commissioner Criner arrived at 6:08 p.m.*

*Lara made a presentation including the general location, planned land use, Annexation proposal, Pre-Zone Application, and Staff recommendations. He explained that there was a previous recommended approval from the Planning Commission on June 19, 2024, however, a recent court ruling on the General Plan Program Environmental Impact Report (PEIR) necessitated revisions to the Environmental Assessment and Addendum to ensure compliance with the ruling. Tract 5756 was approved on March 25, 2008 and Lara noted that at that time, no Annexation Application was*

**Planning Commission**          **Meeting Minutes - Final**          **January 15, 2025**

*submitted for the western portion of the Tract Map.  The property will be Pre-Zoned, with a required condition of zoning to annex the property into Central Fire District 18 to offset Police and Fire costs associated with the Annexation.*

*Commissioners asked about traffic, road conditions, community outreach, and any proposed changes to the existing properties.  In response, Lorren Smith (Applicant) stated due to the Conditions of Approval, street repairs will be completed, there was a neighborhood meeting no one attended, and the existing properties will remain the same.*

*No public comment was given.*

**On motion of Chair Vang, seconded by Commissioner Diaz, that the above Action Item be RECOMMENDED FOR APPROVAL. The motion carried by the following vote:**

**Aye:**  7 -  Chairperson Vang, Commissioner Criner , Commissioner Bray, Commissioner Diaz, Commissioner Lyday, Commissioner Calandra, and Commissioner Shergill

**Planning Commission**            **Meeting Minutes - Final**            **January 15, 2025**

**VIII-B**    ID 25-84    Consideration of Tentative Tract Map No. 6468; Planned Development Permit Application No. P23-04061; and related Environmental Assessment No. T-6468/P23-04061 for approximately 7.82 acres of property located on the west side of South Crystal Avenue between West Hawes and West Orleans Avenues (Council District 3) - Planning and Development Department.

1. **ADOPT** the Mitigated Negative Declaration prepared for Environmental Assessment No. T-6468/P23-04061 dated December 16, 2024, for the proposed project, pursuant to California Environmental Quality Act (CEQA) Guidelines.

2. **APPROVE** Tentative Tract Map No. 6468 proposing to subdivide approximately 7.82 acres of property into an 84-lot single-family residential development, subject to compliance with the Conditions of Approval dated January 15, 2025.

3. **APPROVE** Planned Development Permit Application No. P23-04061 proposing to modify the RS-5 zone district development standards to allow for private streets and a reduction of the minimum setbacks, lot width, depth, and area, subject to compliance with the Conditions of Approval dated January 15, 2025.

*6:14 p.m.*

*Holt made a presentation on the project including the general location, land use, zoning, proposed tract map, planned development, and Staff recommendations.*

*Commissioners asked about community outreach, the size of the lots, setbacks, privacy, and pricing of homes in the development.*

*JP Gentry (Applicant) stated the developer was excited to give the residents of Southwest Fresno an opportunity to purchase a good product at an obtainable price. He explained the lots were smaller, but the community would benefit from the opportunity to purchase a home, and the homes would be market rate housing, targeted towards the residents of Southwest Fresno.*

**Planning Commission**    **Meeting Minutes - Final**    **January 15, 2025**

*Public Comment:*

*One person spoke in favor of the project, citing he owns a lot in the area, and is excited that the development will add value to the neighborhood.*

*4 people spoke in opposition, voicing concerns about smaller lot sizes, high density housing, developing on farmland, and financial security for the development.  They also voiced frustration about not being notified or allowed to comment on the project.*

*Holt, Gentry, and Terance Frazier (Applicant) addressed the concerns of the community regarding public noticing, high density housing, zoning, and financial plans for the development.*

**On motion of Commissioner Shergill, seconded by Commissioner Criner, that the above Action Item be APPROVED. The motion carried by the following vote:**

**Aye:** 7 -  Chairperson Vang, Commissioner Criner , Commissioner Bray, Commissioner Diaz, Commissioner Lyday, Commissioner Calandra, and Commissioner Shergill

**Planning Commission**　　　　**Meeting Minutes - Final**　　　　**January 15, 2025**

**VIII-C**　　ID 25-36　　Consideration of Text Amendment Application No. P23-03410 and related Environmental Finding for Environmental Assessment No. P23-03410, amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

> **1. RECOMMEND ADOPTION** (to the City Council), of a finding set forth in Environmental Assessment No. P23-03410 dated January 15, 2025, that Text Amendment Application No. P23-03410 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the CEQA Guidelines.

> **2. RECOMMEND APPROVAL** (to the City Council) of Text Amendment Application No. P23-03410, to amend Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

*7:12 p.m.*

*Siegrist made a presentation to amend Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions. The purpose of the Amendment is to require new Smoke Shops to obtain a Conditional Use Permit (CUP) and Business Tax License, establish regulations and operational requirements, annual inspections, fines, as well as amortize existing Smoke Shops, and only allow up to 7 establishments per City Council District. It would also provide public notice of available permits, and implement location restrictions near sensitive areas.*

*Commissioners asked questions regarding the cost and process to obtain a CUP, and concerns about closing 33 businesses by only allowing up to 7 establishments per City Council District. Director Clark clarified that the Text Amendment was initiated by City Council with specific goals in mind. Erica Camarena (CAO) spoke about a special Code Task Force that was created to sweep the City. She shared that they found over 100 illegal smoke shops and many other code violations such as illegal tobacco, loaded weapons, gambling, cannabis, and large amounts of cash. She also explained that Code Enforcement could not shut down the illegal shops, but remove the illegal product to cause them a loss in revenue.*

*Public Comment:*

*No one spoke in favor of the Amendment.*

*4 spoke in opposition of the Amendment voicing concerns of the Amortization of existing smoke shops, the cost of a Conditional Use Permit, signed lease agreements, and unobtainable rules to follow.*

*Commissioners spoke of not being able to recommend this Amendment to City Council.  They asked Staff to meet with the existing Smoke Shop owners and community to reach an Amendment that is not as restrictive and find a middle ground.*

**On motion of Chair Vang, seconded by Vice Chair Bray, that the above Action Item be CONTINUED TO MARCH 19, 2025. The motion carried by the following vote:**

**Aye:** 7 -  Chairperson Vang, Commissioner Criner , Commissioner Bray, Commissioner Diaz, Commissioner Lyday, Commissioner Calandra, and Commissioner Shergill

# IX.  REPORT BY SECRETARY

*8:15 p.m.*

*None*

# X.  SCHEDULED ORAL COMMUNICATIONS

*N/A*

# XI.  UNSCHEDULED ORAL COMMUNICATIONS

*8:15 p.m.*

*None*

# XII.  ADJOURNMENT

*Chair Vang adjourned the meeting at 8:16 p.m.*

# **Exhibit 6**

# City of Fresno

*City Hall Council Chambers*
*2600 Fresno Street*



## Meeting Minutes - Final

**Wednesday, February 19, 2025**

**6:00 PM**

**Regular Meeting**

**City Hall Council Chambers**
**2600 Fresno Street**

## <u>Planning Commission</u>

*Chairperson – Peter Vang*
*Vice Chair  -  Kathy Bray*
*Commissioner – David Criner*
*Commissioner – Monica Diaz*
*Commissioner – Jacqueline Lyday*
*Commissioner - Linda M Calandra*
*Commissioner – Gurdeep Singh Shergill*

**THE PLANNING COMMISSION WELCOMES YOU TO COUNCIL CHAMBERS, LOCATED AT CITY HALL, 2600 FRESNO STREET, FRESNO, CALIFORNIA 93721.**

**PUBLIC PARTICIPATION – Any interested person may appear at the public hearing and present written testimony or speak in favor or against the matters scheduled on the agenda. Public participation during Fresno City Planning Commission meetings is always encouraged and can occur by attending a meeting in the Council Chambers, City Hall, 2nd Floor, 2600 Fresno Street, Fresno, CA 93721. When called to speak during a meeting, you may approach the speaker podium upon the Chair's call for public comment.**

**All public speakers will have up to 3 minutes to address the Commission pursuant to Rule No. 13 of the Planning Commission Bylaws of the City of Fresno (available in the City Clerk's Office).**

**SUBMIT DOCUMENTS / WRITTEN COMMENTS –**
**1. E-mail – Agenda related documents and comments can be e-mailed to the Planning & Development Department. Unless otherwise required by law to be accepted by the City at or prior to a Commission meeting or hearing, no documents shall be accepted for Commission review unless they are submitted to the Planning and Development Department at least 24 hours prior to the commencement of the Commission meeting at which the associated agenda item is to be heard. All comments received at least 24 hours prior will be distributed to the Planning Commission prior and during the meeting and will be a part of the official record, pursuant to Article 4 (3).**
**    a. Email comments to PublicCommentsPlanning@fresno.gov.**
**    b. Emails should include the agenda date and item number you wish to speak on in the subject line of your email. Include your name and address for the record, at the top of the body of your email.**

**VIEWING PLANNING MEETINGS (non-participatory) – For your convenience, there are ways to view Planning Commission meetings live:**
**    1. Community Media Access Collaborative website: https://cmac.tv/**
**    2. Cable Television: Comcast Channel 96 and AT&T Channel 99**
**    3. Participate Remotely via Zoom:**
**       https://zoom.us/webinar/register/WN_I18M0bh8TbSGAo27i5ze1Q**
**       a. The above link will allow you to register in advance for remote participation in the meeting via the Zoom platform. After registering, you will receive a confirmation email containing additional details about joining the meeting.**

**Should any of these viewing methods listed above experience technical difficulties, the Commission meeting will continue uninterrupted. Commission meetings will only be paused to address verifiable technical difficulties for all users participating via**

**Zoom or in the Chambers.**

**The City of Fresno's goal is to comply with the Americans with Disabilities Act (ADA). Anyone requiring reasonable ADA accommodations, including sign language interpreters, or other reasonable accommodations such as language translation, should contact the office of the City Clerk at (559) 621-7650 or clerk@fresno.gov. To help ensure availability of these services, you are advised to make your request a minimum of 48 hours prior to the scheduled meeting.**

**Planning Commission**          **Meeting Minutes - Final**          **February 19, 2025**

## I.  ROLL CALL

*Chair Vang called the meeting to order at 6:00 p.m.*

*Commissioner Shergill arrived at 6:01 p.m.*

*Also present were Ashley Atkinson, Phillip Siegrist, Robert Holt, Kari Camino, Andrew Janz (CAO), Heather Thomas (CAO), Dejan Pavic (DPU), and Jairo Mata (DPW).*

**Present**  5 -  Chairperson Peter Vang, Commissioner Kathy Bray, Commissioner Jacqueline G. Lyday, Commissioner Linda Calandra, and Commissioner Gurdeep Singh Shergill

**Absent**  2 -  Commissioner David  Criner , and Commissioner Monica Diaz

## II.  PLEDGE OF ALLEGIANCE

*6:00 p.m.*

## III.  PROCEDURES

*6:01 p.m.*

*Commissioner Shergill arrived at 6:01 p.m.*

*Chair Vang read the procedures aloud.*

## IV.  AGENDA APPROVAL

*6:02 p.m.*

*Siegrist reported no changes to the agenda.*

**On motion of Vice Chair Bray, seconded by Commissioner Calandra, the AGENDA was APPROVED.  The motion carried by the following vote:**

**Aye:**  5 -  Chairperson Vang, Commissioner Bray, Commissioner Lyday, Commissioner Calandra, and Commissioner Shergill

**Absent:**  2 -  Commissioner Criner , and Commissioner Diaz

**Planning Commission**　　　　**Meeting Minutes - Final**　　　　**February 19, 2025**

## V.  CONSENT CALENDAR

*6:03 p.m.*

**On motion of Commissioner Lyday, seconded by Chair Vang, the CONSENT CALENDAR was APPROVED.  The motion carried by the following vote:**

**Aye:**  5 -  Chairperson Vang, Commissioner Bray, Commissioner Lyday, Commissioner Calandra, and Commissioner Shergill

**Absent:**  2 -  Commissioner Criner , and Commissioner Diaz

**V-A**　ID 25-237　　January 15, 2025 Planning Commission Regular Meeting Minutes

## VI.  REPORTS BY COMMISSIONERS

*6:03 p.m.*

*Chair Vang made an announcement that Item VIII-C (ID 25-162) and Item VIII-D (ID 25-82) have been continued to March 5, 2025.*

## VII.  CONTINUED MATTERS

*N/A*

## VIII.  NEW MATTERS

**Planning Commission**          **Meeting Minutes - Final**          **February 19, 2025**

**VIII-A**   ID 25-233   Consideration of Vesting Tentative Tract Map No. 6312, Planned Development Permit Application No. P24-04002, and related Environmental Assessment for approximately 9.23 acres of property located on the west side of North Portofino Drive, north of East Copper Avenue (Council District 6) - Planning and Development Department.

1. **ADOPT** Environmental Assessment No. T-6312/P24-04002 dated February 19, 2025, an Addendum to the Final Subsequent Environmental Impact Report State Clearinghouse No. 2000021003 (SEIR) for the proposed project, pursuant to Section 15164 of the California Environmental Quality Act (CEQA) Guidelines.

2. **APPROVE** Vesting Tentative Tract Map No. 6312 proposing to subdivide approximately 9.23 acres of property into a 22-lot single-family residential development, subject to compliance with the Conditions of Approval dated February 19, 2025.

3. **APPROVE** Planned Development Permit Application No. P24-04002 proposing to modify the RS-3 (*Single-Family Residential, Low Density*) zone district development standards to allow for private streets, a reduction in setbacks and lot width, and an increase in building height and lot coverage, subject to compliance with the Conditions of Approval dated February 19, 2025.

*6:04 p.m.*

*Holt made a presentation on the project including the general location, land use, zoning, proposed tract map, planned development, open space requirements, and Staff recommendations.*

*Gary McDonald (Applicant) provided a brief background on the project and thanked Staff. Commissioners asked questions about Senior housing, and price ranges of the development. In response, McDonald stated no Senior housing was planned, and pricing has not been set. He was available for any additional questions.*

*Public Comment:*

*No public comment was provided.*

**On motion of Commissioner Calandra, seconded by Commissioner Shergill, that the above Action Item be APPROVED. The motion**

---

carried by the following vote:

**Aye:**  5 -  Chairperson Vang, Commissioner Bray, Commissioner Lyday, Commissioner Calandra, and Commissioner Shergill

**Absent:**  2 -  Commissioner Criner , and Commissioner Diaz

**Planning Commission**            **Meeting Minutes - Final**            **February 19, 2025**

**VIII-B**    ID 25-160    Consideration of Text Amendment Application No. P23-03410 and related Environmental Finding for Environmental Assessment No. P23-03410, amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

> **1. RECOMMEND ADOPTION** (to the City Council), of a finding set forth in Environmental Assessment No. P23-03410 dated January 15, 2025, that Text Amendment Application No. P23-03410 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the CEQA Guidelines.

> **2. RECOMMEND APPROVAL** (to the City Council) of Text Amendment Application No. P23-03410, to amend Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

*6:10 p.m.*

*Siegrist made a presentation to amend Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.  The purpose of the Amendment is to require new Smoke Shops to obtain a Conditional Use Permit (CUP) and Business Tax License, establish regulations and operational requirements, annual inspections, fines, as well as amortize existing Smoke Shops, and only allow up to 7 establishments per City Council District.  It would also provide public notice of available permits, and implement location restrictions near sensitive areas.*

*Public Comment:*

*3 members of the public spoke in favor of the Text Amendment encouraging businesses operating illegally to be closed immediately, new restrictions should apply to all Tobacco retailers, and creating a Tobacco Retailer License with training.*

*14 spoke in opposition of the Text Amendment voicing concerns of the Amortization of existing Smoke Shops, irregularities in enforcement of rules by Code Enforcement, signed lease agreements for existing shops in sensitive areas, and unobtainable rules to follow.*

*Chair Vang moved to: Recommend increasing the number of Smoke Shops permitted within each City Council District from 7 to 10; Recommend increasing the time for the Amortization period from 18 months to 24 months; and Recommend grandfathering in existing Smoke Shops such that they would not be subject to the sensitive use location restrictions under the Text Amendment.*

*Vice Chair moved to: Recommend applying this legislation to all Tobacco Retailers, rather than just Smoke Shops; and Recommend creating a Tobacco Retailer License.*

*Commissioner Lyday moved to: Recommend that the City provide a Code Enforcement Workshop where business owners can meet with Code Enforcement, and everyone can be on the same page regarding this legislation; Recommend removing the lottery system from the Text Amendment, and making the application system entirely merit-based, which would include: The Smoke Shop Operator's business plan, their community impact, their experience, and history of compliance.  She also recommends including immediate closure of Smoke Shops which are engaged in gambling or sales of cannabis.*

*Commissioner Shergill moved to: Recommend creation of a City-based tool for business owners to gather information they need, and to report their concerns.*

*Commissioner Calandra requested to remove the CUP requirement for existing businesses, however, that request was not adopted.*

*Roll Call Vote was taken.*

**On motion of Chair Vang, seconded by Vice Chair Bray, that the above Action Item be RECOMMENDED FOR APPROVAL AS AMENDED. The motion carried by the following vote:**

**Aye:** 4 -  Chairperson Vang, Commissioner Bray, Commissioner Lyday, and Commissioner Shergill

**No:** 1 -  Commissioner Calandra

**Planning Commission**        **Meeting Minutes - Final**        **February 19, 2025**

**Absent:** 2 -  Commissioner Criner , and Commissioner Diaz

**VIII-C**   ID 25-162     **CONTINUED TO MARCH 5, 2025**

Consideration of Text Amendment Application No. P23-03472 and related Environmental determination, amending Section 15-6703 and Article 68 of the Citywide Development Code, relating to Hospitals and Sub-Acute Care Facilities and Terms and Definitions.

1. **RECOMMEND ADOPTION** (to the City Council), for Environmental Assessment No. P23-03472, that Text Amendment Application No. P23-03472 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the State CEQA Guidelines.

2. **RECOMMEND APPROVAL** (to the City Council), of Text Amendment Application No. P23-03472, to amend Section 15-6703 and Article 68 of the Citywide Development Code to define Sub-Acute Care Facility and to include Sub-Acute Care Facilities in the description for Hospitals.

*Item VIII-C (ID 25-162) is being continued as noted during agenda approval.*

**Planning Commission**                **Meeting Minutes - Final**                **February 19, 2025**

**VIII-D**    [ID 25-82](#)    **CONTINUED TO MARCH 5, 2025**

Consideration of Text Amendment Application No. P24-00794 and related Environmental Finding for Environmental Assessment No. P24-00794, repealing Section 15-1106 of the Fresno Municipal Code, amending Sections 15-1302, 15-4907, 15-5102, 15-6702, 15-6802 of the Fresno Municipal Code, and establishing Section 15-2742.5 of the Fresno Municipal Code, to permit ministerial approval of housing projects.

1.    **RECOMMEND ADOPTION** (to the City Council), of Mitigated Negative Declaration Sch No. 2024110662 for Text Amendment Application No. P24-00794.

2.    **RECOMMEND ADOPTION** (to the City Council), of Text Amendment Application No. P24-00794, repeal Section 15-1106 of the Fresno Municipal Code, amend Sections 15-1302, 15-4907, 15-5102, 15-6702, 15-6802 of the Fresno Municipal Code, and establish Section 15-2742.5 of the Fresno Municipal Code, to permit ministerial approval of housing projects in the following instances as noted below:

   a.    Ministerial approval of office to dwelling conversions in the Office zone district; and

   b.    Ministerial approval of multi-unit residential development in the RM-1, RM-2, and RM-3 zone districts on parcels within one-half mile of an existing bus stop; and

   c.    Ministerial approval of multi-unit residential uses in the NMX, CMX, RMX, CMS and CR zone districts on parcels within the City's Infill Priority Area; and

   d.    Ministerial approval of new multi-unit residential development in the Office zone district.

*Item VIII-D (ID 25-82) is being continued as noted during agenda approval.*

## IX.  REPORT BY SECRETARY

*7:38 p.m.*

*Atkinson informed the Commissioners that the next meeting would be a lengthy one, due to the two items that were continued.*

## X.  SCHEDULED ORAL COMMUNICATIONS

*N/A*

**Planning Commission**　　　**Meeting Minutes - Final**　　　**February 19, 2025**

# XI.  UNSCHEDULED ORAL COMMUNICATIONS

*7:39 p.m.*

*None*

# XII.  ADJOURNMENT

*Chair Vang adjourned the meeting at 7:39 p.m.*

# Exhibit 7

# City of Fresno

*City Hall Council Chambers*
*2600 Fresno Street*



## Meeting Minutes - Final

**Wednesday, March 19, 2025**

**6:00 PM**

**Regular Meeting**

**City Hall Council Chambers**
**2600 Fresno Street**

## <u>Planning Commission</u>

*Chairperson – Peter Vang*
*Vice Chair  -  Kathy Bray*
*Commissioner – David Criner*
*Commissioner – Monica Diaz*
*Commissioner – Jacqueline Lyday*
*Commissioner - Linda M Calandra*
*Commissioner – Gurdeep Singh Shergill*

Planning Commission                **Meeting Minutes - Final**                **March 19, 2025**

**THE PLANNING COMMISSION WELCOMES YOU TO COUNCIL CHAMBERS, LOCATED AT CITY HALL, 2600 FRESNO STREET, FRESNO, CALIFORNIA 93721.**

**PUBLIC PARTICIPATION – Any interested person may appear at the public hearing and present written testimony or speak in favor or against the matters scheduled on the agenda. Public participation during Fresno City Planning Commission meetings is always encouraged and can occur by attending a meeting in the Council Chambers, City Hall, 2nd Floor, 2600 Fresno Street, Fresno, CA 93721. When called to speak during a meeting, you may approach the speaker podium upon the Chair's call for public comment.**

**All public speakers will have up to 3 minutes to address the Commission pursuant to Rule No. 13 of the Planning Commission Bylaws of the City of Fresno (available in the City Clerk's Office).**

**SUBMIT DOCUMENTS / WRITTEN COMMENTS –**
**1. E-mail – Agenda related documents and comments can be e-mailed to the Planning & Development Department. Unless otherwise required by law to be accepted by the City at or prior to a Commission meeting or hearing, no documents shall be accepted for Commission review unless they are submitted to the Planning and Development Department at least 24 hours prior to the commencement of the Commission meeting at which the associated agenda item is to be heard. All comments received at least 24 hours prior will be distributed to the Planning Commission prior and during the meeting and will be a part of the official record, pursuant to Article 4 (3).**
    **a. Email comments to PublicCommentsPlanning@fresno.gov.**
    **b. Emails should include the agenda date and item number you wish to speak on in the subject line of your email. Include your name and address for the record, at the top of the body of your email.**

**VIEWING PLANNING MEETINGS (non-participatory) – For your convenience, there are ways to view Planning Commission meetings live:**
    **1. Community Media Access Collaborative website: https://cmac.tv/**
    **2. Cable Television: Comcast Channel 96 and AT&T Channel 99**
    **3. Participate Remotely via Zoom:**
        **https://zoom.us/webinar/register/WN_l18M0bh8TbSGAo27i5ze1Q**
    **a. The above link will allow you to register in advance for remote participation in the meeting via the Zoom platform. After registering, you will receive a confirmation email containing additional details about joining the meeting.**

---

Should any of these viewing methods listed above experience technical difficulties, the Commission meeting will continue uninterrupted. Commission meetings will only be paused to address verifiable technical difficulties for all users participating via Zoom or in the Chambers.

The City of Fresno's goal is to comply with the Americans with Disabilities Act (ADA). Anyone requiring reasonable ADA accommodations, including sign language interpreters, or other reasonable accommodations such as language translation, should contact the office of the City Clerk at (559) 621-7650 or clerk@fresno.gov. To help ensure availability of these services, you are advised to make your request a minimum of 48 hours prior to the scheduled meeting.

**Planning Commission**        **Meeting Minutes - Final**                **March 19, 2025**

## I.  ROLL CALL

*Chair Vang called the meeting to order at 6:01 p.m.*

*Commissioner Criner arrived at 6:05 p.m.*

*Also present were Jennifer Clark, Ashley Atkinson, Karen Jenks, Israel Trejo, Robert Holt, Heather Thomas (CAO), Denise Soria (DPU), and Jairo Mata (DPW).*

**Present**  7 -  Chairperson Peter Vang, Commissioner David  Criner , Commissioner Kathy Bray, Commissioner Monica Diaz, Commissioner Jacqueline G. Lyday, Commissioner Linda Calandra, and Commissioner Gurdeep Singh Shergill

## II.  PLEDGE OF ALLEGIANCE

*6:01 p.m.*

## III.  PROCEDURES

*6:02 p.m.*

*Chair Vang read the procedures aloud.*

## IV.  AGENDA APPROVAL

*6:03 p.m.*

*Trejo reported no changes to the agenda.*

**On motion of Commissioner Diaz, seconded by Commissioner Lyday, the AGENDA was APPROVED.  The motion carried by the following vote:**

**Aye:**  6 -  Chairperson Vang, Commissioner Bray, Commissioner Diaz, Commissioner Lyday, Commissioner Calandra, and Commissioner Shergill

**Absent:**  1 -  Commissioner Criner

## V.  CONSENT CALENDAR

*N/A*

# VI.  REPORTS BY COMMISSIONERS

*6:03 p.m.*

*None*

# VII.  CONTINUED MATTERS

*N/A*

# VIII.  NEW MATTERS

**Planning Commission**                  **Meeting Minutes - Final**                  **March 19, 2025**

**VIII-A**   [ID 25-376](#)   Consideration of Tentative Tract Map No. 6494 and related Environmental Assessment No. T-6494 for approximately 1.13 acres of property located on the southeast corner of West Barstow Avenue and North Veterans Boulevard (Council District 2) - Planning and Development Department.

> 1. **ADOPTION** of Environmental Assessment No. T-6494 dated March 19, 2025, a determination that the proposed Project is exempt from the provisions of the California Environmental Quality Act (CEQA) pursuant to Section 15332/Class 32 (In-fill Development Projects) of CEQA Guidelines.
>
> 2. **APPROVE** Tentative Tract Map No. 6494 proposing to subdivide approximately 1.13 acres of property into a 6-lot conventional single-family residential subdivision, subject to compliance with Conditions of Approval dated March 19, 2025.

*6:04 p.m.*

*Commissioner Criner arrived at 6:05 p.m.*

*Holt made a presentation on the project including the general location, land use, zoning, proposed tract map, Conditions of Approval, and Staff recommendations.*

*Brandon De Young (Applicant), and Ernie Escobedo thanked Staff for their hard work, gave a brief history of De Young Homes, and stated they were happy to be able to develop the property that was used as a temporary ponding basin until permanent drainage services were available. Escobedo also stated they accepted all of the Conditions of Approval.*

*Commissioners asked about affordable housing and if the houses would be energy efficient. In response, De Young stated the houses would be market-value and would be considered smart, energy efficient homes.*

*Public Comment:*

*No public comment was given.*

**On motion of Commissioner Shergill, seconded by Commissioner Diaz, that the above Action Item be APPROVED. The motion carried by the following vote:**

---

**Planning Commission**    **Meeting Minutes - Final**    March 19, 2025

      **Aye:**  7 -  Chairperson Vang, Commissioner Criner , Commissioner Bray, Commissioner Diaz, Commissioner Lyday, Commissioner Calandra, and Commissioner Shergill

**VIII-B**   ID 25-365   Workshop: Citizen Participation Plan for HUD Community Planning & Development Funding

*6:16 p.m.*

*Clark introduced Karen Jenks from the Community Development Division. Jenks presented a workshop on the Citizen Participation Plan for HUD Community Planning and Development Funding.  She gave an overview of the funding process, different types of Citizen participation, primary goals for the plan, and requirements.  She went into further detail explaining what updates have been made, public hearings that have been held, public notice given, review periods, accessibility, and multiple ways to provide comments. She was available for questions.*

*Commissioners thanked Jenks for the update, asked for a hard copy of the workshop, and suggested the Citizen Participation Plan be made available in Punjabi as well as English, Spanish and Hmong.*

**Planning Commission**    **Meeting Minutes - Final**    March 19, 2025

VIII-C  ID 25-388    Workshop: Planning Commission and the Review of Planning Entitlements

*6:24 p.m.*

*Director Clark presented a review of Planning Authorities and Entitlement Types. She briefly described the different Planning Authorities, their roles, and gave an in-depth description of the Planning Commission. She went on to explain the different types of decisions (Ministerial Decisions, Discretionary Quasi-Judicial, and Discretionary Legislative), and stated that Table 15-4907 that was provided to them is a convenient way to identify the proposed activity, type of decision, review authority, appeal body, and if public notice or a hearing is required.*

*Trejo continued the workshop with specific types of applications (Zone Clearance, Development Permits, Conditional Use Permits, Variance Applications, Planned Development Permits, Subdivisions, Text Amendments, Rezones, and Plan Amendments), and a brief outline of the Development and Planning Review process.*

*Commissioners thanked Staff for the information. Chair Vang asked about recent recommendations given to City Council, and Commissioner Shergill asked about the process of building an Accessory Dwelling Unit (ADU). Clark confirmed that City Council did in fact receive the Commission's recommendations, and explained the ADU permitting process.*

## IX.  REPORT BY SECRETARY

*7:01 p.m.*

*Clark stated that all Commissioners were added to the Public Notification List, and should be receiving daily notifications of any projects that have been posted for Public Review. The West Area Specific Plan Environmental Impact Report (EIR) was posted recently, and hopes they will get a head start on their reading.*

*Commissioner Shergill said the community members residing in the area West of State Route 99 are very excited for development in that area.*

## X.  SCHEDULED ORAL COMMUNICATIONS

*N/A*

## XI.  UNSCHEDULED ORAL COMMUNICATIONS

*7:02 p.m.*

*2 members of the public voiced concerns about lack of community notification, insufficient community meetings, and safety of the residents, especially in South West Fresno.*

## XII.  ADJOURNMENT

*Chair Vang adjourned the meeting at 7:08 p.m.*

# Exhibit 8

# City of Fresno

*2600 Fresno Street*
*Fresno, CA 93721*
*www.fresno.gov*



## Meeting Agenda - Final

**Thursday, February 27, 2025**

**9:00 AM**

**Regular Meeting**

**Council Chambers**

## City Council

*President - Mike Karbassi*
*Vice President - Miguel Angel Arias*
*Councilmembers:*
*Annalisa Perea, Tyler Maxwell, District 5 - Vacant,*
*Nick Richardson, Nelson Esparza*
*City Manager - Georgeanne A. White*
*City Attorney - Andrew Janz*
*City Clerk - Todd Stermer, MMC*

**THE FRESNO CITY COUNCIL WELCOMES YOU TO THE COUNCIL CHAMBER, LOCATED IN CITY HALL, 2ND FLOOR, 2600 FRESNO STREET, FRESNO, CALIFORNIA 93721.**

PUBLIC PARTICIPATION – Public participation during Fresno City Council meetings is always encouraged and can occur by attending a meeting in the Council Chambers on the 2nd floor of City Hall located at 2600 Fresno Street, Fresno, CA 93721.

To be called to speak during a meeting, please fill out a speaker card (located throughout the chamber) and place it in the speaker card collection basket at the front of the chamber. You may also approach the speaker podium upon the Council President's call for any additional public comment.

Unless otherwise announced, all public speakers will have up to 3 minutes to address Council pursuant to Rule No. 10 of the Rules of Procedure for the City Council of the City of Fresno (available in the City Clerk's Office).

SUBMIT DOCUMENTS / WRITTEN COMMENTS - Pursuant to Rule 11 (c) of the Rules of Procedure, no documents shall be accepted for Council review unless submitted to the City Clerk at least 24 hours prior to the Council Agenda item be heard. Documents / written comments related to an agenda item can be submitted by one of the following methods:

1) eComment – eComment allows the public to submit agenda related comments through a website prior to the meeting. Submitted comments are limited to 1440 characters and will be a part of the official record.

a) Submit an e-Comment by visiting https://fresno.legistar.com/Calendar.aspx and selecting the "eComment" link.

b) e-Comment is available for use upon publication of the agenda and closes 24 hours prior to the meeting start time [pursuant to Rule 11(c)].

c) e-Comment is not permitted for Land use or CEQA items.

d) The e-Comment Electronic User Agreement can be viewed at: https://www.fresno.gov/cityclerk/#information

2) E-mail – Agenda related documents and comments can be e-mailed to the Office of the City Clerk at least 24 hours prior to the agenda item being heard, pursuant to Rule 11(c).

a) E-mail the Clerk's Office at clerk@fresno.gov

b) E-mails should include the agenda date, and the related agenda item number.

VIEWING CITY COUNCIL MEETINGS (non-participatory) - For your convenience, there are several ways to view Fresno City Council meetings live:

1) City of Fresno website: https://fresno.legistar.com/Calendar.aspx (click "In Progress" to view the live meeting).

2) Community Media Access Collaborative website: https://cmac.tv/

3) YouTube - City of Fresno Council, Boards and Commissions Channel: https://www.youtube.com/channel/UC3ld83D8QGn1YBDw6aD5dZA/videos

4) Facebook: https://www.facebook.com/FresnoCA/videos

5) Cable Television: Comcast Channel 96 and AT&T Channel 99

6) Zoom: https://www.fresno.gov/council-meeting/

Should any of the viewing methods above experience technical difficulties, the Council meeting will continue uninterrupted. Meetings will only be paused to address verified technical issues that interrupt public participation during meetings.

The City of Fresno's goal is to comply with the Americans with Disabilities Act (ADA). If reasonable ADA accommodations are needed, including sign language interpretation, contact the Office of the City Clerk at (559) 621-7650 or clerk@fresno.gov. Also contact the Office of the City Clerk if spoken language translation is required. Accommodation and language requests should be made a minimum of three business days prior to the scheduled meeting.

GOVERNMENT CODE 84308 CONTRIBUTION PROHIBITIONS AND MANDATORY DISCLOSURES - The Political Reform Act of 1974 (Act) restricts campaign contributions over $500 to a decision-making public official from a party or participant, or their agent, in a proceeding involving a license, permit, contract, or entitlement for use. The Act requires disclosure of the contribution and creates a conflict where a decision-maker has received $500 or more from a party or participant to a proceeding in the prior 12 months. A decision-maker must disclose on the record during the proceeding that they have received contributions from a party, participant, or agent of a party or participant, greater than $500 within the preceding 12 months and the name(s) of the contributor(s). (See 2 CCR 18438.8(a).) Parties to a proceeding are required to disclose on the record if they made contributions over $500 to a decision-maker within the prior 12 months, and are prohibited from making contributions to a decision-maker during the proceeding and for 12 months after the date a final decision is rendered on the proceeding.

City Council                  Meeting Agenda - Final              February 27, 2025

9:00 A.M. ROLL CALL

Invocation by Pastor Kevin Foster of Lifebridge Community Church

Pledge of Allegiance to the Flag

## APPROVE AGENDA

## CEREMONIAL PRESENTATIONS

ID 25-116          Proclamation for "Mid Valley's Recycler of the Year"

*Sponsors:*       Council President Karbassi

ID 25-199          Proclamation "Community Media Access Collaborative" Day

*Sponsors:*       Office of Mayor & City Manager

ID 25-44           Fresno Animal Center presents "Pet of the Month"

*Sponsors:*       Animal Center Department

## COUNCILMEMBER REPORTS AND COMMENTS

## MAYOR/MANAGER REPORTS AND COMMENTS

## 1.  SCHEDULED COUNCIL HEARINGS AND MATTERS

## Joint Meeting of the City Council, The City in Its Capacity as Housing Successor to the Redevelopment Agency of the City of Fresno and The Fresno Revitalization Corporation

## 9:05 A.M. JOINT MEETING

ID 25-261          Actions pertaining to the affordable residential housing
                   project at 1241-1263 Broadway Plaza, Fresno, California
                   commonly known as Hotel Fresno:
                   1.  Approve a Fifth Amendment to the Amended and Restated
                   Owner Participation Agreement with Broadway Plaza Family
                   Apartments, LP and the City of Fresno, in its capacity as
                   Housing Successor to the Redevelopment Agency of the City
                   of Fresno (District 3).

**City Council**                    **Meeting Agenda - Final**                    **February 27, 2025**

_Sponsors:_          Successor Agency to the Redevelopment Agency of the City
                     of Fresno

## 9:10 A.M. JOINT MEETING (CONTINUED TO MARCH 13, 2025, AT 9:10 A.M.)

ID 25-27          ***RESOLUTION - Repealing Resolution Number 2024-125
                  and replacing it with language in support of a contribution of
                  City and Housing Successor Agency land toward the Ventura
                  Family Apartments project located on Cesar Chavez Blvd
                  between Seventh and Eighth streets (City Council District 5)
                  (Subject to Mayor's Veto)

_Sponsors:_          Planning and Development Department and Successor
                     Agency to the Redevelopment Agency of the City of Fresno

## 9:15 A.M.

ID 25-132         HEARING for Consideration of Text Amendment Application
                  No. P23-03410 and related Environmental Finding for
                  Environmental Assessment No. P23-03410, amending
                  Sections 15-2761 and 15-6802 of the Citywide Development
                  Code, relating to Tobacco and Vapor Sales, Smoke Shops,
                  and Definitions.
                  1.  ADOPTION of a finding set forth in Environmental
                  Assessment No. P23-03410 dated January 15, 2025, that
                  Text Amendment Application No. P23-03410 is exempt from
                  the California Environmental Quality Act (CEQA) pursuant to
                  Section 15061(b)(3) of the CEQA Guidelines.
                  2.  BILL (for introduction) amending Sections 15-2761 and 15
                  -6802 of the Citywide Development Code, relating to relating
                  to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

_Sponsors:_          Planning and Development Department

City Council                    **Meeting Agenda - Final**                    **February 27, 2025**

## 9:20 A.M.

ID 25-242          HEARING to Consider Annexation Application No. P22-03846, Pre-zone Application No. P22-04069 and the related Environmental Assessment No. P22-03846/P22-04069 pertaining to approximately 20.23 acres of property on the north and south sides of West Ashlan Avenue between North Polk and North Gregory Avenues (Council District 1)

1. ADOPT - Negative Declaration prepared for Environmental Assessment No. P22-03846/P22-04069 dated December 6, 2024, for the proposed project pursuant to the California Environmental Quality Act (CEQA) and Addendum dated January 15, 2025.

2. RESOLUTION - Approving Annexation Application No. P22-03846 (for the Ashlan-Polk Nos. 3 and 4 Reorganization) proposing detachment from the Kings River Conservation District and North Central Fire Protection District and annexation to the City of Fresno.

3. BILL - (For introduction and adoption) - Approving Pre-zone Application No. P22-04069 proposing to pre-zone approximately 9.54 acres of the subject property from the County of Fresno RR/NB (Rural Residential/Neighborhood Beautification) zone district to the City of Fresno RS-5/ANX (Single-Family Residential, Medium Density/Annexed Rural Residential Transitional Overlay) zone district; and approximately 9.78 acres of the subject property from the RR/NB (Rural Residential/Neighborhood Beautification) zone district to the City of Fresno RS-5/cz (Single-Family Residential, Medium Density/conditions of zoning) zone district.

_**Sponsors:**_          Planning and Development Department

## 10:00 A.M.

ID 25-262          Appearance by Jerry Veliz regarding "Create Bus lanes" (District 7 Resident)

_**Sponsors:**_          Office of the City Clerk

City Council                **Meeting Agenda - Final**                **February 27, 2025**

## 2.  CONSENT CALENDAR

**2.-A.**  ID 25-264          Approval of the minutes for February 13, 2025

      _Sponsors:_          Office of the City Clerk

**2.-B.**  ID 25-234          BILL - (For introduction) - Amending Subsection (a) of
                            Section 7-504, and Subsection (a) of Section 7-505 of the
                            Fresno Municipal Code relating to the local Sales and Use
                            Taxes

      _Sponsors:_          Budget and Management Studies Department

**2.-C.**  ID 25-252          Actions pertaining to the Habitat Restoration and
                            Revegetation Plan in support of the River West Eaton Trail
                            Extension Project:
                            1.  RESOLUTION - Adopting Findings Pursuant to California
                            Environmental Quality Act (CEQA) Guidelines Sections
                            15091 and 15093 as Required by CEQA Guidelines Section
                            15096 for the Habitat Restoration and Revegetation Plan in
                            Support of the River West Eaton Trail Extension Project;
                            2.  ***RESOLUTION - Approving the Application and
                            Acceptance of $172,000.00 in Grant Funds from the Wildlife
                            Conservation Board and Authorizing Execution of Grant
                            Related Documents for the Habitat Restoration and
                            Revegetation Plan in Support of the River West Eaton Trail
                            Extension Project.  (Subject to Mayor's Veto)

      _Sponsors:_          Capital Projects Department and Public Works Department

**2.-D.**  ID 25-149          Approve Contract Change Order No. 02 in the amount of
                            $149,515.21, with Twenty-Nine additional working days for
                            the redesign of the First Street bridge canal liner and
                            balancing of Contract Bid Item overruns and underruns with
                            American Paving Company of Fresno, California for the
                            Rebid Bridge Preventative Maintenance Program Phase II at
                            Various Locations Project - Project ID PW00771. (Bid File
                            12400024-1) (Council Districts 4 and 7)

      _Sponsors:_          Capital Projects Department and Public Works Department

**2.-E.**  ID 25-184          Approve Third Amendment to the Consultant Services
                            Agreement with BKF Engineers, a California Corporation in

**City Council**                    **Meeting Agenda - Final**                    **February 27, 2025**

the amount of $107,376.00 for a total increased contract amount of $1,143,125.00, with $3,700.00 remaining contingency, for additional professional engineering services required for the design of plans and general construction documents for the Herndon Avenue Widening between Polk Avenue and Milburn Avenue Project. (Council District 2)

<u>**Sponsors:**</u>    Capital Projects Department and Public Works Department

**2.-F.**    [ID 25-194](#)    Actions pertaining to the disposition of a City owned, undeveloped parcel located on the east side of Broadway Avenue, north of Divisadero Street in Fresno, California (Council District 3):

1.  Adopt a Categorical Exemption per Environmental Assessment Number P23-01843, pursuant to Section 15303/Class 3 of the California Environmental Quality Act (CEQA) Guidelines,

2.  RESOLUTION - Approving the Summary Vacation of those portions of the public street easements located on the east side of Broadway Avenue, north of Divisadero Street,

3.  ***RESOLUTION - Declaring a 475.3 square foot portion of public street right of way located on the east side of Broadway Avenue, north of Divisadero Street, Fresno, California to be exempt surplus land  (Subject to Mayor's Veto),

4.  ***RESOLUTION - Finding Good Cause and Clear and Convincing Benefit to the Public pursuant to Fresno Municipal Code section 4-204, relating to the disposition of real surplus property located on the east side of Broadway Avenue, north of Divisadero Street; (Requires 5 Affirmative Votes) (Subject to Mayor's veto),

5.  Approve the execution of the Agreement for Purchase and Sale of Real Property and Escrow Instructions to sell a 0.011 -acre (475.3 square feet) City owned, undeveloped portion of land, located on the east side of Broadway Avenue, north of Divisadero Street, adjacent to Assessor's Parcel Number 459 -304-01, in the amount of $1,238.00 to Margaret R. Boyajian Courtis and Jeffrey L. Boyajian, and authorize the City Manager or designee to execute the Purchase and Sale Agreement and associated Grant Deed and escrow

| City Council | Meeting Agenda - Final | February 27, 2025 |

documents on behalf of the City for the transfer of the subject property.

| | _Sponsors:_ | Capital Projects Department and Public Works Department |

**2.-G.** ID 25-221    Action pertaining to the declaration of surplus personal property in support of the Blackstone McKinley BNSF Grade Separation Project: (Council Districts 1 and 7)
1.  ***Resolution - Declaring certain City-owned materials and equipment as surplus personal property and authorizing their sale at public auction to the highest bidder. (Subject to Mayor's Veto)

| | _Sponsors:_ | Capital Projects Department and Public Works Department |

**2.-H.** ID 25-222    Approve a Fifth Amendment to the Consultant Services Agreement with Blair Church & Flynn Consulting Engineers, Incorporated of Fresno, California, in the amount of $41,529, increasing the total contract amount to $251,559 with the remaining contingency amount not to exceed $8,000, for civil engineering design services and preparation of construction documents for the Southbound Polk Avenue Widening Project from Gettysburg Avenue to Shaw Avenue. (Council District 1)

| | _Sponsors:_ | Capital Projects Department and Public Works Department |

**2.-I.** ID 25-225    Approve Contract Change Order No. 05 in the amount of $159,863.55, with no additional working days for price escalations and additional work items with Emmett's Excavation, Incorporated of Clovis, California for the Traffic Signal Improvements and Construction of Storm Drainage Facilities at West Clinton Avenue and North Valentine Avenue Project - Project ID PW00678 / PW00944. (Bid File 3751) (Council District 3)

| | _Sponsors:_ | Capital Projects Department and Public Works Department |

**2.-J.** ID 25-43    Actions pertaining to the new Fire Station 12 Project: (Bid File No. 125000492) (Council District 1)
1.  Adopt a finding of Categorical Exemption per staff determination, pursuant to Section 15332/Class 32 of the California Environmental Quality Act (CEQA), Environmental Assessment No. XC00050;

---

*City of Fresno*                    ****Subject to Mayoral Veto***                    *Page 9*

**City Council**                     **Meeting Agenda - Final**                     **February 27, 2025**

2.  \*\*\*RESOLUTION - Adopt the 29th Amendment to the Annual Appropriation Resolution No. 2024-122 appropriating $14,300,000.00 for the Fire Station 12 Construction Contract (Requires 5 Affirmative Votes) (Subject to Mayor's Veto);
3.  Award a construction contract in the amount of $14,299,313.54 for the Base Bid plus all three (3) Add Alternates to Solpac Construction, Inc. dba Soltek Pacific Construction Company of San Diego, California, as the lowest responsive and responsible bidder for the Fire Station 12 Project.

<u>*Sponsors:*</u>    Capital Projects Department and Fire Department

**2.-K.**  ID 25-226    Actions related to amending agreement #A211006364 with the California Office of Emergency
    Services (Cal OES):
1.  Approve Acceptance of Cal OES 8th Amendment for an additional $50,000 for Haz Mat Training Agreement #A211006364, and authorize the Fire Chief to compensate Fire personnel to staff vacancies caused by training attendance
2.  \*\*\*RESOLUTION - Adopting the 37th Amendment to the Annual Appropriation Resolution No. 2024-122 Appropriating $50,000 for Amendment Eight for Haz Mat Training Agreement A211006364 (Requires 5 Affirmative Votes) (Subject to Mayor's Veto)

<u>*Sponsors:*</u>    Fire Department

**2.-L.**  ID 25-253    Actions pertaining to the lease of city-owned agricultural land at the Fresno-Clovis Regional Wastewater Reclamation Facility (Bid File #101824DN) (District 3):
1.  Adopt a finding of Categorical Exemption per staff determination pursuant to Sections 15301/Class 1 and 15304/Class 4 of the California Environmental Quality Act (CEQA) Guidelines
2.  Approve a Lease Agreement between the City of Fresno and James F. Cook in the amount of $243,200 annually for lease of approximately 400 acres of City-owned agricultural land at the Fresno-Clovis Regional Wastewater Reclamation Facility (RWRF) for an initial term through December 31,

| City Council | Meeting Agenda - Final | February 27, 2025 |

2028, plus one optional four-year extension; and authorize the Director of General Services or designee to execute the Lease Agreement and subsequent extensions on the City's behalf

**_Sponsors:_** General Services Department and Department of Public Utilities

**2.-M.** ID 25-214    Reject the proposal received for a requirements contract for uniform and linen services (Bid File 9687) (Citywide)

**_Sponsors:_** General Services Department

**2.-N.** ID 25-251    RESOLUTION - Authorizing the City Manager or designee to apply for a grant of up to $15 million from the National Park Service's Outdoor Recreation Legacy Partnership (ORLP) Program to fund Phase II Development of South Peach Avenue Park located at 2155 South Peach Avenue and authorizing the City Manager or designee to sign all related documents on behalf of the City (District 5)

**_Sponsors:_** Parks, After School and Recreation and Community Services Department

**2.-O.** ID 25-239    Authorize the Chief of Police to enter a one-year agreement with options for two one-year extensions with County of Fresno for the reimbursement of five Fresno Police Officers, one Police Sergeant, and one Crime Analyst, which will be assigned to the Adult Compliance Team (ACT)/ Multi-Agency Gang Enforcement Consortium Team (MAGEC) in an amount of $5,820,225 for three years (or $1,940,075 on an annual fiscal year basis).   This amount will vary for years two and three as it is dependent upon contractual agreements with the various bargaining groups.

**_Sponsors:_** Police Department

**2.-P.** ID 25-240    ***RESOLUTION - Adopt a resolution authorizing an exception to formal bidding procedures and award of a sole source purchase agreement with Dooley Enterprises for the purchase of law enforcement ammunition for an amount not to exceed $282,400 annually for each budget year (Subject to Mayor's Veto)

**_Sponsors:_** Police Department

**2.-Q.**  ID 25-168    Actions pertaining to a $50,000,000 Low-Interest Loan through the State Water Resources Control Board Clean Water State Revolving Fund for the Sidestream Nitrate Control Project at the Fresno-Clovis Regional Wastewater Reclamation Facility (Council District 3):
1.  Adopt a Mitigated Negative Declaration (SCH 2024120578) dated December 2024, for the proposed Sidestream Nitrate Control Project, pursuant to California Environmental Quality Act (CEQA) Guidelines;
2.  ***RESOLUTION - Authorizing the Director of Public Utilities or designee(s) to prepare and submit grant applications, accept funds, and execute any financial assistance agreements and amendments with the California State Water Resources Control Board on behalf of the City of Fresno for the planning, design, and construction of the Sidestream Treatment System at the Fresno-Clovis Wastewater Reclamation Facility (Subject to Mayor's Veto);
3.  ***RESOLUTION - The City of Fresno, California stating its intention to be reimbursed for expenditures incurred ahead of approval of the disbursement of Clean Water State Revolving Fund funds from the State Water Resources Control Board for the Sidestream Treatment System at the Fresno-Clovis Wastewater Reclamation Facility (Subject to Mayor's Veto).

       *Sponsors:*    Department of Public Utilities

**2.-R.**  ID 25-201    Award a Requirements Contract to Univar Solutions USA LLC, for the purchase of bulk calcium hydroxide, for three years with an option for two one-year extensions, in the amount of $4,374,165.77. (Bid File 12402973) (Citywide)

       *Sponsors:*    Department of Public Utilities

**2.-S.**  ID 25-255    ***RESOLUTION - Authorizing the Submission of a Grant Application to the Fresno Council of Governments for the Measure "C" Transit Oriented Development Grant Program Cycle XIII in the amount not to exceed $1,520,000 for the Project(s) to support transit oriented development; and Authorizing the Execution of Grant Application and Grant Agreement Documents by the Public Works Director or

**City Council**                    **Meeting Agenda - Final**                    **February 27, 2025**

|  |  | Designee. (Council District 7) (Subject to Mayor's Veto) |
|---|---|---|
|  | *Sponsors:* | Public Works Department |
| **2.-T.** | ID 25-224 | ***RESOLUTION - Adopting the 43rd Amendment to the Annual Appropriation Resolution No. 2024-122 to appropriate $849,900 for new capital improvement projects in the Public Works Department (Citywide) (Requires 5 Affirmative Votes) (Subject to Mayor's Veto) |
|  | *Sponsors:* | Public Works Department |
| **2.-U.** | ID 25-244 | RESOLUTION - Authorizing the Submission of Applications for Grant Funds for the 2025/2026 Congestion Mitigation and Air Quality Improvement Program and the Surface Transportation Block Grant Program Call for Projects from the Fresno Council of Governments and Authorizing the Execution of all Application Related Documents by the Public Works Director, the Transportation Director, or designees. (Citywide) |
|  | *Sponsors:* | Public Works Department and Department of Transportation |
| **2.-V.** | ID 25-112 | Reject the proposal received for Fire Suppression and Fire Alarm Systems Services at Various locations (Bid File No. 12500182). |
|  | *Sponsors:* | Department of Transportation |
| **2.-W.** | ID 25-258 | Approve City Attorney Amended At-Will Agreement. |
|  | *Sponsors:* | Council President Karbassi |

## CONTESTED CONSENT CALENDAR

## 3.  GENERAL ADMINISTRATION

## UNSCHEDULED COMMUNICATION

**PLEASE NOTE: UNSCHEDULED COMMUNICATION IS NOT SCHEDULED FOR A SPECIFIC TIME AND MAY BE HEARD ANY TIME DURING THE MEETING**

## 4.  CITY COUNCIL

| **4.-A.** | ID 25-207 | WORKSHOP - Clovis Unified Partnership |
|---|---|---|
|  | *Sponsors:* | Council President Karbassi |

## 5.  CLOSED SESSION

**5.-A.**  ID 25-218    CONFERENCE WITH LEGAL COUNSEL-EXISTING
LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
Park 7, LLC., and LandValue Management LLC., v. City of
Fresno; Fresno Superior Court Case No. 24CECG04298

_Sponsors:_    City Attorney's Office

**5.-B.**  ID 25-278    CONFERENCE WITH LEGAL COUNSEL--EXISTING
LITIGATION - Government Code Section 54956.9,
subdivision (d)(1): City of Fresno v. United States
Department of Interior, Bureau of Reclamation; US Court of
Federal Claims 1:16-cv-01276

_Sponsors:_    City Attorney's Office

**5.-C.**  ID 25-280    CONFERENCE WITH LEGAL COUNSEL-EXISTING
LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
City of Fresno v. Fresno Building Healthy Communities Court
of Appeal Case No.: F084662; and Fresno Building Healthy
Communities v. City of Fresno Court of Appeal Case No.:
F084666 (PARCS Department)

_Sponsors:_    City Attorney's Office

**5.-D.**  ID 25-287    CONFERENCE WITH LEGAL COUNSEL - ANTICIPATED
LITIGATION
Government Code Section 54956.9, subdivision (d)(4)
Case Name: City of Fresno v. Kochar Vardanyan;
            (Code Enforcement case number E24- 01739)

_Sponsors:_    City Attorney's Office

## ADJOURNMENT

### UPCOMING SCHEDULED COUNCIL HEARINGS AND MATTERS

_March 13, 2025, 9:10 A.M. - RESOLUTION - Repealing Resolution Number
2024-125 and replacing it with language in support of a contribution of City and
Housing Successor Agency land toward the Ventura Family Apartments_

*March 13, 2025, 9:15 A.M. - HEARING to adopt Resolutions and Ordinance to Annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 65*

*March 13, 2025, 10:05 A.M. - HEARING to consider the vacation of a portion of the public street easement on the north side of West Nees Avenue, east of West Audubon Drive*

## UPCOMING EMPLOYEE CEREMONIES

EMPLOYEE OF THE QUARTER - 10:00 A.M.
• April 2, 2025 (Wednesday) - Employee of the Spring Quarter
• July 16, 2025 (Wednesday) - Employee of the Summer Quarter
• October 15, 2025 (Wednesday) - Employee of the Fall Quarter

EMPLOYEE SERVICE AWARDS - 10:00 A.M.
• April 16, 2025 (Wednesday) - Employee Service Awards
• November 19, 2025 (Wednesday) - Employee Service Awards

## 2025 CITY COUNCIL MEETING SCHEDULE

*March 13, 2025 - 9:00 A.M. (Regular Meeting)*
*March 27, 2025 - 9:00 A.M. (Regular Meeting)*
*April 10, 2025 - 9:00 A.M. (Regular Meeting)*
*April 24, 2025 - 9:00 A.M. (Regular Meeting)*
*May 1, 2025 - 9:00 A.M. (Regular Meeting)*
*May 15, 2025 - 9:00 A.M. (Regular Meeting)*

# **Exhibit 9**



# City of Fresno

2600 Fresno Street
Fresno, CA 93721
www.fresno.gov

## Meeting Minutes
## City Council

***President - Mike Karbassi***
***Vice President - Miguel Angel Arias***
***Councilmembers:***
***Annalisa Perea, Tyler Maxwell, District 5 - Vacant,***
***Nick Richardson, Nelson Esparza***
***City Manager - Georgeanne A. White***
***City Attorney - Andrew Janz***
***City Clerk - Todd Stermer, MMC***

| | | |
|---|---|---|
| **Thursday, February 27, 2025** | **9:00 AM** | **Council Chambers** |

### Regular Meeting

**The City Council met in regular session in the Council Chamber, City Hall, on the date and time above written.**

9:05 A.M. ROLL CALL

*Council District 5 is vacant pending a March 18, 2025, special election.*

**Present:** 5 - Council President Mike Karbassi
Vice  President Miguel Angel Arias
Councilmember Annalisa Perea
Councilmember Nick Richardson
Councilmember Nelson Esparza

**Absent:** 1 - Councilmember Tyler Maxwell

Invocation by Pastor Kevin Foster of Lifebridge Community Church

*Pastor Kevin Foster gave the invocation.*

Pledge of Allegiance to the Flag

*Councilmember Richardson led the Pledge of Allegiance.*

## APPROVE AGENDA

*CITY CLERK STERMER ANNOUNCED THE FOLLOWING ITEMS WERE REMOVED FROM THE AGENDA:*

City Council                    **Meeting Minutes**                    **February 27, 2025**

*9:15 A.M. (ID 25-132) regarding tobacco and vapor sales, smoke shops, and definitions in the Citywide Development Code - tabled to March 13, 2025 by the City Attorneys Office.*

*2-G (ID 25-221) regarding the declaration of surplus personal property in support of the Blackstone McKinley BNSF Grade Separation Project - tabled with no return date by staff.*

*2-L (ID 25-253) regarding the lease of city-owned agricultural land at the Fresno-Clovis Regional Wastewater Reclamation Facility - tabled to the March 13, 2025 by staff.*

*5.-A. (ID 25-218) regarding Park 7, LLC., and LandValue Management LLC., v. City of Fresno; Fresno Superior Court Case No. 24CECG04298 - tabled to the March 13, 2025, by the City Attorney's office.*

*5.-C. ID (ID25-280) regarding City of Fresno v. Fresno Building Healthy Communities Court of Appeal Case No.: F084662; and Fresno Building Healthy Communities v. City of Fresno Court of Appeal Case No. F084666 - tabled to the March 13, 2025, by the City Attorney's office.*

**On motion of Vice President Arias, seconded by Councilmember Perea,the Agenda was APPROVED AS AMENDED. The motion carried by the following vote:**

> **Aye:** 5 - Karbassi, Arias, Perea, Richardson and Esparza
>
> **Absent:** 1 - Maxwell

## CEREMONIAL PRESENTATIONS

ID 25-116    Proclamation for "Mid Valley's Recycler of the Year"

*PRESENTED*

ID 25-199    Proclamation "Community Media Access Collaborative" Day

*PRESENTED*

ID 25-44    Fresno Animal Center presents "Pet of the Month"

*PRESENTED*

City Council                    **Meeting Minutes**                    February 27, 2025

## COUNCILMEMBER REPORTS AND COMMENTS

*Councilmember Perea Reports and Comments. Recognized the Beautify Fresno team for organizing a successful cleanup at the Shields and Weber intersection. Discussed the grand opening of Casita Feliz highlighted it's contributions to the LGBTQ community. Participated in the Support Blue Run with Councilmembers Karbassi and Richardson.  Recognized Sheer Bliss Spa as the District 1 Business of the Month and encouraged community support. Asked residents to continue to report potholes, tree-trimming needs, and other concerns to help the district set priorities when drafting the upcoming budget.  Requested an update on timelines and enforcement regarding the illegal breeding ordinance.*

*Councilmember Richardson Reports and Comments. Recognized the Fresno Animal Center for the recent "Blind Date with a Dog" adoption event. Announced his participation in the Support Blue Run. Recapped the successful District 6 meeting that focused on the chicanes traffic calming project in Northeast Fresno. Announced an upcoming Beautify Fresno event in the McArdle neighbor and an upcoming District 6 town hall meeting at McArdle Elementary School. Congratulated his aunt, Nancy Richardson, for "out-recycling" him.*

*Councilmember Esparza Reports and Comments. Discussed the Read Across America event he attended at Rowell Elementary School in District 7. Announced the appointment of Councilmember Richardson to the School Liaison Subcommittee, considerations for filling the remaining vacancy and timing of the first meeting. Discussed the reopening of Crossroads Village, a 141 unit affordable housing project in District 7. Congratulated LGBTQ+ resource center, Casita Feliz, for the grand opening and expressed his support for the mission of the new business.*

*Vice President Arias Reports and Comments. Discussed concrete repairs and speed bump installations in the Tower District and South Tower area, and street repaving efforts in Southwest Fresno. Acknowledged the Public Works Department's efforts to replace trees in empty tree wells in downtown Fresno.  Reported on his graveyard shift ride-along in the Central and Southwest Districts, and recognized increasing property crimes in the Tower*

---

*City of Fresno*                    ***Subject to Mayoral Veto***                    *Page 3*

**City Council**                    Meeting Minutes                    **February 27, 2025**

*District, largely driven by un-housed individuals. Announced plans to discuss crime concerns, especially property crimes and open drug use, with the Police Chief. Announced the arrest of two individuals that had been pulling people over portraying themselves as Immigration and Customs Enforcement agents but were not.*

*Council President Karbassi Reports and Comments: Highlighted Councilmember Maxwell's work on the Marjaree Mason Center's new facility and bringing the neighborhood together in support of the project. Recognized Nicole Linder's leadership in securing resources for the Marjaree Mason Center project. Discussed the importance of the Sarah's Court affordable housing project in District 5 as a bridge to a better future. Expressed gratitude for all the people that made the Support Blue Run a success. Expressed gratitude to police officers, firefighters, and first responders. Recognized all City of Fresno Fire Fighters and Police Officers for the great job they do and prayed for their safety.*

## MAYOR/MANAGER REPORTS AND COMMENTS

*Mayor Dyer Reports and Comments. Announced the swearing-in ceremony for new Police Chief, Mindy Casto. Discussed his attendance at the Chief Executive Officer of the Year Event organized by The Business Journal. Announced the opening of the Marjaree Mason Center's Isnardi Foundation Building which was constructed without debt thanks to the many donations received. Announced several events taking place the upcoming weekend. Highlighted 420 high quality affordable housing units in Fresno thanks to projects like Brandhaven and Sarah's Court at Fancher Creek.*

*City Manager White Reports and Comments. Expressed appreciation for being back in Fresno after being away a few days.*

## 1. SCHEDULED COUNCIL HEARINGS AND MATTERS

## Joint Meeting of the City Council, The City in Its Capacity as Housing Successor to the Redevelopment Agency of the City of Fresno and The Fresno Revitalization Corporation

## 9:05 A.M. JOINT MEETING

ID 25-261          Actions pertaining to the affordable residential housing project at

---

*City of Fresno*                    ***Subject to Mayoral Veto***                    *Page 4*

1241-1263 Broadway Plaza, Fresno, California commonly known as Hotel Fresno:

1.   Approve a Fifth Amendment to the Amended and Restated Owner Participation Agreement with Broadway Plaza Family Apartments, LP and the City of Fresno, in its capacity as Housing Successor to the Redevelopment Agency of the City of Fresno (District 3).

*The above item was called to order at 9:48 A.M. and was presented to Council by Redevelopment Director Murphey. Upon call, no members of the public addressed Council. Public comment closed at 9:50 A.M.*

*Council discussion included: Project timeline, affordable housing expansion, and the completion of the Hotel Fresno Renovation.*

*FRESNO REVITALIZATION CORPORATION VOTE: On motion of Member Dyer, seconded by Member Arias, the above item was adopted. The motion carried by the following vote:*

*Aye: 6 - Perea, Karbassi, Arias, Richardson, Esparza, Dyer*
*Absent: 1 - Maxwell*

**On motion of Vice President Arias, seconded by Councilmember Perea, that the above Action Item be APPROVED. The motion carried by the following vote:**

**Aye:**  5 -  Karbassi, Arias, Perea, Richardson and Esparza

**Absent:**  1 -  Maxwell

## 9:10 A.M. JOINT MEETING (CONTINUED TO MARCH 13, 2025, AT 9:10 A.M.)

ID 25-27       ***RESOLUTION - Repealing Resolution Number 2024-125 and replacing it with language in support of a contribution of City and Housing Successor Agency land toward the Ventura Family Apartments project located on Cesar Chavez Blvd between Seventh and Eighth streets (City Council District 5) (Subject to Mayor's Veto)

*CONTINUED AS NOTED*

## 9:15 A.M.

ID 25-132     HEARING for Consideration of Text Amendment Application No. P23-03410 and related Environmental Finding for Environmental Assessment No. P23-03410, amending Sections 15-2761 and 15-6802 of

**City Council**                                    **Meeting Minutes**                                    **February 27, 2025**

the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

1. ADOPTION of a finding set forth in Environmental Assessment No. P23-03410 dated January 15, 2025, that Text Amendment Application No. P23-03410 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the CEQA Guidelines.
2. BILL (for introduction) amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

*During approval of the agenda, City Clerk Stermer announced this Item was tabled to March 13, 2025 by the City Attorneys Office.*

*TABLED*

## 9:20 A.M.

ID 25-242      HEARING to Consider Annexation Application No. P22-03846, Pre-zone Application No. P22-04069 and the related Environmental Assessment No. P22-03846/P22-04069 pertaining to approximately 20.23 acres of property on the north and south sides of West Ashlan Avenue between North Polk and North Gregory Avenues (Council District 1)

1. ADOPT - Negative Declaration prepared for Environmental Assessment No. P22-03846/P22-04069 dated December 6, 2024, for the proposed project pursuant to the California Environmental Quality Act (CEQA) and Addendum dated January 15, 2025.
2. RESOLUTION - Approving Annexation Application No. P22-03846 (for the Ashlan-Polk Nos. 3 and 4 Reorganization) proposing detachment from the Kings River Conservation District and North Central Fire Protection District and annexation to the City of Fresno.
3. BILL - (For introduction and adoption) - Approving Pre-zone Application No. P22-04069 proposing to pre-zone approximately 9.54 acres of the subject property from the County of Fresno RR/NB (*Rural Residential/Neighborhood Beautification*) zone district to the City of Fresno RS-5/ANX (*Single-Family Residential, Medium Density/Annexed Rural Residential Transitional Overlay*) zone district; and approximately 9.78 acres of the subject property from the RR/NB (*Rural Residential/Neighborhood Beautification*) zone district to the City of Fresno RS-5/cz (*Single-Family Residential, Medium Density/conditions of zoning*) zone district.

*The above item was called to order at 9:52 A.M. and was presented to Council by Planning Manager Trejo. Upon call, no members of the public addressed Council. Public comment closed at 9:54 A.M.*

City Council                     **Meeting Minutes**                     February 27, 2025

*Council discussion included: Land designation breakdown and the designated purpose. Inquiry about the remaining 0.93 acres and its designation.*

*RESOLUTION 2025-44 ADOPTED*
*BILL B-4 INTRODUCED / ADOPTED AS ORDINANCE 2025-4*

**On motion of Councilmember Perea, seconded by Councilmember Richardson, that the above Action Item be ADOPTED. The motion carried by the following vote:**

> **Aye:**  5 -  Karbassi, Arias, Perea, Richardson and Esparza

> **Absent:**  1 -  Maxwell

## 10:00 A.M.

ID 25-262    Appearance by Jerry Veliz regarding "Create Bus lanes" (District 7 Resident)

*APPEARED*

## 2.  CONSENT CALENDAR

*Upon call, for public comment on all Consent, Contested Consent and Closed Session items, no members of the public addressed Council.*

APPROVAL OF THE CONSENT CALENDAR

**On motion of Vice  President Arias, seconded by Councilmember Perea, the CONSENT CALENDAR was hereby adopted by the following vote:**

> **Aye:**  5 -  Karbassi, Arias, Perea, Richardson and Esparza

> **Absent:**  1 -  Maxwell

**2.-A.**    ID 25-264    Approval of the minutes for February 13, 2025

**APPROVED ON CONSENT CALENDAR**

**2.-B.**    ID 25-234    BILL - (For introduction) - Amending Subsection (a) of Section 7-504, and Subsection (a) of Section 7-505 of the Fresno Municipal Code relating to the local Sales and Use Taxes

*BILL B-5 INTRODUCED AND LAID OVER*

City Council                     **Meeting Minutes**                     February 27, 2025

**APPROVED ON CONSENT CALENDAR**

**2.-C.**  ID 25-252        Actions pertaining to the Habitat Restoration and Revegetation Plan in support of the River West Eaton Trail Extension Project:

1.  RESOLUTION - Adopting Findings Pursuant to California Environmental Quality Act (CEQA) Guidelines Sections 15091 and 15093 as Required by CEQA Guidelines Section 15096 for the Habitat Restoration and Revegetation Plan in Support of the River West Eaton Trail Extension Project;

2.  ***RESOLUTION - Approving the Application and Acceptance of $172,000.00 in Grant Funds from the Wildlife Conservation Board and Authorizing Execution of Grant Related Documents for the Habitat Restoration and Revegetation Plan in Support of the River West Eaton Trail Extension Project.  (Subject to Mayor's Veto)

*RESOLUTION 2025-42 ADOPTED*
*RESOLUTION 2025-43 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-D.**  ID 25-149        Approve Contract Change Order No. 02 in the amount of $149,515.21, with Twenty-Nine additional working days for the redesign of the First Street bridge canal liner and balancing of Contract Bid Item overruns and underruns with American Paving Company of Fresno, California for the Rebid Bridge Preventative Maintenance Program Phase II at Various Locations Project - Project ID PW00771. (Bid File 12400024-1) (Council Districts 4 and 7)

**APPROVED ON CONSENT CALENDAR**

**2.-E.**  ID 25-184        Approve Third Amendment to the Consultant Services Agreement with BKF Engineers, a California Corporation in the amount of $107,376.00 for a total increased contract amount of $1,143,125.00, with $3,700.00 remaining contingency, for additional professional engineering services required for the design of plans and general construction documents for the Herndon Avenue Widening between Polk Avenue and Milburn Avenue Project. (Council District 2)

**APPROVED ON CONSENT CALENDAR**

**2.-F.**  ID 25-194        Actions pertaining to the disposition of a City owned, undeveloped parcel located on the east side of Broadway Avenue, north of Divisadero Street in Fresno, California (Council District 3):

1.  Adopt a Categorical Exemption per Environmental Assessment Number P23-01843, pursuant to Section 15303/Class 3 of the California Environmental Quality Act (CEQA) Guidelines,

2.  RESOLUTION - Approving the Summary Vacation of those portions

City Council                    **Meeting Minutes**                    **February 27, 2025**

of the public street easements located on the east side of Broadway Avenue, north of Divisadero Street,

3.  ***RESOLUTION - Declaring a 475.3 square foot portion of public street right of way located on the east side of Broadway Avenue, north of Divisadero Street, Fresno, California to be exempt surplus land  (Subject to Mayor's Veto),

4.  ***RESOLUTION - Finding Good Cause and Clear and Convincing Benefit to the Public pursuant to Fresno Municipal Code section 4-204, relating to the disposition of real surplus property located on the east side of Broadway Avenue, north of Divisadero Street; (Requires 5 Affirmative Votes) (Subject to Mayor's veto),

5.  Approve the execution of the Agreement for Purchase and Sale of Real Property and Escrow Instructions to sell a 0.011-acre (475.3 square feet) City owned, undeveloped portion of land, located on the east side of Broadway Avenue, north of Divisadero Street, adjacent to Assessor's Parcel Number 459-304-01, in the amount of $1,238.00 to Margaret R. Boyajian Courtis and Jeffrey L. Boyajian, and authorize the City Manager or designee to execute the Purchase and Sale Agreement and associated Grant Deed and escrow documents on behalf of the City for the transfer of the subject property.

*RESOLUTION 2025-45 ADOPTED*

*RESOLUTION 2025-46 ADOPTED*

*RESOLUTION 2025-47 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-G.**    ID 25-221    Action pertaining to the declaration of surplus personal property in support of the Blackstone McKinley BNSF Grade Separation Project: (Council Districts 1 and 7)

1.  ***Resolution - Declaring certain City-owned materials and equipment as surplus personal property and authorizing their sale at public auction to the highest bidder. (Subject to Mayor's Veto)

*During approval of the agenda, City Clerk Stermer announced this Item was tabled with no return date by staff.*

*TABLED*

**2.-H.**    ID 25-222    Approve a Fifth Amendment to the Consultant Services Agreement with Blair Church & Flynn Consulting Engineers, Incorporated of Fresno, California, in the amount of $41,529, increasing the total contract amount to $251,559 with the remaining contingency amount not to exceed $8,000, for civil engineering design services and preparation of construction documents for the Southbound Polk Avenue Widening Project from

City Council       **Meeting Minutes**       February 27, 2025

Gettysburg Avenue to Shaw Avenue. (Council District 1)

**APPROVED ON CONSENT CALENDAR**

**2.-I.**    ID 25-225    Approve Contract Change Order No. 05 in the amount of $159,863.55, with no additional working days for price escalations and additional work items with Emmett's Excavation, Incorporated of Clovis, California for the Traffic Signal Improvements and Construction of Storm Drainage Facilities at West Clinton Avenue and North Valentine Avenue Project - Project ID PW00678 / PW00944. (Bid File 3751) (Council District 3)

**APPROVED ON CONSENT CALENDAR**

**2.-J.**    ID 25-43    Actions pertaining to the new Fire Station 12 Project: (Bid File No. 125000492) (Council District 1)

      1. Adopt a finding of Categorical Exemption per staff determination, pursuant to Section 15332/Class 32 of the California Environmental Quality Act (CEQA), Environmental Assessment No. XC00050;

      2. \*\*\*RESOLUTION - Adopt the 29th Amendment to the Annual Appropriation Resolution No. 2024-122 appropriating $14,300,000.00 for the Fire Station 12 Construction Contract (Requires 5 Affirmative Votes) (Subject to Mayor's Veto);

      3. Award a construction contract in the amount of $14,299,313.54 for the Base Bid plus all three (3) Add Alternates to Solpac Construction, Inc. dba Soltek Pacific Construction Company of San Diego, California, as the lowest responsive and responsible bidder for the Fire Station 12 Project.

*RESOLUTION 2025-48 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-K.**    ID 25-226    Actions related to amending agreement #A211006364 with the California Office of Emergency Services (Cal OES):

      1. Approve Acceptance of Cal OES 8th Amendment for an additional $50,000 for Haz Mat Training Agreement #A211006364, and authorize the Fire Chief to compensate Fire personnel to staff vacancies caused by training attendance

      2. \*\*\*RESOLUTION - Adopting the 37th Amendment to the Annual Appropriation Resolution No. 2024-122 Appropriating $50,000 for Amendment Eight for Haz Mat Training Agreement A211006364 (Requires 5 Affirmative Votes) (Subject to Mayor's Veto)

*RESOLUTION 2025-49 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**City Council**                **Meeting Minutes**                **February 27, 2025**

**2.-L.**    ID 25-253    Actions pertaining to the lease of city-owned agricultural land at the Fresno-Clovis Regional Wastewater Reclamation Facility (Bid File #101824DN) (District 3):

1.    Adopt a finding of Categorical Exemption per staff determination pursuant to Sections 15301/Class 1 and 15304/Class 4 of the California Environmental Quality Act (CEQA) Guidelines

2.    Approve a Lease Agreement between the City of Fresno and James F. Cook in the amount of $243,200 annually for lease of approximately 400 acres of City-owned agricultural land at the Fresno-Clovis Regional Wastewater Reclamation Facility (RWRF) for an initial term through December 31, 2028, plus one optional four-year extension; and authorize the Director of General Services or designee to execute the Lease Agreement and subsequent extensions on the City's behalf

*During approval of the agenda, City Clerk Stermer announced this Item was tabled to the March 13, 2025, by staff.*

*TABLED*

**2.-M.**    ID 25-214    Reject the proposal received for a requirements contract for uniform and linen services (Bid File 9687) (Citywide)

**APPROVED ON CONSENT CALENDAR**

**2.-N.**    ID 25-251    RESOLUTION - Authorizing the City Manager or designee to apply for a grant of up to $15 million from the National Park Service's Outdoor Recreation Legacy Partnership (ORLP) Program to fund Phase II Development of South Peach Avenue Park located at 2155 South Peach Avenue and authorizing the City Manager or designee to sign all related documents on behalf of the City (District 5)

*RESOLUTION 2025-50 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-O.**    ID 25-239    Authorize the Chief of Police to enter a one-year agreement with options for two one-year extensions with County of Fresno for the reimbursement of five Fresno Police Officers, one Police Sergeant, and one Crime Analyst, which will be assigned to the Adult Compliance Team (ACT)/ Multi-Agency Gang Enforcement Consortium Team (MAGEC) in an amount of $5,820,225 for three years (or $1,940,075 on an annual fiscal year basis). This amount will vary for years two and three as it is dependent upon contractual agreements with the various bargaining groups.

**APPROVED ON CONSENT CALENDAR**

City Council **Meeting Minutes** **February 27, 2025**

**2.-P.**  ID 25-240  \*\*\*RESOLUTION - Adopt a resolution authorizing an exception to formal bidding procedures and award of a sole source purchase agreement with Dooley Enterprises for the purchase of law enforcement ammunition for an amount not to exceed $282,400 annually for each budget year (Subject to Mayor's Veto)

*RESOLUTION 2025-51 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-Q.**  ID 25-168  Actions pertaining to a $50,000,000 Low-Interest Loan through the State Water Resources Control Board Clean Water State Revolving Fund for the Sidestream Nitrate Control Project at the Fresno-Clovis Regional Wastewater Reclamation Facility (Council District 3):
1. Adopt a Mitigated Negative Declaration (SCH 2024120578) dated December 2024, for the proposed Sidestream Nitrate Control Project, pursuant to California Environmental Quality Act (CEQA) Guidelines;
2. \*\*\*RESOLUTION - Authorizing the Director of Public Utilities or designee(s) to prepare and submit grant applications, accept funds, and execute any financial assistance agreements and amendments with the California State Water Resources Control Board on behalf of the City of Fresno for the planning, design, and construction of the Sidestream Treatment System at the Fresno-Clovis Wastewater Reclamation Facility (Subject to Mayor's Veto);
3. \*\*\*RESOLUTION - The City of Fresno, California stating its intention to be reimbursed for expenditures incurred ahead of approval of the disbursement of Clean Water State Revolving Fund funds from the State Water Resources Control Board for the Sidestream Treatment System at the Fresno-Clovis Wastewater Reclamation Facility (Subject to Mayor's Veto).

*RESOLUTION 2025-52 ADOPTED*
*RESOLUTION 2025-53 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-R.**  ID 25-201  Award a Requirements Contract to Univar Solutions USA LLC, for the purchase of bulk calcium hydroxide, for three years with an option for two one-year extensions, in the amount of $4,374,165.77. (Bid File 12402973) (Citywide)

**APPROVED ON CONSENT CALENDAR**

**2.-S.**  ID 25-255  \*\*\*RESOLUTION - Authorizing the Submission of a Grant Application to the Fresno Council of Governments for the Measure "C" Transit Oriented Development Grant Program Cycle XIII in the amount not to exceed

City Council                         **Meeting Minutes**                         **February 27, 2025**

$1,520,000 for the Project(s) to support transit oriented development; and Authorizing the Execution of Grant Application and Grant Agreement Documents by the Public Works Director or Designee. (Council District 7) (Subject to Mayor's Veto)

*RESOLUTION 2025-54 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-T.**    ID 25-224    \*\*\*RESOLUTION - Adopting the 43rd Amendment to the Annual Appropriation Resolution No. 2024-122 to appropriate $849,900 for new capital improvement projects in the Public Works Department (Citywide) (Requires 5 Affirmative Votes) (Subject to Mayor's Veto)

*RESOLUTION 2025-55 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-U.**    ID 25-244    RESOLUTION - Authorizing the Submission of Applications for Grant Funds for the 2025/2026 Congestion Mitigation and Air Quality Improvement Program and the Surface Transportation Block Grant Program Call for Projects from the Fresno Council of Governments and Authorizing the Execution of all Application Related Documents by the Public Works Director, the Transportation Director, or designees. (Citywide)

*RESOLUTION 2025-56 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-V.**    ID 25-112    Reject the proposal received for Fire Suppression and Fire Alarm Systems Services at Various locations (Bid File No. 12500182).

**APPROVED ON CONSENT CALENDAR**

**2.-W.**    ID 25-258    Approve City Attorney Amended At-Will Agreement.

**APPROVED ON CONSENT CALENDAR**

# CONTESTED CONSENT CALENDAR

# 3.  GENERAL ADMINISTRATION

# UNSCHEDULED COMMUNICATION

*Upon call, no members of the public addressed Council with unscheduled communication:*

# 4.  CITY COUNCIL

**4.-A.**  ID 25-207      WORKSHOP - Clovis Unified Partnership

*The above item was presented to Council by Clovis Unified School Board President Yolanda Moore, Clovis Unified Superintendent Dr. Corrine Folmer, and Clovis Unified School Board member Clinton Olivier.*

*Council discussion included: Acknowledgment of ongoing and challenging issues in the Pinedale area. Clovis Unified's involvement, and recognition. Trustee Olivier's efforts, highlighting the value of having a former councilmember engaged. Firsthand experiences visiting businesses and liquor stores. Acknowledgment of City Attorney Jans and Code Enforcement for their efforts in addressing local issues. Smoke Shop Issues, the success of closing down a problematic smoke shop and its impact on the area. Neighborhood Walkthrough in the Blackstone area and continued challenges, including a liquor store with trash issues. Partnership and community effort working together and holding local businesses accountable. Shutting down the Warming Center near a school due to its negative impact on the neighborhood. Challenges of regulating smoke shops. Support for Closing Smoke Shops Across the City to ensure safety and reduce crime. Comparison with Clovis City's automatic ban on smoke shops and its effectiveness in maintaining neighborhood safety. Importance of prioritizing children's safety and the well-being of all neighborhoods, and future collaboration.*

*PRESENTED*

## 5.  CLOSED SESSION

*During open session, City Attorney Janz announced each of the items that would be discussed in closed session.*

*Council withdrew to closed session at 10:04 A.M.*

**5.-A.**  ID 25-218

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
Park 7, LLC., and LandValue Management LLC., v. City of Fresno; Fresno
Superior Court Case No. 24CECG04298

*During approval of the agenda, City Clerk Stermer announced this Item was*

City Council                    **Meeting Minutes**                    February 27, 2025

*tabled to the March 13, 2025.*

*TABLED*

**5.-B.**    ID 25-278

CONFERENCE WITH LEGAL COUNSEL--EXISTING LITIGATION - Government Code Section 54956.9, subdivision (d)(1): City of Fresno v. United States Department of Interior, Bureau of Reclamation; US Court of Federal Claims 1:16-cv-01276

*The above item was discussed in closed session. There were no open session announcements for this item.*

*DISCUSSED*

**5.-C.**    ID 25-280

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
City of Fresno v. Fresno Building Healthy Communities Court of Appeal Case No.: F084662; and Fresno Building Healthy Communities v. City of Fresno Court of Appeal Case No.: F084666 (PARCS Department)

*During approval of the agenda, City Clerk Stermer announced this Item was tabled to the March 13, 2025.*

*TABLED*

**5.-D.**    ID 25-287

CONFERENCE WITH LEGAL COUNSEL - ANTICIPATED LITIGATION
Government Code Section 54956.9, subdivision (d)(4)
Case Name: *City of Fresno v. Kochar Vardanyan*;
              (Code Enforcement case number E24- 01739)

*The above item was discussed in closed session. There were no open session announcements for this item.*

*DISCUSSED*

## ADJOURNMENT

*The Council meeting adjourned from open session at 1:58 P.M.*

**The above minutes were approved by unanimous vote of the City Council during the March 13, 2025, regular meeting.**

# **<u>Exhibit 10</u>**

# City of Fresno

*2600 Fresno Street*
*Fresno, CA 93721*
*www.fresno.gov*



## Meeting Agenda - Final

**Thursday, March 13, 2025**

**9:00 AM**

**Regular Meeting**

**Council Chambers**

## <u>City Council</u>

*President - Mike Karbassi*
*Vice President - Miguel Angel Arias*
*Councilmembers:*
*Annalisa Perea, Tyler Maxwell, District 5 - Vacant,*
*Nick Richardson, Nelson Esparza*
*City Manager - Georgeanne A. White*
*City Attorney - Andrew Janz*
*City Clerk - Todd Stermer, MMC*

**City Council**                    **Meeting Agenda - Final**                    **March 13, 2025**

PUBLIC PARTICIPATION – Public participation during Fresno City Council meetings is always encouraged and can occur by attending a meeting in the Council Chambers on the 2nd floor of City Hall located at 2600 Fresno Street, Fresno, CA 93721.

To be called to speak during a meeting, please fill out a speaker card (located throughout the chamber) and place it in the speaker card collection basket at the front of the chamber. You may also approach the speaker podium upon the Council President's call for any additional public comment.

Unless otherwise announced, all public speakers will have up to 3 minutes to address Council pursuant to Rule No. 10 of the Rules of Procedure for the City Council of the City of Fresno (available in the City Clerk's Office).

SUBMIT DOCUMENTS / WRITTEN COMMENTS - Pursuant to Rule 11 (c) of the Rules of Procedure, no documents shall be accepted for Council review unless submitted to the City Clerk at least 24 hours prior to the Council Agenda item be heard. Documents / written comments related to an agenda item can be submitted by one of the following methods:

1) eComment – eComment allows the public to submit agenda related comments through a website prior to the meeting. Submitted comments are limited to 1440 characters and will be a part of the official record.

a) Submit an e-Comment by visiting https://fresno.legistar.com/Calendar.aspx and selecting the "eComment" link.

b) e-Comment is available for use upon publication of the agenda and closes 24 hours prior to the meeting start time [pursuant to Rule 11(c)].

c) e-Comment is not permitted for Land use or CEQA items.

d) The e-Comment Electronic User Agreement can be viewed at: https://www.fresno.gov/cityclerk/#information

2) E-mail – Agenda related documents and comments can be e-mailed to the Office of the City Clerk at least 24 hours prior to the agenda item being heard, pursuant to Rule 11(c).

a) E-mail the Clerk's Office at clerk@fresno.gov

b) E-mails should include the agenda date, and the related agenda item number.

VIEWING CITY COUNCIL MEETINGS (non-participatory) - For your convenience, there are several ways to view Fresno City Council meetings live:

1) City of Fresno website: https://fresno.legistar.com/Calendar.aspx (click "In Progress" to view the live meeting).

2) Community Media Access Collaborative website: https://cmac.tv/

3) YouTube - City of Fresno Council, Boards and Commissions Channel: https://www.youtube.com/channel/UC3ld83D8QGn1YBDw6aD5dZA/videos

4) Facebook: https://www.facebook.com/FresnoCA/videos

5) Cable Television: Comcast Channel 96 and AT&T Channel 99

6) Zoom: https://www.fresno.gov/council-meeting/

Should any of the viewing methods above experience technical difficulties, the Council meeting will continue uninterrupted. Meetings will only be paused to address verified technical issues that interrupt public participation during meetings.

The City of Fresno's goal is to comply with the Americans with Disabilities Act (ADA).  If reasonable ADA accommodations are needed, including sign language interpretation, contact the Office of the City Clerk at (559) 621-7650 or clerk@fresno.gov.  Also contact the Office of the City Clerk if spoken language translation is required.  Accommodation and language requests should be made a minimum of three business days prior to the scheduled meeting.

GOVERNMENT CODE 84308 CONTRIBUTION PROHIBITIONS AND MANDATORY DISCLOSURES - The Political Reform Act of 1974 (Act) restricts campaign contributions over $500 to a decision-making public official from a party or participant, or their agent, in a proceeding involving a license, permit, contract, or entitlement for use. The Act requires disclosure of the contribution and creates a conflict where a decision-maker has received $500 or more from a party or participant to a proceeding in the prior 12 months. A decision-maker must disclose on the record during the proceeding that they have received contributions from a party, participant, or agent of a party or participant, greater than $500 within the preceding 12 months and the name(s) of the contributor(s). (See 2 CCR 18438.8(a).) Parties to a proceeding are required to disclose on the record if they made contributions over $500 to a decision-maker within the prior 12 months, and are prohibited from making contributions to a decision-maker during the proceeding and for 12 months after the date a final decision is rendered on the proceeding.

City Council                    Meeting Agenda - Final                    March 13, 2025

9:00 A.M. ROLL CALL

Invocation by Rhonda Dueck, a member of the Community United Church of Christ

Pledge of Allegiance to the Flag

## APPROVE AGENDA

## CEREMONIAL PRESENTATIONS

ID 25-260          Proclamation for "Central Valley Firefighters Credit Union"

*__Sponsors:__*          Council President Karbassi

ID 25-319          Proclamation for "Edison High Boys' Soccer Team Day"

*__Sponsors:__*          Vice President Arias

ID 25-275          Proclamation of the "Justin Garza Cheer Team CIF California State Championship Day"

*__Sponsors:__*          Councilmember Perea

ID 25-276          Proclamation of the "Central East Cheer Team Championship Day"

*__Sponsors:__*          Councilmember Perea

ID 25-340          Proclamation for "National 3-1-1 Day"

*__Sponsors:__*          Office of Mayor & City Manager

## COUNCILMEMBER REPORTS AND COMMENTS

## MAYOR/MANAGER REPORTS AND COMMENTS

## 1.  SCHEDULED COUNCIL HEARINGS AND MATTERS

## Joint Meeting of the City Council, The City in Its Capacity as Housing Successor to the Redevelopment Agency of the City of Fresno and The Fresno Revitalization Corporation

City Council                    Meeting Agenda - Final                    March 13, 2025

## 9:10 A.M. JOINT MEETING (CONTINUED TO APRIL 10, 2025 AT 9:10 AM)

ID 25-257    Actions pertaining to the Ventura Family Apartments affordable housing development project, located South of E. Cesar Chavez Blvd between S. Seventh Street and S. Eighth streets (District 5):

1.  Adopt a finding of Categorical Exemption pursuant to Section 15332/ Class 32 of the California Environmental Quality Act (CEQA) Guidelines; and

2.  ***RESOLUTION - Repealing Resolution Number 2024-125 and replacing it with language in support of a contribution of City and Housing Successor Agency land and a contribution of City funds in an amount not to exceed $5,000,000 toward the Ventura Family Apartments project located South of E. Cesar Chavez Blvd between S. Seventh and S. Eighth streets (Subject to Mayor's Veto); and

3.  Approve an Affordable Housing Agreement with Corporation for Better Housing to develop the Ventura Family Apartments affordable rental housing development project located South of E. Cesar Chavez Blvd between S. Seventh and S. Eighth streets.

_**Sponsors:**_    Planning and Development Department and Successor Agency to the Redevelopment Agency of the City of Fresno

## 9:15 A.M. #1

ID 25-271    HEARING to adopt resolutions and ordinance to annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 65 (Territory known as Assessor's Parcel Number 310-250-13) (East side of North Armstrong Avenue and East Harvard Avenue) (Council District 7):

1.  ***RESOLUTION - to Annex Territory to Community Facilities District No. 9 and Authorizing the Levy of a Special Tax for Annexation No. 65 (Subject to Mayor's Veto);

2.  ***RESOLUTION - Calling Special Mailed-Ballot Election (Subject to Mayor's Veto);

3.  ***RESOLUTION - Declaring Election Results (Subject to

**City Council**                    **Meeting Agenda - Final**                    **March 13, 2025**

Mayor's Veto);

4.  \*\*\*BILL - (For introduction and adoption) - Levying a Special Tax for the Property Tax Year 2024-2025 and Future Tax Years Within and Relating to Community Facilities District No. 9, Annexation No. 65 (Subject to Mayor's Veto).

_**Sponsors:**_          Public Works Department

## 9:15 A.M. #2

ID 25-311          HEARING for Consideration of Text Amendment Application No. P23-03410 and related Environmental Finding for Environmental Assessment No. P23-03410, amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

1.  ADOPTION of a finding set forth in Environmental Assessment No. P23-03410 dated January 15, 2025, that Text Amendment Application No. P23-03410 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the CEQA Guidelines.

2.  BILL (for introduction) amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

_**Sponsors:**_          Planning and Development Department

## 9:20 A.M.

ID 25-274          HEARING to adopt Resolutions and Ordinance to annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 64 (Territory known as Assessor's Parcel Number 506-130-04S) (Southwest corner of West Sierra Avenue and North Polk Avenue) (Council District 2):

1.  \*\*\*RESOLUTION - to Annex Territory to Community Facilities District No. 9 and Authorizing the Levy of a Special Tax for Annexation No. 64 (Subject to Mayor's Veto);

2.  \*\*\*RESOLUTION - Calling Special Mailed-Ballot Election (Subject to Mayor's Veto);

3.  \*\*\*RESOLUTION - Declaring Election Results (Subject to Mayor's Veto);

**City Council**                 **Meeting Agenda - Final**                 **March 13, 2025**

4.  \*\*\*BILL - (For introduction and adoption) - Levying a Special Tax for the Property Tax Year 2024-2025 and Future Tax Years Within and Relating to Community Facilities District No. 9, Annexation No. 64 (Subject to Mayor's Veto).

*Sponsors:*                Public Works Department

**10:05 A.M.**

ID 25-343           HEARING to consider the vacation of a portion of the public street easement on the north side of West Nees Avenue, east of West Audubon Drive (Council District 2):
1.  \*\*\*RESOLUTION - Approving the vacation to vacate a portion of the public street easement on the north side of West Nees Avenue, east of West Audubon Drive. (Subject to Mayor's Veto)

*Sponsors:*                Public Works Department

**10:10 A.M.**

ID 25-327           Appearance by John Leal regarding "The naming of the Southeast Fresno Regional Park and Soccer Complex (Peach Avenue Park)." (District 5 Resident)

*Sponsors:*                Office of the City Clerk

**10:13 A.M.**

ID 25-326           Appearance by Pedro Navarro Cruz regarding "The naming of the Southeast Fresno Regional Park and Soccer Complex (Peach Avenue Park)." (District 5 Resident)

*Sponsors:*                Office of the City Clerk

**10:16 A.M.**

ID 25-328           Appearance by Jose Luis Barraza regarding "The naming of the Southeast Fresno Regional Park and Soccer Complex (Peach Avenue Park)." (District 5 Resident)

*Sponsors:*                Office of the City Clerk

City Council                 **Meeting Agenda - Final**                 March 13, 2025

## 2.  CONSENT CALENDAR

**2.-A.**  ID 25-323          Approval of the minutes for February 27, 2025

_**Sponsors:**_        Office of the City Clerk

**2.-B.**  ID 25-241          Approval of the Amendments to City Council Regular Meeting
Minutes for February 22, 2024, and November 21, 2024.

_**Sponsors:**_        Office of the City Clerk

**2.-C.**  ID 25-318          RESOLUTION - Naming the Park at 2155 South Peach
Avenue to "Peach Park"

_**Sponsors:**_        Office of Mayor & City Manager

**2.-D.**  ID 25-351          Approve the Appointment of Kaleb Neufeld to the City of
Fresno Employees Retirement Board to a term that is
continuous.

_**Sponsors:**_        Office of Mayor & City Manager

**2.-E.**  ID 25-316          ***BILL B-5 (Introduced February 27, 2025)(For Adoption) -
Amending Subsection (a) of Section 7-504, and Subsection
(a) of Section 7-505 of the Fresno Municipal Code relating to
the local Sales and Use Taxes (Subject to Mayor's Veto)

_**Sponsors:**_        Budget and Management Studies Department

**2.-F.**  ID 25-270          Approve the substitution of listed Subcontractor, Tosted
Asphalt, Incorporated of Madera, California for court
surfacing and equipment with Benyon of Fresno, California,
for the Rotary East Pickleball Courts - Project ID PC00358.
(Bid File 12500848) (Council District 6)

_**Sponsors:**_        Capital Projects Department, Parks, After School and
Recreation and Community Services Department

**2.-G.**  ID 25-277          Approve the Third Amendment to the Consultant Services
Agreement with Blair, Church & Flynn Consulting Engineers
Inc., of Clovis, California, in the amount of $45,000.00, for a
total increased contract amount of $704,828.23, and a
remaining contingency amount not to exceed $26,171.77, for
the design and preparation of construction documents for the
South Peach Avenue Park Project. (Council District 5)

City Council                    **Meeting Agenda - Final**                    March 13, 2025

|  | *Sponsors:* | Capital Projects Department, Parks, After School and Recreation and Community Services Department |

**2.-H.** [ID 25-281](#)    Actions pertaining to Maxie L. Parks and Neilson Park Play Structure Improvements Project (Bid File No. 12501211), (Council District 3):

1.  Adopt a finding of Categorical Exemption per staff's determination, pursuant to Section 15301(d)/ Class 1 and 15302/Class 2 of the California Environmental Quality Act (CEQA) Guidelines, Environmental Assessment No. PC00367, for the Maxie L. Parks Play Structure Improvements Project;

2.  Adopt a finding of Categorical Exemption per staff's determination, pursuant to Section 15301(d)/ Class 1 and 15302/Class 2 of the California Environmental Quality Act (CEQA) Guidelines, Environmental Assessment No. PC00323, for the Neilson Park Play Structure Improvements Project;

3.  Award a construction contract in the amount of $817,314.75 to Stockbridge General Contracting, Inc., of Clovis, California, as the lowest responsive and responsible bidder for the Maxie L. Parks and Neilson Park Play Structure Improvements Project.

|  | *Sponsors:* | Capital Projects Department, Parks, After School and Recreation and Community Services Department |

**2.-I.** [ID 25-283](#)    Actions pertaining to the Roeding Park Court Repurposing Project (Bid File No. 12501202), (Council District 3):

1.  Adopt a finding of Categorical Exemption per staff's determination pursuant to section 15301/Class 1 of the California Environmental Quality Act (CEQA) Guidelines for the Roeding Park Court Repurposing Project;

2.  Award a construction contract in the amount of $1,228,145.00 for the Base Bid plus all three (3) Add Alternates, with Avison Construction, Inc. of Madera, California as the lowest responsive and responsible bidder for the Roeding Park Court Repurposing Project.

|  | *Sponsors:* | Capital Projects Department, Parks, After School and Recreation and Community Services Department |

**2.-J.**   ID 25-286        Actions pertaining to the Dolores Huerta Park (formerly known as Milburn Dakota Park) Project (Bid File 12500880), (Council District 1):

1.   Adopt Addendum to Mitigated Negative Declaration No. P21-00779, dated September 4, 2024, prepared for Development Permit Application No. P21-00779 pursuant to California Environmental Quality Act (CEQA) Guidelines Sections 15164 and 15162;

2.   Enter into a Mitigation Agreement with Fresno Metropolitan Flood Control District to mitigate impacts of runoff and to incorporate such mitigation measures into an on-site storm drainage system;

3.   Award a construction contract in the amount of $9,950,023.15, for the Base Bid plus four (4) of six (6) Add Alternates with American Paving Co., of Fresno, California, as the lowest responsive and responsible bidder for the Dolores Huerta Park Project.

*__Sponsors:__*        Capital Projects Department, Parks, After School and Recreation and Community Services Department

**2.-K.**   ID 25-273        Actions pertaining to the Ashlan and Shields Avenues Countdown Pedestrian Head Upgrade Project - Bid File 12501082 (Council Districts 1, 4, & 7):

1.   Adopt Environmental Assessment No. PW01066, a determination that the proposed project qualifies for categorical exemption as set forth in the CEQA Guidelines Section 15301/Class 1;

2.   Award a construction contract in the amount of $151,655.00 to Bear Electrical Solutions, LLC of Alviso, California, as the lowest responsive and responsible bidder.

*__Sponsors:__*        Capital Projects Department and Public Works Department

**2.-L.**   ID 25-284        Actions pertaining to Clovis Avenue Adaptive ITS Traffic Signal Synchronization Project from Shields Avenue to American Avenue: (Bid File No. 12500629), (Council Districts 4, 5, and 7)

1.   Adopt a finding of Categorical Exemption per staff's determination, pursuant to Section 15301/Class 1 of the California Environmental Quality Act (CEQA) Guidelines;

City Council        Meeting Agenda - Final        March 13, 2025

|  |  |  |
|---|---|---|
|  |  | 2.  Award a Construction Contract in the amount of $1,990,683.50 to A-C Electric Company of Fresno, California. |
|  | ___Sponsors:___ | Capital Projects Department and Public Works Department |
| **2.-M.** | ID 25-259 | ***RESOLUTION - Adopting the 35th Amendment to the Annual Appropriation Resolution No. 2024-122 appropriating $141,900 for the Local Immigrant Integration and Inclusion Grant Program from the State of California Governor's Office of Business and Economic Development (Requires Five Affirmative Votes) (Subject to Mayor's Veto) |
|  | ___Sponsors:___ | Economic Development Department |
| **2.-N.** | ID 25-367 | ***RESOLUTION - Adopting the 45th Amendment to the Annual Appropriation Resolution No.2024-122 Appropriating $250,000 to City Attorney/Code Department. (Requires Five Affirmative Votes) (Subject to Mayor's Veto) |
|  | ___Sponsors:___ | Finance Department and Councilmember Maxwell |
| **2.-O.** | ID 25-256 | Approve the award of a requirements contract to UKG Kronos Systems, LLC, for five years with three optional one-year extensions for the purchase of scheduling software in an amount not to exceed $69,000 for the first year and $50,000 per year for all remaining years (RFP No. 12500698) |
|  | ___Sponsors:___ | Fire Department and Information Services Department |
| **2.-P.** | ID 25-126 | Actions pertaining to a sole source agreement to implement a video wall display at City Hall per Fiscal Year 2025 budget motion #51:<br>1.  Award a Sole Source Agreement with Solutions by Design for the purchase and installation of a 3rd Floor Exhibit displaying City of Fresno Historical information for the public in the amount of $737,279<br>2.  ***RESOLUTION - Adopt a resolution authorizing an exception to formal bidding procedures and approving the sole source purchase and installation of the Video Wall, Council Chambers main screen, and two kiosks for City Hall (Subject to Mayor's Veto)<br>3.  Authorize the Chief Information Officer or designee to execute the agreement and all related documents |

City Council                     **Meeting Agenda - Final**                     **March 13, 2025**

|  | *Sponsors:* | Information Services Department, General Services Department and Councilmember Maxwell |
|---|---|---|

**2.-Q.**  ID 25-109      Approve a Service Agreement with Elevate Community Services, Inc. (Elevate) to operate Ambassador Inn Triage Center offering 53-units serving individuals experiencing homelessness, located at 1804 W Olive Avenue through March 31, 2026, in the total amount of $1,324,600.00 funded with Homekey 2.0 and Homeless Housing, Assistance, and Prevention (HHAP) dollars. (Council District 3)

*Sponsors:*      Planning and Development Department

**2.-R.**  ID 25-110      Approve a Service Agreement with Elevate Community Services, Inc. (Elevate) to operate Villa Motel offering 52-units serving individuals experiencing homelessness, located at 817 N. Parkway Drive, through March 31, 2026, in the total amount of $1,299,998.00 funded with Homekey 2.0 and Homeless Housing, Assistance and Prevention (HHAP) funding. (Council District 3)

*Sponsors:*      Planning and Development Department

**2.-S.**  ID 25-243      \*\*\*RESOLUTION - To support FCTC Family II, LP's, Low-Income Housing Tax Credit Application for the development of Sarah's Court Phase II; and to provide a conditional commitment of HOME Investment Partnerships Program loan funds in an amount not to exceed $3 million to the Project (Subject to Mayor's Veto)

*Sponsors:*      Planning and Development Department

**2.-T.**  ID 25-246      Actions pertaining to the Valley Inn located at 933 North Parkway Drive, Fresno, CA 93728 (Council District 3)
1.  Adopt a finding of Categorical Exemption pursuant to Section 15301/Class 1 (Existing Facilities) of the California Environmental Quality Act (CEQA) guidelines
2.  \*\*\*RESOLUTION - Authorizing Joint Application to, and participation, in the Homekey+ Program with co-applicant, Fresno Prime LLC, for the Valley Inn Project and authorizing the City Manager, or designee, to sign all required implementing documents (Subject to Mayor's Veto)

*Sponsors:*      Planning and Development Department

---

*City of Fresno*                *\*\*\*Subject to Mayoral Veto*                **Page 12**

| City Council | Meeting Agenda - Final | March 13, 2025 |
| --- | --- | --- |

**2.-U.**  ID 25-279    Approve a First Amendment to the Permanent Local Housing Allocation (PLHA) Program Agreement between the City of Fresno and Broadway Plaza Apartments, LP for the Hotel Fresno Project located at 1241-1263 Broadway Plaza, Fresno, California (District 3).

_**Sponsors:**_    Planning and Development Department

**2.-V.**  ID 25-310    Actions pertaining to setting aside certification of the Program Environmental Impact Report (PEIR) and amendments to the General Plan Mobility and Transportation Element:
1.  Adopt a finding that decertification of the 2021 PEIR and rescission of the corresponding amendment to the Fresno General Plan's Mobility and Transportation Element are exempt from the California Environmental Quality Act (CEQA) pursuant to the common sense exemption set forth in CEQA Guidelines Section 15061(b)(3), because it can be seen with certainty that there is no possibility that this action will have a significant effect on the environment.
2.  ***RESOLUTION - Rescinding Resolution No. 2021-269 to Decertify Program Environmental Impact Report; and Rescinding Resolution No. 2021-270 to Set Aside Amendments to the 2014 General Plan Mobility and Transportation Element. (Subject to Mayor's Veto)

_**Sponsors:**_    Planning and Development Department

**2.-W.**  ID 25-72    Actions pertaining to the La Hacienda Mobile Home Park located at 104 East Sierra Avenue, Fresno, California (Council District 6):
1.  Adopt a finding of Categorical Exemption pursuant to Section 15332/Class 32 of the California Environmental Quality Act (CEQA) Guidelines
2.  Approve a Termination of Encampment Resolution Funding (ERF) Agreement between the City of Fresno and Self-Help Enterprises relating to the La Hacienda Mobile Home Park
3.  Approve a Local Housing Trust Fund (LHTF) Loan Agreement between the City of Fresno and Self-Help Enterprises in the amount of $3,700,000.00 for the acquisition and preservation of the La Hacienda Mobile

| City Council | Meeting Agenda - Final | March 13, 2025 |
|---|---|---|

Home Park

4. ***RESOLUTION - Authorizing a joint application to and participation in the Homekey+ Program with Self-Help Enterprises for the La Hacienda project and authorizing the City Manager or designee to sign all required implementing documents (Subject to Mayors Veto)

_**Sponsors:**_    Planning and Development Department

**2.-X.**   ID 25-268    RESOLUTION - Of Intention to Annex the Territory Known as Assessor's Parcel Number 578-040-16, 578-040-17, and 578-040-18 as Annexation Number 67 to the City of Fresno Community Facilities District Number 9 and to Authorize the Levy of Special Taxes; and setting the Public Hearing for Thursday, April 24, 2025, at 9:10 am. (Northeast corner of North Maple Avenue and East Behymer Avenue) (Council District 6)

_**Sponsors:**_    Public Works Department

**2.-Y.**   ID 25-223    Actions pertaining to the Department of Transportation Fresno Area Express (FAX) Maintenance Building Steam Bay Renovation project:

1. Adopt Environment Assessment No. 25-223, dated February 6, 2025, a determination that the proposed project qualifies for categorical exemption as set forth in the California Environmental Quality Act (CEQA) Guidelines Section 15301/Class 1 and Section 15302/Class 2, of the State of California CEQA Guidelines.

2. Approve a construction contract in the amount of $314,414.70 with RCH Construction, a California corporation, for construction services to replace the lift equipment located in the Fresno Area Express (FAX) bus maintenance building steam cleaning bay. (Bid File 12500938)

3. Authorize the City Manager or designee to sign and execute all related documents.

_**Sponsors:**_    Department of Transportation

**2.-Z.**   ID 25-324    RESOLUTION - Naming the trail to be located at Fanning Ditch between West Avenue and Thorne Avenue "Rashad Al-Hakim Jr. Trail"

| City Council | Meeting Agenda - Final | March 13, 2025 |
|---|---|---|

| | _**Sponsors:**_ | Vice President Arias |
|---|---|---|
| **2.**<br>**-AA.** | ID 25-350 | Bill - (For Introduction) - Amending Sidewalk Vending Ordinance Violations, section 10-2606, to provide for immediate monetary citations in the Tower District |
| | _**Sponsors:**_ | Vice President Arias and Councilmember Perea |

## CONTESTED CONSENT CALENDAR

## 3.  GENERAL ADMINISTRATION

## UNSCHEDULED COMMUNICATION

**PLEASE NOTE: UNSCHEDULED COMMUNICATION IS NOT SCHEDULED FOR A SPECIFIC TIME AND MAY BE HEARD ANY TIME DURING THE MEETING**

## 4.  CITY COUNCIL

## 9:05 A.M.

| **4.-A.** | ID 25-366 | Presentation by Dailey Elementary Charter School 5th Graders : Exhibition as part of the International Baccalaureate Program |
|---|---|---|
| | _**Sponsors:**_ | Councilmember Perea |

## 5.  CLOSED SESSION

| **5.-A.** | ID 25-344 | CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION<br>Government Code Section 54956.9, subdivision (d)(1)<br> La Hacienda Mobile Estates, LLC v. City of Fresno, et al;<br>Fresno Superior Court, Case Number: 24CECG00271 |
|---|---|---|
| | _**Sponsors:**_ | City Attorney's Office |
| **5.-B.** | ID 25-346 | CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION<br>Government Code Section 54956.9, subdivision (d)(1)<br> In Re La Hacienda Mobile Estates, LLC, US Bankruptcy Court,<br>Eastern District of California; Case Number: 24-11967-A-11 |
| | _**Sponsors:**_ | City Attorney's Office |

City Council                    Meeting Agenda - Final                    March 13, 2025

**5.-C.**    ID 25-347        CONFERENCE WITH LEGAL COUNSEL-EXISTING
                             LITIGATION
                             Government Code Section 54956.9, subdivision (d)(1)
                             Hacienda Homeowners for Justice, et al, v. La Hacienda
                             Mobile Estates, LLC, et al;
                             Fresno Superior Court, Case Number: 23CECG03987;
                             and California Court of Appeal, Fifth Appellate District, Case
                             Number: F087978

         *Sponsors:*          City Attorney's Office

**5.-D.**    ID 25-313        CONFERENCE WITH LEGAL COUNSEL-EXISTING
                             LITIGATION
                             Government Code Section 54956.9, subdivision (d)(1)
                             Park 7, LLC., and LandValue Management LLC., v. City of
                             Fresno; Fresno Superior Court Case No. 24CECG04298

         *Sponsors:*          City Attorney's Office

**5.-E.**    ID 25-314        CONFERENCE WITH LEGAL COUNSEL-EXISTING
                             LITIGATION
                             Government Code Section 54956.9, subdivision (d)(1)
                             City of Fresno v. Fresno Building Healthy Communities Court
                             of Appeal Case No.: F084662; and Fresno Building Healthy
                             Communities v. City of Fresno Court of Appeal Case No.:
                             F084666 (PARCS Department)

         *Sponsors:*          City Attorney's Office

**5.-F.**    ID 25-348        CONFERENCE WITH LEGAL COUNSEL - ANTICIPATED
                             LITIGATION
                             Government Code Section 54956.9, subdivision (d)(4)
                             1 potential case

         *Sponsors:*          Council President Karbassi

# ADJOURNMENT

## UPCOMING SCHEDULED COUNCIL HEARINGS AND MATTERS

*March 27, 2025, 9:10 A.M. - Hearing to consider Vesting Tentative Tract Map No.
6397 and related Environmental Assessment No. T-6397 for approximately 4.72
acres of property located on the east side of North Cornelia Avenue, between West
McKinley and West Hedges Avenues*

**City Council**                    **Meeting Agenda - Final**                    **March 13, 2025**

*March 27, 2025, 9:15 A.M. - Consideration of Text Amendment Application No. P24-00794 and related Environmental Finding for Environmental Assessment No. P24-00794,*

*April 10, 2025, 9:10 A.M. - Actions pertaining to the Ventura Family Apartments affordable housing development project, located South of E. Cesar Chavez Blvd between S. Seventh Street and S. Eighth streets*

**UPCOMING EMPLOYEE CEREMONIES**

EMPLOYEE OF THE QUARTER - 10:00 A.M.
• April 2, 2025 (Wednesday) - Employee of the Spring Quarter
• July 16, 2025 (Wednesday) - Employee of the Summer Quarter
• October 15, 2025 (Wednesday) - Employee of the Fall Quarter

EMPLOYEE SERVICE AWARDS - 10:00 A.M.
• April 16, 2025 (Wednesday) - Employee Service Awards
• November 19, 2025 (Wednesday) - Employee Service Awards

**2025 CITY COUNCIL MEETING SCHEDULE**

*March 27, 2025 - 9:00 A.M. (Regular Meeting)*
*April 10, 2025 - 9:00 A.M. (Regular Meeting)*
*April 24, 2025 - 9:00 A.M. (Regular Meeting)*
*May 1, 2025 - 9:00 A.M. (Regular Meeting)*
*May 15, 2025 - 9:00 A.M. (Regular Meeting)*

# Exhibit 11



# City of Fresno

2600 Fresno Street
Fresno, CA 93721
www.fresno.gov

## Meeting Minutes
## City Council

*President - Mike Karbassi*
*Vice President - Miguel Angel Arias*
*Councilmembers:*
*Annalisa Perea, Tyler Maxwell, District 5 - Vacant,*
*Nick Richardson, Nelson Esparza*
*City Manager - Georgeanne A. White*
*City Attorney - Andrew Janz*
*City Clerk - Todd Stermer, MMC*

| | | |
|---|---|---|
| **Thursday, March 13, 2025** | **9:00 AM** | **Council Chambers** |

### Regular Meeting

**The City Council met in regular session in the Council Chamber, City Hall, on the date and time above written.**

9:12 A.M. ROLL CALL

*Council District 5 is vacant pending a March 18, 2025, special election.*

**Present:** 6 - Council President Mike Karbassi
Vice  President Miguel Angel Arias
Councilmember Annalisa Perea
Councilmember Tyler Maxwell
Councilmember Nick Richardson
Councilmember Nelson Esparza

Invocation by Rhonda Dueck, a member of the Community United Church of Christ

*Rhonda Dueck gave the invocation.*

Pledge of Allegiance to the Flag

*Councilmember Maxwell led the Pledge of Allegiance.*

## APPROVE AGENDA

*THE FOLLOWING ITEMS WERE REMOVED FROM THE AGENDA:*

*2-C (ID 25-318) regarding naming the park at 2155 South Peach Avenue to "Peach Park" - tabled with no return date by Councilmember Esparza.*

City Council                    **Meeting Minutes**                    March 13, 2025

*THE FOLLOWING CONSENT CALENDAR ITEMS WERE MOVED TO THE CONTESTED CONSENT CALENDAR FOR FURTHER DISCUSSION:*

*2-P (ID 25-126) regarding a sole source agreement to implement a video wall display at City Hall per Fiscal Year 2025 budget motion #51- moved to contested consent by Councilmember Richardson*

*2-V (ID 25-310) regarding setting aside certification of the Program Environmental Impact Report (PEIR) and amendments to the General Plan Mobility and Transportation Element - moved to contested consent by Vice President Arias.*

*2-W (ID 25-72) regarding La Hacienda Mobile Home Park - moved to contested consent by Vice President Arias.*

**On motion of Vice President Arias, seconded by Councilmember Perea to reconsider approval of the agenda, the Agenda was APPROVED AS AMENDED. The motion carried by the following vote:**

> **Aye:** 5 - Karbassi, Arias, Perea, Maxwell and Richardson

> **Absent:** 1 - Esparza

## CEREMONIAL PRESENTATIONS

ID 25-260     Proclamation for "Central Valley Firefighters Credit Union"

*PRESENTED*

ID 25-319     Proclamation for "Edison High Boys' Soccer Team Day"

*PRESENTED*

ID 25-275     Proclamation of the "Justin Garza Cheer Team CIF California State Championship Day"

*PRESENTED*

ID 25-276     Proclamation of the "Central East Cheer Team Championship Day"

*PRESENTED*

ID 25-340     Proclamation for "National 3-1-1 Day"

---

*City of Fresno*                    ***Subject to Mayoral Veto***                    *Page 2*

**City Council**                    **Meeting Minutes**                    March 13, 2025

*PRESENTED*

# COUNCILMEMBER REPORTS AND COMMENTS

*Councilmember Richardson Reports and Comments: Reported on a productive Beautify Fresno event near McCardle Elementary School which removed approximately a half-ton of garbage. Discussed the successful District 6 neighborhood meetings and town halls and plans to continue community engagement in that fashion.*

*Councilmember Esparza Reports and Comments: Announced his participation in Read Across America events over the past three weeks to emphasize the importance of literacy. Discussed the Reyes Scholarship Fund Legacy Gala which supports students of Roosevelt High School. Reported on his speaking engagement with the Economics Club at California State University, Fresno.*

# MAYOR/MANAGER REPORTS AND COMMENTS

*City Manager White Reports and Comments: Discussed the recent groundbreaking of Golden Charter Academy.*

*Mayor Dyer Reports and Comments: Expressed his excitement for the new Golden Charter Academy and discussed the excellent work performed by the program. Discussed anticipation of an expedited building process.*

# 1. SCHEDULED COUNCIL HEARINGS AND MATTERS

# Joint Meeting of the City Council, The City in Its Capacity as Housing Successor to the Redevelopment Agency of the City of Fresno and The Fresno Revitalization Corporation

# 9:10 A.M. JOINT MEETING (CONTINUED TO APRIL 10, 2025 AT 9:10 AM)

ID 25-257    Actions pertaining to the Ventura Family Apartments affordable housing development project, located South of E. Cesar Chavez Blvd between S. Seventh Street and S. Eighth streets (District 5):

1. Adopt a finding of Categorical Exemption pursuant to Section 15332/ Class 32 of the California Environmental Quality Act (CEQA) Guidelines; and
2. ***RESOLUTION - Repealing Resolution Number 2024-125 and

---

*City of Fresno*                    ****Subject to Mayoral Veto***                    **Page 3**

City Council                        **Meeting Minutes**                        March 13, 2025

replacing it with language in support of a contribution of City and Housing Successor Agency land and a contribution of City funds in an amount not to exceed $5,000,000 toward the Ventura Family Apartments project located South of E. Cesar Chavez Blvd between S. Seventh and S. Eighth streets (Subject to Mayor's Veto); and

3. Approve an Affordable Housing Agreement with Corporation for Better Housing to develop the Ventura Family Apartments affordable rental housing development project located South of E. Cesar Chavez Blvd between S. Seventh and S. Eighth streets.

*CONTINUED AS NOTED*

## 9:15 A.M. #1

ID 25-271    HEARING to adopt resolutions and ordinance to annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 65 (Territory known as Assessor's Parcel Number 310-250-13) (East side of North Armstrong Avenue and East Harvard Avenue) (Council District 7):

1. ***RESOLUTION - to Annex Territory to Community Facilities District No. 9 and Authorizing the Levy of a Special Tax for Annexation No. 65 (Subject to Mayor's Veto);

2. ***RESOLUTION - Calling Special Mailed-Ballot Election (Subject to Mayor's Veto);

3. ***RESOLUTION - Declaring Election Results (Subject to Mayor's Veto);

4. ***BILL - (For introduction and adoption) - Levying a Special Tax for the Property Tax Year 2024-2025 and Future Tax Years Within and Relating to Community Facilities District No. 9, Annexation No. 65 (Subject to Mayor's Veto).

*The above item was called to order at 10:43 A.M. and was presented to Council by Supervising Engineering Technician Gonzales. Upon call, no members of the public addressed Council. Public comment closed at 10:44 A.M.*

*There was no council discussion.*

*RESOLUTION 2025-58 ADOPTED*
*RESOLUTION 2025-59 ADOPTED*
*RESOLUTION 2025-60 ADOPTED*
*BILL B-6 INTRODUCED / ADOPTED AS ORDINANCE 2025-6*

**On motion of Councilmember Perea, seconded by Council President**

---

City Council                          **Meeting Minutes**                          March 13, 2025

**Karbassi, that the above Action Item be ADOPTED. The motion carried by the following vote:**

      **Aye:**  5 -  Karbassi, Arias, Perea, Maxwell and Richardson

    **Absent:**  1 -  Esparza

## 9:15 A.M. #2

ID 25-311      HEARING for Consideration of Text Amendment Application No. P23-03410 and related Environmental Finding for Environmental Assessment No. P23-03410, amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

        1. ADOPTION of a finding set forth in Environmental Assessment No. P23-03410 dated January 15, 2025, that Text Amendment Application No. P23-03410 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the CEQA Guidelines.

        2. BILL (for introduction) amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

*The above item was called to order at 10:45 A.M. and was presented to Council by Planning Manager Siegrist. Upon call, the following members of the public addressed Council: Armen Bareyon, Aaron Galindo, Fabian S., Todd Wyncoop, Josiah Zuniga, Buolia Xiong, Able Arevalo, Mary Haskin, Jasmine Buenrostro, Richard Navarro, Eric Payne, Sam Asumarn, Jasbir Sarai, and Hussain Halfarah. Public comment closed at 11:32 A.M.*

*Council discussion included: regulation of smoke shops; the role of the City Attorney's Office; balancing regulation with fairness to businesses; impacts to neighborhoods; enforcement measures; economic and business considerations; concerns about government overreach; issues with enforcement and compliance; actions by the Planning Commission; public nuisances and property owner responsibilities; revocation history for Conditional Use Permits; the potential grandfathering of existing businesses; buffer zones and distance requirements, and; legal constraints upon revenue from seized assets.*

*Vice President Arias motioned to approve the item with three changes to the Text Amendment.  He stated the amendments were consistent with "Finding*

City Council                    **Meeting Minutes**                    March 13, 2025

*2" to promote and protect the public health and safety.  The amendments were:*

*(i) Add a $500 fine for each individual prohibited item found during an inspection to the table found under Fresno Municipal Code (FMC) Section 15-2761 (H);*

*(ii) Add a provision that Smoke Shops which were found to have been involved in illegal activities through the Cannabis Administrative Prosecutor Program (CAPP) are prohibited from opening a Smoke Shop under the text amendment to Fresno Municipal Code FMC Section 15-2761 (D); and*

*(iii) Add a provision vesting Code Enforcement Officers and the Fresno Police Department with the authority to seize and destroy illegal flavored tobacco should any be found upon inspection of a violating tobacco retailer to Fresno Municipal Code FMC Section 15-2761 (G)(12)(d).*

*The following two friendly amendments were accepted as part of the motion to approve as amended:*

*(iv) Allow sale of CBD (cannabidiol) in smoke shops - requested by Councilmember Maxwell.*

*(v) Include a formal educational program before enforcement - requested by Councilmember Richardson.*

*NOT APPROVED*

**On motion of Vice  President Arias, seconded by Councilmember Esparza, that the above Action Item be ADOPTED AS AMENDED. The motion FAILED by the following vote:**

> **Aye:**  3 -  Arias, Perea and Esparza

> **No:**  3 -  Karbassi, Maxwell and Richardson

## 9:20 A.M.

ID 25-274        HEARING to adopt Resolutions and Ordinance to annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 64 (Territory known as Assessor's Parcel

**City Council**                    **Meeting Minutes**                    **March 13, 2025**

Number 506-130-04S) (Southwest corner of West Sierra Avenue and North Polk Avenue) (Council District 2):

1. ***RESOLUTION - to Annex Territory to Community Facilities District No. 9 and Authorizing the Levy of a Special Tax for Annexation No. 64 (Subject to Mayor's Veto);
2. ***RESOLUTION - Calling Special Mailed-Ballot Election (Subject to Mayor's Veto);
3. ***RESOLUTION - Declaring Election Results (Subject to Mayor's Veto);
4. ***BILL - (For introduction and adoption) - Levying a Special Tax for the Property Tax Year 2024-2025 and Future Tax Years Within and Relating to Community Facilities District No. 9, Annexation No. 64 (Subject to Mayor's Veto).

*The above item was called to order at 3:03 P.M. and was presented to Council by Supervising Engineering Technician Gonzales. Upon call, no members of the public addressed Council. Public comment closed at 3:04 P.M.*

*There was no council discussion.*

*RESOLUTION 2025-61 ADOPTED*
*RESOLUTION 2025-62 ADOPTED*
*RESOLUTION 2025-63 ADOPTED*
*BILL B-7 INTRODUCED / ADOPTED AS ORDINANCE 2025-7*

**On motion of Council President Karbassi, seconded by Councilmember Esparza, that the above Action Item be ADOPTED. The motion carried by the following vote:**

**Aye:**  4 -  Karbassi, Maxwell, Richardson and Esparza

**Absent:**  2 -  Arias and Perea

## 10:05 A.M.

ID 25-343    HEARING to consider the vacation of a portion of the public street easement on the north side of West Nees Avenue, east of West Audubon Drive (Council District 2):

1. ***RESOLUTION - Approving the vacation to vacate a portion of the public street easement on the north side of West Nees Avenue, east of West Audubon Drive. (Subject to Mayor's Veto)

*The above item was called to order at 3:05 P.M. and was presented to Council by Public Works Director Mozier. Upon call, no members of the*

---

City Council                     **Meeting Minutes**                     March 13, 2025

---

*public addressed Council. Public comment closed at 3:06 P.M.*

*There was no council discussion.*

*RESOLUTION 2025-64 ADOPTED*

**On motion of Council President Karbassi, seconded by Councilmember Richardson, that the above Action Item be ADOPTED. The motion carried by the following vote:**

      **Aye:**  4 -  Karbassi, Maxwell, Richardson and Esparza

   **Absent:**  2 -  Arias and Perea

## 10:10 A.M.

ID 25-327    Appearance by John Leal regarding "The naming of the Southeast Fresno Regional Park and
Soccer Complex (Peach Avenue Park)." (District 5 Resident)

*DID NOT APPEAR*

## 10:13 A.M.

ID 25-326    Appearance by Pedro Navarro Cruz regarding "The naming of the Southeast Fresno Regional Park and Soccer Complex (Peach Avenue Park)." (District 5 Resident)

*DID NOT APPEAR*

## 10:16 A.M.

ID 25-328    Appearance by Jose Luis Barraza regarding "The naming of the Southeast Fresno Regional Park and
Soccer Complex (Peach Avenue Park)." (District 5 Resident)

*APPEARED*

## 2. CONSENT CALENDAR

*Upon call, for public comment on all Consent, Contested Consent and Closed Session items, the following members of the public addressed Council: Jovana Moreles(2-S).*

APPROVAL OF THE CONSENT CALENDAR

**On motion of Vice  President Arias, seconded by Councilmember**

---

City Council                        **Meeting Minutes**                        March 13, 2025

**Perea, the CONSENT CALENDAR was hereby adopted by the following vote:**

**Aye:**  5 -  Karbassi, Arias, Perea, Maxwell and Richardson

**Absent:**  1 -  Esparza

**2.-A.**    ID 25-323        Approval of the minutes for February 27, 2025

   **APPROVED ON CONSENT CALENDAR**

**2.-B.**    ID 25-241        Approval of the Amendments to City Council Regular Meeting Minutes for February 22, 2024, and November 21, 2024.

   **APPROVED ON CONSENT CALENDAR**

**2.-C.**    ID 25-318         RESOLUTION - Naming the Park at 2155 South Peach Avenue to "Peach Park"

   *Councilmember Esparza tabled the above item stating it would be prudent to take action after the District 5 seat was filled.*

   *During the related 10:10 A.M. (ID 25-327), 10:13 A.M. (ID 25-326) and 10:16 A.M. (ID 25-328) agenda items, Council President Karbassi announced several letters regarding the naming of the park had been received after the deadline to be included on the record.  The letters were separately distributed to Council.  The Council President also announced a letter of support had been received from County Supervisor, Luis Chavez, and read it aloud.*

   **TABLED**

**2.-D.**    ID 25-351        Approve the Appointment of Kaleb Neufeld to the City of Fresno Employees Retirement Board to a term that is continuous.

   **APPROVED ON CONSENT CALENDAR**

**2.-E.**    ID 25-316        ***BILL B-5 (Introduced February 27, 2025)(For Adoption) - Amending Subsection (a) of Section 7-504, and Subsection (a) of Section 7-505 of the Fresno Municipal Code relating to the local Sales and Use Taxes (Subject to Mayor's Veto)

   *ORDINANCE 2025-5 ADOPTED*

   **APPROVED ON CONSENT CALENDAR**

**2.-F.**    ID 25-270        Approve    the    substitution    of    listed    Subcontractor,    Tosted    Asphalt,

---

City Council                                  **Meeting Minutes**                               March 13, 2025

Incorporated of Madera, California for court surfacing and equipment with Benyon of Fresno, California, for the Rotary East Pickleball Courts - Project ID PC00358. (Bid File 12500848) (Council District 6)

**APPROVED ON CONSENT CALENDAR**

**2.-G.**    ID 25-277    Approve the Third Amendment to the Consultant Services Agreement with Blair, Church & Flynn Consulting Engineers Inc., of Clovis, California, in the amount of $45,000.00, for a total increased contract amount of $704,828.23, and a remaining contingency amount not to exceed $26,171.77, for the design and preparation of construction documents for the South Peach Avenue Park Project. (Council District 5)

**APPROVED ON CONSENT CALENDAR**

**2.-H.**    ID 25-281    Actions pertaining to Maxie L. Parks and Neilson Park Play Structure Improvements Project (Bid File No. 12501211), (Council District 3):

1. Adopt a finding of Categorical Exemption per staff's determination, pursuant to Section 15301(d)/ Class 1 and 15302/Class 2 of the California Environmental Quality Act (CEQA) Guidelines, Environmental Assessment No. PC00367, for the Maxie L. Parks Play Structure Improvements Project;

2. Adopt a finding of Categorical Exemption per staff's determination, pursuant to Section 15301(d)/ Class 1 and 15302/Class 2 of the California Environmental Quality Act (CEQA) Guidelines, Environmental Assessment No. PC00323, for the Neilson Park Play Structure Improvements Project;

3. Award a construction contract in the amount of $817,314.75 to Stockbridge General Contracting, Inc., of Clovis, California, as the lowest responsive and responsible bidder for the Maxie L. Parks and Neilson Park Play Structure Improvements Project.

**APPROVED ON CONSENT CALENDAR**

**2.-I.**    ID 25-283    Actions pertaining to the Roeding Park Court Repurposing Project (Bid File No. 12501202), (Council District 3):

1. Adopt a finding of Categorical Exemption per staff's determination pursuant to section 15301/Class 1 of the California Environmental Quality Act (CEQA) Guidelines for the Roeding Park Court Repurposing Project;

2. Award a construction contract in the amount of $1,228,145.00 for the Base Bid plus all three (3) Add Alternates, with Avison Construction, Inc. of Madera, California as the lowest responsive and responsible bidder for the Roeding Park Court Repurposing Project.

**APPROVED ON CONSENT CALENDAR**

City Council                    **Meeting Minutes**                    March 13, 2025

**2.-J.**   ID 25-286       Actions pertaining to the Dolores Huerta Park (formerly known as Milburn Dakota Park) Project (Bid File 12500880), (Council District 1):
1. Adopt Addendum to Mitigated Negative Declaration No. P21-00779, dated September 4, 2024, prepared for Development Permit Application No. P21-00779 pursuant to California Environmental Quality Act (CEQA) Guidelines Sections 15164 and 15162;
2. Enter into a Mitigation Agreement with Fresno Metropolitan Flood Control District to mitigate impacts of runoff and to incorporate such mitigation measures into an on-site storm drainage system;
3. Award a construction contract in the amount of $9,950,023.15, for the Base Bid plus four (4) of six (6) Add Alternates with American Paving Co., of Fresno, California, as the lowest responsive and responsible bidder for the Dolores Huerta Park Project.

### APPROVED ON CONSENT CALENDAR

**2.-K.**   ID 25-273       Actions pertaining to the Ashlan and Shields Avenues Countdown Pedestrian Head Upgrade Project - Bid File 12501082 (Council Districts 1, 4, & 7):
1. Adopt Environmental Assessment No. PW01066, a determination that the proposed project qualifies for categorical exemption as set forth in the CEQA Guidelines Section 15301/Class 1;
2. Award a construction contract in the amount of $151,655.00 to Bear Electrical Solutions, LLC of Alviso, California, as the lowest responsive and responsible bidder.

### APPROVED ON CONSENT CALENDAR

**2.-L.**   ID 25-284       Actions pertaining to Clovis Avenue Adaptive ITS Traffic Signal Synchronization Project from Shields Avenue to American Avenue: (Bid File No. 12500629), (Council Districts 4, 5, and 7)
1. Adopt a finding of Categorical Exemption per staff's determination, pursuant to Section 15301/Class 1 of the California Environmental Quality Act (CEQA) Guidelines;
2. Award a Construction Contract in the amount of $1,990,683.50 to A-C Electric Company of Fresno, California.

### APPROVED ON CONSENT CALENDAR

**2.-M.**   ID 25-259       ***RESOLUTION - Adopting the 35th Amendment to the Annual Appropriation Resolution No. 2024-122 appropriating $141,900 for the Local Immigrant Integration and Inclusion Grant Program from the State of California Governor's Office of Business and Economic Development (Requires Five Affirmative Votes) (Subject to Mayor's Veto)

*RESOLUTION 2025-65 ADOPTED*

City Council | **Meeting Minutes** | March 13, 2025

**APPROVED ON CONSENT CALENDAR**

**2.-N.**  ID 25-367  \*\*\*RESOLUTION - Adopting the 45th Amendment to the Annual Appropriation Resolution No.2024-122 Appropriating $250,000 to City Attorney/Code Department. (Requires Five Affirmative Votes) (Subject to Mayor's Veto)

*RESOLUTION 2025-66 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-O.**  ID 25-256  Approve the award of a requirements contract to UKG Kronos Systems, LLC, for five years with three optional one-year extensions for the purchase of scheduling software in an amount not to exceed $69,000 for the first year and $50,000 per year for all remaining years (RFP No. 12500698)

**APPROVED ON CONSENT CALENDAR**

**2.-Q.**  ID 25-109  Approve a Service Agreement with Elevate Community Services, Inc. (Elevate) to operate Ambassador Inn Triage Center offering 53-units serving individuals experiencing homelessness, located at 1804 W Olive Avenue through March 31, 2026, in the total amount of $1,324,600.00 funded with Homekey 2.0 and Homeless Housing, Assistance, and Prevention (HHAP) dollars. (Council District 3)

**APPROVED ON CONSENT CALENDAR**

**2.-R.**  ID 25-110  Approve a Service Agreement with Elevate Community Services, Inc. (Elevate) to operate Villa Motel offering 52-units serving individuals experiencing homelessness, located at 817 N. Parkway Drive, through March 31, 2026, in the total amount of $1,299,998.00 funded with Homekey 2.0 and Homeless Housing, Assistance and Prevention (HHAP) funding. (Council District 3)

**APPROVED ON CONSENT CALENDAR**

**2.-S.**  ID 25-243  \*\*\*RESOLUTION - To support FCTC Family II, LP's, Low-Income Housing Tax Credit Application for the development of Sarah's Court Phase II; and to provide a conditional commitment of HOME Investment Partnerships Program loan funds in an amount not to exceed $3 million to the Project (Subject to Mayor's Veto)

*RESOLUTION 2025-57 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-T.**  ID 25-246  Actions pertaining to the Valley Inn located at 933 North Parkway Drive, Fresno, CA 93728 (Council District 3)
      1. Adopt a finding of Categorical Exemption pursuant to Section

City Council                           **Meeting Minutes**                          March 13, 2025

15301/Class 1 (Existing Facilities) of the California Environmental Quality Act (CEQA) guidelines

2. \*\*\*RESOLUTION - Authorizing Joint Application to, and participation, in the Homekey+ Program with co-applicant, Fresno Prime LLC, for the Valley Inn Project and authorizing the City Manager, or designee, to sign all required implementing documents (Subject to Mayor's Veto)

*RESOLUTION 2025-68 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-U.**    ID 25-279    Approve a First Amendment to the Permanent Local Housing Allocation (PLHA) Program Agreement between the City of Fresno and Broadway Plaza Apartments, LP for the Hotel Fresno Project located at 1241-1263 Broadway Plaza, Fresno, California (District 3).

**APPROVED ON CONSENT CALENDAR**

**2.-X.**    ID 25-268    RESOLUTION - Of Intention to Annex the Territory Known as Assessor's Parcel Number 578-040-16, 578-040-17, and 578-040-18 as Annexation Number 67 to the City of Fresno Community Facilities District Number 9 and to Authorize the Levy of Special Taxes; and setting the Public Hearing for Thursday, April 24, 2025, at 9:10 am. (Northeast corner of North Maple Avenue and East Behymer Avenue) (Council District 6)

*RESOLUTION 2025-71 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-Y.**    ID 25-223    Actions pertaining to the Department of Transportation Fresno Area Express (FAX) Maintenance Building Steam Bay Renovation project:

1. Adopt Environment Assessment No. 25-223, dated February 6, 2025, a determination that the proposed project qualifies for categorical exemption as set forth in the California Environmental Quality Act (CEQA) Guidelines Section 15301/Class 1 and Section 15302/Class 2, of the State of California CEQA Guidelines.
2. Approve a construction contract in the amount of $314,414.70 with RCH Construction, a California corporation, for construction services to replace the lift equipment located in the Fresno Area Express (FAX) bus maintenance building steam cleaning bay. (Bid File 12500938)
3. Authorize the City Manager or designee to sign and execute all related documents.

**APPROVED ON CONSENT CALENDAR**

**2.-Z.**    ID 25-324    RESOLUTION - Naming the trail to be located at Fanning Ditch between

City Council                    **Meeting Minutes**                    March 13, 2025

---

West Avenue and Thorne Avenue "Rashad Al-Hakim Jr. Trail"

*RESOLUTION 2025-72 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-AA.**    ID 25-350    Bill - (For Introduction) - Amending Sidewalk Vending Ordinance Violations, section 10-2606, to provide for immediate monetary citations in the Tower District

*BILL B-8 INTRODUCED AND LAID OVER*

**APPROVED ON CONSENT CALENDAR**

# CONTESTED CONSENT CALENDAR

**2.-P.**    ID 25-126    Actions pertaining to a sole source agreement to implement a video wall display at City Hall per Fiscal Year 2025 budget motion #51:
1. Award a Sole Source Agreement with Solutions by Design for the purchase and installation of a 3rd Floor Exhibit displaying City of Fresno Historical information for the public in the amount of $737,279
2. ***RESOLUTION - Adopt a resolution authorizing an exception to formal bidding procedures and approving the sole source purchase and installation of the Video Wall, Council Chambers main screen, and two kiosks for City Hall (Subject to Mayor's Veto)
3. Authorize the Chief Information Officer or designee to execute the agreement and all related documents

*Councilmember Richardson moved the above item to Contested Consent but stated he no longer had questions.*

*There was no council discussion*

*RESOLUTION 2025-67 ADOPTED*

**On motion of Councilmember Richardson, seconded by Councilmember Maxwell, that the above Action Item be ADOPTED. The motion carried by the following vote:**

> **Aye:**  5 -  Karbassi, Arias, Maxwell, Richardson and Esparza

> **Absent:**  1 -  Perea

**2.-V.**    ID 25-310    Actions    pertaining    to    setting    aside    certification    of    the    Program Environmental Impact Report (PEIR) and amendments to the General Plan Mobility and Transportation Element:
1. Adopt a finding that decertification of the 2021 PEIR and rescission

---

*City of Fresno*                    ***Subject to Mayoral Veto***                    *Page 14*

**City Council**                              **Meeting Minutes**                              **March 13, 2025**

of the corresponding amendment to the Fresno General Plan's Mobility and Transportation Element are exempt from the California Environmental Quality Act (CEQA) pursuant to the common sense exemption set forth in CEQA Guidelines Section 15061(b)(3), because it can be seen with certainty that there is no possibility that this action will have a significant effect on the environment.

2. ***RESOLUTION - Rescinding Resolution No. 2021-269 to Decertify Program Environmental Impact Report; and Rescinding Resolution No. 2021-270 to Set Aside Amendments to the 2014 General Plan Mobility and Transportation Element. (Subject to Mayor's Veto)

*Councilmember Vice President Arias moved the above item to Contested Consent for clarification on how this item relates to the Program Environmental Impact Report (PEIR) litigation.*

*Council discussion included: the court order to decertify the PEIR; the impact on city planning, and; identifying a budget for the next PEIR.*

*RESOLUTION 2025-69 ADOPTED*

**On motion of Vice President Arias, seconded by Council President Karbassi, that the above Action Item be ADOPTED. The motion carried by the following vote:**

> **Aye:** 4 - Karbassi, Arias, Richardson and Esparza

> **Absent:** 2 - Perea and Maxwell

**2.-W.**  [ID 25-72](#)   Actions pertaining to the La Hacienda Mobile Home Park located at 104 East Sierra Avenue, Fresno, California (Council District 6):

1. Adopt a finding of Categorical Exemption pursuant to Section 15332/Class 32 of the California Environmental Quality Act (CEQA) Guidelines
2. Approve a Termination of Encampment Resolution Funding (ERF) Agreement between the City of Fresno and Self-Help Enterprises relating to the La Hacienda Mobile Home Park
3. Approve a Local Housing Trust Fund (LHTF) Loan Agreement between the City of Fresno and Self-Help Enterprises in the amount of $3,700,000.00 for the acquisition and preservation of the La Hacienda Mobile Home Park
4. ***RESOLUTION - Authorizing a joint application to and participation in the Homekey+ Program with Self-Help Enterprises for the La Hacienda project and authorizing the City Manager or designee to sign all required implementing documents (Subject to

City Council | **Meeting Minutes** | March 13, 2025

Mayors Veto)

*Councilmember Vice President Arias moved the above item to Contested Consent for clarification on the finality of the matter.*

*Council discussion included: whether the agenda item would bring closure to the acquisition, sale, or transfer of the mobile home park; final court approval, and; a pending action to apply for and accept additional Homekey Plus funding.*

*RESOLUTION 2025-70 ADOPTED*

**On motion of Councilmember Richardson, seconded by Vice President Arias, that the above Action Item be APPROVED. The motion carried by the following vote:**

**Aye:** 4 - Karbassi, Arias, Richardson and Esparza

**Absent:** 2 - Perea and Maxwell

## 3. GENERAL ADMINISTRATION

## UNSCHEDULED COMMUNICATION

*Upon call, no members of the public addressed Council with unscheduled communication.*

## 4. CITY COUNCIL

## 9:05 A.M.

**4.-A.**    ID 25-366    Presentation by Dailey Elementary Charter School 5th Graders : Exhibition as part of the International Baccalaureate Program

*The above item was presented to Council by the Dailey Elementary Charter School 5th Graders.*

*PRESENTED*

## 5. CLOSED SESSION

*During open session, City Attorney Janz announced each of the items that would be discussed in closed session.*

*Council withdrew to closed session at 10:11 A.M.*

**City Council**                      **Meeting Minutes**                      March 13, 2025

**5.-A.**   ID 25-344

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
 La Hacienda Mobile Estates, LLC v. City of Fresno, et al;
Fresno Superior Court, Case Number: 24CECG00271

*The above item was discussed in closed session. There were no open session announcements for this item.*

*DISCUSSED*

**5.-B.**   ID 25-346

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
 In Re La Hacienda Mobile Estates, LLC, US Bankruptcy Court,
Eastern District of California; Case Number: 24-11967-A-11

*The above item was discussed in closed session. There were no open session announcements for this item.*

*DISCUSSED*

**5.-C.**   ID 25-347

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
Hacienda Homeowners for Justice, et al, v. La Hacienda Mobile Estates,
LLC, et al;
Fresno Superior Court, Case Number: 23CECG03987;
and California Court of Appeal, Fifth Appellate District, Case Number:
F087978

*The above item was discussed in closed session. There were no open session announcements for this item.*

*DISCUSSED*

**5.-D.**   ID 25-313

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
Park 7, LLC., and LandValue Management LLC., v. City of Fresno; Fresno
Superior Court Case No. 24CECG04298

*The above item was not discussed in closed session.*

---

*City of Fresno*                      ***Subject to Mayoral Veto***                      **Page 17**

City Council | **Meeting Minutes** | **March 13, 2025**

*NOT DISCUSSED*

**5.-E.** [ID 25-314](ID 25-314)

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
City of Fresno v. Fresno Building Healthy Communities Court of Appeal
Case No.: F084662; and Fresno Building Healthy Communities v. City of
Fresno Court of Appeal Case No.: F084666 (PARCS Department)

*The above item was discussed in closed session. There were no open session announcements for this item.*

*DISCUSSED*

**5.-F.** [ID 25-348](ID 25-348)

CONFERENCE WITH LEGAL COUNSEL - ANTICIPATED LITIGATION
Government Code Section 54956.9, subdivision (d)(4)
1 potential case

*The above item was not discussed in closed session.*

*NOT DISCUSSED*

# ADJOURNMENT

*The Council meeting adjourned from session at 3:22 P.M.*

**The above minutes were approved by unanimous vote of the City Council during the March 27, 2025, regular meeting.**

# Exhibit 12

# City of Fresno

*2600 Fresno Street*
*Fresno, CA 93721*
*www.fresno.gov*



## Meeting Agenda - Final

**Thursday, April 24, 2025**

**9:00 AM**

**Regular Meeting**

**Council Chambers**

## <u>City Council</u>

*President - Mike Karbassi*
*Vice President - Miguel Angel Arias*
*Councilmembers:*
*Annalisa Perea, Tyler Maxwell, Brandon Vang,*
*Nick Richardson, Nelson Esparza*
*City Manager - Georgeanne A. White*
*City Attorney - Andrew Janz*
*City Clerk - Todd Stermer, MMC*

City Council                                    **Meeting Agenda - Final**                                    April 24, 2025

---

**THE FRESNO CITY COUNCIL WELCOMES YOU TO THE COUNCIL CHAMBER, LOCATED IN CITY HALL, 2ND FLOOR, 2600 FRESNO STREET, FRESNO, CALIFORNIA 93721.**

PUBLIC PARTICIPATION – Public participation during Fresno City Council meetings is always encouraged and can occur by attending a meeting in the Council Chambers on the 2nd floor of City Hall located at 2600 Fresno Street, Fresno, CA 93721.

To be called to speak during a meeting, please fill out a speaker card (located throughout the chamber) and place it in the speaker card collection basket at the front of the chamber. You may also approach the speaker podium upon the Council President's call for any additional public comment.

Unless otherwise announced, all public speakers will have up to 3 minutes to address Council pursuant to Rule No. 10 of the Rules of Procedure for the City Council of the City of Fresno (available in the City Clerk's Office).

SUBMIT WRITTEN PUBLIC COMMENTS - Pursuant to Rule 11 (c) of the Rules of Procedure, no documents shall be accepted for Council review unless submitted to the City Clerk at least 24 hours prior to the Council Agenda item being heard. Documents / written comments related to an agenda item can be submitted by one of the following methods:

1) eComment – eComment allows the public to submit agenda related comments through a website prior to the meeting. Submitted comments are limited to 1440 characters and will be a part of the official record.

a) Submit an e-Comment by visiting https://fresno.legistar.com/Calendar.aspx and selecting the "eComment" link.

b) e-Comment is available for use upon publication of the agenda and closes 24 hours prior to the meeting start time [pursuant to Rule 11(c)].

c) e-Comment is not permitted for Land use or CEQA items.

d) The e-Comment Electronic User Agreement can be viewed at: https://www.fresno.gov/cityclerk/#information

2) E-mail – Agenda related documents and comments can be e-mailed to the Office of the City Clerk at least 24 hours prior to the agenda item being heard, pursuant to Rule 11(c).

a) E-mail the Clerk's Office at clerk@fresno.gov

b) E-mails should include the agenda date, and the related agenda item number.

---

*City of Fresno*                          ***Subject to Mayoral Veto***                          *Page 2*

**City Council**                **Meeting Agenda - Final**                **April 24, 2025**

VIEWING CITY COUNCIL MEETINGS (non-participatory) - For your convenience, there are several ways to view Fresno City Council meetings live:

    1) City of Fresno website: https://fresno.legistar.com/Calendar.aspx (click "In Progress" to view the live meeting).

    2) Community Media Access Collaborative website: https://cmac.tv/gov/

    3) YouTube - City of Fresno Council, Boards and Commissions Channel: https://www.youtube.com/@cityoffresnomeetings/streams

    4) Facebook: https://www.facebook.com/FresnoCA/videos

    5) Cable Television: Comcast Channel 96 and AT&T Channel 99

    6) Zoom: https://fresno.zoomgov.com/webinar/register/WN_7xJBW8h2QuKtZpm1lt1kdQ

Should any of the viewing methods above experience technical difficulties, the Council meeting will continue uninterrupted. Meetings will only be paused to address verified technical issues that interrupt public participation during meetings.

The City of Fresno's goal is to comply with the Americans with Disabilities Act (ADA).  If reasonable ADA accommodations are needed, including sign language interpretation, contact the Office of the City Clerk at (559) 621-7650 or clerk@fresno.gov.  Also contact the Office of the City Clerk if spoken language translation is required.  Accommodation and language requests should be made a minimum of three business days prior to the scheduled meeting.

GOVERNMENT CODE 84308 CONTRIBUTION PROHIBITIONS AND MANDATORY DISCLOSURES - The Political Reform Act of 1974 (Act) restricts campaign contributions over $500 to a decision-making public official from a party or participant, or their agent, in a proceeding involving a license, permit, contract, or entitlement for use. The Act requires disclosure of the contribution and creates a conflict where a decision-maker has received $500 or more from a party or participant to a proceeding in the prior 12 months. A decision-maker must disclose on the record during the proceeding that they have received contributions from a party, participant, or agent of a party or participant, greater than $500 within the preceding 12 months and the name(s) of the contributor(s). (See 2 CCR 18438.8(a).) Parties to a proceeding are required to disclose on the record if they made contributions over $500 to a decision-maker within the prior 12 months, and are prohibited from making contributions to a decision-maker during the proceeding and for 12 months after the date a final decision is rendered on the proceeding.

**City Council**                    **Meeting Agenda - Final**                    **April 24, 2025**

9:00 A.M. ROLL CALL

Invocation by 8th Grader Ahmed Abd Elmawlla from Valley Crescent School

Pledge of Allegiance to the Flag

## APPROVE AGENDA

## CEREMONIAL PRESENTATIONS

**Morning Ceremonials**

ID 25-383              Proclamation for "Fair Housing Month"

***Sponsors:***         Council President Karbassi and Councilmember Esparza

ID 25-509              Proclamation for "American Muslim Appreciation & Awareness Month"

***Sponsors:***         Office of Mayor & City Manager, Vice President Arias and Councilmember Maxwell

ID 25-454              Proclamation of "Autism Awareness Month"

***Sponsors:***         Councilmember Perea

ID 25-550              Proclamation of "Sikh Heritage Month"

***Sponsors:***         Councilmember Perea

**Afternoon Ceremonials**

ID 25-46               Fresno Animal Center presents "Pet of the Month"

***Sponsors:***         Animal Center Department

ID 25-440              Proclamation for "Independent Bookstore Day"

***Sponsors:***         Vice President Arias

ID 25-395              Proclamation for "Arbor Day"

***Sponsors:***         Office of Mayor & City Manager

## COUNCILMEMBER REPORTS AND COMMENTS

## MAYOR/MANAGER REPORTS AND COMMENTS

## 1.  SCHEDULED COUNCIL HEARINGS AND MATTERS

## Joint Meeting of the City Council, The City in Its Capacity as Housing Successor to the Redevelopment Agency of the City of Fresno and The Fresno Revitalization Corporation

## 9:10 A.M. #1 JOINT MEETING

ID 25-317　　　　　Actions pertaining to the Cesar Chavez Apartments affordable rental housing development project, located south of E. Cesar Chavez Blvd between S. Seventh Street and S. Eighth Street (City Council District 5)

1.  Adopt a finding of Categorical Exemption pursuant to Section 15332/Class 32 of the California Environmental Quality Act (CEQA) Guidelines; and

2.  ***RESOLUTION - Finding good cause and clear and convincing benefit to the public pursuant to Fresno Municipal Code Section 4-204 relating to the lease of surplus real properties identified as Assessor's Parcel Numbers 470-052-01T, 470-052-02T, AND 470-052-03T (Requires 5 Affirmative Votes) (Subject to Mayor's Veto)

3.  ***RESOLUTION - Supporting a contribution of City funds in an amount not to exceed $5,000,000 toward the affordable housing development project located on Cesar Chavez Boulevard between Seventh and Eighth Streets (City Action Only) (Subject to Mayor's Veto)

4.  Approve an Affordable Housing Agreement with Corporation for Better Housing, or related legal entity, to develop the Cesar Chavez Apartments affordable rental housing development

5.  Approve a 55-Year Ground Lease Agreement with Corporation for Better Housing, or related legal entity, to develop and operate the Cesar Chavez Apartments affordable rental housing project

_**Sponsors:**_　　　　　Planning and Development Department and Successor Agency to the Redevelopment Agency of the City of Fresno

---

City Council                    Meeting Agenda - Final                    April 24, 2025

## 9:10 A.M. #2

ID 25-490          HEARING to adopt Resolutions and an Ordinance to annex
                   territory and Levy a Special Tax regarding City of Fresno
                   Community Facilities District Number 9, Annexation Number
                   67 (Territory known as Assessor's Parcel Number
                   578-040-16, 578-040-17, and 578-040-18) (Northeast corner
                   of North Maple Avenue and East Behymer Avenue) (Council
                   District 6):
                   1.  ***RESOLUTION - to Annex Territory to Community
                   Facilities District No. 9 and Authorizing the Levy of a Special
                   Tax for Annexation No. 67 (Subject to Mayor's Veto);
                   2.  ***RESOLUTION - Calling Special Mailed-Ballot Election
                   (Subject to Mayor's Veto);
                   3.  ***RESOLUTION - Declaring Election Results (Subject to
                   Mayor's Veto);
                   4.  ***BILL - (For introduction and adoption) - Levying a
                   Special Tax for the Property Tax Year 2025-2026 and Future
                   Tax Years Within and Relating to Community Facilities
                   District No. 9, Annexation No. 67 (Subject to Mayor's Veto).

          *Sponsors:*     Public Works Department

## 9:15 A.M.

ID 25-519          HEARING to consider the vacation of a portion of the public
                   street easement on the southwest side of South Golden State
                   Boulevard, north of East Jensen Avenue (Council District 3):
                   1.  ***RESOLUTION - Approving the vacation of a portion of
                   the public street easement on the southwest side of South
                   Golden State Boulevard, north of East Jensen Avenue.
                   (Subject to Mayor's Veto)

          *Sponsors:*     Public Works Department

## 10:03 A.M.

ID 25-533          Appearance by Lynda Leonard regarding "Concerns related
                   to the proposed Southeast Development Area plan" (District
                   3 Resident)

          *Sponsors:*     Office of the City Clerk

City Council                      **Meeting Agenda - Final**                      **April 24, 2025**

## 10:06 A.M.

ID 25-534            Appearance by Ruben Nieves regarding "Concerns about the proposed SEDA plan" (District 3 Resident)

_**Sponsors:**_        Office of the City Clerk

## 5:30 P.M. (CONTINUED TO MAY 1, 2025, AT 5:30 P.M.)

ID 25-472            Consideration of Text Amendment Application No. P24-00794 and related Environmental Finding for Environmental Assessment No. P24-00794, amending Sections 15-1302, 15-4907, 15-5102, 15-6702, 15-6802 of the Fresno Municipal Code, repealing Section 15-1106 of the Fresno Municipal Code, and establishing Section 15-2742.5 of the Fresno Municipal Code, to permit ministerial approval of housing projects.

1.  ADOPTION of Mitigated Negative Declaration Sch No. 2024110662 for Text Amendment Application No. P24-00794.

2.  BILL (for introduction), amending Sections 15-1302, 15-4907, 15-5102, 15-6702, 15-6802 of the Fresno Municipal Code, repealing Section 15-1106 of the Fresno Municipal Code, and establishing Section 15-2742.5 of the Fresno Municipal Code, to permit ministerial approval of housing projects in the following instances as noted below:

a.  Ministerial approval of office to dwelling conversions in the Office zone district; and

b.  Ministerial approval of multi-unit residential development in the RM-1, RM-2, and RM-3 zone districts on parcels within one-half mile of an existing bus stop; and

c.  Ministerial approval of multi-unit residential uses in the NMX, CMX, RMX, CMS and CR zone districts on parcels within the City's Infill Priority Area; and

d.  Ministerial approval of new multi-unit residential development in the Office zone district.

_**Sponsors:**_        Planning and Development Department

| City Council | Meeting Agenda - Final | April 24, 2025 |
|---|---|---|

## 5:35 P.M.

| ID 25-373 | Consideration of Plan Amendment Application No. P23-03006, Rezone Application No. P23-03006 and related Environmental Assessment pertaining to approximately 55.31 acres of property bounded by East Annadale Avenue to the north, State Route 41 to the east, South Elm Avenue to the west, and East Chester/East Samson Avenue (alignment) to the south (Council District 3) - Planning and Development Department. |
|---|---|

1.  DENY - Addendum to Final Program EIR (SCH No. 2017031012) for the Southwest Fresno Specific Plan, dated February 20, 2025, for the proposed project pursuant to California Environmental Quality Act (CEQA) Guidelines Section 15164.

2.  DENY - Plan Amendment Application No. P23-03006 proposing to amend the Fresno General Plan and the Southwest Fresno Specific Plan to change the planned land use designation for the subject properties from Neighborhood Mixed-Use to Employment - Light Industrial and amendment to Policy LU-8.1 of the Southwest Fresno Specific Plan. (Subject to Mayor's Veto)

3.  DENY - Rezone Application No. P23-03006 proposing to rezone the subject properties from the NMX (Neighborhood Mixed-Use) zone district to the IL/cz (Light Industrial/conditions of zoning) zone district. (Subject to Mayor's Veto)

| *Sponsors:* | Planning and Development Department |
|---|---|

## 2.  CONSENT CALENDAR

**2.-A.**   ID 25-567    Approval of the minutes for April 10, 2025

   *Sponsors:*    Office of the City Clerk

**2.-B.**   ID 25-492    Approve a Consultant Services Agreement with Covino Smith & Simon, Inc. for an amount not to exceed $210,600 for Professional Lobbying and Consulting Services in Washington DC. The term of this agreement is three years, with the option of a one-year extension.

City Council                    Meeting Agenda - Final                    April 24, 2025

| | | |
|---|---|---|
| | *Sponsors:* | Office of Mayor & City Manager |
| **2.-C.** | ID 25-528 | Approve Phase One of a Progressive Design-Build Contract with Bomel Construction Company Inc., of Irvine, California, in an amount not to exceed $2,216,649.00, for the design support services for the H Street Parking Structure Project. (Council District 3) |
| | *Sponsors:* | Capital Projects Department |
| **2.-D.** | ID 25-515 | Approve the Fourth Amendment to the Consultant Services Agreement with Electrical Power Systems, Inc., of Fresno, California, to revise the payment terms of the Original Agreement to be paid on a time and materials basis and to increase the total contract by an amount not to exceed $100,207, for a revised total contract amount not to exceed $351,528, paid on a time and materials basis for the Substation Expansion Project at the Fresno-Clovis Regional Wastewater Reclamation Facility. (Council District 3) |
| | *Sponsors:* | Capital Projects Department and Department of Public Utilities |
| **2.-E.** | ID 25-510 | Approve Contract Change Order No. 10 in the amount of $463,125.00, with no additional working days for additional pavement quantities of HMA Paving with Cal Valley Construction Inc. of Fresno, California for City of Fresno Paving Bid Package at Various Locations Project - Project ID SM00050. (Bid File 12402606) (Council Districts - 1, 3, 4, 5, 6 and 7). |
| | *Sponsors:* | Capital Projects Department and Public Works Department |
| **2.-F.** | ID 25-463 | Authorize the Fire Chief to enter into an agreement with the Bay Area Urban Area Security Initiative (DASI) Securing the Cities (STC) San Francisco Bay Area Program for the acquisition and distribution of goods and services pursuant to the STC Program. |
| | *Sponsors:* | Fire Department |
| **2.-G.** | ID 25-530 | Approve the award of a citywide requirements contract to ScrubCan, Inc. of Fresno, California for custodial services for three years with two optional one-year extensions in an |

| City Council | Meeting Agenda - Final | April 24, 2025 |
|---|---|---|

amount not to exceed $2,400,000 per year plus annual CPI and PPI increases (Bid File 9669)

<u>*Sponsors:*</u>    General Services Department

**2.-H.**    ID 25-531    Approve the award of a citywide requirements contract to Vestis Services, LLC, of Fresno, California for the purchase of uniform and linen services through a cooperative purchase agreement for three years with three optional one-year extensions in an amount not to exceed $450,000 per year with annual CPI increases not to exceed 4% starting in 2028 (Bid File 9694) (Citywide)

<u>*Sponsors:*</u>    General Services Department

**2.-I.**    ID 25-547    Approve the award of a citywide requirements contract to Universal Protection Services, LP dba Allied Universal Services of Fresno, California for one year with four optional one-year extensions for security services in an amount not to exceed $3,350,000 per year plus annual CPI and minimum wage increases (Bid File 9686)

<u>*Sponsors:*</u>    General Services Department

**2.-J.**    ID 25-506    Actions pertaining to the California Volunteers Youth Service Corps Program Grant
1.  ***RESOLUTION - Authorizing the acceptance of grant funding from California Volunteers Youth Service Corps Program in the amount of $3,186,147, for the OneFresno Youth Jobs Corps Program and authorizing the City Manager or designee to sign all necessary implementing documents (Subject to Mayor's Veto)
2.  ***RESOLUTION - Adopting the 57th amendment to the Annual Appropriation Resolution (AAR) No. 2024-122 appropriating $923,200 for the OneFresno Youth Jobs Corps Program (Requires 5 Affirmative Votes) (Subject to Mayor's Veto)

<u>*Sponsors:*</u>    Personnel Services Department

**2.-K.**    ID 25-460    ***RESOLUTION - Adopting Substantial Amendment 2024-01 to the Fiscal Year (FY) 2024-2025 Annual Action Plan and authorizing submission to the U.S. Department of Housing and Urban Development (HUD) to reprogram $1,214,423.49

---

**City Council**                    **Meeting Agenda - Final**                    **April 24, 2025**

in Community Development Block Grant (CDBG) and $135,571.41 in HOME investment Partnership (HOME) funds from prior year project savings (Subject to Mayor's Veto)

_**Sponsors:**_    Planning and Development Department

**2.-L.**    ID 25-471    ***BILL B-9 (Introduced March 27, 2025) (For Adoption) amending Section 15-6703 and Article 68 of the FMC to define a Sub-Acute Care Facility and to include Sub-Acute Care Facilities in the description for Hospitals (Subject to Mayor's Veto)

_**Sponsors:**_    Planning and Development Department

**2.-M.**    ID 25-470    Accept the 2024 General Plan Annual Progress Report

_**Sponsors:**_    Planning and Development Department

**2.-N.**    ID 25-522    Actions pertaining to the 2024 National Sexual Assault Kit Initiative (SAKI) grant program:
1. Authorize the Chief of Police to accept $1,996,599 in grant funding for the SAKI grant awarded to the Fresno Police Department from the U.S. Department of Justice, through the Office of Justice Programs Bureau of Justice Assistance (BJA)
2. ***RESOLUTION - Adopt the 51st Amendment to the Annual Appropriation Resolution (AAR) No. 2024-122 to appropriate $715,200 for the Police Department's FY24 Sexual Assault Kit Initiative (SAKI) grant program (Requires Five Affirmative Votes) (Subject to Mayor's Veto)

_**Sponsors:**_    Police Department

**2.-O.**    ID 25-523    Approve an Infrastructure Reimbursement Agreement between the City of Fresno and Fancher Creek Town Center, LLC, in the amount not to exceed $3,500,000 for the construction of certain public improvements associated with the Fancher Creek Town Center Project. (Council District 5)

_**Sponsors:**_    Public Works Department

**2.-P.**    ID 25-525    ***RESOLUTION - Adopting the 52nd Amendment to the Annual Appropriation Resolution No. 2024-122 to appropriate $11,351,100 for operating programs and previously approved capital improvement projects in the Public Works Department.

**City Council**                    **Meeting Agenda - Final**                    **April 24, 2025**

|  |  | (Citywide) (Requires 5 Votes) (Subject to Mayor's Veto) |
|---|---|---|
| | _**Sponsors:**_ | Public Works Department |

**2.-Q.** ID 25-553        ***BILL - B-10 (Introduced April 10, 2025) (For Adoption) adding Article 36 to Chapter 9 of the Fresno Municipal Code, relating to Commercial Scrap Metal (Subject to Mayor's Veto)

_**Sponsors:**_        Council President Karbassi, Councilmember Perea and Councilmember Maxwell

**2.-R.** ID 25-541        Approve the appointment of Diana Durham to the Active Transportation Advisory Committee with a term ending April 8, 2028.

_**Sponsors:**_        Councilmember Richardson

**2.-S.** ID 25-584        Actions pertaining to a Bill for Adoption amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.
1.  ADOPTION of a finding set forth in Environmental Assessment No. P23-03410 dated January 15, 2025, that Text Amendment Application No. P23-03410 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the CEQA Guidelines.
2.  ***BILL No. 11 (Introduced March 13, 2025) (For Adoption) amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions. (Subject to Mayor's Veto)

_**Sponsors:**_        Councilmember Perea, Vice President Arias and Councilmember Esparza

**2.-T.** ID 25-587        RESOLUTION -Confirming qualified businesses may continue to avail themselves of privileges afforded by the State of California COVID-19 Temporary Catering Authorization

_**Sponsors:**_        Councilmember Perea

**2.-U.** ID 25-589        RESOLUTION - Opposing Assembly Bill 942, Standing United Against Unfair Tariffs

_**Sponsors:**_        Council President Karbassi

City Council                 **Meeting Agenda - Final**                 April 24, 2025

## CONTESTED CONSENT CALENDAR

## 3.  GENERAL ADMINISTRATION

## UNSCHEDULED COMMUNICATION

**PLEASE NOTE: UNSCHEDULED COMMUNICATION IS NOT SCHEDULED FOR A SPECIFIC TIME AND MAY BE HEARD ANY TIME DURING THE MEETING**

## 4.  CITY COUNCIL

## 10:00 A.M.

**4.-A.**    ID 25-486         Presentation by Dailey Elementary School Third Graders: Culture Preservation and Community

          ***Sponsors:***         Councilmember Perea and Vice President Arias

## 5.  CLOSED SESSION

**5.-A.**    ID 25-356         CONFERENCE WITH LABOR NEGOTIATORS - Government Code Section 54957.6
          City Negotiators: Jennifer Misner; Sumeet Malhi
          Employee Organization(s): 1. International Union of Operating Engineers, Stationary Engineers, Local 39 (Local 39); 2. Fresno City Employees Association (FCEA); 3. Fresno Police Officers Association (FPOA Basic), Unit 4; 4. International Association of Firefighters, Local 202, Unit 5 (Fire Basic); 5. Amalgamated Transit Union, Local 1027 (ATU); 6. International Brotherhood of Electrical Workers, Local 100 (IBEW); 7. Fresno Police Officers Association (FPOA Management); 8. International Association of Firefighters, Local 202, Unit 10 (Fire Management); 9. City of Fresno Professional Employees Association (CFPEA); 10. City of Fresno Management Employees Association (CFMEA)

          ***Sponsors:***         Office of Mayor & City Manager

**5.-B.**    ID 25-464         CONFERENCE WITH LEGAL COUNSEL - EXISTING LITIGATION Government Code Section 54956.9, subdivision (d)(1)
          Neeko Dedrick Alonzo Walker, et al. v. City of Fresno, et al, Fresno Superior Court Case No. 23CECG03451

---

*City of Fresno*                 ***Subject to Mayoral Veto***                 *Page 13*

City Council                    **Meeting Agenda - Final**                    April 24, 2025

|  |  |  |
|---|---|---|
|  | _Sponsors:_ | City Attorney's Office |

**5.-C.**  [ID 25-484](#)    CONFERENCE WITH LEGAL COUNSEL - EXISTING LITIGATION Government Code Section 54956.9, subdivision (d)(1)
CMG Construction Management, Inc. v. City of Fresno, et al., Fresno Superior Court Case No. 22CECG00271

|  |  |  |
|---|---|---|
|  | _Sponsors:_ | City Attorney's Office |

**5.-D.**  [ID 25-487](#)    CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION Government Code Section 54956.9, subdivision (d)(1)
Park 7, LLC., and LandValue Management LLC., v. City of Fresno; Fresno Superior Court Case No. 24CECG04298

|  |  |  |
|---|---|---|
|  | _Sponsors:_ | City Attorney's Office |

# ADJOURNMENT

### UPCOMING SCHEDULED COUNCIL HEARINGS AND MATTERS

*May 1, 2025, 9:15 A.M. - HEARING to adopt resolutions and ordinance to annex territory and levy a special tax regarding City of Fresno Community Facilities District Number 11, Annexation Number 155 (Final Tract Map Number 6463) (Northeast corner of East McKinley Avenue and North Redhaven Drive) (Council District 7)*

*May 1, 2025, 9:20 A.M. - HEARING to adopt resolutions and ordinance to annex territory and levy a special tax regarding City of Fresno Community Facilities District Number 11, Annexation Number 154 (Final Tract Map Number 6384) (Southeast corner of East McKinley Avenue and North McKelvey Avenue) (Council District 7)*

*May 1, 2025, 9:25 A.M. - HEARING to adopt Resolutions and Ordinance to annex territory and levy a Special Tax regarding City of Fresno Community Facilities District Number 18, Annexation Number 003 (Final Parcel Map Number 2022-03) (Located on the south side of West Bullard Avenue, west of North Maroa Avenue) (Council District 4)*

*May 1, 2025, 9:30 A.M. - HEARING to adopt resolutions and ordinance to annex territory and Levy a Special Tax regarding City of Fresno Community Facilities*

*District Number 9, Annexation Number 68 (Final Parcel Map Number 2019-12) (West side of North Harrison Avenue and West Alluvial Avenue) (Council District 2)*

*May 1, 2025, 9:35 A.M. - RESOLUTION of the city council of the city of Fresno, California approving the issuance of tax exempt revenue bonds pursuant to a plan of finance in an aggregate principal amount not to exceed $57,000,000 by the California municipal Finance Authority for the purpose of financing and refinancing the acquisition and improvement of apartment complexes and mobile home parks by one or more California Limited Liability companies, and certain other matters relating thereto*

*May 1, 2025, 9:40 A.M. - RESOLUTION of the City Council of the City of Fresno approving a plan of Finance Of The California Municipal Finance Authority to issue and reissue revenue bonds for a qualified residential rental project for the benefit of Dakota Fresno LP, and certain other matters relating thereto*

*May 1, 2025, 9:45 A.M. - RESOLUTION of the City Council of the City of Fresno approving the issuance of the California Municipal Finance Authority Revenue and Refunding Bonds, series 2025 (HumanGood – California obligated group) in an aggregate principal amount not to exceed $205,000,000 for the purpose of financing or refinancing the construction, furnishing and equipping of the terraces at San Joaquin Gardens and certain other matters relating thereto*

*May 1, 2025, 9:50 A.M. - RESOLUTION of the City Council of the City of Fresno, California, approving the issuance of tax-exempt revenue bonds pursuant to a plan of finance in an aggregate principal amount not to exceed $[20,000,000] by the California municipal finance authority for the purpose of financing and refinancing a project of Pleasant View 2024 Limited Partnership, and certain other matters relating thereto.*

*May 1, 2025, 10:05 A.M. - Actions pertaining to the 2025-2029 Consolidated Plan Including Citizen Participation Plan, 2025-2026 Annual Action Plan, and Analysis of Impediments to Fair Housing Choice*

*May 1, 2025 5:30 P.M. - Consideration of Text Amendment Application No. P24-00794 and related Environmental Finding for Environmental Assessment No.*

**City Council**            **Meeting Agenda - Final**            **April 24, 2025**

*P24-00794, amending Sections 15-1302, 15-4907, 15-5102, 15-6702, 15-6802 of the Fresno Municipal Code, repealing Section 15-1106 of the Fresno Municipal Code, and establishing Section 15-2742.5 of the Fresno Municipal Code, to permit ministerial approval of housing projects.*

*May 22, 2025, 9:10 A.M. - HEARING to adopt resolutions and ordinance to annex territory and levy a special tax regarding City of Fresno Community Facilities District Number 11, Annexation Number 153 (Final Tract Map Number 6414) (Located on the northwest corner of West Dakota Avenue and North Hayes Avenue) (Council District 1)*

*May 22, 2025, 9:15 A.M. - HEARING to Consider Plan Amendment Application No. P23-01117; Rezone Application No. P23-01117; Vesting Tentative Tract Map No. 6441; Planned Development Permit Application No. P23-03735; and related Environmental Assessment No. T-6441/P23-01117/P23-03735 for approximately 3.90 acres of property located on the south side of East Belmont Avenue, between North Armstrong and North Temperance Avenues. (Council District 5)*

*May 22, 2025, 9:20 A.M. - HEARING to adopt Resolutions and Ordinance to Annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 69 (Territory known as Assessor's Parcel Number 404-090-48, 404-090-53, and 404-090-54) (Southwest corner of North Willow Avenue and East Alluvial Avenue) (Council District 6)*

*May 22, 2025, 10:05 A.M. - Actions pertaining to the 2025-2029 Consolidated Plan Including Citizen Participation Plan, 2025-2026 Annual Action Plan, and Analysis of Impediments to Fair Housing Choice*

**UPCOMING EMPLOYEE CEREMONIES**

EMPLOYEE OF THE QUARTER - 10:00 A.M.
• July 16, 2025 (Wednesday) - Employee of the Summer Quarter
• October 15, 2025 (Wednesday) - Employee of the Fall Quarter

EMPLOYEE SERVICE AWARDS - 10:00 A.M.
• November 19, 2025 (Wednesday) - Employee Service Awards

**2025 CITY COUNCIL MEETING SCHEDULE**

*May 1, 2025 - 9:00 A.M. (Regular Meeting)*

*May 15, 2025 - 9:00 A.M. (Regular Meeting)*
*May 22, 2025 - 9:00 A.M. (Regular Meeting)*

# **Exhibit 13**

**HOME   >   LEGALS   >   LEGALS & PUBLIC NOTICES**

Unfortunately, the listing you're looking for is no longer available.

# Similar Listings



CLOVIS UNIFIED SCHOOL DISTRICT
NOTICE CALLING FOR PROPOSALS
Notice is hereby given that the Clovis Unified School District of Fresno County,
California, acting by and through its Governing ... Show more »

Post Date: 04/25 12:00 AM



In accordance with
the Transparent Review of Unjust Transfers and Holds (TRUTH) Act, Government Code
section 7283.1(d), the County of Fresno Board of Supervisors (Board) will conduct a
public commu... Show more »

Post Date: 04/18 12:00 AM



CITY OF SELMA
SPECIAL PLANNING COMMISSION MEETING
NOTICE OF PUBLIC HEARING
NOTICE IS HEREBY GIVEN that the Planning Commission of the City of Selma will hold a
public hearing on Thursday, April ... Show more »

Post Date: 03/30 12:00 AM

# Featured Listings

# **<u>Exhibit 14</u>**

# City of Fresno

2600 Fresno Street
Fresno, CA 93721
www.fresno.gov

## Legislation Details (With Text)

| | | | |
|---|---|---|---|
| **File #:** | ID 25-584 | **Version:** 1 | **Name:** |
| **Type:** | Action Item | **Status:** | Passed |
| **File created:** | 4/17/2025 | **In control:** | City Council |
| **On agenda:** | 4/24/2025 | **Final action:** | 4/24/2025 |

**Title:** Actions pertaining to a Bill for Adoption amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.
1.       ADOPTION of a finding set forth in Environmental Assessment No. P23-03410 dated January 15, 2025, that Text Amendment Application No. P23-03410 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the CEQA Guidelines.
2.       ***BILL No. 11 (Introduced March 13, 2025) (For Adoption) amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions. (Subject to Mayor's Veto)

**Sponsors:** Annalisa Perea, Miguel Angel Arias, Nelson Esparza

**Indexes:**

**Code sections:**

**Attachments:** 1. Exhibit A - Fresno City Council Resolution No. 2022-052, 2. Exhibit B - Draft Ordinance Amending Sections 15-2761 & 16-6802 of the Citywide Development Code, 3. Exhibit C - Public Notice, 4. Exhibit D - Fresno Municipal Code Findings, 5. Exhibit E - Environmental Assessment No. P23-03410 [January 15, 2024], 6. Exhibit F - Industry Meeting Summary, 7. Exhibit G - Public Comments, 8. Exhibit I - PowerPoint Presentation, 9. Supplement Packet - 9 15 ID 25-132, 10. Supplemental Public Comment Packet - 9 15 AM ID 25-132_Redacted, 11. 9 15 -2-ID 25-311 -Supplemental Packet - Public Comment_Redacted, 12. 915AM #2 25-311 D3 Presentation

| Date | Ver. | Action By | Action | Result |
|---|---|---|---|---|
| 4/24/2025 | 1 | City Council | | |

# REPORT TO THE CITY COUNCIL

**FROM:** JENNIFER K. CLARK, Director
Planning and Development Department

**THROUGH:** ASHLEY ATKINSON, Assistant Director
Planning and Development Department

**BY:** PHILLIP SIEGRIST, Manager
Development Services Division

## SUBJECT

Actions pertaining to a Bill for Adoption amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.
1. ADOPTION of a finding set forth in Environmental Assessment No. P23-03410 dated January 15, 2025, that Text Amendment Application No. P23-03410 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the CEQA Guidelines.

File #: ID 25-584, Version: 1

2. ***BILL No. 11 (Introduced March 13, 2025) (For Adoption) amending Sections 15-2761 and
15-6802 of the Citywide Development Code, relating to relating to Tobacco and Vapor Sales,
Smoke Shops, and Definitions. (Subject to Mayor's Veto)

## RECOMMENDATION

Staff is recommending approval of Text Amendment Application No. P23-03410 amending Sections
15-2761 and 15-6802 of the Citywide Development Code, relating to relating to Tobacco and Vapor
Sales, Smoke Shops, and Definitions and adoption of the related Environmental Assessment P23-
03410 dated January 15, 2025.

## EXECUTIVE SUMMARY

Text Amendment Application No. P23-03410 proposes an amendment to Section 15-2761 of the
Development Code to establish additional regulations for tobacco and vapor sales and establish new
regulations for Smoke Shops including amortization of Existing Smoke Shops. In addition, the
proposed Text Amendment would add new terms and definitions to Section 15-6802 of the
Development Code.

On March 13, 2025, the proposed Text Amendment was brought before the City Council for
introduction. A motion was made by Councilmember Arias to adopt the legislation with amendments
to the Text Amendment, however, that motion did not pass by a tie vote of 3-3.

In accordance with Fresno City Charter (FCC) Section 600(b), "[n]o ordinance shall be adopted by
the Council on the day of its introduction, or on the day it is altered after introduction, nor within five
days thereafter." Thus, because an ordinance cannot be adopted on the day it is introduced, any vote
taken on a Bill for Introduction to adopt or deny the ordinance is ceremonial in nature and does not
have the effect of adopting or denying the legislation. Instead, the vote taken on the Bill for Adoption
will be considered the final decision of the City Council on the proposed legislation. This is also true
for Development Code Text Amendments, which are further subject to the provisions of Fresno
Municipal Code (FMC) Chapter 15, Article 58.

At the request of the Council sponsors, the proposed Text Amendment has been brought back as a
Bill for Adoption so the Council may take final action on the ordinance. However, because the motion
to make amendments to the Text Amendment at the March 13th City Council hearing on the Bill for
Introduction did not pass, the draft of the Text Amendment which is presented to Council in the Bill for
Adoption is the same as that which was presented to the Council in the Bill for Introduction with no
changes.

## BACKGROUND / ANALYSIS

Current regulations for tobacco and vapor sales included in Fresno Municipal Code (FMC) Section 15
-2761 only provide restrictions for signage when establishments are near sensitive uses. Specifically,
any establishment located within 400 feet of a park, school (private or public), day care, or other
youth-sensitive places (e.g., boys and girls club, youth activity centers) may not advertise smoking
sales (such as for tobacco, vapor, or similar products) or related paraphernalia in a manner visible
from the outside of the establishment, such as from a public thoroughfare, sidewalk, or parking lot.

Text Amendment Application No. P23-03410, as initiated by the Fresno City Council under Resolution

**File #:** ID 25-584, **Version:** 1

No. 2022-052 (**Exhibit A**), pursuant to FMC Section 15-5803-A (1), proposes to amend Section 15-6802 and Section 15-2761 of the FMC relating to terms and definitions and the sale of tobacco vapor products. The purpose of the Amendment is to establish regulations for Smoke Shops, amortize Existing Smoke Shop establishments, and allow up to seven (7) establishments per City Council District. As proposed, the proposed Text Amendment includes:

## I.  Definitions and Applicability:

a. <u>New Definitions:</u> Multiple new definitions have been added to FMC Section 15-6802 to make the Ordinance cohesive with State law and provide clarity on terms.

b. <u>Types of Smoke Shops:</u> Definitions for "Existing Smoke Shops" versus "New Smoke Shops" and discusses how the various provisions of the Ordinance apply to each, including amortization.

c. <u>Applicability of Location Restrictions:</u> A clarification has been added that Existing Smoke Shops which change the nature of their business or wind down and close operations are not subject to the location restrictions.

## II.  Procedural Changes:

a. <u>Permitting:</u> Details on how New Smoke Shops may be permitted have been added, including the requirement to obtain both a Conditional Use Permit and a Business License.

b. <u>Public Notice of Available Permits:</u> Provisions regarding how the City is to provide notice to the public on the availability of Smoke Shop Conditional Use Permits for Council Districts are outlined. This includes sections on lottery drawings whenever the number of applications for a Conditional Use Permit exceeds the number of available Conditional Use Permits for Smoke Shops.

c. <u>Annual Inspections:</u> Annual inspections shall be unannounced, and the Smoke Shop Operator will be required to pay the City for the cost of said inspections.

d. <u>Fines for Sales to Minors:</u> The fine for sales to a minor shall be $2,500.

e. <u>Fresno Municipal Code Citations:</u> Includes references to FMC Sections regarding administrative and criminal citations imposed on the business owner for violations of the Fresno Municipal Code.

f. <u>City Cost Recovery:</u> The City shall be permitted to seek recovery of its costs for Code Enforcement and public nuisance abatement.

g. <u>City Remedies:</u> The City shall also be permitted to seek any and all remedies available by law or in equity against Smoke Shop Owners and Operators which violate the Ordinance or the FMC.

h. <u>Administrative Oversight:</u> Provisions have been added to permit the City Manager, or designee, to issue rules and regulations interpreting and enforcing the provisions of the

**File #:** ID 25-584, **Version:** 1

Ordinance.

## III. Substantive Changes:

a. <u>Amortization of Existing Smoke Shops:</u> Provisions regarding Amortization of Existing Smoke Shops have been added. Amortization gives Existing Smoke Shops up to 18 months to change the nature of their business or wind them down and close operations. Alternatively, Existing Smoke Shops may apply for a Conditional Use Permit alongside New Smoke Shops.

   1. <u>Extension of Amortization Period:</u> The amortization section provides an opportunity for Existing Smoke Shop Owners/Operators to file a request for extension from the initial 18 months provided if they need more time to wind down their business. This request for extension will be handled via the appeals system provided in the Development Code, with Planning Commission being the initial Review Authority for the appeal. This section also provides the criteria by which the Review Authority shall make their decision regarding granting or denying the request for extension.

b. <u>Numerical Limit on Smoke Shops:</u> The limit on the number of Smoke Shops within any given Council District is set at 7. Thus, given the existence of 7 Council Districts, no more than 49 Smoke Shops may be permitted within the City.

   1. <u>Resolutions to Increase or Decrease Numerical Limit on Smoke Shops:</u> A section has been added which allows individual City Councilmembers to bring forth a Resolution to City Council for approval, as a body, to increase the number of Smoke Shops permitted in their District from 7. Similarly, individual City Councilmembers would be permitted to bring forth a Resolution to City Council for approval, as a body, to decrease the number of Smoke Shops permitted in their District. However, the Ordinance does not allow the number of Smoke Shops per District to be reduced to below 7.

c. <u>Graffiti Abatement:</u> A graffiti abatement requirement has been added which is imposed upon Smoke Shop Operators.

d. <u>Security Footage:</u> Smoke Shops shall be required to maintain security systems and cameras, including a requirement to maintain security footage for longer than two weeks when a criminal offense has taken place has been added.

**File #:** ID 25-584, **Version:** 1

e. <u>Egregious Violations:</u> Language regarding "egregious violations" has been added. Egregious violations include problems caused by a Smoke Shop, such as illegal drug activity, smoke and vapor product sales to minors, prostitution, gambling, and other disturbances of the peace, which will subject the Smoke Shop to an immediate 30-day suspension of their right to operate. Smoke Shops which have been closed pursuant to this section will only be permitted to reopen upon a premises inspection and written permission from the City Manager. If they do not remedy the egregious violation, or a second egregious violation occurs, then the Director of Planning may pursue revocation of the Conditional Use Permit.

f. <u>Training Deadline:</u> A 60-day time limit to obtain requisite training in tobacco sales for owners, operators, and employees has been added.

g. <u>Annual Training:</u> An annual training requirement, which complies with State standards, has been added for the Smoke Shop Operator and all employees. Smoke Shops shall also be required to keep up to date records which prove all required individuals have received training and shall furnish these records to the City during inspection and upon reasonable request.

h. <u>Prohibited Products:</u>

   i. Multiple items have been added as prohibited for Smoke Shops to sell, including cannabis, nitrous oxide, and flavored tobacco as required by State law.
   ii. The Fresno Police Department and the City's Code Enforcement shall be vested with the authority to seize and destroy flavored tobacco products.
   iii. Smoke Shops which are found to be selling cannabis or cannabinoid products, or flavored tobacco, shall immediately be subject to Conditional use Permit revocation proceedings.

i. <u>Non-Operating Rule:</u> A "non-operating rule" has been added. If Smoke Shops shut down voluntarily for more than one year, they must obtain a new CUP to begin operating again.

## PUBLIC NOTICE AND COMMENT

A Legal Notice of this public hearing was published in the Fresno Bee on January 29, 2025, pursuant to Fresno Municipal Code Section 15-5007(D) (See **Exhibit C**). In addition, the notice was posted on the City Clerk's website and provided to the City's distribution list for such notices.

### Review by Committees and Commissions

The active Council District Plan Implementation Committees all reviewed the proposed Text Amendment, which applies Citywide. Their recommendations are listed below:

Council District 1
The item was presented on November 14, 2024. While the Committee recommended approval of the

powered by Legistar™

**File #:** ID 25-584, **Version:** 1

proposed Text Amendment, they did express concern for businesses closing under the proposed amortization requirements and suggested funding or incentives be available to help operators transition to a different business operation. In addition, the committee expressed concerns regarding the allowance for individual City Councilmembers to increase the number of Smoke Shops permitted in their respective Districts via Resolution.

Council District 3
The item was presented on November 26, 2024. While the committee showed support for the Text Amendment, they expressed concern for business establishments forced to close or change the nature of their businesses under the proposed amortization requirements and suggested resources be made available to aid in the transition. In addition, the committee expressed concerns regarding the allowance for individual City Councilmembers to increase the number of Smoke Shops permitted in their respective Districts via Resolution. They further suggested the Text Amendment include a limitation on increasing the number of allowable Smoke Shops within a Council District. The committee also expressed concern related to enforcement; especially after regular business hours and on weekends.

Council District 4
The item was presented on November 19, 2024. While the Committee showed support for the Text Amendment, they expressed concern for business establishments forced to close or change the nature of their businesses under the proposed amortization requirements and suggested resources be made available to aid in the transition. In addition, the committee expressed concerns regarding the allowance for individual City Councilmembers to increase the number of Smoke Shops permitted in their respective Districts via Resolution.

Council District 5
The item was presented on November 27, 2024. While the committee showed support for the Text Amendment, they suggested Smoke Shops be required to follow similar security standards that retail cannabis establishments are subject to including identification checks prior to entering an establishment. In addition, the committee recommended Community and Religious Facilities be included as a sensitive use within the applicable location restrictions. Further, the committee recommended establishments be subject to probationary periods after a fine has been imposed and implementation of a strike system used to determine when a Conditional Use Permit shall be revoked.

Council District 6
The item was presented on November 13, 2024. The Committee recommended approval of the proposed Text Amendment with a recommendation that Annual Inspections and Fines be defined more clearly.

Airport Land Use Commission
City staff consulted with ALUC staff and determined that formal ALUC review was not necessary, due to the limited scope of the Text Amendment.

Planning Commission
The Planning Commission considered this item at its regularly scheduled meeting on January 15, 2025, but continued the item allow time for staff to meet with smoke shop business owners and operators and hear their concerns and recommendations regarding the proposed text amendment. Staff met with local smoke shop business owners and operators on January 23, 2024. Please see

**File #:** ID 25-584, **Version:** 1

**Exhibit F** for a summary of the meeting.

This item went to the Planning Commission's regularly scheduled meeting on February 19, 2025. The Planning Commission's recommendation to City Council will be read into the record at the February 27, 2025, City Council Hearing.

**Public Comments**

To date, two (2) comment letters have been received in response to the proposed Text Amendment; one (1) in support and one (1) in opposition (see **Exhibit G**).

**ENVIRONMENTAL FINDING**

An environmental assessment was prepared for this project in accordance with the requirements of the California Environmental Quality Act (CEQA) Guidelines (See **Exhibit E**).

CEQA Guidelines Section 15061(b)(3) states that "CEQA applies only to projects which have the potential for causing a significant effect on the environment" (the "common sense" exemption). "Where it can be seen with certainty that there is no possibility that the activity in question may have a significant effect on the environment, the activity is not subject to CEQA."

The proposed Text Amendment is for the City Council to approve in order to modify the established framework for future and existing business establishments engaged in the sale of tobacco and vapor products (e.g., Smoke Shops) and does not commit the City to any specific project.

Therefore, it can be seen with certainty that there is no possibility that accepting this Text Amendment may have a significant effect on the environment and staff has determined that the project is exempt from CEQA pursuant to CEQA Guidelines Section 15061(b)(3). Staff has also determined that none of the exceptions to Categorical Exemptions set forth in CEQA Guidelines Section 15300.2 apply to this project.

**FRESNO MUNICIPAL CODE FINDINGS**

Section 15-5811 of the Fresno Municipal Code provides that the Planning Commission shall not recommend, and the City Council shall not approve an application unless the proposed Text Amendment meets Criteria A (1 and 2) of Section 15-5811. Please see **Exhibit D** for the Fresno Municipal Code Findings.

**CONCLUSION**

The appropriateness of the proposed Text Amendment has been examined with respect to its consistency with stated goals of the Fresno General Plan; compatibility with surrounding existing and proposed uses; and avoidance or mitigation of potentially significant adverse environmental impacts. These factors have been evaluated as described above and by the accompanying environmental assessment. Based upon this evaluation it can be concluded that Text Amendment Application No. P23-03410 is appropriate.

**LOCAL PREFERENCE**

File #: ID 25-584, **Version:** 1

Local preference was not considered because the Text Amendment does not include a bid or ward of a construction or services contract.

**FISCAL IMPACT**

There is no fiscal impact to the City's General Fund as a result of this action.

Attachments:
Exhibit A: Fresno City Council Resolution No. 2022-052
Exhibit B: Draft Ordinance amending Sections 15-2761 & 15-6802 of the Citywide Development Code
Exhibit C: Public Notice
Exhibit D: Fresno Municipal Code Findings
Exhibit E: Environmental Assessment No. P23-03410 [01-15-2024]
Exhibit F: Industry Meeting Summary
Exhibit G: Public Comments
Exhibit H: Planning Commission Resolution
Exhibit I: PowerPoint Presentation

# Exhibit 15

# City of Fresno

*2600 Fresno Street*
*Fresno, CA 93721*
*www.fresno.gov*



## Meeting Agenda - Final-revised

**Thursday, March 27, 2025**

**9:00 AM**

**Regular Meeting**

**Council Chambers**

## <u>City Council</u>

*President - Mike Karbassi*
*Vice President - Miguel Angel Arias*
*Councilmembers:*
*Annalisa Perea, Tyler Maxwell, District 5 - Vacant,*
*Nick Richardson, Nelson Esparza*
*City Manager - Georgeanne A. White*
*City Attorney - Andrew Janz*
*City Clerk - Todd Stermer, MMC*

**City Council**    Meeting Agenda - Final-revised    **March 27, 2025**

**THE FRESNO CITY COUNCIL WELCOMES YOU TO THE COUNCIL CHAMBER, LOCATED IN CITY HALL, 2ND FLOOR, 2600 FRESNO STREET, FRESNO, CALIFORNIA 93721.**

PUBLIC PARTICIPATION – Public participation during Fresno City Council meetings is always encouraged and can occur by attending a meeting in the Council Chambers on the 2nd floor of City Hall located at 2600 Fresno Street, Fresno, CA 93721.

To be called to speak during a meeting, please fill out a speaker card (located throughout the chamber) and place it in the speaker card collection basket at the front of the chamber. You may also approach the speaker podium upon the Council President's call for any additional public comment.

Unless otherwise announced, all public speakers will have up to 3 minutes to address Council pursuant to Rule No. 10 of  the Rules of Procedure for the City Council of the City of Fresno (available in the City  Clerk's Office).

SUBMIT WRITTEN PUBLIC COMMENTS - Pursuant to Rule 11 (c) of the Rules of Procedure, no documents shall be accepted for Council review unless submitted to the City Clerk at least 24 hours prior to the Council Agenda item being heard. Documents / written comments related to an agenda item can be submitted by one of the following methods:

1) eComment – eComment allows the public to submit agenda related comments through a website prior to the meeting. Submitted comments are limited to 1440 characters and will be a part of the official record.

a) Submit an e-Comment by visiting https://fresno.legistar.com/Calendar.aspx and selecting the "eComment" link.

b) e-Comment is available for use upon publication of the agenda and closes 24 hours prior to the meeting start time [pursuant to Rule 11(c)].

c) e-Comment is not permitted for Land use or CEQA items.

d) The e-Comment Electronic User Agreement can be viewed at: https://www.fresno.gov/cityclerk/#information

2) E-mail – Agenda related documents and comments can be e-mailed to the Office of the City Clerk at least 24 hours prior to the agenda item being heard, pursuant to Rule 11(c).

**City Council**                     Meeting Agenda -                **March 27, 2025**
                                     Final-revised

a) E-mail the Clerk's Office at clerk@fresno.gov

b) E-mails should include the agenda date, and the related agenda item number.

VIEWING CITY COUNCIL MEETINGS (non-participatory) - For your convenience, there are several ways to view Fresno City Council meetings live:

1) City of Fresno website: https://fresno.legistar.com/Calendar.aspx (click "In Progress" to view the live meeting).

2) Community Media Access Collaborative website: https://cmac.tv/gov/

3) YouTube - City of Fresno Council, Boards and Commissions Channel: https://www.youtube.com/@cityoffresnomeetings/streams

4) Facebook: https://www.facebook.com/FresnoCA/videos

5) Cable Television: Comcast Channel 96 and AT&T Channel 99

6) Zoom: https://fresno.zoomgov.com/webinar/register/WN_7xJBW8h2QuKtZpm1lt1kdQ

Should any of the viewing methods above experience technical difficulties, the Council meeting will continue uninterrupted. Meetings will only be paused to address verified technical issues that interrupt public participation during meetings.

The City of Fresno's goal is to comply with the Americans with Disabilities Act (ADA). If reasonable ADA accommodations are needed, including sign language interpretation, contact the Office of the City Clerk at (559) 621-7650 or clerk@fresno.gov.  Also contact the Office of the City Clerk if spoken language translation is required.  Accommodation and language requests should be made a minimum of three business days prior to the scheduled meeting.

**City Council**                    Meeting Agenda -                    **March 27, 2025**
                                     Final-revised

GOVERNMENT CODE 84308 CONTRIBUTION PROHIBITIONS AND MANDATORY DISCLOSURES - The Political Reform Act of 1974 (Act) restricts campaign contributions over $500 to a decision-making public official from a party or participant, or their agent, in a proceeding involving a license, permit, contract, or entitlement for use. The Act requires disclosure of the contribution and creates a conflict where a decision-maker has received $500 or more from a party or participant to a proceeding in the prior 12 months. A decision-maker must disclose on the record during the proceeding that they have received contributions from a party, participant, or agent of a party or participant, greater than $500 within the preceding 12 months and the name(s) of the contributor(s). (See 2 CCR 18438.8(a).) Parties to a proceeding are required to disclose on the record if they made contributions over $500 to a decision-maker within the prior 12 months, and are prohibited from making contributions to a decision-maker during the proceeding and for 12 months after the date a final decision is rendered on the proceeding.

City Council | **Meeting Agenda - Final-revised** | March 27, 2025

---

9:00 A.M. ROLL CALL

Invocation by Pastor Brad Liebe, Executive Pastor of Peoples Church

Pledge of Allegiance to the Flag

## APPROVE AGENDA

## CEREMONIAL PRESENTATIONS

ID 25-185   Proclamation for "Cesar Chavez" Day presented to El Concilio de Fresno

*Sponsors:*   Vice President Arias

ID 25-200   Proclamation for "National Crime Victims' Right Week"

*Sponsors:*   Councilmember Maxwell

ID 25-339   Proclamation for "Women's History Month"

*Sponsors:*   Councilmember Esparza, Councilmember Perea and Women's Commission

ID 25-45   Fresno Animal Center presents "Pet of the Month"

*Sponsors:*   Animal Center Department

## COUNCILMEMBER REPORTS AND COMMENTS

## MAYOR/MANAGER REPORTS AND COMMENTS

## 1.  SCHEDULED COUNCIL HEARINGS AND MATTERS

## 9:10 A.M.

ID 25-282   Hearing to consider Vesting Tentative Tract Map No. 6397 for approximately 4.72 acres of property located on the east side of North Cornelia Avenue, between West McKinley and West Hedges Avenues (Council District 3) - Planning and Development Department.
1.  DENY the appeal and UPHOLD the action of the Planning Commission in the approval of Vesting Tentative Tract Map No. 6397, proposing to subdivide approximately 4.72 acres

---

City Council
**Meeting Agenda - Final-revised**
March 27, 2025

---

of property into a 26-lot single-family residential development, subject to the following:
a.  Development shall take place in accordance with the Conditions of Approval for Vesting Tentative Tract Map No. 6397 dated February 5, 2025.

*Sponsors:*    Planning and Development Department

## 9:15 A.M. ID 25-294 (CONTINUED - WILL BE HEARD AT 5:30 P.M.)

## 9:20 A.M.

ID 25-247    HEARING to receive public comment on the 2024 Housing Element Annual Progress Report

*Sponsors:*    Planning and Development Department

## 9:35 A.M.

ID 25-369    HEARING for consideration of Text Amendment Application No. P23-03472 and related environmental determination, amending Section 15-6703 and Article 68 of the Fresno Municipal Code (FMC) relating to Hospitals and Sub-Acute Care Facilities and Terms and Definitions.
1.  ADOPTION of the environmental determination that Text Amendment Application No. P23-03472 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the State CEQA Guidelines.
2.  BILL (for introduction) amending Section 15-6703 and Article 68 of the FMC to define a Sub-Acute Care Facility and to include Sub-Acute Care Facilities in the description for Hospitals.

*Sponsors:*    Planning and Development Department

## 10:00 A.M.

ID 25-331    Appearance by Brian Calhoun regarding "Audubon Avenue traffic safety study and Republic Services garbage trucks" (District 2 Resident)

*Sponsors:*    Office of the City Clerk

---

City Council                     Meeting Agenda -                     March 27, 2025
                                  Final-revised

## 10:03 A.M.

ID 25-378        Appearance by Amilca Sandoval regarding "Nonprofit
                 organization for citizens with disabilities" (District 7 Resident)

_Sponsors:_      Office of the City Clerk

## 10:06 A.M.

ID 25-379        Appearance by Lori Wiley regarding "Nonprofit organization
                 for citizens with disabilities" (District 7 Resident)

_Sponsors:_      Office of the City Clerk

## 10:09 A.M.

ID 25-405        Appearance by America E Cabrales Garcia regarding "New
                 Property Owner Concerns" (District 1 Resident)

_Sponsors:_      Office of the City Clerk

## 5:30 P.M. (PREVIOUSLY SCHEDULED FOR 9:15 A.M.)

ID 25-294        Consideration of Text Amendment Application No.
                 P24-00794 and related Environmental Finding for
                 Environmental Assessment No. P24-00794, amending
                 Sections 15-1302, 15-4907, 15-5102, 15-6702, 15-6802 of
                 the Fresno Municipal Code, repealing Section 15-1106 of the
                 Fresno Municipal Code, and establishing Section 15-2742.5
                 of the Fresno Municipal Code, to permit ministerial approval
                 of housing projects.
                 1.  ADOPTION of Mitigated Negative Declaration Sch No.
                 2024110662 for Text Amendment Application No. P24-
                 00794.
                 2.  BILL (for introduction), amending Sections 15-1302, 15-
                 4907, 15-5102, 15-6702, 15-6802 of the Fresno Municipal
                 Code, repealing Section 15-1106 of the Fresno Municipal
                 Code, and establishing Section 15-2742.5 of the Fresno
                 Municipal Code, to permit ministerial approval of housing
                 projects in the following instances as noted below:
                 a.  Ministerial approval of office to dwelling conversions in the
                 Office zone district; and
                 b.  Ministerial approval of multi-unit residential development

_City of Fresno_              ***Subject to Mayoral Veto                     _Page 7_

City Council | Meeting Agenda - Final-revised | March 27, 2025

in the RM-1, RM-2, and RM-3 zone districts on parcels within one-half mile of an existing bus stop; and
c.  Ministerial approval of multi-unit residential uses in the NMX, CMX, RMX, CMS and CR zone districts on parcels within the City's Infill Priority Area; and
d.  Ministerial approval of new multi-unit residential development in the Office zone district.

**Sponsors:** Planning and Development Department

## 2.  CONSENT CALENDAR

**2.-A.** ID 25-406    Approval of the minutes for March 13, 2025

**Sponsors:** Office of the City Clerk

**2.-B.** ID 25-368    Approve and authorize the Mayor to execute the Fresno Regional Workforce Development Board's (FRWDB's) application through the California Workforce Development Board (State Board) for Local Board Certification for the period of July 1, 2025, to June 30, 2027.

**Sponsors:** Office of Mayor & City Manager

**2.-C.** ID 25-303    Approve the First Amendment to Consultant Services Agreement with Group Delta, Inc. for Environmental Consulting Services for unspecified Fresno Yosemite International Airport (FAT) and Fresno Chandler Executive Airport (FCH) Non-Federal and Federal Funded Capital Projects in an amount not to exceed $172,000 and authorize the Director of Aviation or designee to execute the Amendment on behalf of the City (Council Districts 3 and 4).

**Sponsors:** Airports Department

**2.-D.** ID 25-302    Actions related to the Third Amendment to the Consultant Services Agreement with Landry Consulting LLC:
1.  Adopt a finding of Categorical Exemption pursuant to Section 15301 (Existing Facilities) of the California Environment Quality Act Guidelines.
2.  Approve the Third Amendment to the Consultant Services Agreement for an additional $100,000 with Landry Consulting, LLC., for the implementation of the Airport Safety Management Systems (SMS) program at Fresno Yosemite

| City Council | Meeting Agenda -<br>Final-revised | March 27, 2025 |
|---|---|---|

International Airport (FAT). The total contract value is not to exceed $480,000. (Council District 4)

**_Sponsors:_**    Airports Department

**2.-E.**  ID 25-374    Actions pertaining to professional On-Call Right of Way Consultant (Bid File 12501020) and Appraisal Services (Bid File 12500832) for the Capital Projects Department on City of Fresno capital improvement projects (Citywide):
1.  Approve an On-Call Right of Way Consultant Agreement with Continental Acquisition Services, Inc., a California corporation DBA Continental Field Services of Fresno, California in the amount of $1,500,000.00;
2.  Approve an On-Call Right of Way Consultant Agreement with Beacon Integrated Professional Resources, Inc., a California S-Corporation, DBA Hamner, Jewell & Associates of San Luis Obispo, California in the amount of $1,500,000.00;
3.  Approve an On-Call Right of Way Consultant Agreement with Paragon Partners Consultants, Inc., a Delaware corporation of Cypress, California in the amount of $1,500,000.00;
4.  Approve an On-Call Right of Way Consultant Agreement with Universal Field Services, Inc., an Oklahoma corporation of Fresno, California in the amount of $1,500,000.00;
5.  Approve an On-Call Appraisal Consultant Agreement with CBRE, Inc., a Delaware corporation of Fresno, California in the amount of $1,500,000.00;
6.  Approve an On-Call Appraisal Consultant Agreement with James G. Palmer Appraisals, Inc., a California corporation of Fresno, California in the amount of $1,500,000.00;
7.  Approve an On-Call Appraisal Consultant Agreement with RPA Wakefield & Hopper, Inc., a California corporation DBA Real Property Analysts of Fresno, California in the amount of $1,500,000.00;
8.  Approve an On-Call Appraisal Consultant Agreement with The Dore Group, Inc., a California corporation of San Diego, California in the amount of $1,500,000.00.

**_Sponsors:_**    Capital Projects Department

**2.-F.**  ID 25-345    Action pertaining to the declaration of surplus personal property in support of the Blackstone McKinley BNSF Grade

**City Council**                  Meeting Agenda -                  **March 27, 2025**
                                   Final-revised

Separation Project (Council Districts 1 and 7):

1.   ***RESOLUTION - Declaring certain City-owned materials and equipment as surplus personal property and authorizing their sale at public auction to the highest bidder (Subject to Mayor's Veto).

| | |
|---|---|
| *Sponsors:* | Capital Projects Department and Public Works Department |

**2.-G.**   ID 25-182   Approve Contract Change Order No. 01 for Year No. 3 in the amount of $189,820.50, with no additional working days, for adjustments of all bid item unit costs to compensate for additional traffic control requirements with National Plant Services Incorporated, of Long Beach, California, for the Requirements Contract for Closed Captioned Television Inspection Services of Large Sewer Mains - Year No. 3. (Bid File 9602) (Council Districts - Various, City Wide)

| | |
|---|---|
| *Sponsors:* | Capital Projects Department and Department of Public Utilities |

**2.-H.**   ID 25-358   Approve the First Amendment to the Consultant Services Agreement with Electrical Power Systems, Inc., of Fresno, California, to increase the total contract by an amount not to exceed $57,310.00, paid on a time and materials basis for a revised total contract amount not to exceed $106,760.00, for the Emergency Backup Generators at the B-Side Switchgear and Headworks Buildings at the Fresno-Clovis Regional Wastewater Reclamation Facility Project. (Council District 3)

| | |
|---|---|
| *Sponsors:* | Capital Projects Department and Department of Public Utilities |

**2.-I.**   ID 25-330   Approve the Agreement for Purchase and Sale of Real Property and Escrow Instructions to acquire fee interest of a 0.43-acre (18,730 square feet) improved parcel, identified as Assessor's Parcel Number 451-134-05, owned by Joseph E. Alanis, Trustee of the Joseph E. Alanis Revocable Trust dated April 8, 2009, for an amount of $2,027,950.00, for the construction of the Blackstone McKinley BNSF Grade Separation Project (Council Districts 1 and 7).

| | |
|---|---|
| *Sponsors:* | Capital Projects Department and Public Works Department |

**2.-J.**   ID 25-352   Approve Amendment No. 3 to Measure C Cooperative Project Agreement for the widening of the Herndon Avenue

Burlington Northern Sante Fe overpass between Polk Avenue and Milburn Avenue (Urban Project, K-11), in the amount of $4,055,000.00, with the Fresno County Transportation Authority; and authorize the Public Works Director or designee to execute the amendment on behalf of the City (Council District 2).

_**Sponsors:**_    Capital Projects Department and Public Works Department

**2.-K.**   ID 25-357       Actions pertaining to the Southbound Polk Avenue Widening Project from Gettysburg Avenue to Shaw Avenue (Council District 1):
1.  Adopt Environmental Assessment No. P18-02753, an addendum to the Negative Declaration for Environmental Assessment No. P18-02753, prepared in accordance with Section 15164 of the California Environmental Quality Act (CEQA) Guidelines;
2.  Approve a Facilities Maintenance Agreement between the City of Fresno and the Fresno Irrigation District, and authorize the Director of Public Works or designee to sign the Facilities Maintenance Agreement on behalf of the City.

_**Sponsors:**_    Capital Projects Department and Public Works Department

**2.-L.**   ID 25-325       Actions pertaining to the disposition of City owned, undeveloped right of way situated on the west side of South Golden State Boulevard, north of East Jensen Avenue (Council District 3):
1.  Adopt a finding of Categorical Exemption per Environmental Assessment Number TPM 2021-15, pursuant to Section 15315 of the California Environmental Quality Act (CEQA) Guidelines, Environmental Assessment Number TPM 2021-15 for Tentative Parcel Map No. 2021-15;
2.  RESOLUTION - Adopt the attached Resolution of Intention Number 1157-D to vacate a portion of the public street right of way located on the west side of South Golden State Boulevard, north of East Jensen Avenue;
3.  ***RESOLUTION - Adopt the attached Resolution declaring a 9,650.1 square foot portion of public street right of way located on the west side of South Golden State Boulevard, north of East Jensen Avenue, Fresno, California to be exempt surplus land (Council District 3) (Subject to Mayor's Veto);

| City Council | Meeting Agenda - Final-revised | March 27, 2025 |

4.  Approve the execution of the Agreement for Purchase and Sale of Real Property and Escrow Instructions to sell a 0.22-acre (9,650.1 square feet) City owned, undeveloped portion of land contiguous to Assessor's Parcel Number 479-071-36, located on the west side of South Golden State Boulevard, north of East Jensen Avenue in the amount of $500.00 to California-Fresno Investment Company, a California corporation, and authorize the City Manager or designee to execute the purchase and Sale Agreement and associated Grant Deed for the transfer of the subject property;

5.  Set the required public hearing at 9:15 a.m. on April 24, 2025.

*Sponsors:*  Capital Projects Department and Public Works Department

**2.-M.** ID 25-397    Approve banking services agreement with Wells Fargo in the amount of $173,915 per year for five years for a total contract value of $869,575 (Bid File 12500077).

*Sponsors:*  Finance Department

**2.-N.** ID 25-423    ***RESOLUTION - Adopting the 49th Amendment to the Annual Appropriation Resolution No.2024-122 Appropriating $250,000 from HHAP State Grant to City Attorney/Code Department. (Requires Five Affirmative Votes) (Subject to Mayor's Veto)

*Sponsors:*  Finance Department, Planning and Development Department and Councilmember Maxwell

**2.-O.** ID 25-402    Submission and Acceptance of the City of Fresno Annual Comprehensive Financial Report (ACFR) and Annual Comprehensive Dept Report (ACDR) for Fiscal Year 2024

*Sponsors:*  Finance Department

**2.-P.** ID 25-272    Approve the First Amendment to the Consultant Agreement with Provost & Pritchard Engineering Group, Inc. expanding services to incorporate the Santa Fe Phase II ADA Parking Lot and Path of Travel Upgrades, for an increased contract amount of $177,500 plus a contingency amount not to exceed $15,000, revising the total contract amount to $310,000 plus a revised contingency amount not to exceed $30,000 and authorize the General Servies Director or

City Council | Meeting Agenda - Final-revised | March 27, 2025

designee to execute all related documents (Council District 3)

**Sponsors:** General Services Department

**2.-Q.** ID 25-312    Actions pertaining to the lease of city-owned agricultural land at the Fresno-Clovis Regional Wastewater Reclamation Facility (Bid File #101824DN) (District 3):
1. Adopt a finding of Categorical Exemption per staff determination pursuant to Sections 15301/Class 1 and 15304/Class 4 of the California Environmental Quality Act (CEQA) Guidelines
2. Approve a Lease Agreement between the City of Fresno and James F. Cook in the amount of $243,200 annually for lease of approximately 400 acres of City-owned agricultural land at the Fresno-Clovis Regional Wastewater Reclamation Facility (RWRF) for an initial term through December 31, 2028, plus one optional four-year extension; and authorize the Director of General Services or designee to execute the Lease Agreement and subsequent extensions on the City's behalf

**Sponsors:** General Services Department and Department of Public Utilities

**2.-R.** ID 25-361    Actions pertaining to the substantial rehabilitation of the former Parkside Inn Motel site, located at 1075 N. Warren Avenue, into a 63-unit affordable multifamily housing project (District 3):
1. Approve a First Amendment to the Community Development Block Grant (CDBG) Agreement - Exhibit B: II Project Schedule, with Silvercrest, Inc. (Silvercrest), to extend the Commencement of Construction, Completion of Construction, and Lease Up Schedule dates; and
2. ***RESOLUTION - To support Silvercrest, Inc. Non-Profit Public Benefit Corporation's Low-Income Housing Tax Credit (LIHTC) application and/or Homekey+ application for the substantial rehabilitation of the Parkside Inn Motel site; and provide a conditional commitment of available housing loan funding to the project in an amount not to exceed $3,858,000 for eligible rehabilitation costs (Subject to Mayor's Veto).

**Sponsors:** Planning and Development Department

**2.-S.**  ID 25-1          Actions pertaining to the Parkview Apartments affordable rental housing project located along the Parkway Drive Corridor, Fresno, CA (Council District 3):
1.  \*\*\*RESOLUTION - Adopt a Resolution in support of a contribution of City funds in the amount of $6,000,000 and a contribution of three City-owned parcels along the Parkway Drive Corridor to Cesar Chavez Foundation for the development of the Parkview Apartments affordable rental housing project, and authorizing the City Manager, or designee, to execute all necessary documents on behalf of the City (Subject to Mayor's Veto)

_**Sponsors:**_          Planning and Development Department

**2.-T.**  ID 25-144        Actions pertaining to amending the South Central Community Benefits Fund and Expenditure Plan (related to the development project located at 971 E. North Avenue, Fresno CA 93725):
1.  RESOLUTION - Amending the Community Benefits Fund and Expenditure Plan

_**Sponsors:**_          Planning and Development Department

**2.-U.**  ID 25-235        Approve a Service Agreement with Marjaree Mason Center (MMC) to operate a homeless emergency shelter, offering 12-beds serving families and individuals experiencing homelessness or at imminent risk of homelessness, located at Fresno Safe House, through June 30, 2026, in the total amount of $140,000.00 funded with Homeless Housing, Assistance, and Prevention (HHAP) dollars. (Bid File No.12500851)

_**Sponsors:**_          Planning and Development Department

**2.-V.**  ID 25-337        Actions pertaining to the Orange and Central Avenues Homes Community Sewer Consolidation Project (Unincorporated Fresno County):
1.  Adopt a finding of Categorical Exemption per staff determination pursuant to Class 1, Section 15301 (Existing Facilities) of the California Environmental Quality Act (CEQA) Guidelines;
2.  \*\*\*RESOLUTION - Authorizing the Director of Public Utilities or designee(s) to prepare and submit grant

| City Council | Meeting Agenda - Final-revised | March 27, 2025 |
|---|---|---|

applications, accept funds, and execute any financial assistance agreements and amendments with the California State Water Resources Control Board on behalf of the City of Fresno for the planning, design, and construction of the Orange and Central Avenues Homes Community Sewer Consolidation Project. (Subject to Mayor's veto)

**_Sponsors:_**   Department of Public Utilities

**2.-W.**  ID 25-338    Actions pertaining to the Orange and Central Avenues Water Consolidation Project (Unincorporated Fresno County):
1.  Adopt a finding of Categorical Exemption per staff determination pursuant to Class 1, Section 15301 (Existing Facilities) of the California Environmental Quality Act (CEQA) Guidelines;
2.  ***RESOLUTION - Authorizing the Director of Public Utilities or designee(s) to prepare and submit grant applications, accept funds, and execute any financial assistance agreements and amendments with the California State Water Resources Control Board on behalf of the City of Fresno for the planning, design, and construction of the Orange and Central Avenues Water Consolidation Project. (Subject to Mayor's veto)

**_Sponsors:_**   Department of Public Utilities

**2.-X.**  ID 25-359    Action pertaining to the summary vacation of a portion of the relinquishment of direct access rights on the southeast corner of East Belmont Avenue and North Fowler Avenue (Council District 5):
1.  RESOLUTION - Approving the summary vacation of a portion of the relinquishment of direct access rights on the southeast corner of East Belmont Avenue and North Fowler Avenue.

**_Sponsors:_**   Public Works Department

**2.-Y.**  ID 25-389    RESOLUTION - Of Intention to Annex Final Parcel Map Number 2019-12 as Annexation Number 68 to the City of Fresno Community Facilities District Number 9 and to Authorize the Levy of Special Taxes; and setting the Public Hearing for Thursday, May 1, 2025, at 9:30 am (West side of North Harrison Avenue and West Alluvial Avenue) (Council District 2).

| City Council | Meeting Agenda -<br>Final-revised | March 27, 2025 |
|---|---|---|

---

| | | **Sponsors:** | Public Works Department |
|---|---|---|---|

**2.-Z.**  ID 25-333  RESOLUTION - Of Intention to Annex Final Tract Map Number 6384 as Annexation Number 154 to the City of Fresno Community Facilities District Number 11 and to Authorize the Levy of Special Taxes; and setting the public hearing for Thursday, May 1, 2025, at 9:20 am (Southeast corner of East McKinley Avenue and North McKelvey Avenue) (Council District 7).

**Sponsors:**  Public Works Department

**2. -AA.**  ID 25-334  RESOLUTION - Of Intention to Annex Final Tract Map Number 6463 as Annexation Number 155 to the City of Fresno Community Facilities District Number 11 and to Authorize the Levy of Special Taxes; and setting the public hearing for Thursday, May 1, 2025, at 9:15 am (Northeast corner of East McKinley Avenue and North Redhaven Drive) (Council District 7).

**Sponsors:**  Public Works Department

**2. -BB.**  ID 25-393  RESOLUTION - of Intention to annex Final Parcel Map Number 2022-03 as Annexation Number 003 to the City of Fresno Community Facilities District Number 18 and to authorize the levy of Special Taxes; and setting the public hearing for Thursday, May 1, 2025, at 9:25 am (Located on the south side of West Bullard Avenue, west of North Maroa Avenue) (Council District 4).

**Sponsors:**  Public Works Department

**2. -CC.**  ID 25-370  Approve the award of a Cooperative Purchase Agreement to Complete Coach Works for the purchase of eleven (11) 40' refurbished compressed natural gas buses in the amount of $3,939,787.39 (Bid File 12501922)

**Sponsors:**  Department of Transportation

**2. -DD.**  ID 25-371  RESOLUTION - to Support Assembly Bill (AB) 394 (Wilson), a bill to enhance and expand the safety and security of FAX and other California public transit systems employees, passengers and contractors against assaults.

**Sponsors:**  Department of Transportation and Office of Mayor & City Manager

---

City Council | **Meeting Agenda - Final-revised** | March 27, 2025

| | | |
|---|---|---|
| **2. -EE.** | ID 25-398 | ***Bill B-8 (Introduce March 13, 2025) (For Adoption) - Amending Sidewalk Vending Ordinance Violations, section 10-2606, to provide for immediate monetary citations in the Tower District (Subject to Mayor's Veto) |
| | _**Sponsors:**_ | Vice President Arias and Councilmember Perea |
| **2. -FF.** | ID 25-408 | Approve the appointment of Christina Garza to the Fresno Regional Workforce Development Board with a term ending November 1, 2025. Approve the reappointment of Amy Fuentes to the Women's Commission with a term ending March 30, 2027. |
| | _**Sponsors:**_ | Council President Karbassi |

## CONTESTED CONSENT CALENDAR

## 3.  GENERAL ADMINISTRATION

| | | |
|---|---|---|
| **3.-A.** | ID 25-403 | WORKSHOP - Progress of the Eviction Protection Program |
| | _**Sponsors:**_ | City Attorney's Office |
| **3.-B.** | ID 25-375 | RESOLUTION - Approve a selection of three (3) street corridors for thirty percent (30%) preliminary conceptual design as part of the Active Transportation Plan Update currently being developed (Citywide). |
| | _**Sponsors:**_ | Public Works Department |

## UNSCHEDULED COMMUNICATION

**PLEASE NOTE: UNSCHEDULED COMMUNICATION IS NOT SCHEDULED FOR A SPECIFIC TIME AND MAY BE HEARD ANY TIME DURING THE MEETING**

## 4.  CITY COUNCIL

## 5.  CLOSED SESSION

| | | |
|---|---|---|
| **5.-A.** | ID 25-354 | CONFERENCE WITH LABOR NEGOTIATORS - Government Code Section 54957.6<br>City Negotiators: Jennifer Misner; Sumeet Malhi<br>Employee Organization(s): 1. International Union of Operating Engineers, Stationary Engineers, Local 39 (Local 39); 2. Fresno City Employees Association (FCEA); 3. |

| City Council | Meeting Agenda - Final-revised | March 27, 2025 |

Fresno Police Officers Association (FPOA Basic), Unit 4; 4. International Association of Firefighters, Local 202, Unit 5 (Fire Basic); 5. Amalgamated Transit Union, Local 1027 (ATU); 6. International Brotherhood of Electrical Workers, Local 100 (IBEW; 7. Fresno Police Officers Association (FPOA Management); 8. International Association of Firefighters, Local 202, Unit 10 (Fire Management); 9. City of Fresno Professional Employees Association (CFPEA); 10. City of Fresno Management Employees Association (CFMEA).

**_Sponsors:_**      Office of Mayor & City Manager

**5.-B.**  ID 25-394      CONFERENCE WITH LEGAL COUNSEL - EXISTING LITIGATION Government Code Section 54956.9, subdivision (d)(1)
CMG Construction Management, Inc. v. City of Fresno, et al., Fresno Superior Court Case No. 22CECG00271

**_Sponsors:_**      City Attorney's Office

**5.-C.**  ID 25-400      CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
Park 7, LLC., and LandValue Management LLC., v. City of Fresno; Fresno Superior Court Case No. 24CECG04298

**_Sponsors:_**      City Attorney's Office

**5.-D.**  ID 25-437      CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
City of Fresno v. Fresno Building Healthy Communities Court of Appeal Case No.: F084662; and Fresno Building Healthy Communities v. City of Fresno Court of Appeal Case No.: F084666 (PARCS Department)

**_Sponsors:_**      City Attorney's Office

**5.-E.**  ID 25-401      CONFERENCE WITH LEGAL COUNSEL - ANTICIPATED LITIGATION
Government Code Section 54956.9, subdivision (d)(4)
1 potential case

**_Sponsors:_**      Council President Karbassi

**5.-F.**  ID 25-443      CONFERENCE WITH LEGAL COUNSEL - ANTICIPATED

| City Council | Meeting Agenda - Final-revised | March 27, 2025 |
| --- | --- | --- |

LITIGATION
Government Code Section 54956.9, subdivision (d)(4)
1 potential case

_Sponsors:_ City Attorney's Office

# ADJOURNMENT

## UPCOMING SCHEDULED COUNCIL HEARINGS AND MATTERS

_April 24, 2025, 9:10 A.M. #1- Actions pertaining to the Ventura Family Apartments affordable housing development project, located South of E. Cesar Chavez Blvd between S. Seventh Street and S. Eighth streets_

_April 24, 2025, 9:10 A.M #2 - HEARING to adopt Resolutions and Ordinance to Annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 67 (Territory known as Assessor's Parcel Number 578-040-16, 578-040-17, and 578-040-18) (Northeast corner of North Maple Avenue and East Behymer Avenue_

_April 24, 2025, 9:15 A.M. - Hearing to consider the vacation of a portion of the public street easement on the southwest side of South Golden State Boulevard, north of East Jensen Avenue_

_April 24, 2025, 9:30 A.M. - Consideration of Plan Amendment Application No. P23-03006, Rezone Application No. P23-03006 and related Environmental Assessment pertaining to approximately 55.31 acres of property bounded by East Annadale Avenue to the north, State Route 41 to the east, South Elm Avenue to the west, and East Chester/East Samson Avenue_

## UPCOMING EMPLOYEE CEREMONIES

EMPLOYEE OF THE QUARTER - 10:00 A.M.
• April 2, 2025 (Wednesday) - Employee of the Spring Quarter
• July 16, 2025 (Wednesday) - Employee of the Summer Quarter
• October 15, 2025 (Wednesday) - Employee of the Fall Quarter

EMPLOYEE SERVICE AWARDS - 10:00 A.M.
• April 16, 2025 (Wednesday) - Employee Service Awards
• November 19, 2025 (Wednesday) - Employee Service Awards

## 2025 CITY COUNCIL MEETING SCHEDULE

**City Council**

**Meeting Agenda -
Final-revised**

**March 27, 2025**

*April 10, 2025 - 9:00 A.M. (Regular Meeting)*
*April 24, 2025 - 9:00 A.M. (Regular Meeting)*
*May 1, 2025 - 9:00 A.M. (Regular Meeting)*
*May 15, 2025 - 9:00 A.M. (Regular Meeting)*
*May 22, 2025 - 9:00 A.M. (Regular Meeting)*

# **Exhibit 16**

# City of Fresno

*2600 Fresno Street*
*Fresno, CA 93721*
*www.fresno.gov*



## Meeting Agenda - Final

**Thursday, April 10, 2025**

**9:00 AM**

**Regular Meeting**

**Council Chambers**

## <u>City Council</u>

*President - Mike Karbassi*
*Vice President - Miguel Angel Arias*
*Councilmembers:*
*Annalisa Perea, Tyler Maxwell, Brandon Vang,*
*Nick Richardson, Nelson Esparza*
*City Manager - Georgeanne A. White*
*City Attorney - Andrew Janz*
*City Clerk - Todd Stermer, MMC*

**The City Council met in regular session in the Council Chamber, City Hall, on the date and time above written.**

PUBLIC PARTICIPATION – Public participation during Fresno City Council meetings is always encouraged and can occur by attending a meeting in the Council Chambers on the 2nd floor of City Hall located at 2600 Fresno Street, Fresno, CA 93721.

To be called to speak during a meeting, please fill out a speaker card (located throughout the chamber) and place it in the speaker card collection basket at the front of the chamber. You may also approach the speaker podium upon the Council President's call for any additional public comment.

Unless otherwise announced, all public speakers will have up to 3 minutes to address Council pursuant to Rule No. 10 of the Rules of Procedure for the City Council of the City of Fresno (available in the City Clerk's Office).

SUBMIT WRITTEN PUBLIC COMMENTS - Pursuant to Rule 11 (c) of the Rules of Procedure, no documents shall be accepted for Council review unless submitted to the City Clerk at least 24 hours prior to the Council Agenda item being heard. Documents / written comments related to an agenda item can be submitted by one of the following methods:

1) eComment – eComment allows the public to submit agenda related comments through a website prior to the meeting. Submitted comments are limited to 1440 characters and will be a part of the official record.

a) Submit an e-Comment by visiting https://fresno.legistar.com/Calendar.aspx and selecting the "eComment" link.

b) e-Comment is available for use upon publication of the agenda and closes 24 hours prior to the meeting start time [pursuant to Rule 11(c)].

c) e-Comment is not permitted for Land use or CEQA items.

d) The e-Comment Electronic User Agreement can be viewed at: https://www.fresno.gov/cityclerk/#information

2) E-mail – Agenda related documents and comments can be e-mailed to the Office of the City Clerk at least 24 hours prior to the agenda item being heard, pursuant to Rule 11(c).

a) E-mail the Clerk's Office at clerk@fresno.gov

b) E-mails should include the agenda date, and the related agenda item number.

VIEWING CITY COUNCIL MEETINGS (non-participatory) - For your convenience, there are several ways to view Fresno City Council meetings live:

1) City of Fresno website: https://fresno.legistar.com/Calendar.aspx (click "In Progress" to view the live meeting).

2) Community Media Access Collaborative website: https://cmac.tv/gov/

3) YouTube - City of Fresno Council, Boards and Commissions Channel: https://www.youtube.com/@cityoffresnomeetings/streams

4) Facebook: https://www.facebook.com/FresnoCA/videos

5) Cable Television: Comcast Channel 96 and AT&T Channel 99

6) Zoom: https://fresno.zoomgov.com/webinar/register/WN_7xJBW8h2QuKtZpm1lt1kdQ

Should any of the viewing methods above experience technical difficulties, the Council meeting will continue uninterrupted. Meetings will only be paused to address verified technical issues that interrupt public participation during meetings.

The City of Fresno's goal is to comply with the Americans with Disabilities Act (ADA).  If reasonable ADA accommodations are needed, including sign language interpretation, contact the Office of the City Clerk at (559) 621-7650 or clerk@fresno.gov.  Also contact the Office of the City Clerk if spoken language translation is required.  Accommodation and language requests should be made a minimum of three business days prior to the scheduled meeting.

GOVERNMENT CODE 84308 CONTRIBUTION PROHIBITIONS AND MANDATORY DISCLOSURES - The Political Reform Act of 1974 (Act) restricts campaign contributions over $500 to a decision-making public official from a party or participant, or their agent, in a proceeding involving a license, permit, contract, or entitlement for use. The Act requires disclosure of the contribution and creates a conflict where a decision-maker has received $500 or more from a party or participant to a proceeding in the prior 12 months. A decision-maker must disclose on the record during the proceeding that they have received contributions from a party, participant, or agent of a party or participant, greater than $500 within the preceding 12 months and the name(s) of the contributor(s). (See 2 CCR 18438.8(a).) Parties to a proceeding are required to disclose on the record if they made contributions over $500 to a decision-maker within the prior 12 months, and are prohibited from making contributions to a decision-maker during the proceeding and for 12 months after the date a final decision is rendered on the proceeding.

**City Council**                    **Meeting Agenda - Final**                    **April 10, 2025**

9:07 A.M. ROLL CALL

Invocation by Shanti Path, Vandana Pandit, and Shruti Jani from B.A.P.S Shri Swaminarayan Mandir, Fresno.

Pledge of Allegiance to the Flag

## APPROVE AGENDA

ID 25-227          Actions pertaining to the Special Election held on March 18, 2025.
                   1.  ***RESOLUTION - Declaring the results of the Special Election held within the City of Fresno on March 18, 2025. (Subject to Mayor's veto)
                   2.  Installation and Administration of Oath of Office to the newly elected Councilmember.
                   3.  Statement by incoming Councilmember Vang

*Sponsors:*        Office of the City Clerk

## CEREMONIAL PRESENTATIONS

ID 25-452          Proclamation for "FPD Citizens On Patrol Volunteer Unit"

*Sponsors:*        Council President Karbassi

ID 25-341          Proclamation for "Lue N. Yang Day"

*Sponsors:*        Council President Karbassi and Vice President Arias

ID 25-439          Proclamation for "Arts, Culture, and Creativity Month"

*Sponsors:*        Vice President Arias

ID 25-514          Proclamation for "Black Maternal Health Week"

*Sponsors:*        Councilmember Esparza, Councilmember Perea and Office of Mayor & City Manager

ID 25-342          Proclamation "Honoring Fresno Poet Laureate"

*Sponsors:*        Office of Mayor & City Manager

ID 25-495          Proclamation "Honoring Jet Lim"

*Sponsors:*        Office of Mayor & City Manager

City Council                    **Meeting Agenda - Final**                    April 10, 2025

# COUNCILMEMBER REPORTS AND COMMENTS

# MAYOR/MANAGER REPORTS AND COMMENTS

# 1.  SCHEDULED COUNCIL HEARINGS AND MATTERS

## 10:00 A.M.

ID 25-456    Appearance by Therese Gulesserian regarding "Parking along Liberty Hill and Saybrook" (District 6 Resident)

*Sponsors:*    Office of the City Clerk

## 10:03 A.M.

ID 25-477    Appearance by Jesse Nieves regarding "The Southeast Development Area Plan and concerns about existing infrastructure costs" (District 6 Resident)

*Sponsors:*    Office of the City Clerk

## 10:06 A.M.

ID 25-489    Appearance by Erika Leonard regarding "Concerns about the Southeast Development Area plan" (District 1 Resident)

*Sponsors:*    Office of the City Clerk

# 2.  CONSENT CALENDAR

**2.-A.**  ID 25-481    Approval of the minutes for March 27, 2025

*Sponsors:*    Office of the City Clerk

**2.-B.**  ID 25-429    Approve the Fourth Amendment to the Consultant Services Agreement with Carollo Engineers, Inc. of Fresno, California, to increase the total contract by an amount not to exceed $637,228, for a revised total contract amount not to exceed $3,801,877, with a remaining contingency amount not to exceed $374,000, all of which to be paid on a time and materials basis, and to extend the term of the agreement to December 31, 2027, for the Downtown Area Water and Wastewater Infrastructure Improvements Study. (Council District 3)

City Council                      Meeting Agenda - Final                      April 10, 2025

|  | |
|---|---|
| ***Sponsors:*** | Capital Projects Department |

**2.-C.**  ID 25-424    Actions pertaining to Milburn Overlook Redesign and Construction Project (Bid File No. 12501391) (Council District 2):
1.  Adopt a finding of Categorical Exemption per staff's determination, pursuant to Section 15301/ Class 1 of the California Environmental Quality Act Guidelines Environmental Assessment No. PC00219, for the Milburn Overlook Redesign and Construction Project;
2.  ***RESOLUTION - Adopting the 46th Amendment to the Annual Appropriation Resolution No. 2024-122 appropriating $89,000.00 for the Milburn Overlook Redesign and Construction Project. (Requires 5 Affirmative Votes) (Subject to Mayor's Veto);
3.  Award a construction contract in the amount of $1,262,759.15 for the base bid plus all two (2) Add Alternates to Truxell & Valentino Landscape Development, Inc., of Fresno, California, as the lowest responsive and responsible bidder for the Milburn Overlook Redesign and Construction Project.

|  | |
|---|---|
| ***Sponsors:*** | Capital Projects Department, Parks, After School and Recreation and Community Services Department |

**2.-D.**  ID 25-428    Approve the First Amendment to the Consultant Services Agreement with Michael K. Nunley & Associates, Inc., to increase the total contract by an amount not to exceed $96,026, paid on a time and materials basis for a revised total contract amount not to exceed $466,501, with a contingency amount not to exceed $55,570, for the Reclamation Well Pipeline and Associated Site Improvements Project. (Council District 3)

|  | |
|---|---|
| ***Sponsors:*** | Capital Projects Department and Department of Public Utilities |

**2.-E.**  ID 25-432    Actions pertaining to the South Cedar Avenue Complete Streets Project (Bid File No. 12500348) on South Cedar Avenue from East Jensen Bypass to East Church Avenue (Council District 5, County Supervisorial District 3):
1.  Adopt Environmental Assessment No. PW00928, dated

**City Council**                    **Meeting Agenda - Final**                    **April 10, 2025**

June 4, 2024, a determination that the proposed project qualifies for categorical exemption as set forth in the California Environmental Quality Act Guidelines Section 15301/Class1 and Section 15302/Class2;

2.  Award a construction contract in the amount of $1,748,236 to Cal Valley Construction, Inc. of Fresno, CA, as the lowest responsive and responsible bidder for the South Cedar Avenue Complete Streets Project (Bid File No. 12500348).

|                  |              |
|------------------|--------------|
| _**Sponsors:**_  | Capital Projects Department and Public Works Department |

**2.-F.**   ID 25-433    Approve the First Amendment to Utility Agreement No. PW00763-2 with Pacific Gas & Electric Company, increasing the original agreement amount from $93,542 to a total of $195,758, for the design and adjustment of Pacific Gas & Electric Company electrical facilities needed to complete construction of the proposed Midtown Fresno Trail: McKinley Avenue Gap Closure Project, Millbrook Avenue to Clovis Avenue. (Council Districts 4 and 7)

|                  |              |
|------------------|--------------|
| _**Sponsors:**_  | Capital Projects Department and Public Works Department |

**2.-G.**   ID 25-434    Actions pertaining to the North Blackstone Avenue Roadway Improvements from Minarets Avenue to Nees Avenue Project (Bid File No. 12500516): (Council Districts 2 and 6)

1.  Adopt Environmental Assessment No. PW00929, dated June 5, 2024, a determination that the proposed project qualifies for Categorical Exemption pursuant to Sections 15301/Class 1, 15303/Class 3, and 15304/Class 4 of the California Environmental Quality Act Guidelines;

2.  Approve the Second Amendment to the Consultant Services Agreement with Provost and Pritchard Engineering Group, Incorporated, of Fresno, California in the amount of $8,432, for a total increased contract amount of $137,598, with $384 in remaining contingency;

3.  Award a construction contract in the amount of $2,732,629 to Yarbs Grading and Paving Incorporated, of Fowler, California.

|                  |              |
|------------------|--------------|
| _**Sponsors:**_  | Capital Projects Department and Public Works Department |

**2.-H.**   ID 25-431    Actions pertaining to the new 911 Emergency Call Center Project (Bid File No. 12500493) (Council District 3):

**City Council**    **Meeting Agenda - Final**    April 10, 2025

1.  Adopt a Mitigated Negative Declaration as prepared for Environmental Assessment No. P23-04199 (SCH 2024080018) dated December 2, 2024, for the proposed project pursuant to California Environmental Quality Act (CEQA) Guidelines;

2.  RESOLUTION - Declaring the official intent to use proceeds of future indebtedness to reimburse the City for certain expenditures related to the construction of the new 911 Emergency Call Center (Requires 5 Affirmative Votes);

3.  ***RESOLUTION - Adopt the 47th Amendment to the Annual Appropriation Resolution No. 2024-122 appropriating $7,664,800.00 for the 911 Emergency Call Center construction contract (Requires 5 Affirmative Votes) (Subject to Mayor's Veto);

4.  Award a construction contract in the amount of $12,936,795.00 for the Base Bid plus one (1) Add Alternate to Solpac Construction, Inc. dba Soltek Pacific Construction Company of San Diego, California, as the lowest responsive and responsible bidder for the 911 Emergency Call Center Project.

_**Sponsors:**_    Capital Projects Department, Police Department and Finance Department

**2.-I.**    ID 25-404    ***RESOLUTION - Adopting the 44th amendment to the Annual Appropriation Resolution No. 2024-122 to appropriate $765,500 to the FY 2025 Fire Department budget for out of county responses under the California Firefighters Assistance Agreement (Requires 5 Affirmative Votes) (Subject to Mayor's Veto).

_**Sponsors:**_    Fire Department

**2.-J.**    ID 25-469    Approve the award of a citywide requirements contract to Universal Protection Services, LP dba Allied Universal Services of Fresno, California for one year with four optional one-year extensions for security services in an amount not to exceed $3,350,000 per year plus annual CPI and minimum wage increases (Bid File 9686)

_**Sponsors:**_    General Services Department

**2.-K.**    ID 25-473    Actions pertaining to the lease of city-owned agricultural land

at the Fresno-Clovis Regional Wastewater Reclamation Facility (Bid File #101824DN) (District 3):

1. Adopt a finding of Categorical Exemption per staff determination pursuant to Sections 15301/Class 1 and 15304/Class 4 of the California Environmental Quality Act (CEQA) Guidelines

2. Approve a Lease Agreement between the City of Fresno and James F. Cook in the amount of $243,200 annually for lease of approximately 400 acres of City-owned agricultural land at the Fresno-Clovis Regional Wastewater Reclamation Facility (RWRF) for an initial term through December 31, 2028, plus one optional four-year extension; and authorize the Director of General Services or designee to execute the Lease Agreement and subsequent extensions on the City's behalf

| | | |
|---|---|---|
| | *Sponsors:* | General Services Department and Department of Public Utilities |
| **2.-L.** | ID 25-468 | ***RESOLUTION - Adopting the 48th Amendment to the Annual Appropriation Resolution No. 2024-122 to appropriate a $10,000 reimbursement from the Pacific Gas and Electric Company (PG&E) for costs associated with the 2024 summer season cooling center operations (Requires 5 Affirmative Votes) (Subject to Mayor's Veto) |
| | *Sponsors:* | Parks, After School and Recreation and Community Services Department |
| **2.-M.** | ID 25-387 | ***RESOLUTION - Adopt the Fifteenth Amendment to the FY 2025 Salary Resolution No. 2024-120, amending Exhibit 14, Management Classes (CFMEA), by modifying the salary step plan range for the Building Services Manager classification, effective April 21, 2025 (Subject to Mayor's Veto) |
| | *Sponsors:* | Personnel Services Department |
| **2.-N.** | ID 25-430 | ***RESOLUTION - Adopt the Sixteenth Amendment to the FY 2025 Salary Resolution No. 2024-120, amending Exhibit 13-1, Unit 13, Exempt Supervisory and Professional (CFPEA) by adding the new classification of Trolley Supervisor and providing a monthly salary step plan range, effective April 21, 2025; and amending Exhibit 14, Management Classes |

(CFMEA), by adding the new classification of Trolley Manager and providing a monthly salary step plan range, effective April 21, 2025 (Subject to Mayor's Veto)

**_Sponsors:_**    Personnel Services Department

**2.-O.**  ID 25-349    Approve the renewal of the Fresno Police Department Annual Military Equipment Use Report as originally required by Assembly Bill 481, codified under Government Codes 7070-7075.

**_Sponsors:_**    Police Department

**2.-P.**  ID 25-466    Approve a consultant services agreement with BSK Associates for an annual amount not to exceed $1,200,000 per year for two years with three single year optional extensions, plus annual Consumer Price Index adjustments, to provide testing services for potable and non-potable water analysis; and authorize the Director of Public Utilities, or designee, to sign the Agreement on behalf of the City (Bid File 12501235). (Citywide)

**_Sponsors:_**    Department of Public Utilities

**2.-Q.**  ID 25-425    RESOLUTION - Approving the Final Map of Tract No. 6211, and accepting dedicated public uses offered therein except for dedications offered subject to City acceptance of developer installed required improvements - located on the west side of North Millbrook Ave. south of East Nees Ave. (Council District 6)

**_Sponsors:_**    Public Works Department

**2.-R.**  ID 25-436    RESOLUTION - Of Intention to Annex Final Tract Map Number 6414 as Annexation Number 153 to the City of Fresno Community Facilities District Number 11 and to Authorize the Levy of Special Taxes; and setting the public hearing for Thursday, May 22, 2025, at 9:10 am (Located on the northwest corner of West Dakota Avenue and North Hayes Avenue). (Council District 1)

**_Sponsors:_**    Public Works Department

**2.-S.**  ID 25-438    Actions pertaining to the summary vacation of a portion of a public street easement on North Fresno Street, south of East

**City Council**                 **Meeting Agenda - Final**               **April 10, 2025**

McKenzie Street (Council District 3)
1.  Adopt a finding of Categorical Exemption per staff determination, pursuant to Section 15332/Class 32 of the California Environmental Quality Act (CEQA) Guidelines, Environmental Assessment Number P24-02896
2.  RESOLUTION - Approving the summary vacation of a portion of a public street easement on North Fresno Street, south of East McKenzie Street

|  | | |
|---|---|---|
| | _**Sponsors:**_ | Public Works Department |

**2.-T.**  ID 25-457    Approve Amendment No.1 to Measure C Cooperative Project Agreement for the Peach Avenue - State Route 180 to McKinley Avenue project (Urban project, I-4), in the amount of $4,151,000 with the Fresno County Transportation Authority; and authorize the Public Works Director or designee to execute the amendment on behalf of the City. (Council District 7)

_**Sponsors:**_    Public Works Department

**2.-U.**  ID 25-505    RESOLUTION - A Resolution of the Council of the City of Fresno, California, Urging the California Board of Parole Hearings to Deny Parole for Rudolph Martin Acosta (CDCR # H50445)

_**Sponsors:**_    Councilmember Perea

**2.-V.**  ID 25-516    ***RESOLUTION - Adopting the 50th Amendment to the Annual Appropriations Resolution (AAR) No. 2024-122 reallocating $195,000 from the Public Works Department to the City Council Department (Requires 5 Affirmative Votes) (Subject to Mayor's Veto)

_**Sponsors:**_    Vice President Arias

**2.-W.**  ID 25-517    Bill - (For Introduction) Amending Section 7-1101 of the Fresno Municipal Code, relating to business license - exemptions for honorably discharged or honorably relieved veterans and active duty or reservist military personnel

_**Sponsors:**_    Councilmember Richardson and Councilmember Esparza

# CONTESTED CONSENT CALENDAR

City Council | Meeting Agenda - Final | April 10, 2025

## 3.  GENERAL ADMINISTRATION

**3.-A.**  ID 25-474       RESOLUTION - Approve three (3) street corridors for thirty percent (30%) preliminary conceptual design as part of the Active Transportation Plan Update currently being developed. (Citywide)

**_Sponsors:_**  Public Works Department

## UNSCHEDULED COMMUNICATION

**PLEASE NOTE: UNSCHEDULED COMMUNICATION IS NOT SCHEDULED FOR A SPECIFIC TIME AND MAY BE HEARD ANY TIME DURING THE MEETING**

## 4.  CITY COUNCIL

**4.-A.**  ID 25-508       Actions pertaining to regulating the possession of, Commercial Scrap Metal.
1.  Adopt a finding that the Ordinance to add Article 36 to Chapter 9 of the Fresno Municipal Code is exempt from the California Environmental Quality Act (CEQA) pursuant to the common sense exemption set forth in section 15061(b)(3) of the State CEQA Guidelines, because it can be seen with certainty that there is no possibility that this action will have a significant effect on the environment.
2.  BILL (for Introduction) adding Article 36 to Chapter 9 of the Fresno Municipal Code, relating to Commercial Scrap Metal.

**_Sponsors:_**  Council President Karbassi, Councilmember Perea and Councilmember Maxwell

## 5.  CLOSED SESSION

**5.-A.**  ID 25-355       CONFERENCE WITH LABOR NEGOTIATORS - Government Code Section 54957.6
City Negotiators: Jennifer Misner; Sumeet Malhi
Employee Organization(s): 1. International Union of Operating Engineers, Stationary Engineers, Local 39 (Local 39); 2. Fresno City Employees Association (FCEA); 3. Fresno Police Officers Association (FPOA Basic), Unit 4; 4. International Association of Firefighters, Local 202, Unit 5 (Fire Basic); 5. Amalgamated Transit Union, Local 1027

(ATU); 6. International Brotherhood of Electrical Workers, Local 100 (IBEW); 7. Fresno Police Officers Association (FPOA Management); 8. International Association of Firefighters, Local 202, Unit 10 (Fire Management); 9. City of Fresno Professional Employees Association (CFPEA); 10. City of Fresno Management Employees Association (CFMEA). 11. Unrepresented Employees in Unit 2 (Non-Represented Management and Confidential Classes): Airport Public Safety Manager, Assistant City Attorney, Assistant City Manager, Assistant Controller, Assistant Director, Assistant Director of Personnel Services, Assistant Director of Public Utilities, Assistant Director of Public Works, Assistant Police Chief, Assistant Retirement Administrator, Background Investigator, Budget Analyst, Budget Manager, Chief Assistant City Attorney, Chief Information Officer, Chief Labor Negotiator, Chief of Staff to Councilmember, Chief of Staff to the Mayor, City Attorney (City Negotiator, Council President Karbassi), City Attorney Investigator, City Clerk (City Negotiator, Council President Karbassi), City Engineer, City Manager (City Negotiator, Mayor Dyer), Community Coordinator, Community Outreach Specialist, Controller, Council Assistant, Deputy City Attorney II , Deputy City Attorney III, Deputy City Manager, Director, Director of Aviation, Director of Development, Director of Personnel Services, Director of Public Utilities, Director of Transportation, Economic Development Coordinator, Economic Development Director, Executive Assistant to Department Director, Executive Assistant to the City Attorney, Executive Assistant to the City Council, Executive Assistant to the City Manager, Executive Assistant to the Mayor, Fire Chief, Governmental Affairs Manager, Human Resources Manager, Independent Reviewer, Internal Auditor, Investment Officer, Management Analyst II, Payroll Accountant, Payroll Manager, Police Chief, Principal Budget Analyst, Principal Internal Auditor, Principal Labor Relations Analyst, Project Liaison/Program Administrator, Public Affairs Officer, Public Works Director, Retirement Administrator, Retirement Benefits Manager, Retirement Office Manager, Senior Budget Analyst, Senior City Attorney Investigator, Senior

| City Council | Meeting Agenda - Final | April 10, 2025 |
|---|---|---|

|  |  | Deputy City Attorney I, Senior Deputy City Attorney II, Senior Deputy City Attorney III, Senior Human Resources/Risk Analyst, Senior Law Clerk, Supervising Deputy City Attorney, Veterinarian |
|  | _Sponsors:_ | Office of Mayor & City Manager |
| 5.-B. | ID 25-396 | CONFERENCE WITH LEGAL COUNSEL - EXISTING LITIGATION Government Code Section 54956.9, subdivision (d)(1)<br>Gerry Goodman v. City of Fresno, Fresno Superior Court Case No. 22CECG01072 |
|  | _Sponsors:_ | City Attorney's Office |
| 5.-C. | ID 25-485 | CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION<br>Government Code Section 54956.9, subdivision (d)(1)<br>Joshua Spengeman v. City of Fresno, Fresno Superior Court Case No. 22CECG02760. |
|  | _Sponsors:_ | City Attorney's Office |
| 5.-D. | ID 25-475 | CONFERENCE WITH LEGAL COUNSEL - ANTICIPATED LITIGATION<br>Government Code Section 54956.9, subdivision (d)(4)<br>1 potential case |
|  | _Sponsors:_ | City Attorney's Office |

## ADJOURNMENT

### UPCOMING SCHEDULED COUNCIL HEARINGS AND MATTERS

*April 24, 2025, 9:10 A.M. #1- Actions pertaining to the Ventura Family Apartments affordable housing development project, located South of E. Cesar Chavez Blvd between S. Seventh Street and S. Eighth streets*

*April 24, 2025, 9:10 A.M #2 - HEARING to adopt Resolutions and Ordinance to Annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 67 (Territory known as Assessor's Parcel Number 578-040-16, 578-040-17, and 578-040-18) (Northeast corner of North Maple Avenue and East Behymer Avenue*

*April 24, 2025, 9:15 A.M. - Hearing to consider the vacation of a portion of the public street easement on the southwest side of South Golden State Boulevard, north of East Jensen Avenue*

*April 24, 2025, 9:30 A.M. - Consideration of Plan Amendment Application No. P23-03006, Rezone Application No. P23-03006 and related Environmental Assessment pertaining to approximately 55.31 acres of property bounded by East Annadale Avenue to the north, State Route 41 to the east, South Elm Avenue to the west, and East Chester/East Samson Avenue*

## UPCOMING EMPLOYEE CEREMONIES

EMPLOYEE OF THE QUARTER - 10:00 A.M.
 • July 16, 2025 (Wednesday) - Employee of the Summer Quarter
 • October 15, 2025 (Wednesday) - Employee of the Fall Quarter

EMPLOYEE SERVICE AWARDS - 10:00 A.M.
• April 16, 2025 (Wednesday) - Employee Service Awards
• November 19, 2025 (Wednesday) - Employee Service Awards

## 2025 CITY COUNCIL MEETING SCHEDULE

*April 24, 2025 - 9:00 A.M. (Regular Meeting)*
*May 1, 2025 - 9:00 A.M. (Regular Meeting)*
*May 15, 2025 - 9:00 A.M. (Regular Meeting)*
*May 22, 2025 - 9:00 A.M. (Regular Meeting)*

# Exhibit 17

# City of Fresno

*2600 Fresno Street*
*Fresno, CA 93721*
*www.fresno.gov*



## Meeting Agenda - Final

**Thursday, May 1, 2025**

**9:00 AM**

**Regular Meeting**

**Council Chambers**

## <u>City Council</u>

*President - Mike Karbassi*
*Vice President - Miguel Angel Arias*
*Councilmembers:*
*Annalisa Perea, Tyler Maxwell, Brandon Vang,*
*Nick Richardson, Nelson Esparza*
*City Manager - Georgeanne A. White*
*City Attorney - Andrew Janz*
*City Clerk - Todd Stermer, MMC*

**THE FRESNO CITY COUNCIL WELCOMES YOU TO THE COUNCIL CHAMBER, LOCATED IN CITY HALL, 2ND FLOOR, 2600 FRESNO STREET, FRESNO, CALIFORNIA 93721.**

PUBLIC PARTICIPATION – Public participation during Fresno City Council meetings is always encouraged and can occur by attending a meeting in the Council Chambers on the 2nd floor of City Hall located at 2600 Fresno Street, Fresno, CA 93721.

To be called to speak during a meeting, please fill out a speaker card (located throughout the chamber) and place it in the speaker card collection basket at the front of the chamber. You may also approach the speaker podium upon the Council President's call for any additional public comment.

Unless otherwise announced, all public speakers will have up to 3 minutes to address Council pursuant to Rule No. 10 of  the Rules of Procedure for the City Council of the City of Fresno (available in the City  Clerk's Office).

SUBMIT WRITTEN PUBLIC COMMENTS - Pursuant to Rule 11 (c) of the Rules of Procedure, no documents shall be accepted for Council review unless submitted to the City Clerk at least 24 hours prior to the Council Agenda item being heard. Documents / written comments related to an agenda item can be submitted by one of the following methods:

1) eComment – eComment allows the public to submit agenda related comments through a website prior to the meeting. Submitted comments are limited to 1440 characters and will be a part of the official record.

a) Submit an e-Comment by visiting https://fresno.legistar.com/Calendar.aspx and selecting the "eComment" link.

b) e-Comment is available for use upon publication of the agenda and closes 24 hours prior to the meeting start time [pursuant to Rule 11(c)].

c) e-Comment is not permitted for Land use or CEQA items.

d) The e-Comment Electronic User Agreement can be viewed at: https://www.fresno.gov/cityclerk/#information

2) E-mail – Agenda related documents and comments can be e-mailed to the Office of the City Clerk at least 24 hours prior to the agenda item being heard, pursuant to Rule 11(c).

a) E-mail the Clerk's Office at clerk@fresno.gov

b) E-mails should include the agenda date, and the related agenda item number.

**City Council**                    **Meeting Agenda - Final**                    **May 1, 2025**

VIEWING CITY COUNCIL MEETINGS (non-participatory) - For your convenience, there are several ways to view Fresno City Council meetings live:

1) City of Fresno website: https://fresno.legistar.com/Calendar.aspx (click "In Progress" to view the live meeting).

2) Community Media Access Collaborative website: https://cmac.tv/gov/

3) YouTube - City of Fresno Council, Boards and Commissions Channel: https://www.youtube.com/@cityoffresnomeetings/streams

4) Facebook: https://www.facebook.com/FresnoCA/videos

5) Cable Television: Comcast Channel 96 and AT&T Channel 99

6) Zoom: https://fresno.zoomgov.com/webinar/register/WN_7xJBW8h2QuKtZpm1lt1kdQ

Should any of the viewing methods above experience technical difficulties, the Council meeting will continue uninterrupted. Meetings will only be paused to address verified technical issues that interrupt public participation during meetings.

The City of Fresno's goal is to comply with the Americans with Disabilities Act (ADA). If reasonable ADA accommodations are needed, including sign language interpretation, contact the Office of the City Clerk at (559) 621-7650 or clerk@fresno.gov. Also contact the Office of the City Clerk if spoken language translation is required. Accommodation and language requests should be made a minimum of three business days prior to the scheduled meeting.

GOVERNMENT CODE 84308 CONTRIBUTION PROHIBITIONS AND MANDATORY DISCLOSURES - The Political Reform Act of 1974 (Act) restricts campaign contributions over $500 to a decision-making public official from a party or participant, or their agent, in a proceeding involving a license, permit, contract, or entitlement for use. The Act requires disclosure of the contribution and creates a conflict where a decision-maker has received $500 or more from a party or participant to a proceeding in the prior 12 months. A decision-maker must disclose on the record during the proceeding that they have received contributions from a party, participant, or agent of a party or participant, greater than $500 within the preceding 12 months and the name(s) of the contributor(s). (See 2 CCR 18438.8(a).) Parties to a proceeding are required to disclose on the record if they made contributions over $500 to a decision-maker within the prior 12 months, and are prohibited from making contributions to a decision-maker during the proceeding and for 12 months after the date a final decision is rendered on the proceeding.

**City Council** | **Meeting Agenda - Final** | **May 1, 2025**

9:00 A.M. ROLL CALL

Invocation by Pastor Lu Vamlo Vang with Grace Evangelical Lutheran Church

Pledge of Allegiance to the Flag

## APPROVE AGENDA

## CEREMONIAL PRESENTATIONS

**Morning Ceremonials**

ID 25-353    Proclamation for "Michele Carmichael Day"

*Sponsors:*    Council President Karbassi

ID 25-520    Proclamation for "Bike Month"

*Sponsors:*    Council President Karbassi

ID 25-535    Proclamation for "National Tennis Month"

*Sponsors:*    Vice President Arias

ID 25-521    Proclamation for "National Police Week and Peace Officers Memorial Day"

*Sponsors:*    Councilmember Richardson and Office of Mayor & City Manager

**Afternoon Ceremonials**

ID 25-570    Proclamation for "Historic Preservation Month"

*Sponsors:*    Office of Mayor & City Manager

ID 25-627    Proclamation of "Small Business Week"

*Sponsors:*    Councilmember Esparza

ID 25-628    Proclamation of "Isabella Marie Gonzales Day"

*Sponsors:*    Councilmember Esparza

## COUNCILMEMBER REPORTS AND COMMENTS

## MAYOR/MANAGER REPORTS AND COMMENTS

# 1.  SCHEDULED COUNCIL HEARINGS AND MATTERS

## 9:15 A.M. #1

ID 25-620     HEARING to consider the vacation of a portion of the public street easement on the southwest side of South Golden State Boulevard, north of East Jensen Avenue (Council District 3):
1.  ***RESOLUTION - Approving the vacation of a portion of the public street easement on the southwest side of South Golden State Boulevard, north of East Jensen Avenue. (Subject to Mayor's Veto)

*__Sponsors:__*     Public Works Department

## 9:15 A.M. #2

ID 25-555     HEARING - to adopt resolutions and ordinance to annex territory and levy a special tax regarding City of Fresno Community Facilities District Number 11, Annexation Number 155 (Final Tract Map Number 6463) (Northeast corner of East McKinley Avenue and North Redhaven Drive) (Council District 7):
1.  ***RESOLUTION - to Annex Territory to Community Facilities District No. 11 and Authorizing the Levy of a Special Tax for Annexation No. 155; (Subject to Mayor's Veto)
2.  ***RESOLUTION - Calling Special Mailed-Ballot Election; (Subject to Mayor's Veto)
3.  ***RESOLUTION - Declaring Election Results; (Subject to Mayor's Veto)
4.  ***BILL - (For introduction and adoption) - Levying a Special Tax for the Property Tax Year 2025-2026 and Future Tax Years Within and Relating to Community Facilities District No. 11, Annexation No. 155. (Subject to Mayor's Veto)

*__Sponsors:__*     Public Works Department

## 9:20 A.M.

ID 25-546     HEARING - to adopt resolutions and ordinance to annex territory and levy a special tax regarding City of Fresno Community Facilities District Number 11, Annexation Number

City Council                 Meeting Agenda - Final                 May 1, 2025

154 (Final Tract Map Number 6384) (Southeast corner of East McKinley Avenue and North McKelvey Avenue) (Council District 7):

1.  ***RESOLUTION - to Annex Territory to Community Facilities District No. 11 and Authorizing the Levy of a Special Tax for Annexation No. 154; (Subject to Mayor's Veto)
2.  ***RESOLUTION - Calling Special Mailed-Ballot Election; (Subject to Mayor's Veto)
3.  ***RESOLUTION - Declaring Election Results; (Subject to Mayor's Veto)
4.  ***BILL - (For introduction and adoption) - Levying a Special Tax for the Property Tax Year 2025-2026 and Future Tax Years Within and Relating to Community Facilities District No. 11, Annexation No. 154. (Subject to Mayor's Veto)

*Sponsors:*          Public Works Department

## 9:25 A.M.

ID 25-566          HEARING - to adopt Resolutions and Ordinance to annex territory and levy a Special Tax regarding City of Fresno Community Facilities District Number 18, Annexation Number 003 (Final Parcel Map Number 2022-03) (Located on the south side of West Bullard Avenue, west of North Maroa Avenue) (Council District 4):

1.  ***RESOLUTION - to Annex Territory to Community Facilities District No. 18 and Authorizing the Levy of a Special Tax for Annexation No. 003; (Subject to Mayor's Veto)
2.  ***RESOLUTION - Calling Special Mailed-Ballot Election; (Subject to Mayor's Veto)
3.  ***RESOLUTION - Declaring Election Results; (Subject to Mayor's Veto)
4.  ***BILL - (For introduction and adoption) - Levying a Special Tax for the Property Tax Year 2025-2026 and Future Tax Years Within and Relating to Community Facilities District No. 18, Annexation No. 003 (Subject to Mayor's Veto).

*Sponsors:*          Public Works Department

City Council                    **Meeting Agenda - Final**                    **May 1, 2025**

## 9:30 A.M.

| | |
|---|---|
| ID 25-568 | HEARING - to adopt resolutions and ordinance to annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 68 (Final Parcel Map Number 2019-12) (West side of North Harrison Avenue and West Alluvial Avenue) (Council District 2) |

1.  ***RESOLUTION - to Annex Territory to Community Facilities District No. 9 and Authorizing the Levy of a Special Tax for Annexation No. 68 (Subject to Mayor's Veto)
2.  ***RESOLUTION - Calling Special Mailed-Ballot Election (Subject to Mayor's Veto)
3.  ***RESOLUTION - Declaring Election Results (Subject to Mayor's Veto)
4.  ***BILL - (For introduction and adoption) - Levying a Special Tax for the Property Tax Year 2025-2026 and Future Tax Years Within and Relating to Community Facilities District No. 9, Annexation No. 68 (Subject to Mayor's Veto)

*Sponsors:*    Public Works Department

## 9:35 A.M. (CONTINUED TO MAY 22, 2025, AT 9:35 A.M.)

ID 25-575    Tax Equity and Financial Responsibility Act (TEFRA) public hearing.
TEFRA HEARING - To hear and consider information concerning the proposed issuance of tax-exempt bonds by California Municipal Finance Authority for the purpose of refinancing of the Franciscan/Towne & Country mobile home park.
1.  ***RESOLUTION - Approving the issuance of Tax-Exempt Revenue Bonds pursuant to a plan of finance in an aggregate principal amount not to exceed $71,000,000 by the California Municipal Finance Authority for the purpose of financing and refinancing the acquisition and improvement of apartment complexes and mobile home parks by one or more California limited liability companies and certain other matters relating thereto. (Subject to Mayor's Veto)

*Sponsors:*    Finance Department

**City Council**                    **Meeting Agenda - Final**                    **May 1, 2025**

## 9:40 A.M.

ID 25-576    Tax Equity and Financial Responsibility Act (TEFRA) public hearing.
TEFRA HEARING - To hear and consider information concerning the proposed issuance of tax-exempt bonds by California Municipal Finance Authority for the purpose of financing and refinancing the acquisition, construction, development and equipping of a 114-unit qualified residential rental project.
1.  ***RESOLUTION - Approving a plan of finance of the California Municipal Finance Authority to issue and reissue revenue bonds for a qualified residential rental project for the benefit of Dakota Fresno LP, and certain other matters relating thereto. (Subject to Mayor's Veto)

_**Sponsors:**_    Finance Department

## 9:45 A.M.

ID 25-577    Tax Equity and Financial Responsibility Act (TEFRA) public hearing.
TEFRA HEARING - To hear and consider information concerning the proposed issuance of tax-exempt bonds by California Municipal Finance Authority for the purpose of financing and refinancing The Terraces at San Joaquin Gardens.
1.  ***RESOLUTION - Approving the issuance of the California Municipal Finance Authority revenue and refunding bonds, Series 2025 (HumanGood - California Obligated Group) in an aggregate principal amount not to exceed $205,000,000 for the purpose of financing and equipping of the Terraces at San Joaquin Gardens and certain other matters relating thereto. (Subject to Mayor's Veto)

_**Sponsors:**_    Finance Department

**City Council**                    **Meeting Agenda - Final**                    **May 1, 2025**

## 9:50 A.M.

ID 25-578        Tax Equity and Financial Responsibility Act (TEFRA) public
                 hearing.
                 TEFRA HEARING - To hear and consider information
                 concerning the proposed issuance of tax-exempt bonds by
                 California Municipal Finance Authority for the purpose of
                 financing and refinancing of an affordable rental housing
                 facility that includes 60 apartment units.
                 1.  ***RESOLUTION - Approving the issuance of Tax-Exempt
                 revenue bonds pursuant to a plan of finance in an aggregate
                 principal amount not to exceed $20,000,000 by the California
                 Municipal Finance Authority for the purpose of financing and
                 refinancing a project of Pleasant View 2024 Limited
                 Partnership, and certain other matters relating thereto.
                 (Subject to Mayor's Veto)

_Sponsors:_        Finance Department

## 10:05 A.M. (CONTINUED TO MAY 22, 2025, AT 10:05 A.M.)

ID 25-465        Actions pertaining to the 2025-2029 Consolidated Plan
                 Including Citizen Participation Plan, 2025-2026 Annual Action
                 Plan, and Analysis of Impediments to Fair Housing Choice
                 1.  HEARING to obtain public comments regarding the Draft
                 2025-2029 Consolidated Plan Including Citizen Participation
                 Plan, Draft 2025-2026 Annual Action Plan, and Draft Analysis
                 of Impediments to Fair Housing Choice; and
                 2.  ***RESOLUTION - Adopting the 2025-2029 Consolidated
                 Plan including Citizen Participation Plan, 2025-2026 Annual
                 Action Plan, and Analysis of Impediments to Fair Housing
                 Choice; authorizing submission to the U.S. Department of
                 Housing and Urban Development (HUD) for application of the
                 Community Development Block Grant (CDBG), HOME
                 Investment Partnerships (HOME), Emergency Solutions
                 Grant (ESG), and Housing Opportunities for Persons with
                 AIDS (HOPWA) Programs; and authorizing the City Manager
                 to sign all implementing documents required by HUD (Subject
                 to Mayor's Veto)

_Sponsors:_        Planning and Development Department

---

*City of Fresno*                    ***Subject to Mayoral Veto**                    *Page 9*

City Council                    **Meeting Agenda - Final**                    **May 1, 2025**

## 10:10 A.M.

| ID 25-476 | Appearance by Ashley Mireles-Guerrero regarding "Concerns about SEDA Approval Amid Significant Infrastructure Repair Needs" (District 3 Resident) |

_**Sponsors:**_    Office of the City Clerk

## 10:13 A.M.

| ID 25-536 | Appearance by Matthew Gillian regarding "Concerns about SEDA" (District 2 Resident) |

_**Sponsors:**_    Office of the City Clerk

## 5:30 P.M.

ID 25-597    Consideration of Text Amendment Application No. P24-00794 and related Environmental Finding for Environmental Assessment No. P24-00794, amending Sections 15-1302, 15-4907, 15-5102, 15-6702, 15-6802 of the Fresno Municipal Code, repealing Section 15-1106 of the Fresno Municipal Code, and establishing Section 15-2742.5 of the Fresno Municipal Code, to permit ministerial approval of housing projects.

1.  ADOPTION of Mitigated Negative Declaration Sch No. 2024110662 for Text Amendment Application No. P24-00794.

2.  BILL (for introduction), amending Sections 15-1302, 15-4907, 15-5102, 15-6702, 15-6802 of the Fresno Municipal Code, repealing Section 15-1106 of the Fresno Municipal Code, and establishing Section 15-2742.5 of the Fresno Municipal Code, to permit ministerial approval of housing projects in the following instances as noted below:

a.  Ministerial approval of office to dwelling conversions in the Office zone district; and

b.  Ministerial approval of multi-unit residential development in the RM-1, RM-2, and RM-3 zone districts on parcels within one-half mile of an existing bus stop; and

c.  Ministerial approval of multi-unit residential uses in the NMX, CMX, RMX, CMS and CR zone districts on parcels within the City's Infill Priority Area; and

City Council                    **Meeting Agenda - Final**                    **May 1, 2025**

d.  Ministerial approval of new multi-unit residential development in the Office zone district.

_**Sponsors:**_    Planning and Development Department

## 2.  CONSENT CALENDAR

**2.-A.**  ID 25-585    Approval of Amended Minutes for the March 13, 2025, Regular City Council Meeting.

_**Sponsors:**_    Office of the City Clerk

**2.-B.**  ID 25-573    ***RESOLUTION - Adopting the 588th Amendment to the Master Fee Schedule Resolution No. 80-420 to add a civil penalty for failure to complete repairs on exterior elevated elements in the City Attorney's Office Division of Code Enforcement (Subject to Mayor's veto).

_**Sponsors:**_    City Attorney's Office

**2.-C.**  ID 25-580    Approve the appointment of Michelle Vang to the Housing Authority of the City of Fresno to a term ending April 30, 2029.

_**Sponsors:**_    Office of Mayor & City Manager

**2.-D.**  ID 25-538    Actions pertaining to the Water Main Replacements in the area bound by Clinton, Teilman, University and West Avenues Project (Project): (Bid File 12500340) (Council District 3)
1.  Adopt a finding of Categorical Exemption per staff's determination pursuant to Section 15301/Class 1 (Existing Facilities) and 15302/Class 2 (Replacement or Reconstruction) of the California Environmental Quality Act (CEQA) Guidelines for the Project;
2.  ***RESOLUTION - Adopting the 53rd Amendment to the Annual Appropriation Resolution No. 2024-122 appropriating $698,000 for the Project; (Requires 5 Affirmative Votes) (Subject to Mayor's Veto)
3.  Award a construction contract in the amount of $6,297,927.00 to West Valley Construction Company, Inc., of Fresno, California, as the lowest responsive and responsible bidder for the Water Main Replacements Project.

---

*City of Fresno*                    ****Subject to Mayoral Veto**                    *Page 11*

| City Council | Meeting Agenda - Final | May 1, 2025 |
|---|---|---|

|  | ***Sponsors:*** | Capital Projects Department and Department of Public Utilities |
|---|---|---|
| **2.-E.** | ID 25-537 | Approve Contract Change Order No. 4 in the amount of $1,438,210.00, with one hundred and sixty-six additional working days for additional improvements per the Phase Two and Bulletin Two Requests for Proposal with Avison Construction Company, Inc. of Madera, CA for the Transformative Climate Communities Park at MLK Magnet Core Project, now known as Les Kimber Park - Project ID PW00857. (Bid File 12302905) (Council District 3) |
|  | ***Sponsors:*** | Capital Projects Department and Public Works Department |
| **2.-F.** | ID 25-543 | Approve a Fourth Amendment to the Consultant Services Agreement with BKF Engineers, a California Corporation in the amount of $150,138 for a total increased contract amount not to exceed of $1,293,263, with a $3,700 remaining contingency, for additional professional engineering services required for the design of plans and general construction documents for the Herndon Avenue Widening between Polk Avenue and Milburn Avenue Project (Council District 2). |
|  | ***Sponsors:*** | Capital Projects Department and Public Works Department |
| **2.-G.** | ID 25-586 | RESOLUTION - A Resolution of the Council of the City of Fresno, California, granting authority to the City Manager or designee to execute Uniform Relocation Act nonresidential move and reestablishment packages for owner-operated businesses being relocated as a result of the Blackstone McKinley Grade Separation Project. (Council Districts 1 and 7) |
|  | ***Sponsors:*** | Capital Projects Department and Public Works Department |
| **2.-H.** | ID 25-611 | ***RESOLUTION - Adopting the 60th Amendment to the Annual Appropriation Resolution No. 2024-122 appropriating $14,389,200 for right-of-way acquisition for the Blackstone and McKinley Grade Separation Project. (Requires 5 Affirmative Votes) (Subject to Mayor's Veto) |
|  | ***Sponsors:*** | Capital Projects Department and Public Works Department |

| City Council | Meeting Agenda - Final | May 1, 2025 |
|---|---|---|

**2.-I.**    <u>ID 25-614</u>    Approve the award of an agreement with Cen Cal Business Finance Group, LLC, for a period of 10 years to administer the City of Fresno Revolving Loan Fund (RLF) Program (RFP No. 12500029)

_**Sponsors:**_    Economic Development Department

**2.-J.**    <u>ID 25-459</u>    Approve the purchase of critical network security equipment for the City in the amount of $370,107.29 priced from a cooperative agreement, Merced County FOCUS 2021092 Agreement (FOCUS).

_**Sponsors:**_    Information Services Department

**2.-K.**    <u>ID 25-574</u>    Actions pertaining to upgrade of the City of Fresno's Radio Frequency Communications Systems that provide interoperable radio communications for the City (including Public Safety, FAX, etc.):
1.  Approve the award of a cooperative purchase agreement to Tait North America, Inc., a Texas corporation (Tait Communications) to upgrade the Radio Frequency (RF) Communications Systems in the total amount of $3,893,733.48 and a contingency amount not to exceed $40,843.46.
2.  Approve the award of a cooperative purchase agreement to Zetron, Inc. to upgrade the Radio Console Network providing interoperable radio communications in the total amount of $91,423.06 and a contingency amount not to exceed $10,000.

_**Sponsors:**_    Information Services Department

**2.-L.**    <u>ID 25-512</u>    Actions pertaining to the development of the Dakota Apartments, a 113-unit affordable rental housing project, to be located at 3787 N. Blackstone Avenue (southwest corner of N. Blackstone Avenue and E. Dakota Avenue) in central Fresno (City Council District 7):
1.  Adopt a finding of Categorical Exemption pursuant to Section 15332/Class 32 of the California Environmental Quality Act (CEQA) Guidelines. None of the exceptions to Categorical Exemptions set forth in the CEQA Guidelines, Section 15300.2 apply to the project; and

City Council                    **Meeting Agenda - Final**                    May 1, 2025

2.  Approve a $3,000,000 HOME Investment Partnerships (HOME) Program Agreement with Dakota Fresno, LP for the development of the Dakota Apartments of which 11 will be floating two- and three-bedroom HOME-assisted units.

*Sponsors:*        Planning and Development Department

**2.-M.**  ID 25-500        Approve an increase to the Cooperative Purchase Agreement requirements contract with Toter, LLC., to purchase refuse, recycling, and green waste/organics containers as well as kitchen countertop organic pails in the amount of $300,000 per year for next two (2) years with a total revised contract not to exceed $1,251,500 per year for the remainder of the contract term through May 28, 2026 (File# 12301619/Sourcewell contract 041521-TOT). (Citywide)

*Sponsors:*        Department of Public Utilities

**2.-N.**  ID 25-581        Approve the Second Amendment to the Consultant Services Agreement with Pavletic Consulting LLC., (formerly Municipal Financial Services, a sole proprietorship) to extend the term through December 31, 2027, and increase the compensation by $75,000, for a total contract amount not to exceed $219,000, and authorize the Director of Public Utilities, or designee, to execute the Second Amendment to the Consultant Services Agreement. (Citywide)

*Sponsors:*        Department of Public Utilities

**2.-O.**  ID 25-612        Actions pertaining to the emergency repair of the sewer trunk main located at North First Street and East Olive Avenue (Council District 7):
1.  Adopt a finding of Categorical Exemption pursuant to Class 1, Section 15301(b) (Existing Facilities) and Section 15301(d) (Restoration or Rehabilitation) of the California Environmental Quality Act Guidelines;
2.  ***RESOLUTION - Declaring an urgent necessity for the preservation of life, health, property and authorizing the City Manager or designee, to enter into agreements without advertised competitive bidding for the emergency repair of the sewer trunk main located at North First Street and East Olive Avenue. (Requires 5 Affirmative Votes) (Subject to Mayor's Veto)

City Council | Meeting Agenda - Final | May 1, 2025

|  | _Sponsors:_ | Department of Public Utilities |

**2.-P.**  ID 25-441   RESOLUTION - Approving the Final Map of Tract No. 6392, and accepting dedicated public uses offered therein except for dedications offered subject to City acceptance of developer installed required improvements - located on the south side of East Florence Avenue just west of South Walnut Avenue. (Council District 3)

|  | _Sponsors:_ | Public Works Department |

**2.-Q.**  ID 25-491   Actions Pertaining to the Peach Avenue Projects Between Florence Avenue and Jensen Avenue (Council District 5):
1.  Approve Amendment No.1 to the Measure C Cooperative Project Agreement with the Fresno County Transportation Authority for street improvements along Peach Avenue from Florence Avenue to Church Avenue in the amount of $51,000 (Urban project I-2C);
2.  Approve Amendment No.1 to the Measure C Cooperative Project Agreement with the Fresno County Transportation Authority for the widening of Peach Avenue from Church Avenue to Jensen Avenue in the amount of $604,000 (Urban project I-2D).

|  | _Sponsors:_ | Public Works Department |

**2.-R.**  ID 25-582   RESOLUTION - Of Intention to Annex the Territory Known as Assessor's Parcel Number 404-090-48, 404-090-53, and 404-090-54 as Annexation No. 69 to the City of Fresno Community Facilities District No. 9 and to Authorize the Levy of Special Taxes; and setting the Public Hearing for Thursday, May 22, 2025, at 9:20 am (Southwest corner of North Willow Avenue and East Alluvial Avenue). (Council District 6)

|  | _Sponsors:_ | Public Works Department |

**2.-S.**  ID 25-548   Actions pertaining to the summary vacation of a portion of a public street easement on North Fresno Street, south of East McKenzie Street: (Council District 3)
1.  Adopt a finding of Categorical Exemption per staff determination, pursuant to Section 15332/Class 32 of the California Environmental Quality Act (CEQA) Guidelines,

**City Council**                    **Meeting Agenda - Final**                    **May 1, 2025**

Environmental Assessment Number P24-02896;

2. RESOLUTION - Approving the summary vacation of a portion of a public street easement on North Fresno Street, south of East McKenzie Street.

|  |  |
|---|---|
| *Sponsors:* | Public Works Department |

**2.-T.** ID 25-552   RESOLUTION - To approve membership in the First Public Hydrogen Authority and authorizing the City Manager or their designee to execute a counterpart to the Joint Powers Authority Agreement

|  |  |
|---|---|
| *Sponsors:* | Department of Transportation |

**2.-U.** ID 25-554   ***RESOLUTION - Authorizing submission of acceptance of, and execution of all documents and instruments related to California State Senate Bills 862, 9, 102, 125, 862, for Transit and Intercity Rail Capital Program, The Zero Emission Transit Capital Program funding allocations in the amount of $80,982,330 for Hydrogen Fuel Cell Electric Bus Purchases, Clean Fueling Infrastructure, and Accessible Bus Stop Improvements as approved by the California State Transportation Agency and administered by Fresno Council of Governments. (Subject to Mayor's Veto).

|  |  |
|---|---|
| *Sponsors:* | Department of Transportation |

**2.-V.** ID 25-572   Award a Service Contract to Elite Pressure Washing Services, LLC., for a two-year contract, with options for three one-year extensions for the bus fleet interior detailing services at the FAX maintenance facility, in the amount of $267,720 for the initial two-year base term. Service costs for the option years will adjust in accordance with the relevant Producer Price Index (PPI), with a total for all five years not to exceed $760,128. (Bid File 12501125).

|  |  |
|---|---|
| *Sponsors:* | Department of Transportation |

**2.-W.** ID 25-621   ***RESOLUTION - In support of the Removing Nitrate and Arsenic in Drinking Water Act (H.R. 2656) (Subject to Mayor's Veto)

|  |  |
|---|---|
| *Sponsors:* | Councilmember Perea |

# CONTESTED CONSENT CALENDAR

## 3.  GENERAL ADMINISTRATION

**3.-A.**   ID 25-494            WORKSHOP - Southeast Development Area (SEDA) Specific
                                Plan

        *Sponsors:*             Planning and Development Department

## UNSCHEDULED COMMUNICATION

**PLEASE NOTE: UNSCHEDULED COMMUNICATION IS NOT SCHEDULED FOR A
SPECIFIC TIME AND MAY BE HEARD ANY TIME DURING THE MEETING**

## 4.  CITY COUNCIL

## 5.  CLOSED SESSION

**5.-A.**   ID 25-610            CONFERENCE WITH LABOR NEGOTIATORS -
                                Government Code Section 54957.6
                                City Negotiators: Jennifer Misner; Sumeet Malhi
                                Employee Organization(s): 1. International Union of
                                Operating Engineers, Stationary Engineers, Local 39 (Local
                                39); 2. Fresno City Employees Association (FCEA); 3. Fresno
                                Police Officers Association (FPOA Basic), Unit 4; 4.
                                International Association of Firefighters, Local 202, Unit 5
                                (Fire Basic); 5. Amalgamated Transit Union, Local 1027
                                (ATU); 6. International Brotherhood of Electrical Workers,
                                Local 100 (IBEW); 7. Fresno Police Officers Association
                                (FPOA Management); 8. International Association of
                                Firefighters, Local 202, Unit 10 (Fire Management); 9. City of
                                Fresno Professional Employees Association (CFPEA); 10.
                                City of Fresno Management Employees Association
                                (CFMEA). 11. Employee Organization(s): Unrepresented
                                Employees in Unit 2 (Non-Represented Management and
                                Confidential Classes): Airport Public Safety Manager,
                                Assistant City Attorney, Assistant City Manager, Assistant
                                Controller, Assistant Director, Assistant Director of Personnel
                                Services, Assistant Director of Public Utilities, Assistant
                                Director of Public Works, Assistant Police Chief, Assistant
                                Retirement Administrator, Background Investigator, Budget
                                Analyst, Budget Manager, Chief Assistant City Attorney, Chief

Information Officer, Chief Labor Negotiator, Chief of Staff to Councilmember, Chief of Staff to the Mayor, City Attorney (City Negotiator, Council President Karbassi), City Attorney Investigator, City Clerk (City Negotiator, Council President Karbassi), City Engineer, City Manager (City Negotiator, Mayor Dyer), Community Coordinator, Community Outreach Specialist, Controller, Council Assistant, Deputy City Attorney II , Deputy City Attorney III, Deputy City Manager, Director, Director of Aviation, Director of Development, Director of Personnel Services, Director of Public Utilities, Director of Transportation, Economic Development Coordinator, Economic Development Director, Executive Assistant to Department Director, Executive Assistant to the City Attorney, Executive Assistant to the City Council, Executive Assistant to the City Manager, Executive Assistant to the Mayor, Fire Chief, Governmental Affairs Manager, Human Resources Manager, Independent Reviewer, Internal Auditor, Investment Officer, Management Analyst II, Payroll Accountant, Payroll Manager, Police Chief, Principal Budget Analyst, Principal Internal Auditor, Principal Labor Relations Analyst, Project Liaison/Program Administrator, Public Affairs Officer, Public Works Director, Retirement Administrator, Retirement Benefits Manager, Retirement Office Manager, Senior Budget Analyst, Senior City Attorney Investigator, Senior Deputy City Attorney I, Senior Deputy City Attorney II, Senior Deputy City Attorney III, Senior Human Resources/Risk Analyst, Senior Law Clerk, Supervising Deputy City Attorney, Veterinarian

|  | |
|---|---|
| *Sponsors:* | Office of Mayor & City Manager |

**5.-B.**  ID 25-623      CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION Government Code Section 54956.9, subdivision (d)(1) Park 7, LLC., and LandValue Management LLC., v. City of Fresno; Fresno Superior Court Case No. 24CECG04298

|  | |
|---|---|
| *Sponsors:* | City Attorney's Office |

## ADJOURNMENT

City Council                    **Meeting Agenda - Final**                    May 1, 2025

**UPCOMING SCHEDULED COUNCIL HEARINGS AND MATTERS**

*May 22, 2025, 9:10 A.M. - HEARING to adopt resolutions and ordinance to annex territory and levy a special tax regarding City of Fresno Community Facilities District Number 11, Annexation Number 153 (Final Tract Map Number 6414) (Located on the northwest corner of West Dakota Avenue and North Hayes Avenue) (Council District 1)*

*May 22, 2025, 9:15 A.M. - HEARING to Consider Plan Amendment Application No. P23-01117; Rezone Application No. P23-01117; Vesting Tentative Tract Map No. 6441; Planned Development Permit Application No. P23-03735; and related Environmental Assessment No. T-6441/P23-01117/P23-03735 for approximately 3.90 acres of property located on the south side of East Belmont Avenue, between North Armstrong and North Temperance Avenues. (Council District 5)*

*May 22, 2025, 9:20 A.M. - HEARING to adopt Resolutions and Ordinance to Annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 69 (Territory known as Assessor's Parcel Number 404-090-48, 404-090-53, and 404-090-54) (Southwest corner of North Willow Avenue and East Alluvial Avenue) (Council District 6)*

*May 22, 2025, 9:35 A.M. - RESOLUTION of the city council of the city of Fresno, California approving the issuance of tax exempt revenue bonds pursuant to a plan of finance in an aggregate principal amount not to exceed $57,000,000 by the California municipal Finance Authority for the purpose of financing and refinancing the acquisition and improvement of apartment complexes and mobile home parks by one or more California Limited Liability companies, and certain other matters relating thereto*

*May 22, 2025, 10:05 A.M. - Actions pertaining to the 2025-2029 Consolidated Plan Including Citizen Participation Plan, 2025-2026 Annual Action Plan, and Analysis of Impediments to Fair Housing Choice*

*May 22, 2025, 5:35 P.M. - Consideration of Plan Amendment Application No. P23-03006, Rezone Application No. P23-03006 and related Environmental Assessment pertaining to approximately 55.31 acres of property bounded by East Annadale Avenue to the north, State Route 41 to the east, South Elm Avenue to*

*the west, and East Chester/East Samson Avenue (alignment) to the south (Council District 3) - Planning and Development Department.*

*June 26, 2025, 9:25 A.M. - HEARING to adopt resolutions and ordinance to annex territory and levy a special tax regarding City of Fresno Community Facilities District Number 11, Annexation Number 157 (Final Tract Map Number 6449) (Located on the northeast corner of West Dayton Avenue*

**UPCOMING EMPLOYEE CEREMONIES**

EMPLOYEE OF THE QUARTER - 10:00 A.M.
• July 16, 2025 (Wednesday) - Employee of the Summer Quarter
• October 15, 2025 (Wednesday) - Employee of the Fall Quarter

EMPLOYEE SERVICE AWARDS - 10:00 A.M.
• November 19, 2025 (Wednesday) - Employee Service Awards

**2025 CITY COUNCIL MEETING SCHEDULE**

*May 15, 2025 - 9:00 A.M. (Regular Meeting)*
*May 22, 2025 - 9:00 A.M. (Regular Meeting)*
*June 2, 2025 - 9:00 A.M. (Budget Hearings)*
*June 3, 2025 - 9:00 A.M. (Budget Hearings)*
*June 4, 2025 - 9:00 A.M. (Budget Hearings)*
*June 5, 2025 - 9:00 A.M. (Budget Hearings)*
*June 6, 2025 - 9:00 A.M. (Budget Hearings)*
*June 12, 2025 - 9:00 A.M. (Regular Meeting, Vote on Budget Motions)*
*June 17, 2025 - 9:00 A.M. (Vote on Final Budget)*
*June 19, 2025 - 9:00 A.M. (Regular Meeting)*
*June 26, 2025 - 9:00 A.M. (Regular Meeting, Reserved Final Vote on Budget)*

# Exhibit 18



# City of Fresno

2600 Fresno Street
Fresno, CA 93721
www.fresno.gov

## Meeting Minutes
## City Council

***President - Mike Karbassi***
***Vice President - Miguel Angel Arias***
***Councilmembers:***
***Annalisa Perea, Tyler Maxwell, District 5 - Vacant,***
***Nick Richardson, Nelson Esparza***
***City Manager - Georgeanne A. White***
***City Attorney - Andrew Janz***
***City Clerk - Todd Stermer, MMC***

| | | |
|---|---|---|
| **Thursday, March 13, 2025** | **9:00 AM** | **Council Chambers** |

### Regular Meeting

**The City Council met in regular session in the Council Chamber, City Hall, on the date and time above written.**

9:12 A.M. ROLL CALL

*Council District 5 is vacant pending a March 18, 2025, special election.*

**Present:** 6 -  Council President Mike Karbassi
Vice  President Miguel Angel Arias
Councilmember Annalisa Perea
Councilmember Tyler Maxwell
Councilmember Nick Richardson
Councilmember Nelson Esparza

Invocation by Rhonda Dueck, a member of the Community United Church of Christ

*Rhonda Dueck gave the invocation.*

Pledge of Allegiance to the Flag

*Councilmember Maxwell led the Pledge of Allegiance.*

## APPROVE AGENDA

*THE FOLLOWING ITEMS WERE REMOVED FROM THE AGENDA:*

*2-C (ID 25-318) regarding naming the park at 2155 South Peach Avenue to "Peach Park" - tabled with no return date by Councilmember Esparza.*

City Council            **Meeting Minutes**           March 13, 2025

*THE FOLLOWING CONSENT CALENDAR ITEMS WERE MOVED TO THE CONTESTED CONSENT CALENDAR FOR FURTHER DISCUSSION:*

*2-P (ID 25-126) regarding a sole source agreement to implement a  video wall display at City Hall per Fiscal Year 2025 budget  motion #51- moved to contested consent by Councilmember Richardson*

*2-V (ID 25-310) regarding setting aside certification of the Program Environmental Impact Report (PEIR) and amendments to the General Plan Mobility and Transportation Element - moved to contested consent by Vice President Arias.*

*2-W (ID 25-72) regarding La Hacienda Mobile Home Park - moved to contested consent by Vice President Arias.*

**On motion of Vice  President Arias, seconded by Councilmember Perea to reconsider approval of the agenda, the Agenda was APPROVED AS AMENDED.  The motion carried by the following vote:**

        **Aye:**    5 -  Karbassi, Arias, Perea, Maxwell and Richardson

     **Absent:**   1 -  Esparza

## CEREMONIAL PRESENTATIONS

ID 25-260     Proclamation for "Central Valley Firefighters Credit Union"

*PRESENTED*

ID 25-319     Proclamation for "Edison High Boys' Soccer Team Day"

*PRESENTED*

ID 25-275     Proclamation of the "Justin Garza Cheer Team CIF California State Championship Day"

*PRESENTED*

ID 25-276     Proclamation of the "Central East Cheer Team Championship Day"

*PRESENTED*

ID 25-340     Proclamation for "National 3-1-1 Day"

City Council | **Meeting Minutes** | March 13, 2025

*PRESENTED*

## COUNCILMEMBER REPORTS AND COMMENTS

*Councilmember Richardson Reports and Comments: Reported on a productive Beautify Fresno event near McCardle Elementary School which removed approximately a half-ton of garbage.  Discussed the successful District 6 neighborhood meetings and town halls and plans to continue community engagement in that fashion.*

*Councilmember Esparza Reports and Comments: Announced his participation in Read Across America events over the past three weeks to emphasize the importance of literacy. Discussed the Reyes Scholarship Fund Legacy Gala which supports students of Roosevelt High School. Reported on his speaking engagement with the Economics Club at California State University, Fresno.*

## MAYOR/MANAGER REPORTS AND COMMENTS

*City Manager White Reports and Comments: Discussed the recent groundbreaking of Golden Charter Academy.*

*Mayor Dyer Reports and Comments: Expressed his excitement for the new Golden Charter Academy and discussed the excellent work performed by the program.  Discussed anticipation of an expedited building process.*

## 1.  SCHEDULED COUNCIL HEARINGS AND MATTERS

## Joint Meeting of the City Council, The City in Its Capacity as Housing Successor to the Redevelopment Agency of the City of Fresno and The Fresno Revitalization Corporation

## 9:10 A.M. JOINT MEETING (CONTINUED TO APRIL 10, 2025 AT 9:10 AM)

ID 25-257    Actions pertaining to the Ventura Family Apartments affordable housing development project, located South of E. Cesar Chavez Blvd between S. Seventh Street and S. Eighth streets (District 5):
1. Adopt a finding of Categorical Exemption pursuant to Section 15332/ Class 32 of the California Environmental Quality Act (CEQA) Guidelines; and
2. ***RESOLUTION - Repealing Resolution Number 2024-125 and

---

City Council            **Meeting Minutes**            March 13, 2025

replacing it with language in support of a contribution of City and Housing Successor Agency land and a contribution of City funds in an amount not to exceed $5,000,000 toward the Ventura Family Apartments project located South of E. Cesar Chavez Blvd between S. Seventh and S. Eighth streets (Subject to Mayor's Veto); and

3. Approve an Affordable Housing Agreement with Corporation for Better Housing to develop the Ventura Family Apartments affordable rental housing development project located South of E. Cesar Chavez Blvd between S. Seventh and S. Eighth streets.

*CONTINUED AS NOTED*

## 9:15 A.M. #1

ID 25-271     HEARING to adopt resolutions and ordinance to annex territory and Levy a Special Tax regarding City of Fresno Community Facilities District Number 9, Annexation Number 65 (Territory known as Assessor's Parcel Number 310-250-13) (East side of North Armstrong Avenue and East Harvard Avenue) (Council District 7):

1. ***RESOLUTION - to Annex Territory to Community Facilities District No. 9 and Authorizing the Levy of a Special Tax for Annexation No. 65 (Subject to Mayor's Veto);
2. ***RESOLUTION - Calling Special Mailed-Ballot Election (Subject to Mayor's Veto);
3. ***RESOLUTION - Declaring Election Results (Subject to Mayor's Veto);
4. ***BILL - (For introduction and adoption) - Levying a Special Tax for the Property Tax Year 2024-2025 and Future Tax Years Within and Relating to Community Facilities District No. 9, Annexation No. 65 (Subject to Mayor's Veto).

*The above item was called to order at 10:43 A.M. and was presented to Council by Supervising Engineering Technician Gonzales. Upon call, no members of the public addressed Council. Public comment closed at 10:44 A.M.*

*There was no council discussion.*

*RESOLUTION 2025-58 ADOPTED*
*RESOLUTION 2025-59 ADOPTED*
*RESOLUTION 2025-60 ADOPTED*
*BILL B-6 INTRODUCED / ADOPTED AS ORDINANCE 2025-6*

**On motion of Councilmember Perea, seconded by Council President**

City Council                 **Meeting Minutes**                      March 13, 2025

**Karbassi, that the above Action Item be ADOPTED. The motion carried by the following vote:**

    **Aye:**  5 -  Karbassi, Arias, Perea, Maxwell and Richardson

    **Absent:**  1 -  Esparza

## 9:15 A.M. #2

ID 25-311        HEARING for Consideration of Text Amendment Application No. P23-03410 and related Environmental Finding for Environmental Assessment No. P23-03410, amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.
    1. ADOPTION of a finding set forth in Environmental Assessment No. P23-03410 dated January 15, 2025, that Text Amendment Application No. P23-03410 is exempt from the California Environmental Quality Act (CEQA) pursuant to Section 15061(b)(3) of the CEQA Guidelines.
    2. BILL (for introduction) amending Sections 15-2761 and 15-6802 of the Citywide Development Code, relating to relating to Tobacco and Vapor Sales, Smoke Shops, and Definitions.

*The above item was called to order at 10:45 A.M. and was presented to Council by Planning Manager Siegrist. Upon call, the following members of the public addressed Council: Armen Bareyon, Aaron Galindo, Fabian S., Todd Wyncoop, Josiah Zuniga, Buolia Xiong, Able Arevalo, Mary Haskin, Jasmine Buenrostro, Richard Navarro, Eric Payne, Sam Asumarn, Jasbir Sarai, and Hussain Halfarah. Public comment closed at 11:32 A.M.*

*Council discussion included: regulation of smoke shops; the role of the City Attorney's Office; balancing regulation with fairness to businesses; impacts to neighborhoods; enforcement measures; economic and business considerations; concerns about government overreach; issues with enforcement and compliance; actions by the Planning Commission; public nuisances and property owner responsibilities; revocation history for Conditional Use Permits; the potential grandfathering of existing businesses; buffer zones and distance requirements, and; legal constraints upon revenue from seized assets.*

*Vice President Arias motioned to approve the item with three changes to the Text Amendment.  He stated the amendments were consistent with "Finding*

---

City Council                 **Meeting Minutes**                 **March 13, 2025**

---

*2" to promote and protect the public health and safety.  The amendments were:*

*(i) Add a $500 fine for each individual prohibited item found during an inspection to the table found under Fresno Municipal Code (FMC) Section 15-2761 (H);*

*(ii) Add a provision that Smoke Shops which were found to have been involved in illegal activities through the Cannabis Administrative Prosecutor Program (CAPP) are prohibited from opening a Smoke Shop under the text amendment to Fresno Municipal Code FMC Section 15-2761 (D); and*

*(iii) Add a provision vesting Code Enforcement Officers and the Fresno Police Department with the authority to seize and destroy illegal flavored tobacco should any be found upon inspection of a violating tobacco retailer to Fresno Municipal Code FMC Section 15-2761 (G)(12)(d).*

*The following two friendly amendments were accepted as part of the motion to approve as amended:*

*(iv) Allow sale of CBD (cannabidiol) in smoke shops - requested by Councilmember Maxwell.*

*(v) Include a formal educational program before enforcement - requested by Councilmember Richardson.*

*BILL B-11 INTRODUCED AND LAID OVER*

*AMENDMENTS NOT APPROVED*

**On motion of Vice  President Arias, seconded by Councilmember Esparza, that the above Action Item be ADOPTED AS AMENDED. The motion FAILED by the following vote:**

        **Aye:**  3 -  Arias, Perea and Esparza

         **No:**  3 -  Karbassi, Maxwell and Richardson

**9:20 A.M.**

---

City Council                                   **Meeting Minutes**                          March 13, 2025

ID 25-274          HEARING to adopt Resolutions and Ordinance to annex territory and Levy
                   a Special Tax regarding City of Fresno Community Facilities District
                   Number 9, Annexation Number 64 (Territory known as Assessor's Parcel
                   Number 506-130-04S) (Southwest corner of West Sierra Avenue and
                   North Polk Avenue) (Council District 2):
                   1. ***RESOLUTION - to Annex Territory to Community Facilities
                      District No. 9 and Authorizing the Levy of a Special Tax for
                      Annexation No. 64 (Subject to Mayor's Veto);
                   2. ***RESOLUTION - Calling Special Mailed-Ballot Election (Subject
                      to Mayor's Veto);
                   3. ***RESOLUTION - Declaring Election Results (Subject to Mayor's
                      Veto);
                   4. ***BILL - (For introduction and adoption) - Levying a Special Tax for
                      the Property Tax Year 2024-2025 and Future Tax Years Within and
                      Relating to Community Facilities District No. 9, Annexation No. 64
                      (Subject to Mayor's Veto).

*The above item was called to order at 3:03 P.M. and was presented to*
*Council by Supervising Engineering Technician Gonzales. Upon call, no*
*members of the public addressed Council. Public comment closed at 3:04*
*P.M.*

*There was no council discussion.*

*RESOLUTION 2025-61 ADOPTED*
*RESOLUTION 2025-62 ADOPTED*
*RESOLUTION 2025-63 ADOPTED*
*BILL B-7 INTRODUCED / ADOPTED AS ORDINANCE 2025-7*

**On motion of Council President Karbassi, seconded by**
**Councilmember Esparza, that the above Action Item be ADOPTED.**
**The motion carried by the following vote:**

        **Aye:**  4 -  Karbassi, Maxwell, Richardson and Esparza

    **Absent:**  2 -  Arias and Perea

## 10:05 A.M.

ID 25-343          HEARING to consider the vacation of a portion of the public street
                   easement on the north side of West Nees Avenue, east of West Audubon
                   Drive (Council District 2):
                   1. ***RESOLUTION - Approving the vacation to vacate a portion of the
                      public street easement on the north side of West Nees Avenue, east
                      of West Audubon Drive. (Subject to Mayor's Veto)

City Council                      **Meeting Minutes**                      **March 13, 2025**

*The above item was called to order at 3:05 P.M. and was presented to Council by Public Works Director Mozier. Upon call, no members of the public addressed Council. Public comment closed at 3:06 P.M.*

*There was no council discussion.*

*RESOLUTION 2025-64 ADOPTED*

**On motion of Council President Karbassi, seconded by Councilmember Richardson, that the above Action Item be ADOPTED. The motion carried by the following vote:**

> **Aye:**  4 -  Karbassi, Maxwell, Richardson and Esparza

> **Absent:**  2 -  Arias and Perea

## 10:10 A.M.

ID 25-327          Appearance by John Leal regarding "The naming of the Southeast Fresno Regional Park and
Soccer Complex (Peach Avenue Park)." (District 5 Resident)

*DID NOT APPEAR*

## 10:13 A.M.

ID 25-326          Appearance by Pedro Navarro Cruz regarding "The naming of the Southeast Fresno Regional Park and Soccer Complex (Peach Avenue Park)." (District 5 Resident)

*DID NOT APPEAR*

## 10:16 A.M.

ID 25-328          Appearance by Jose Luis Barraza regarding "The naming of the Southeast Fresno Regional Park and
Soccer Complex (Peach Avenue Park)." (District 5 Resident)

*APPEARED*

## 2.  CONSENT CALENDAR

*Upon call, for public comment on all Consent, Contested Consent and Closed Session items, the following members of the public addressed Council: Jovana Moreles(2-S).*

City Council | **Meeting Minutes** | March 13, 2025

APPROVAL OF THE CONSENT CALENDAR

> **On motion of Vice President Arias, seconded by Councilmember Perea, the CONSENT CALENDAR was hereby adopted by the following vote:**
>
> > **Aye:**    5 -  Karbassi, Arias, Perea, Maxwell and Richardson
> >
> > **Absent:**  1 -  Esparza

**2.-A.**    ID 25-323    Approval of the minutes for February 27, 2025

**APPROVED ON CONSENT CALENDAR**

**2.-B.**    ID 25-241    Approval of the Amendments to City Council Regular Meeting Minutes for February 22, 2024, and November 21, 2024.

**APPROVED ON CONSENT CALENDAR**

**2.-C.**    ID 25-318     RESOLUTION - Naming the Park at 2155 South Peach Avenue to "Peach Park"

*Councilmember Esparza tabled the above item stating it would be prudent to take action after the District 5 seat was filled.*

*During the related 10:10 A.M. (ID 25-327), 10:13 A.M. (ID 25-326) and 10:16 A.M. (ID 25-328) agenda items, Council President Karbassi announced several letters regarding the naming of the park had been received after the deadline to be included on the record.  The letters were separately distributed to Council.  The Council President also announced a letter of support had been received from County Supervisor, Luis Chavez, and read it aloud.*

**TABLED**

**2.-D.**    ID 25-351    Approve the Appointment of Kaleb Neufeld to the City of Fresno Employees Retirement Board to a term that is continuous.

**APPROVED ON CONSENT CALENDAR**

**2.-E.**    ID 25-316    ***BILL B-5 (Introduced February 27, 2025)(For Adoption) - Amending Subsection (a) of Section 7-504, and Subsection (a) of Section 7-505 of the Fresno Municipal Code relating to the local Sales and Use Taxes (Subject to Mayor's Veto)

*ORDINANCE 2025-5 ADOPTED*

City Council                    **Meeting Minutes**                    March 13, 2025

APPROVED ON CONSENT CALENDAR

**2.-F.**    ID 25-270    Approve the substitution of listed Subcontractor, Tosted Asphalt, Incorporated of Madera, California for court surfacing and equipment with Benyon of Fresno, California, for the Rotary East Pickleball Courts - Project ID PC00358. (Bid File 12500848) (Council District 6)

APPROVED ON CONSENT CALENDAR

**2.-G.**    ID 25-277    Approve the Third Amendment to the Consultant Services Agreement with Blair, Church & Flynn Consulting Engineers Inc., of Clovis, California, in the amount of $45,000.00, for a total increased contract amount of $704,828.23, and a remaining contingency amount not to exceed $26,171.77, for the design and preparation of construction documents for the South Peach Avenue Park Project. (Council District 5)

APPROVED ON CONSENT CALENDAR

**2.-H.**    ID 25-281    Actions pertaining to Maxie L. Parks and Neilson Park Play Structure Improvements Project (Bid File No. 12501211), (Council District 3):
1. Adopt a finding of Categorical Exemption per staff's determination, pursuant to Section 15301(d)/ Class 1 and 15302/Class 2 of the California Environmental Quality Act (CEQA) Guidelines, Environmental Assessment No. PC00367, for the Maxie L. Parks Play Structure Improvements Project;
2. Adopt a finding of Categorical Exemption per staff's determination, pursuant to Section 15301(d)/ Class 1 and 15302/Class 2 of the California Environmental Quality Act (CEQA) Guidelines, Environmental Assessment No. PC00323, for the Neilson Park Play Structure Improvements Project;
3. Award a construction contract in the amount of $817,314.75 to Stockbridge General Contracting, Inc., of Clovis, California, as the lowest responsive and responsible bidder for the Maxie L. Parks and Neilson Park Play Structure Improvements Project.

APPROVED ON CONSENT CALENDAR

**2.-I.**    ID 25-283    Actions pertaining to the Roeding Park Court Repurposing Project (Bid File No. 12501202), (Council District 3):
1. Adopt a finding of Categorical Exemption per staff's determination pursuant to section 15301/Class 1 of the California Environmental Quality Act (CEQA) Guidelines for the Roeding Park Court Repurposing Project;
2. Award a construction contract in the amount of $1,228,145.00 for the Base Bid plus all three (3) Add Alternates, with Avison Construction, Inc. of Madera, California as the lowest responsive and responsible bidder for the Roeding Park Court Repurposing

City Council                          **Meeting Minutes**                          March 13, 2025

Project.

**APPROVED ON CONSENT CALENDAR**

**2.-J.**    ID 25-286    Actions pertaining to the Dolores Huerta Park (formerly known as Milburn Dakota Park) Project (Bid File 12500880), (Council District 1):

1. Adopt Addendum to Mitigated Negative Declaration No. P21-00779, dated September 4, 2024, prepared for Development Permit Application No. P21-00779 pursuant to California Environmental Quality Act (CEQA) Guidelines Sections 15164 and 15162;
2. Enter into a Mitigation Agreement with Fresno Metropolitan Flood Control District to mitigate impacts of runoff and to incorporate such mitigation measures into an on-site storm drainage system;
3. Award a construction contract in the amount of $9,950,023.15, for the Base Bid plus four (4) of six (6) Add Alternates with American Paving Co., of Fresno, California, as the lowest responsive and responsible bidder for the Dolores Huerta Park Project.

**APPROVED ON CONSENT CALENDAR**

**2.-K.**    ID 25-273    Actions pertaining to the Ashlan and Shields Avenues Countdown Pedestrian Head Upgrade Project - Bid File 12501082 (Council Districts 1, 4, & 7):

1. Adopt Environmental Assessment No. PW01066, a determination that the proposed project qualifies for categorical exemption as set forth in the CEQA Guidelines Section 15301/Class 1;
2. Award a construction contract in the amount of $151,655.00 to Bear Electrical Solutions, LLC of Alviso, California, as the lowest responsive and responsible bidder.

**APPROVED ON CONSENT CALENDAR**

**2.-L.**    ID 25-284    Actions pertaining to Clovis Avenue Adaptive ITS Traffic Signal Synchronization Project from Shields Avenue to American Avenue: (Bid File No. 12500629), (Council Districts 4, 5, and 7)

1. Adopt a finding of Categorical Exemption per staff's determination, pursuant to Section 15301/Class 1 of the California Environmental Quality Act (CEQA) Guidelines;
2. Award a Construction Contract in the amount of $1,990,683.50 to A-C Electric Company of Fresno, California.

**APPROVED ON CONSENT CALENDAR**

**2.-M.**    ID 25-259    \*\*\*RESOLUTION - Adopting the 35th Amendment to the Annual Appropriation Resolution No. 2024-122 appropriating $141,900 for the Local Immigrant Integration and Inclusion Grant Program from the State of

**City Council**                              **Meeting Minutes**                              March 13, 2025

California Governor's Office of Business and Economic Development (Requires Five Affirmative Votes) (Subject to Mayor's Veto)

*RESOLUTION 2025-65 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-N.**    ID 25-367    ***RESOLUTION - Adopting the 45th Amendment to the Annual Appropriation Resolution No.2024-122 Appropriating $250,000 to City Attorney/Code Department. (Requires Five Affirmative Votes) (Subject to Mayor's Veto)

*RESOLUTION 2025-66 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-O.**    ID 25-256    Approve the award of a requirements contract to UKG Kronos Systems, LLC, for five years with three optional one-year extensions for the purchase of scheduling software in an amount not to exceed $69,000 for the first year and $50,000 per year for all remaining years (RFP No. 12500698)

**APPROVED ON CONSENT CALENDAR**

**2.-Q.**    ID 25-109    Approve a Service Agreement with Elevate Community Services, Inc. (Elevate) to operate Ambassador Inn Triage Center offering 53-units serving individuals experiencing homelessness, located at 1804 W Olive Avenue through March 31, 2026, in the total amount of $1,324,600.00 funded with Homekey 2.0 and Homeless Housing, Assistance, and Prevention (HHAP) dollars. (Council District 3)

**APPROVED ON CONSENT CALENDAR**

**2.-R.**    ID 25-110    Approve a Service Agreement with Elevate Community Services, Inc. (Elevate) to operate Villa Motel offering 52-units serving individuals experiencing homelessness, located at 817 N. Parkway Drive, through March 31, 2026, in the total amount of $1,299,998.00 funded with Homekey 2.0 and Homeless Housing, Assistance and Prevention (HHAP) funding. (Council District 3)

**APPROVED ON CONSENT CALENDAR**

**2.-S.**    ID 25-243    ***RESOLUTION - To support FCTC Family II, LP's, Low-Income Housing Tax Credit Application for the development of Sarah's Court Phase II; and to provide a conditional commitment of HOME Investment Partnerships Program loan funds in an amount not to exceed $3 million to the Project (Subject to Mayor's Veto)

*RESOLUTION 2025-57 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

---

*City of Fresno*                    ****Subject to Mayoral Veto*                    *Page 12*

City Council                        **Meeting Minutes**                        March 13, 2025

**2.-T.**  [ID 25-246](#)    Actions pertaining to the Valley Inn located at 933 North Parkway Drive, Fresno, CA 93728 (Council District 3)

1. Adopt a finding of Categorical Exemption pursuant to Section 15301/Class 1 (Existing Facilities) of the California Environmental Quality Act (CEQA) guidelines
2. ***RESOLUTION - Authorizing Joint Application to, and participation, in the Homekey+ Program with co-applicant, Fresno Prime LLC, for the Valley Inn Project and authorizing the City Manager, or designee, to sign all required implementing documents (Subject to Mayor's Veto)

*RESOLUTION 2025-68 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-U.**  [ID 25-279](#)    Approve a First Amendment to the Permanent Local Housing Allocation (PLHA) Program Agreement between the City of Fresno and Broadway Plaza Apartments, LP for the Hotel Fresno Project located at 1241-1263 Broadway Plaza, Fresno, California (District 3).

**APPROVED ON CONSENT CALENDAR**

**2.-X.**  [ID 25-268](#)    RESOLUTION - Of Intention to Annex the Territory Known as Assessor's Parcel Number 578-040-16, 578-040-17, and 578-040-18 as Annexation Number 67 to the City of Fresno Community Facilities District Number 9 and to Authorize the Levy of Special Taxes; and setting the Public Hearing for Thursday, April 24, 2025, at 9:10 am. (Northeast corner of North Maple Avenue and East Behymer Avenue) (Council District 6)

*RESOLUTION 2025-71 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-Y.**  [ID 25-223](#)    Actions pertaining to the Department of Transportation Fresno Area Express (FAX) Maintenance Building Steam Bay Renovation project:

1. Adopt Environment Assessment No. 25-223, dated February 6, 2025, a determination that the proposed project qualifies for categorical exemption as set forth in the California Environmental Quality Act (CEQA) Guidelines Section 15301/Class 1 and Section 15302/Class 2, of the State of California CEQA Guidelines.
2. Approve a construction contract in the amount of $314,414.70 with RCH Construction, a California corporation, for construction services to replace the lift equipment located in the Fresno Area Express (FAX) bus maintenance building steam cleaning bay. (Bid File 12500938)
3. Authorize the City Manager or designee to sign and execute all related documents.

**City Council**                    **Meeting Minutes**                    March 13, 2025

**APPROVED ON CONSENT CALENDAR**

**2.-Z.**  ID 25-324    RESOLUTION - Naming the trail to be located at Fanning Ditch between West Avenue and Thorne Avenue "Rashad Al-Hakim Jr. Trail"

*RESOLUTION 2025-72 ADOPTED*

**APPROVED ON CONSENT CALENDAR**

**2.-AA.**  ID 25-350    Bill - (For Introduction) - Amending Sidewalk Vending Ordinance Violations, section 10-2606, to provide for immediate monetary citations in the Tower District

*BILL B-8 INTRODUCED AND LAID OVER*

**APPROVED ON CONSENT CALENDAR**

## CONTESTED CONSENT CALENDAR

**2.-P.**  ID 25-126    Actions pertaining to a sole source agreement to implement a video wall display at City Hall per Fiscal Year 2025 budget motion #51:
1. Award a Sole Source Agreement with Solutions by Design for the purchase and installation of a 3rd Floor Exhibit displaying City of Fresno Historical information for the public in the amount of $737,279
2. ***RESOLUTION - Adopt a resolution authorizing an exception to formal bidding procedures and approving the sole source purchase and installation of the Video Wall, Council Chambers main screen, and two kiosks for City Hall (Subject to Mayor's Veto)
3. Authorize the Chief Information Officer or designee to execute the agreement and all related documents

*Councilmember Richardson moved the above item to Contested Consent but stated he no longer had questions.*

*There was no council discussion*

*RESOLUTION 2025-67 ADOPTED*

**On motion of Councilmember Richardson, seconded by Councilmember Maxwell, that the above Action Item be ADOPTED. The motion carried by the following vote:**

**Aye:** 5 - Karbassi, Arias, Maxwell, Richardson and Esparza

**Absent:** 1 - Perea

---

| City Council | Meeting Minutes | March 13, 2025 |
|---|---|---|

**2.-V.**  [ID 25-310](#)    Actions pertaining to setting aside certification of the Program Environmental Impact Report (PEIR) and amendments to the General Plan Mobility and Transportation Element:

1. Adopt a finding that decertification of the 2021 PEIR and rescission of the corresponding amendment to the Fresno General Plan's Mobility and Transportation Element are exempt from the California Environmental Quality Act (CEQA) pursuant to the common sense exemption set forth in CEQA Guidelines Section 15061(b)(3), because it can be seen with certainty that there is no possibility that this action will have a significant effect on the environment.

2. ***RESOLUTION - Rescinding Resolution No. 2021-269 to Decertify Program Environmental Impact Report; and Rescinding Resolution No. 2021-270 to Set Aside Amendments to the 2014 General Plan Mobility and Transportation Element. (Subject to Mayor's Veto)

*Councilmember Vice President Arias moved the above item to Contested Consent for clarification on how this item relates to the Program Environmental Impact Report (PEIR) litigation.*

*Council discussion included: the court order to decertify the PEIR; the impact on city planning, and; identifying a budget for the next PEIR.*

*RESOLUTION 2025-69 ADOPTED*

**On motion of Vice President Arias, seconded by Council President Karbassi, that the above Action Item be ADOPTED. The motion carried by the following vote:**

> **Aye:** 4 - Karbassi, Arias, Richardson and Esparza

> **Absent:** 2 - Perea and Maxwell

**2.-W.**  [ID 25-72](#)    Actions pertaining to the La Hacienda Mobile Home Park located at 104 East Sierra Avenue, Fresno, California (Council District 6):

1. Adopt a finding of Categorical Exemption pursuant to Section 15332/Class 32 of the California Environmental Quality Act (CEQA) Guidelines

2. Approve a Termination of Encampment Resolution Funding (ERF) Agreement between the City of Fresno and Self-Help Enterprises relating to the La Hacienda Mobile Home Park

3. Approve a Local Housing Trust Fund (LHTF) Loan Agreement between the City of Fresno and Self-Help Enterprises in the amount of $3,700,000.00 for the acquisition and preservation of the La Hacienda Mobile Home Park

**City Council**                     **Meeting Minutes**                     **March 13, 2025**

4. ***RESOLUTION - Authorizing a joint application to and participation in the Homekey+ Program with Self-Help Enterprises for the La Hacienda project and authorizing the City Manager or designee to sign all required implementing documents (Subject to Mayors Veto)

*Councilmember Vice President Arias moved the above item to Contested Consent for clarification on the finality of the matter.*

*Council discussion included: whether the agenda item would bring closure to the acquisition, sale, or transfer of the mobile home park; final court approval, and; a pending action to apply for and accept additional Homekey Plus funding.*

*RESOLUTION 2025-70 ADOPTED*

**On motion of Councilmember Richardson, seconded by Vice President Arias, that the above Action Item be APPROVED. The motion carried by the following vote:**

**Aye:** 4 - Karbassi, Arias, Richardson and Esparza

**Absent:** 2 - Perea and Maxwell

## 3.  GENERAL ADMINISTRATION

## UNSCHEDULED COMMUNICATION

*Upon call, no members of the public addressed Council with unscheduled communication.*

## 4.  CITY COUNCIL

## 9:05 A.M.

**4.-A.**   ID 25-366    Presentation by Dailey Elementary Charter School 5th Graders : Exhibition as part of the International Baccalaureate Program

*The above item was presented to Council by the Dailey Elementary Charter School 5th Graders.*

*PRESENTED*

## 5.  CLOSED SESSION

*During open session, City Attorney Janz announced each of the items that*

City Council                    **Meeting Minutes**                    March 13, 2025

*would be discussed in closed session.*

*Council withdrew to closed session at 10:11 A.M.*

**5.-A.**    ID 25-344

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
 La Hacienda Mobile Estates, LLC v. City of Fresno, et al;
Fresno Superior Court, Case Number: 24CECG00271

*The above item was discussed in closed session. There were no open session announcements for this item.*

*DISCUSSED*

**5.-B.**    ID 25-346

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
 In Re La Hacienda Mobile Estates, LLC, US Bankruptcy Court,
Eastern District of California; Case Number: 24-11967-A-11

*The above item was discussed in closed session. There were no open session announcements for this item.*

*DISCUSSED*

**5.-C.**    ID 25-347

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
Hacienda Homeowners for Justice, et al, v. La Hacienda Mobile Estates,
LLC, et al;
Fresno Superior Court, Case Number: 23CECG03987;
and California Court of Appeal, Fifth Appellate District, Case Number:
F087978

*The above item was discussed in closed session. There were no open session announcements for this item.*

*DISCUSSED*

**5.-D.**    ID 25-313

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)

Park 7, LLC., and LandValue Management LLC., v. City of Fresno; Fresno Superior Court Case No. 24CECG04298

*The above item was not discussed in closed session.*

*NOT DISCUSSED*

**5.-E.**    ID 25-314

CONFERENCE WITH LEGAL COUNSEL-EXISTING LITIGATION
Government Code Section 54956.9, subdivision (d)(1)
City of Fresno v. Fresno Building Healthy Communities Court of Appeal Case No.: F084662; and Fresno Building Healthy Communities v. City of Fresno Court of Appeal Case No.: F084666 (PARCS Department)

*The above item was discussed in closed session. There were no open session announcements for this item.*

*DISCUSSED*

**5.-F.**    ID 25-348

CONFERENCE WITH LEGAL COUNSEL - ANTICIPATED LITIGATION
Government Code Section 54956.9, subdivision (d)(4)
1 potential case

*The above item was not discussed in closed session.*

*NOT DISCUSSED*

## ADJOURNMENT

*The Council meeting adjourned from session at 3:22 P.M.*

**The above minutes were approved by unanimous vote of the City Council during the March 27, 2025, regular meeting.**