**[Exempt From Filing Fee**
**Government Code § 6103]**

Andrew Janz, City Attorney
CITY OF FRESNO
By:  Andrew Janz, City Attorney (287672)
By:  Christina A. Roberson, Assistant City Attorney (284512)
2600 Fresno Street
Fresno, CA  93721
Telephone:  (559) 621-7500
Facsimile:  (559) 457-1084

ALESHIRE & WYNDER, LLP
ANTHONY R. TAYLOR, State Bar No. 208712
  *ataylor@awattorneys.com*
JONATHAN BELAGA, State Bar No. 275229
  *jbelaga@awattorneys.com*
Aleshire & Wynder, LLP
1 Park Plaza, Suite 1000
Irvine, CA 92614
Telephone: (949) 223-1170
Facsimile: (949) 223-1180
Attorneys for Defendants, CITY OF
FRESNO, at al.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| CALIFORNIA SMOKE SHOPS ASSOCIATION, a California nonprofit mutual benefit corporation,,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, a California public entity;<br>MIGUEL ARIAS, in his official capacity;<br>NELSON ESPARZA, in his official capacity;<br>ANNALISA PEREA, in her official capacity;<br>and BRANDON VANG, in his official capacity,<br><br>Defendants. | Case No. 1:25-cv-00590-KES-HBK<br><br>Judge:   The Honorable Kirk E. Sherriff<br>          Courtroom 6, 7th Floor<br><br>**OPPOSITION BY DEFENDANTS TO  PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**DATE:   June 3, 2025**<br>**TIME:   3:00 p.m.**<br>**PLACE: Courtroom 6, 7th Fl.**<br>          Robert E. Coyle<br>          Courthouse<br>          2500 Tulare St.<br>          Fresno, CA  93721<br><br>[*Filed Concurrently with Defendants' Request for Judicial Notice, Declaration of Robin Gonzales and Declaration of Christopher Hodge*] |

## I.    INTRODUCTION.

The fatal flaw with the motion for a temporary restraining order ("TRO") sought by Plaintiff, California Smoke Shop Association ("Plaintiff") begins with the very first sentence of its memorandum of points and authorities, where Plaintiff argues that "[t]he underlying issue is simple: Do the federal and state constitutions permit Defendant, City of Fresno ("City") to shut down legal, licensed businesses without a rational basis for doing so?"[1]  The amortization period in the Ordinance for a smoke shop to close is 18 months.  Thus, the first fatal flaw in Plaintiff's motion for a temporary restraining order is that there is no immediate threat of closure of smoke shops based on the Ordinance to warrant a TRO.

In its memorandum of points and authorities, Plaintiff also concedes that "[t]he Ordinance's Findings claim to seek to regulate Smoke Shops and reduce nuisances".[2]  That is a rational basis for the Ordinance.  The findings in the Ordinance are based on undisputed facts including that City inspectors have found within the last two years that unregulated cannabis was located at 53 of the 67 smoke shops that were inspected (79%), illegal tobacco was being sold at 63 of the 67 smoke shops (94%) and illegal gambling operations were present at several smoke shops with some locations having gaming apparatuses within the business.[3]  City inspectors have found building safety violations at almost every smoke shop in the City, including electrical violations, structural violations, plumbing violations, and unpermitted construction.  The Ordinance is necessary to protect public health and safety.

In its motion, Plaintiff also fails to cite to Ninth Circuit authority holding that a city can adopt an ordinance requiring businesses that have harmful effects to the

---

[1] *Id*. at 1, lines 2 - 4.

[2] *Id.* at 5, lines 3 - 4.

[3] Request for Judicial Notice ("RJN"), at Exhs. A, B & C (agenda, staff report, PowerPoint presentation and minutes for workshop presentation to the Fresno City Council at the October 31, 2024 Fresno City Council meeting for agenda item 3.-A, ID 24-1454; filed concurrently herewith).

public to close, change their business, or relocate within a reasonable time period and "[a]s a general matter, an amortization period [to close a non-conforming business] is insufficient only if it puts a business in an impossible position due to a shortage of relocation sites."[4]

The City also has the authority to regulate the operation of smoke shops under the California Constitution and applicable law.  Smoke shops sell tobacco products that undeniably pose health risks to the public and cannot be sold to minors. Requiring smoke shops to install security cameras, adopt a security plan and take similar measures based on the operational requirements of the Ordinance do not warrant injunctive relief.  The only alleged harm to smoke shops is the monetary costs to comply with the operational requirements in the Ordinance and that alleged harm is insufficient for a TRO.  Protecting public health and safety outweighs monetary impacts on smoke shops.

Plaintiff also claims that the City did not follow its procedures correctly in adopting the Ordinance and therefore the Ordinance is void.[5]  The proper venue for that baseless claim by Plaintiff is for the superior court to decide it in a petition for writ of mandate proceeding under California Code of Civil Procedure section 1085 because it concerns compliance with administrative procedures and that is purely an

---

[4] *World-Wide Video of Washington Inc. v. City of Spokane*, 368 F.3d 1186, 1199 - 1200 (9th Cir. 2004) (upholding summary judgment against an adult businesses challenge to a city's ordinance providing for an amortization process of closing adult businesses).

[5] Memorandum of Points & Authorities at page 10, line 23 through page 13, line 3.  Plaintiff's arguments are incorrect based on well-settled law.  *Johanson v. City Council of the City of Santa Cruz*, 222 Cal.App.2d 68, 71 (1963) (City Council of the City of Santa Cruz appealed from a judgment in a writ of mandate proceeding commanding the city council to take all steps required to rescind a vote of the council refusing to reclassify respondent's property for zoning purposes based on plaintiff's arguments that the vote by the city council was procedurally improper.  The California Court of Appeal reversed the trial court's decision and upheld the city council's action because the vote taken by the city council was the city council's legislative prerogative rather than a ministerial city function.)  Public testimony occurred before the Fresno City Council adopted the Ordinance and thus Plaintiff's members had the opportunity to be heard.

issue of state law.  Likewise, how the City will apply the Ordinance in the future is not ripe for review in federal court.  Instead, that involves potential issues for the superior court to decide[6] in a future case because a smoke shop can challenge any action by the City that it feels is improper in superior court through a petition for writ of mandate action.

Accordingly, the motion for a temporary restraining order should be denied.

## II.    STATEMENT OF THE FACTS.

The background for the Ordinance being adopted by the City Council[7] is that since October 2023, City inspectors, alongside various enforcement agencies, have conducted 100 inspections of smoke shops and cannabis businesses.  A number of unlicensed smoke shops are acting as cannabis dispensaries in the City.  The 100 inspections included 67 smoke shops, 18 markets, 11 cultivations, and 1 illegal dispensary within city limits, and three miscellaneous investigations.

Three inspectors canvased the City to document all smoke shop locations.  Approximately 140 shops were logged.  City inspectors then worked closely with Fresno Police Department (FPD) Problem Oriented Policing Detectives to address nuisance locations throughout the city. Inspections were conducted alongside agencies including the following: FPD, Fresno Fire Department (FFD), California Department of Tax and Fee Administration (CDTFA), California Department of Alcoholic Beverage Control (ABC), and California Department of Justice (DOJ).

Throughout this first year, the team successfully inspected a total of 67 smoke

---

[6] "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15 (1987)

[7] The data provided in the statement of facts was presented to the Fresno City Council at a workshop during a public city council meeting on October 31, 2024.  RJN, at Exhs. A, B & C (filed concurrently herewith).  Updated data about the public health and safety violations at smoke shops is provided in paragraphs 6 through 11 of the Declaration of Robin Gonzales, who is a Housing Program Supervisor with the City Attorney's Office, Code Enforcement Division (filed concurrently herewith).

shops, including follow-ups and re-inspections on open cases. City inspectors addressed violations relating to the Fresno Municipal Code, California Building Code, California Electrical Code, and other codes relevant to zoning, public nuisance, and building standards. Each initial inspection resulted in the issuance of a violation notice. CDTFA seized all cannabis and untaxed tobacco, and FPD dealt with any criminal aspect the team encountered during inspections. 15 of these retailers have closed since the start of this program.

A total of 15 guns were found during these inspections, both legally and illegally possessed. Unregulated cannabis was located at 53 of the 67 businesses (79%). Inspectors found illegal tobacco at 63 of the 67 shops (94%). Illegal gambling operations were present at several smoke shops with some locations having gaming apparatuses within the business. Other smoke shops facilitated online gambling, displaying the different games and rules on the smoke shop's walls and/or counters. Inspectors also noted large amounts of cash stashed within many of the smoke shops. Numerous business-related individuals were arrested on felony warrants and/or charges.

City inspectors have found building safety violations at almost every smoke shop in the City, including electrical violations, structural violations, plumbing violations, and unpermitted construction. Declaration of Robin Gonzales, at paragraph 11.

In 2024, smoke shops resulted in 1,184 calls for service to the Fresno Police Department including calls for service involving violent crimes and suspected felonies. Declaration of Christopher Hodge, at paragraphs 4 to 7 (filed concurrently herewith).

## III.   ARGUMENT.

A.    <u>The City Has Broad Enforcement Powers To Regulate Smoke Shops To</u>

Protect Public Health & Safety.[8]

The California State Legislature has made the following findings supporting tobacco regulations:

(1) Smoking is the single most important source of preventable disease and premature death in California.

(2) Smoking is responsible for one-quarter of all death caused by fire.

(3) Tobacco-related disease places a tremendous financial burden upon the persons with the disease, their families, the health care delivery system, and society as a whole.

(4) Despite laws in at least 44 states prohibiting the sale of tobacco products to minors, each day 3,000 children start using tobacco products in this nation. Children under the age of 18 years consume 947 million packages of cigarettes in this country yearly.

(5) The earlier a child begins to use tobacco products, the more likely it is that the child will be unable to quit.

(6) More than 60 percent of all smokers begin smoking by the age of 14 years, and 90 percent begin by the age of 19 years.

(7) Use of smokeless tobacco products among minors in this state is increasing.

(8) Smokeless tobacco or chewing tobacco is harmful to the health of individuals and may cause gum disease, mouth or oral cancers, increased tooth decay and leukoplakia.

(9) Tobacco product advertising and promotion are an important cause of tobacco use among children. More money is spent advertising and promoting tobacco products than any other consumer product.

---

[8] The District Court in *Safeway Inc. v. City and County of San Francisco*, 797 F.Supp.2d 964 (N.D. Cal. 2011) provided a summary of a city's enforcement powers concerning tobacco retail establishment in its order granting San Francisco's motion to dismiss a federal civil rights challenge against its tobacco regulatory ordinance that prohibited the sale of tobacco products by any store that contains a pharmacy within San Francisco. *Id.* at 974.

(10) Distribution of tobacco product samples, coupons, coupon offers, gift certificates, gift cards, or other similar offers is a recognized source by which minors obtain tobacco products, beginning the addiction process.

Calif. Health & Safety Code section 118950(a).

Section 118950(e) provides that "[n]either this section nor any other provision of law shall invalidate an ordinance of, or prohibit the adoption of an ordinance by, a city or county regulating distribution of smokeless tobacco or cigarette samples within its boundaries that is more restrictive than this section. An ordinance that imposes greater restrictions on the sale or distribution of tobacco than this section shall govern, to the extent of any inconsistency between it and this section."

"Local licensing laws may provide for the suspension or revocation of the local license for any violation of a state tobacco control law." Cal. Business & Professions Code section 22971.3. A city can also adopt a local standard that "restricts access to and reduces the availability of cigarette or tobacco products from vending machines or devices or that imposes a complete ban on the sale of cigarettes or tobacco products from vending machines or devices." Cal. Business & Professions Code section 22960(c).

A city ordinance can impose a more restrictive or complete ban on billboard advertising or on tobacco-related billboard advertising than state law. Cal. Business & Professions Code section 22961(b). A city can impose greater restrictions on the access of tobacco products at a business than what is set forth under state law. Cal. Business & Professions Code section 22962(e).

State restrictions with respect to the legal age to purchase or possess tobacco products are the minimum age and do not preempt or otherwise prohibit the adoption of a local standard by a city that imposes a more restrictive legal age to purchase or possess tobacco products. Cal. Business & Professions Code section 22964. "A local standard that imposes a more restrictive legal age to purchase or possess tobacco products shall control in the event of any inconsistency between this division [state

1  law] and a local standard." *Id.*

2      Here, Plaintiff has known for many years that the Fresno City Council can enact

3  additional requirements, beyond state laws, on the operations of smoke shops in the

4  City pursuant to the California Business & Professions Code, among other

5  authorities[9].  Yet, Plaintiff's motion for a temporary restraining order completely

6  ignores that the operational requirements in the Ordinance (at pages 65 – 79) are the

7  very same types of regulations that the California State Legislature authorizes cities

8  to adopt.  Thus, Plaintiff lacks any credible argument that the City's operational

9  requirements in its Ordinance violate the purported civil rights of smoke shops to be

10  free from operational regulations by the City.

11      B.    <u>Plaintiff Does Not Face An Immediate Risk of Irreparable Harm That</u>

12          <u>Outweighs Protecting Public Health & Safety</u>.

13      There is no urgency here that requires the Court to issue a TRO.  Specifically,

14  Plaintiff argues that "[i]f the Ordinance becomes effective on June 5, 2025, all CSSA

15  member smoke shops will be required to come into compliance with the Ordinance's

16  "Operational Requirements" within 30 days, i.e., by July 5, 2025." (Memo. of P&A's,

17  at p. 17, lines 26 to 28.)

18      Plaintiff's own argument underscores why a TRO is inappropriate here because

19  the City cannot take any enforcement action against any smoke shop based on the

20  Ordinance until after July 5, 2025.  Under Rule 65(b)(2) of the FRCP, the duration of

21  a TRO is a period that may not exceed 14 days from the date on which the order was

22  entered (absent good cause or stipulation).  Plaintiff concedes this point.  (Memo. of

23  Ps&As, at p. 23, lines 25 to 28.)  The City cannot enforce the operational requirements

24  in the Ordinance until after July 5, 2025 and even if a TRO is entered by the Court on

25

26  _____

[9] "A county or city may make and enforce within its limits all local, police, sanitary, and other

27  ordinances and regulations not in conflict with general laws." California Constitution, art XI, section

7; Calif. Government Code section 37101 and Calif. Business & Professions Code section 16000

28  (authority of cities to license and regulate businesses).

June 3, 2025, *arguendo*, which should not occur, that TRO would expire on June 17, 2025, weeks before the City could enforce the Ordinance.

Plaintiff could have filed a motion for a preliminary injunction and set that motion for hearing before July 5, 2025.  However, what Plaintiff is really after here through its motion for a temporary restraining order is a cost savings measure for its members so that smoke shops do not have to spend any money to comply with the City's regulatory requirements in the Ordinance to protect public health and safety.

Much of what Plaintiff is concerned about is alleged code enforcement activities by the City that Plaintiff alleges could occur after July 5, 2025 against some smoke shops that are not in compliance with the operational requirements of the Ordinance.  However, all that is before the Court now is a facial challenge to the Ordinance.  A court cannot presume or speculate that an ordinance will be applied in an unlawful manner when all that is before the Court is a facial challenge.  *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 and n. 6 (2008) (explaining that a court cannot presume or speculate how a government entity will apply a law when a facial challenge is all that is before a court.)  The U.S. Supreme Court has also held that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

Here, Plaintiff cannot make a "clear showing" to meet its heavy burden of proof for the extraordinary remedy of a TRO.  There is no immediate risk of irreparable harm to smoke shops in the City.  Instead, what Plaintiff is really after here through its motion for a temporary restraining order is a cost savings measure for its members so that smoke shops do not have to spend any money to comply with the City's regulatory requirements in the Ordinance to protect public health and safety.

The City's need to ensure public health and safety overrides the smoke shops'

financial interests to save money by not complying with the operational requirements of the Ordinance. City inspectors have found building safety violations at almost every smoke shop in the City, including electrical violations, structural violations, plumbing violations, and unpermitted construction, among other health and safety violations. Declaration of Robin Gonzales, at paragraph 11. As such, the Court should deny Plaintiff's motion for a temporary restraining order.

          C.      <u>This Matter Is Not Ripe For Review In Federal Court Because There Has Been No Regulatory Taking</u>.

Plaintiff seeks relief from this Court based on the argument that the Ordinance will violate Plaintiff's members' rights to procedural due process, substantive due process, and equal protection of law under the Fourteenth Amendment. However, the main thrust of the Plaintiff's causes of action is the takings clause of the Fifth Amendment. (Memo. Ps&As at 10).

That being said, Plaintiff's arguments are baseless because there has been no taking. Property owners may bring Fifth Amendment claims against the government once their property has been taken. *Knick v. Twp. of Scott, Pennsylvania,* 588 U.S. 180, 189 (2019). A taking has not occurred when there is an opportunity for a business to seek a variance. *Id.* at 188 (citing *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 191 (1985), overruled on other grounds by *Knick*.)

Here, the Ordinance provides each smoke shop with the opportunity to seek an extension to the 18 month amortization deadline. (Ordinance, at page 60, section C.3.a. request for reconsideration process to extend the amortization deadline beyond 18 months). As such, this case is not ripe for review in federal court. The proper venue for the claims by Plaintiff is for the superior court to decide their claims in a petition for writ of mandate proceeding under California Code of Civil Procedure section 1085 because their claims concern compliance with administrative procedures and that is purely an issue of state law. Memorandum of Points & Authorities at page

OPPOSITION BY DEFENDANTS TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

10, line 23 through page 13, line 3.

Plaintiff's argument is incorrect that the Ordinance is void because the City did not follow its procedures for adoption of the Ordinance. *Johanson v. City Council of the City of Santa Cruz*, 222 Cal.App.2d 68, 71 (1963) (City Council of the City of Santa Cruz appealed from a judgment in a writ of mandate proceeding commanding the city council to take all steps required to rescind a vote of the council refusing to reclassify respondent's property for zoning purposes based on plaintiff's arguments that the vote by the city council was procedurally improper. The California Court of Appeal reversed the trial court's decision and upheld the city council's action because the vote taken by the city council was the city council's legislative prerogative rather than a ministerial city function.)

Notably, public testimony occurred before the Fresno City Council adopted the Ordinance and thus Plaintiff's members had the opportunity to be heard. As such, there is no violation of any alleged federal due process rights by the City as a matter of law.

Likewise, how the City will apply the Ordinance in the future is not ripe for review in federal court. Instead, that involves potential issues for the superior court to decide in a future case because a smoke shop can challenge any action by the City that it feels is improper in superior court through a petition for writ of mandate action.

At this stage, the Court cannot assess how the City will respond to requests by individual smoke shops for extensions or other relief based on their specific circumstances. A facial challenge to the Ordinance is all that is before the Court now and the Court cannot presume what will occur in the future. *Washington State Grange v. Washington State Republican* Party, 552 U.S. 442, 449 and n. 6 (2008). Accordingly, Plaintiff's lawsuit is not ripe for review by this Court.

D.    The Ordinance Is Consistent With Applicable Law.

The provisions in the Ordinance concerning operational requirements are consistent with applicable law. (Ordinance, at 65 - 79) "A county or city may make

and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." California Constitution, art XI, section 7; Government Code section 37101 and Business & Professions Code section 16000 (authority of cities to license and regulate businesses); "The state's inherent sovereign power includes the so-called police power right to interfere with vested property rights whenever reasonably necessary to the protection of the health, safety, morals, and general well-being of the people." *Davidson v. County of San Diego*, 49 Cal.App.4th 639, 648 - 649 (1996)(internal quotations omitted) (vested rights may be impaired by subsequent police power enactments reasonably necessary to protect the public's health and safety). "Local licensing laws may provide for the suspension or revocation of the local license for any violation of a state tobacco control law." Cal. Business & Professions Code section 22971.3.[10]

The 18 month amortization period in the Ordinance for smoke shops to close is consistent with applicable law. (Ordinance, at 57 - 65.) As a matter of law, "[n]othing in the Constitution forbids municipalities from requiring non-conforming uses to close, change their business, or relocate within a reasonable time period." *World-Wide Video of Washington Inc. v. City of Spokane*, 368 F.3d 1186, 1199 - 1200 (9th Cir. 2004) (upholding summary judgment against an adult businesses challenge to a city's ordinance providing for an amortization process of closing adult businesses). "As a general matter, an amortization period [to close a non-conforming business] is insufficient only if it puts a business in an impossible position due to a shortage of relocation sites." *Id.* at 1201.

Here, to successfully challenge the 18 month amortization period in the Ordinance Plaintiff must first prove that its members are in an "impossible position" due to a shortage of relocation sites. Plaintiff has not presented any such evidence

---

[10] Citations to additional authorities for the City to regulate smoke shops are included in section III.A. of this opposition brief and not repeated herein.

because no such evidence exists.  "It is well settled in California that public entities may impair vested rights where necessary to protect the health and safety of the public." *Davidson v. County of San Diego*, 49 Cal.App.4th 639, 648 (1996) (vested rights may be impaired by subsequent police power enactments reasonably necessary to protect the public's health and safety); *Safeway Inc. v. City and County of San Francisco*, 797 F.Supp.2d 964 (N.D. Cal. 2011)(granting San Francisco's motion to dismiss challenge against its tobacco regulatory ordinance).

Additionally, the Ordinance includes a request for reconsideration process that smoke shops can utilize to request to stay open beyond the 18 month amortization deadline.  Non-conforming smoke shops can receive an extension under the Ordinance and not have to close within 18 months. (Ordinance, at page 60, section C.3.a. request for reconsideration process to extend the amortization deadline beyond 18 months).  In *World-Wide Video of Washington Inc.,* 368 F.3d at 1200, World Wide requested an extension to the city's amortization requirement and received an extension of eight months.  The Ninth Circuit Court of Appeals held that World Wide "received all the process it was due".  *Id.* at 1200.

Moreover, City inspectors have found building safety violations at almost every smoke shop in the City, including electrical violations, structural violations, plumbing violations, and unpermitted construction, among other violations.  Declaration of Robin Gonzales, at paragraph 11.  Public health and safety is of paramount importance here accordingly.

As such, Plaintiff's lawsuit against the City is baseless and should be dismissed for the same reasons the District Court granted San Francisco's motion to dismiss in *Safeway Inc. v. City and County of San Francisco*, 797 F.Supp.2d 964 (N.D. Cal. 2011) concerning plaintiff's civil rights challenge to San Francisco's regulatory ordinance that prohibited the sale of tobacco products by any store that contains a pharmacy within San Francisco.  *Id.* at 974.

E.    If Injunctive Relief Is Ordered *Arguendo*, Which Should Not Be The

1
2
3

<u>Case, Plaintiff's  Members Should Be Ordered to Each Post a Bond of $25,000, Which The City Can Utilize To Cover The Costs Of Enforcement At Each Smoke Shop</u>.

4
5
6
7
8
9
10
11

Rule 65(c) of the FRCP requires the posting of a bond by a moving party when that party obtains injunctive relief.  Plaintiff argues that a nominal $5,000 bond is appropriate here because the City has "no tangible costs". (Memo. of Ps&As at 24, lines 10 to 24.)  Plaintiff is incorrect in its assumptions because the City will likely face additional enforcement costs and calls for service for police officers, firefighters and code enforcement officers to address public health and safety issues caused by smoke shops from not being required to comply with the City's operational requirements in its Ordinance.

12
13
14
15
16

Absent a sufficient bond being paid by the smoke shops, the cost of enforcement will be unfairly incurred by the taxpayers.  For example, City inspectors have found building safety violations at almost every smoke shop in the City, including electrical violations, structural violations, plumbing violations, and unpermitted construction.  Declaration of Robin Gonzales, at paragraph 11.

17
18
19

In 2024, smoke shops resulted in 1,184 calls for service to the Fresno Police Department including calls for service involving violent crimes and suspected felonies.  Declaration of Christopher Hodge, at paragraphs 4 to 7.

20
21
22
23

Therefore, a bond in the amount of $25,000 for each smoke shop that is a member of the Plaintiff association is appropriate here if the City is enjoined from enforcing its Ordinance (although the motion for a temporary restraining order should be denied based on the grounds that are stated in this opposition).

24

## IV.    CONCLUSION.

25
26

For the foregoing reasons, the motion for a temporary retraining order should be denied.

27
28

1

2  DATED:  June 2, 2025

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

ALESHIRE & WYNDER, LLP
ANTHONY R. TAYLOR
JONATHAN BELAGA


By:    /s/
                                               
JONATHAN BELAGA  Attorneys
for Defendants, CITY OF
FRESNO, et al.