Andrew Janz, City Attorney
CITY OF FRESNO
By: Andrew Janz, City Attorney (287672)
By: Christina A. Roberson, Assistant City Attorney (284512)
2600 Fresno Street
Fresno, CA 93721
Telephone: (559) 621-7500
Facsimile: (559) 457-1084

ALESHIRE & WYNDER, LLP
ANTHONY R. TAYLOR, State Bar No. 208712
  ataylor@awattorneys.com
JONATHAN BELAGA, State Bar No. 275229
  jbelaga@awattorneys.com
1 Park Plaza, Suite 1000
Irvine, California 92614
Telephone: (949) 223-1170
Facsimile: (949) 223-1180

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| CALIFORNIA SMOKE SHOPS ASSOCIATION, a California nonprofit mutual benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, a California public entity; MIGUEL ARIAS, in his official capacity; NELSON ESPARZA, in his official capacity; ANNALISA PEREA, in her official capacity; and BRANDON VANG, in his official capacity,,<br><br>Defendants. | Case No. 1:25-CV-00590-KES-HBK<br><br>Judge:   Honorable Kirk E. Sherriff<br>          Courtroom 6, 7th Floor<br><br>**DEFENDANTS CITY OF FRESNO, MIGUEL ARIAS, NELSON ESPARZA, ANNALISA PEREA, AND BRANDON VANG'S ANSWER TO THE FIRST AMENDED COMPLAINT OF PLAINTIFF, CALIFORNIA SMOKE SHOPS ASSOCIATION** |

**COMES NOW** Defendants, CITY OF FRESNO, AND COUNCILMEMBERS MIGUEL ARIAS, NELSON ESPARZA, ANNALISA PEREA, and BRANDON VANG, and hereby respond as follows to the First Amended Complaint of Plaintiff:

**I.    GENERAL ALLEGATIONS/INTRODUCTION**

1. As to paragraph 1 of Plaintiff's First Amended Complaint, Defendants deny the factual

allegations in this paragraph in its entirety. Defendants further allege that Plaintiff lacks standing to assert any and all causes of action herein, and Defendant incorporates by reference said statement concerning Plaintiff's lack of standing as set forth herein in each paragraph responding to Plaintiff's allegations below.

2. As to paragraph 2 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph in its entirety.

3. As to paragraph 3 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph in its entirety.

4. As to paragraph 4 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph in its entirety.

5. As to paragraph 5 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations, to the extent that there are any, in this paragraph in its entirety.

## II. THE PARTIES

6. As to paragraph 6 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to either admit or deny the factual allegations in this paragraph.

7. As to paragraph 7 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to either admit or deny the factual allegations in this paragraph.

8. As to paragraph 8 of Plaintiff's First Amended Complaint, Defendants admit the allegations in this paragraph.

9. As to paragraph 9 of Plaintiff's First Amended Complaint, Defendants admit the allegations in this paragraph except for the allegations related to any wrongdoing, including an alleged cover-up and alleged misconduct, which Defendants deny in their entirety.

10. As to paragraph 10 of Plaintiff's First Amended Complaint, Defendants admit the allegations in this paragraph except for the allegations related to any wrongdoing, including an alleged cover-up and alleged misconduct, which Defendants deny in their entirety.

11. As to paragraph 11 of Plaintiff's First Amended Complaint, Defendants admit the allegations in this paragraph except for the allegations related to any wrongdoing, including an alleged cover-up and alleged misconduct, which Defendants deny in their entirety.

12. As to paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit the allegations in this paragraph except for the allegations related to any wrongdoing, including an alleged cover-up and alleged misconduct, which Defendants deny in their entirety.

### III. JURISDICTION AND VENUE

13. As to paragraph 13 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph, but admit that this Court has jurisdiction over the federal claims in this action, without waiving Defendants' position that Plaintiff lacks standing to assert any and all causes of action herein.

14. As to paragraph 14 of Plaintiff's First Amended Complaint, Defendants admit that this Court has the power to grant relief under the cited statutes, but deny that any relief is available to Plaintiffs as alleged in the Complaint, without waiving Defendants' position that Plaintiff lacks standing to assert any and all causes of action herein.

15. As to paragraph 15 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in the Complaint, but admit that venue is proper in this Court, without waiving Defendants' position that Plaintiff lacks standing to assert any and all causes of action herein.

### IV. STATEMENT OF FACTS

16. As to paragraph 16 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to admit or deny the allegations pertaining to Plaintiff's represented businesses, and deny that Plaintiff's represented businesses are "in the same legal capacity" as other locations selling the same products.

17. As to paragraph 17 of Plaintiff's First Amended Complaint, Defendants admit that tobacco retailers must comply with several state laws, regulations, and local ordinances and regulations, including, but not limited to, the cited statutes and regulations.

18. As to paragraph 18 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to admit or deny the allegations pertaining to Plaintiff's represented businesses.

19. As to paragraph 19 of Plaintiff's First Amended Complaint, Defendants admit the factual allegations contained therein, except that they are irrelevant to this litigation.

20. As to paragraph 20 of Plaintiff's First Amended Complaint, Defendants deny all factual

allegations contained therein.

21. As to paragraph 21 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to admit or deny the allegations pertaining to Plaintiff's represented businesses.

22. As to paragraph 22 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to admit or deny the allegations pertaining to Plaintiff's represented businesses.

23. As to paragraph 23 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to admit or deny the allegations pertaining to Plaintiff's represented businesses.

24. As to paragraph 24 of Plaintiff's First Amended Complaint, Defendants deny all factual allegations contained therein.

25. As to paragraph 25 of Plaintiff's First Amended Complaint, Defendants admit the factual allegations contained therein.

26. As to paragraph 26 of Plaintiff's First Amended Complaint, Defendants admit the factual allegations contained therein.

27. As to paragraph 27 of Plaintiff's First Amended Complaint, Defendants admit the factual allegations contained therein, but not the information contained in the hyperlinks. (Defendants cannot verify the link from kvpr.org, as it returns a "page not found" error.)

28. As to paragraph 28 of Plaintiff's First Amended Complaint, Defendants admit that the City drafted and approved the Ordinance.

29. As to paragraph 29 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and posted notices of the hearings. The document that is Exhibit 2 speaks for itself.

30. As to paragraph 30 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and posted minutes of the hearings. The document that is Exhibit 3 speaks for itself.

31. As to paragraph 31 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and posted minutes of the hearings. The document that is Exhibit 4 speaks for itself.

32. As to paragraph 32 of Plaintiff's First Amended Complaint, Defendants admit that the

1  City Planning Commission followed proper procedures and posted the minutes of the hearing. The
2  effects of an unadopted resolution cannot be known by Defendants.

3        33. As to paragraph 33 of Plaintiff's First Amended Complaint, Defendants deny considering
4  approval of the ordinance and instead admit to tabling the ordinance to March 13, 2025.

5        34. As to paragraph 34 of Plaintiff's First Amended Complaint, Defendants admit that the
6  City followed proper procedures and held the meetings as alleged; however, the contents of the
7  meetings are contained in the minutes and the videos, which speak for themselves.

8        35. As to paragraph 35 of Plaintiff's First Amended Complaint, Defendants admit that the
9  City followed proper procedures and held the meetings as alleged; however, the contents of the
10 meetings are contained in the minutes and the videos, which speak for themselves. Defendants deny
11 the making of any misrepresentations as alleged in subparagraphs a through e.

12       36. As to paragraph 36 of Plaintiff's First Amended Complaint, Defendants admit that the
13 City followed proper procedures and held the meetings as alleged; however, the contents of the
14 meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack
15 sufficient information to enable them to admit or deny any of Plaintiff's legal representations in this
16 paragraph.

17       37. As to paragraph 37 of Plaintiff's First Amended Complaint, Defendants admit that the
18 City followed proper procedures and held the meetings as alleged; however, the contents of the
19 meetings are contained in the minutes and the videos, which speak for themselves. Defendants deny
20 the argumentative commentary contained in the second sentence of the paragraph.

21       38. As to paragraph 38 of Plaintiff's First Amended Complaint, Defendants admit that the
22 City followed proper procedures and held the meetings as alleged; however, the contents of the
23 meetings are contained in the minutes and the videos, which speak for themselves. Defendants deny
24 the argumentative commentary contained in everything but the last sentence of the paragraph.

25       39. As to paragraph 39 of Plaintiff's First Amended Complaint, Defendants admit that the
26 City followed proper procedures and held the meetings as alleged; however, the contents of the
27 meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack
28 sufficient information to enable them to admit or deny any of Plaintiff's representations as to the

facts or opinions expressed by or implied to Councilmember Maxwell as alleged in this paragraph.

40. As to paragraph 40 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to Councilmember Richardson as alleged in this paragraph.

41. As to paragraph 41 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to Councilmember Karbassi as alleged in this paragraph.

42. As to paragraph 42 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as alleged in this paragraph.

43. As to paragraph 43 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as alleged in this paragraph.

44. As to paragraph 44 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as alleged in this paragraph.

45. As to paragraph 45 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the

meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as alleged in this paragraph.

46. As to paragraph 46 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as alleged in this paragraph.

47. As to paragraph 47 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants deny that any item on the agenda was improperly placed on the agenda.

48. As to paragraph 48 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants deny that they failed to observe proper procedures for posting public notices.

49. As to paragraph 49 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants deny that they failed to observe proper procedures for posting public notices.

50. As to paragraph 50 of Plaintiff's First Amended Complaint, Defendants deny that they failed to observe proper procedures for posting public notices or circumvented any legal requirements.

51. As to paragraph 51 of Plaintiff's First Amended Complaint, Defendants deny that they failed to observe proper procedures for this or any meeting.

52. As to paragraph 52 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack

sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as perceived by Plaintiff and as alleged in this paragraph.

53. As to paragraph 53 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as perceived by Plaintiff and as alleged in this paragraph.

54. As to paragraph 54 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as perceived by Plaintiff and as alleged in this paragraph.

55. As to paragraph 55 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as perceived by Plaintiff and as alleged in this paragraph.

56. As to paragraph 56 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants deny Plaintiff's allegations of impropriety in the first sentence. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as perceived by Plaintiff and as alleged in this paragraph.

57. As to paragraph 57 of Plaintiff's First Amended Complaint, Defendants admit that the

City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as perceived by Plaintiff and as alleged in this paragraph.

58. As to paragraph 58 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as perceived by Plaintiff and as alleged in this paragraph.

59. As to paragraph 59 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers as perceived by Plaintiff and as alleged in this paragraph.

60. As to paragraph 60 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants deny Plaintiff's allegations about alternate goals or improper motives as alleged in this paragraph. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the facts or opinions expressed by or implied to the Councilmembers or City Attorney Andrew Janz as perceived by Plaintiff and as alleged in this paragraph.

61. As to paragraph 61 of Plaintiff's First Amended Complaint, Defendants admit that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves. Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as to the

facts or opinions expressed by or implied to the Councilmembers or City Attorney Andrew Janz as perceived by Plaintiff and as alleged in this paragraph.

62. As to paragraph 62 of Plaintiff's First Amended Complaint, Defendants deny these allegations in their entirety.

63. As to paragraph 63 of Plaintiff's First Amended Complaint, Defendants admit that the ordinance passed as alleged, and further allege that the four City Councilmembers' votes in favor of it were sufficient.

64. As to paragraph 64 of Plaintiff's First Amended Complaint, Defendants admit that the ordinance passed as alleged.

65. As to paragraph 65 of Plaintiff's First Amended Complaint, Defendants admit that the ordinance became effective on June 5, 2025.

66. As to paragraph 66 of Plaintiff's First Amended Complaint, Defendants deny these allegations in their entirety.

67. As to paragraph 67 of Plaintiff's First Amended Complaint, Defendants allege that the City followed proper procedures and held the meetings as alleged; however, the contents of the meetings are contained in the minutes and the videos, which speak for themselves.

68. As to paragraph 68 of Plaintiff's First Amended Complaint, Defendants deny these allegations in their entirety.

69. As to paragraph 69 of Plaintiff's First Amended Complaint, Defendants deny these allegations in their entirety.

70. As to paragraph 70 of Plaintiff's First Amended Complaint, Defendants deny these allegations in their entirety.

71. As to paragraph 71 of Plaintiff's First Amended Complaint, Defendants deny Plaintiff's allegations in this paragraph to the extent that they conflict with the plain text of the ordinance and the Municipal Code, which speak for themselves.

72. As to paragraph 72 of Plaintiff's First Amended Complaint, Defendants deny Plaintiff's allegations in this paragraph to the extent that they conflict with the plain text of the ordinance and the Municipal Code, which speak for themselves.

73. As to paragraph 73 of Plaintiff's First Amended Complaint, Defendants deny Plaintiff's allegations in this paragraph to the extent that they conflict with the plain text of the ordinance and the Municipal Code, which speak for themselves.

74. As to paragraph 74 of Plaintiff's First Amended Complaint, Defendants deny Plaintiff's allegations in this paragraph to the extent that they conflict with the plain text of the ordinance and the Municipal Code, which speak for themselves.

75. As to paragraph 75 of Plaintiff's First Amended Complaint and its subparagraphs, Defendants deny Plaintiff's allegations in this paragraph to the extent that they conflict with the plain text of the ordinance and the Municipal Code, which speak for themselves.

76. As to paragraph 76 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff's allegations in this paragraph, except to the extent that they conflict with the plain text of the ordinance and the Municipal Code, which speak for themselves.

77. As to paragraph 77 of Plaintiff's First Amended Complaint, Defendants deny Plaintiff's allegations in this paragraph to the extent that they conflict with the plain text of the ordinance and the Municipal Code, which speak for themselves.

78. As to paragraph 78 of Plaintiff's First Amended Complaint, Defendants deny Plaintiff's allegations in this paragraph to the extent that they conflict with the plain text of the ordinance and the Municipal Code, which speak for themselves. Defendants further deny the allegations in the last sentence of the paragraph in its entirety.

79. As to paragraph 79 of Plaintiff's First Amended Complaint, Defendants admit Plaintiff's allegations in this paragraph.

80. As to paragraph 80 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to enable them to admit or deny any of Plaintiff's representations as alleged in this paragraph.

81. As to paragraph 81 of Plaintiff's First Amended Complaint, Defendants deny the allegation that other Tobacco Retailers are in the same business as the entities Plaintiff alleges it represents.

82. As to paragraph 82 of Plaintiff's First Amended Complaint, Defendants deny that

Plaintiff's alleged members will suffer irreparable harm or that the allegations in subparagraphs a-f constitute irreparable harm.

83. As to paragraph 83 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

84. As to paragraph 84 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

## V.  FIRST CAUSE OF ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF – DENIAL OF PROCEDURAL DUE PROCEESS

85. As to paragraph 85 of Plaintiff's First Amended Complaint, Defendants adopt their responses as outlined above to the allegations in this Paragraph.

86. As to paragraph 86 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph to the extent that there are any, and submit that the law and case law on the Fourteenth Amendment speaks for itself.

87. As to paragraph 87 of Plaintiff's First Amended Complaint, Defendants admit the allegations in this paragraph.

88. As to paragraph 88 of Plaintiff's First Amended Complaint, Defendants deny that any duty was owed to Plaintiff or its members related to the events as alleged in this Complaint.

89. As to paragraph 89 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph and its subparagraphs in their entirety.

90. As to paragraph 90 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

91. As to paragraph 91 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

92. As to paragraph 92 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

93. As to paragraph 93 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

94. As to paragraph 94 of Plaintiff's First Amended Complaint, Defendants deny the

allegations in this paragraph in their entirety.

95. As to paragraph 95 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff is entitled to the relief sought.

## VI.  SECOND CAUSE OF ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

96. As to paragraph 96 of Plaintiff's First Amended Complaint, Defendants adopt their responses as outlined above to the allegations in this Paragraph.

97. As to paragraph 97 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph to the extent that there are any, and submit that the law and case law on the Fourteenth Amendment speaks for itself.

98. As to paragraph 98 of Plaintiff's First Amended Complaint, Defendants admit the allegations in this paragraph.

99. As to paragraph 99 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph, except that they deny that other retailers are similarly situated to the entities Plaintiff purports to represent.

100. As to paragraph 100 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

101. As to paragraph 101 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

102. As to paragraph 102 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

103. As to paragraph 103 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

104. As to paragraph 104 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

105. As to paragraph 105 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff is entitled to the relief sought.

106. As to paragraph 106 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff is entitled to the relief sought.

## VII. THIRD CAUSE OF ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

107. As to paragraph 107 of Plaintiff's First Amended Complaint, Defendants adopt their responses as outlined above to the allegations in this Paragraph.

108. As to paragraph 108 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph to the extent that there are any, and submit that the law and case law on the California Constitution speaks for itself.

109. As to paragraph 109 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph to the extent that there are any, and submit that the law and case law on the Fourteenth Amendment speaks for itself.

110. As to paragraph 110 of Plaintiff's First Amended Complaint, Defendants admit the allegations in this paragraph.

111. As to paragraph 111 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

112. As to paragraph 112 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

113. As to paragraph 113 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

114. As to paragraph 114 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

115. As to paragraph 115 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

116. As to paragraph 116 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff is entitled to the relief sought.

## VIII. FOURTH CAUSE OF ACTION – DECLARATORY RELIEF/REGULATORY TAKING

117. As to paragraph 117 of Plaintiff's First Amended Complaint, Defendants adopt their responses as outlined above to the allegations in this Paragraph.

118. As to paragraph 118 of Plaintiff's First Amended Complaint, Defendants deny the

factual allegations in this paragraph to the extent that there are any, and submit that the law and case law on the Fourteenth Amendment speaks for itself.

119. As to paragraph 119 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph to the extent that there are any, and submit that the law and case law on the Fifth Amendment speaks for itself.

120. As to paragraph 120 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph to the extent that there are any, and submit that the law and case law on the 42 U.S.C. section 1983 speaks for itself.

121. As to paragraph 121 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph to the extent that there are any, and submit that the law and case law on the California Constitution speaks for itself.

122. As to paragraph 122 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph to the extent that there are any, and submit that the law and case law on the definition of a regulatory taking speaks for itself.

123. As to paragraph 123 of Plaintiff's First Amended Complaint, Defendants deny the factual allegations in this paragraph to the extent that there are any, and submit that the law and case law on regulatory takings speaks for itself.

124. As to paragraph 124 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph and its subparagraphs in their entirety.

125. As to paragraph 125 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety.

126. As to paragraph 126 of Plaintiff's First Amended Complaint, Defendants deny the allegations in this paragraph in their entirety, and deny that Plaintiff is entitled to the relief sought.

## IX.  AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Valid Claim; Lack of Standing)**

The First Amended Complaint, and each and every purported cause of action contained therein, fails to set forth facts sufficient to state a cause of action, and Plaintiff is barred from any

recovery against Defendants since, for among other reasons, Plaintiff lacks standing to assert any and all said causes of action.

## SECOND AFFIRMATIVE DEFENSE

### (Absolute Immunity)

To the extent the Complaint, and each and every purported cause of action contained therein, alleges actions taken by public officials acting in the course and scope of their duties, and making statements in a public forum, Defendants are immune from liability, and Plaintiffs are barred from any recovery against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Rational Basis)

To the extent the Complaint, and each and every purported cause of action contained therein, alleges an interference with Plaintiffs' rights, Defendants had a legitimate state interest in enforcing the rules and policies related to the need to regulate public nuisance, and Defendants had a rational basis for taking the actions they took.

## FOURTH AFFIRMATIVE DEFENSE

### (Compelling Government Interest)

To the extent the Complaint, and each and every purported cause of action contained therein, alleges an interference with Plaintiffs' fundamental rights, Defendants had a compelling government interest related to the actions taken, and no less-restrictive measures were available; therefore, Plaintiffs are barred from any recovery against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reason)

Each and every purported cause of action alleged in Plaintiffs' Complaint is barred because Defendants had legitimate, non-discriminatory reasons for the alleged conduct, and that they would have made the same decisions even in the absence of any purported unlawful motive.

/ / /

/ / /

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

To the extent that Plaintiffs allege issues and activities that occurred outside of the time-window proscribed by the statute of limitations (Cal. Code Civ. Proc., § 338(1)), Plaintiffs' actions are time-barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

To the extent that Plaintiffs and/or putative class members seek equitable relief for matters in which they sat on their rights to the detriment of Defendants, these actions are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Each and every purported cause of action alleged in Plaintiff's Complaint is barred to the extent Plaintiff's members engaged in wrongdoing.

## NINTH AFFIRMATIVE DEFENSE

### (Ripeness)

To the extent that Plaintiff alleges violations of their property interests and other claims that are required to proceed first through state court proceedings, including without limitation California Code of Civil Procedure section 1085, there was an alternate remedy available under state law, and Plaintiff's claims for relief under Section 1983 are not ripe for review.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate any or all of the damages alleged in the First Amended Complaint; therefore, they are precluded from recovering these damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Necessity)

Each and every purported cause of action alleged in Plaintiff's First Amended Complaint is barred because the actions taken by Defendants were made necessary by emergency circumstances, including the rise of a significant public nuisance.

## TWELFTH AFFIRMATIVE DEFENSE

### (Negligence or Willful Conduct of Plaintiff's Members)

Each and every purported cause of action in Plaintiff's First Amended Complaint is the result, at least in part, of the negligence and/or willful misconduct of certain Plaintiff's members themselves; therefore, they should be barred from recovery or their damages should be mitigated by their relative fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (First Amendment Privileges)

Each and every purported cause of action alleged in Plaintiff's First Amended Complaint is barred because, to the extent that Plaintiff alleges wrongdoing on the part of the Defendants, those claims and alleged damages were the result of protected speech by City Councilmembers made in a public forum that is protected by the First Amendment to the Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Privileged Speech, Cal. Civ. Code §47; California Constitution § 2)

Each and every purported cause of action alleged in Plaintiff's First Amended Complaint is barred because, to the extent that Plaintiffs allege wrongdoing on the part of the Defendants, those damages were the result of speech made in a public forum protected by the Section 2 to the California Constitution and is privileged speech under California Civil Code section 47.

## X. DEMAND FOR TRIAL BY JURY

Defendants hereby demand a trial by jury.

## XI. PRAYER

The remainder of Plaintiff's First Amended Complaint contains Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Defendants denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to any relief.

Except as expressly admitted above, Defendants denies each and every allegation contained in Plaintiff's First Amended Complaint.

**WHEREFORE**, these answering Defendants pray for judgment herein as follows:

1.   That Plaintiff take nothing by way of its Complaint on file herein,

2. For costs of suit incurred herein;

3. For those costs, fees, and expenses incurred in the defense of the Complaint;

4. For attorney's fees according to proof; and

For such other and further relief as the Court may deem just and proper.

DATED: August 11, 2025                ALESHIRE & WYNDER, LLP
                                      ANTHONY R. TAYLOR
                                      JONATHAN BELAGA


                                      By: _____
                                          ANTHONY R. TAYLOR
                                          Attorneys for Defendants

# PROOF OF SERVICE

## CA SMOKE SHOPS V. CITY OF FRESNO
## Case No. 1:25-CV-00590-KES-HBK

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3550 Vine Street, Suite 200, Riverside, CA 92507.

On August 11, 2025, I served true copies of the following document(s) described as **DEFENDANTS CITY OF FRESNO, MIGUEL ARIAS, NELSON ESPARZA, ANNALISA PEREA, AND BRANDON VANG'S ANSWER TO THE FIRST AMENDED COMPLAINT OF PLAINTIFF, CALIFORNIA SMOKE SHOPS ASSOCIATION** on the interested parties in this action as follows:

| | |
|---|---|
| McCormick, Barstow, Sheppard, Wayte & Carruth LLP<br>Todd A. Wynkoop,<br>Shane G. Smith<br>Garrett J. Wade,<br>7647 North Fresno Street<br>Fresno, California 93720<br><br>Telephone: (559) 433-1300<br>Facsimile: (559) 433-2300<br><br>todd.wynkoop@mccormickbarstow.com<br>shane.smith@mccormickbarstow.com<br>garrett.wade@mccormickbarstow.com | Attorneys for Plaintiff, CALIFORNIA SMOKE SHOPS ASSOCIATION, a California nonprofit mutual benefit corporation |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 11, 2025, at Riverside, California.

_____
Patricia A. Vasquez

01160.0089 2030285.1

-1-

DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT